Martin L. Roth, P.C. *(admitted pro hac vice)*
Alyssa C. Kalisky *(admitted pro hac vice)*
Amelia H. Bailey *(admitted pro hac vice)*
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
amelia.bailey@kirkland.com

Olivia Adendorff, P.C. *(admitted pro hac vice)*
Rachael A. Rezabek (298711)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
rachael.rezabek@kirkland.com

*Attorneys for the Defendant PowerSchool Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

EMILY CHERKIN, et al.,

Plaintiffs,

v.

POWERSCHOOL HOLDINGS, INC.,

Defendant

CASE NO. 3:24-CV-02706-JD

**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING**

Pursuant to Civil L. R. 3-13, Defendant PowerSchool Holdings, Inc. ("PowerSchool") hereby provides this Notice of Pendency of Other Action or Proceeding to notify the Court of the following action: *Q.J. v. PowerSchool Holdings LLC*, in the United States District Court for the Northern District of Illinois, Case No. 23-CV-05689 (the "Q.J. Action").

The *Q.J.* Action is a putative class action brought on behalf of three putative classes composed of students throughout Chicago, Illinois, and the United States, respectively. Q.J., the sole named student plaintiff, brings claims against PowerSchool, Hobsons, Inc. ("Hobsons"), Heap, Inc. ("Heap"),[1] Board of Education of the City of Chicago ("Chicago Public Schools" or "CPS"), and unknown employees and officers of PowerSchool, Hobsons, and Heap. Q.J. is a CPS student who alleges that PowerSchool, through its Naviance platform, transferred sensitive and confidential student information to Heap when it used Heap's session replay and data analytics software. Q.J. alleges this violated PowerSchool's contract with CPS, as well as California, Illinois, and federal law.

Q.J. filed his complaint on August 18, 2023. Ex. 1. He asserted the following claims against PowerSchool and/or unknown employees and officers of PowerSchool: violation of 42 U.S.C. § 1983 (Counts I–IV); violation of the California Invasion of Privacy Act (Count VI); violation of the Stored Communications Act (Count VIII); violation of the Illinois Eavesdropping Act (Count IX); breach of contract (Counts XI–XII); violation of the Illinois School Student Records Act (Count XV); unjust enrichment (Count XVI); and respondeat superior (Counts XVII–XVIII). Ex. 1 ¶¶ 138–335. Q.J. also brought the following claims against CPS and/or Heap: violation of 42 U.S.C. § 1983 (Counts I–II, V); violations of the California Invasion of Privacy Act (Count VI–VII); violation of the Illinois Eavesdropping Act (Count IX); intrusion upon seclusion (Count X); breach of contract (Count XIII); negligence (XIV); unjust enrichment (Count XVI); and respondeat superior (Count XIX). Ex. 1 ¶¶ 138–341. PowerSchool moved to dismiss all claims against it and its unnamed employees and officers on December 21, 2023. Ex. 2. Heap and CPS likewise moved to dismiss all claims on the same date. Ex. 3; Ex. 4. Because Heap moved for dismissal under Federal Rule of Civil Procedure 12(b)(2) on the basis

[1] PowerSchool represented in its December 21, 2023 motion to dismiss that Hobsons is a dissolved entity, that the motion to dismiss's arguments apply equally to all claims brought against PowerSchool and/or Hobsons, and that the motion would refer to PowerSchool and Hobsons collectively as "PowerSchool." Ex. 2 at 1 n.2.

that the Northern District of Illinois lacks personal jurisdiction over it, the parties are currently engaged in limited jurisdictional discovery on that issue. Q.J. has not yet opposed any of the motions to dismiss.

Presently, the *Cherkin* and *Q.J.* complaints make distinct factual allegations with little substantive overlap. However, plaintiffs in both actions purport to represent potentially overlapping nationwide classes of student PowerSchool users against defendant PowerSchool.

At this time, PowerSchool does not intend to move to transfer this case under 28 U.S.C. § 1407. Given the lack of overlap in factual allegations, coordination between the two actions is unnecessary.

DATED: June 27, 2024

Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Rachael A. Rezabek*
Rachael A. Rezabek

*Attorney for Defendant*