# EXHIBIT A

| | |
|---|---|
| **From:** | Leonard Aragon |
| **To:** | scott@drurylegal.com; "Julie Liddell" |
| **Cc:** | Amy Nolan |
| **Subject:** | RE: PowerSchool - Mediation |
| **Date:** | Monday, May 5, 2025 7:55:00 PM |
| **Attachments:** | image001.png |

My statements are not different than what we discussed. Further, your summary below does not summarize exactly what I said. Cherkin likely covers all of the claims in QJ, but even if it did not a party can release any and all claims that arise from the factual allegations made in the complaint. The release can be much broader than you are suggestinga below. But yes, *Cherkin* is much broader than *QJ* and we can release the claims of the putative class in QJ and reserve the right to do so.

--

**Leonard Aragon** | Hagens Berman Sobol Shapiro LLP | (602) 224-2629

**From:** scott@drurylegal.com <scott@drurylegal.com>
**Sent:** Monday, May 5, 2025 12:22 PM
**To:** Leonard Aragon <leonarda@hbsslaw.com>; 'Julie Liddell' <julie.liddell@edtech.law>
**Subject:** RE: PowerSchool - Mediation

Thank you for writing to clarify your position, which is different than what we discussed. I intend to inform PowerSchool that you have stated that: (a) "Defendant is now taking the position that there is some overlap between the cases and wants to resolve all cases"; and (b) *Cherkin* "encompasses the claims [Q.J.] has against PowerSchool holdings [sic]."

Let me know when you will be in Chicago. If our schedules align, it would be great to meet in person.

--Scott

**From:** Leonard Aragon <leonarda@hbsslaw.com>
**Sent:** Monday, May 5, 2025 1:19 PM
**To:** scott@drurylegal.com; 'Julie Liddell' <julie.liddell@edtech.law>
**Subject:** RE: PowerSchool - Mediation

Thank you for your summary. I do have to correct some misunderstandings though, and we ask that you not share your email because of those misunderstandings. If you do, we will have to correct the record. We never said there is no overlap. What we said is that the PowerSchool has always taken the position that these are distinct cases and that coordination is not necessary. We agreed. However, Defendant is now taking that position that there is some overlap between the cases and wants to resolve all cases. But this is clearly doable even if you are not at the mediation. A settlement needs to be fair reasonable and adequate, nothing more. My clients have the right to release any and all claims that could have been raised based on the factual allegations in the complaint, which includes all claims asserted by QJ. The judge, of course, will need to approve the settlement and certify the class, but I don't anticipate any basis for a legitimate objection from your client. Judges release claims over objections from competing plaintiffs all the

time.

And yes, I understand that you will raise a reverse auction argument, but this is the opposite of a reverse auction. The Defendants are not pitting us against each other, they are centralizing the mediation and negotiating with the firms that have the most class experience and a record of fighting for plaintiffs, not settling for fees. Further, I can assure that any settlement will properly compensate the class, so an objection from your client is not a concern for us.

In other words, the case pending in the Northern District of California encompasses the claims your client has against PowerSchool holdings. As such, we can release those claims. The counter, of course, is not true. The QJ claims are not broad enough to release the claims alleged by the *Cherkin* Plaintiffs.

However, we do understand that it is best to resolve things amicably because the court will appreciate it and fee fights are distasteful. I plan to be in Chicago later this week if you want to sit down and discuss how to resolve this issue. Let me know if you are free.


--
**Leonard Aragon** | Hagens Berman Sobol Shapiro LLP | (602) 224-2629

**From:** scott@drurylegal.com <scott@drurylegal.com>
**Sent:** Monday, May 5, 2025 7:37 AM
**To:** Leonard Aragon <leonarda@hbsslaw.com>; 'Julie Liddell' <julie.liddell@edtech.law>
**Subject:** PowerSchool - Mediation

Leonard and Julie:

This confirms our video conference on May 1, 2025, during which I requested that you agree to allow my participation in the upcoming May 13, 2025 mediation in *Cherkin v. PowerSchool Holdings, Inc.*, No. 3:24-cv-02706-JD (N.D. Cal.) ("*Cherkin*"), given the pendency of *Q.J. v. PowerSchool Holdings LLC*, No. 1:23-cv-05689 (N.D. Ill.) ("*Q.J.*"). You would not agree to my participation. During the video conference, you stated that my participation is not needed and represented that *Cherkin* and *Q.J.*: (a) involve distinct, non-overlapping classes, subclasses and claims; (b) are factually distinct; and (c) do not involve overlapping allegations. My understanding is that you have taken the same position with the lawyers representing PowerSchool in *Cherkin*.

Based on your representations, during the upcoming mediation, the allegations, claims and classes/subclasses involved in *Q.J.*, including but not limited to allegations, claims and classes/subclasses related to and/or arising out of school students' use of PowerSchool online products, including Naviance, from at least the time students are referred to a login page, will not be discussed or addressed. Moreover, based on your representations, during the upcoming mediation, no claims asserted in *Q.J.* and/or rights of the putative class/subclass members in *Q.J.* will be released, negotiated or otherwise made a part of any resolution in *Cherkin*. If this is incorrect, please let me know. Also, I believe it would be beneficial for PowerSchool's

counsel to see this email to ensure that everyone is on the same page. On or before noon (CT) on May 6, 2025, please let me know if you have any objection to PowerSchool's counsel receiving this email.

Notwithstanding your position that I may not participate in the upcoming mediation, I am leaving May 13, 2025 open and remain available to participate in the mediation on that day.

Very truly yours,
Scott R. Drury

**SCOTT R. DRURY**
**DRURY LEGAL**
312.358.8225    scott@drurylegal.com

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.