Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>          Defendant. | Case No.: 3:24-cv-02706-JD<br><br>**DECLARATION OF LEONARD W. ARAGON IN SUPPORT OF UNOPPOSED MOTION FOR ORDER CHANGING TIME**<br><br>Judge: The Honorable James Donato<br>Complaint Filed: May 6, 2024 |

I, Leonard W. Aragon, declare as follows:

1. I am a partner at the law firm Hagens Berman Sobol Shapiro LLP and I represent Plaintiffs in the above-captioned litigation. I submit this declaration in support of Plaintiffs' Unopposed Motion for Order Changing Time. I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify thereto.

2. On November 27, 2024, this Court entered a scheduling order, Dkt. 55 (the "Scheduling Order"), setting forth the following case schedule.

3. Plaintiffs have been working diligently to complete discovery but require more time to complete discovery for four reasons.

4. First, the document production in this case has been voluminous. Defendants has identified, reviewed, and produced 541,888 pages of documents, as well as voluminous mixed media, including audio and video files. Many of the documents, 57,938 documents (or 249,115 pages), were produced after May 19, 2025, and many are dense, complex documents that take substantial time to review and digest. The process has taken longer than Plaintiffs anticipated. The additional time will allow the parties to continue to work in good faith to complete discovery.

5. Second, the parties are still engaging in other forms of discovery and moving forward with depositions. Defendant has served third party subpoenas, and Plaintiffs have eight depositions scheduled, the first to begin on June 19. The parties are also in the process of scheduling Plaintiffs' depositions and are negotiating the form of those depositions as to Plaintiffs who are minor children. Plaintiffs have also prepared several third-party subpoenas to supplement Defendant's document production but have refrained from serving such subpoenas until they can determine if Defendant's document production contains the documents Plaintiffs seek. The document production, however, is not yet complete and large productions were only recently disclosed. The extension will allow the parties to continue to conduct discovery efficiently and in good faith.

6. Third, there are two related cases that may require some level of coordination. The first, is the MDL that was recently opened in the Southern District of California, Case No. 3:25-md-03149 ("PowerSchool MDL"), pending before the Honorable Roger T. Benitez. The PowerSchool MDL involves dozens of putative class actions and individual cases arising from a massive data breach of PowerSchool's

Student Information Systems in December 2024. Judge Benitez interviewed lead counsel applicants on June 6, 2025, and will soon appoint lead counsel. *See* PowerSchool MDL Dkt. 128. Once lead counsel is appointed, the parties will meet and confer regarding possible coordination of discovery between the two cases. The second case, *Q.J. v. PowerSchool Holdings LLC, et al.*, Case No. 1:23-cv-05689, is pending in the Northern District of Illinois. The *QJ* action is a putative class action involving Naviance, a college and career planning platform owned and operated by PowerSchool. *See QJ* Dkt. 119 (First Amended Complaint). The parties in *QJ*, despite pending motions to dismiss, recently started discovery and Defendant has indicated that some level of coordination may be helpful. Q.J. has also moved to intervene in this case. And although Plaintiffs oppose intervention, Plaintiffs understand that some level of coordination may be helpful. The extension will allow the various parties the opportunity to explore the possibility of efficient coordination between the cases.

7. Fourth, the parties are still engaged with the mediator. There is no pending settlement, but the parties are exploring whether there is common ground for a resolution and exchanging information in good faith. The extension will allow the parties to continue that process.

8. This is Plaintiffs' first extension request. It is, however, the Parties' second request for an extension of a deadline in the Scheduling Order. The Court previously agreed to extend the deadline to complete a mandatory settlement conference at Dkt. 64.

9. Plaintiffs believe in good faith that this extension is necessary to complete discovery given the complexity and volume of discovery necessary to prosecute this case. Plaintiffs tried to obtain a stipulation from Defendant to the extension, but Defendant would not agree to stipulate to the extension request but agreed that they would not oppose the motion if it contained certain edits from Defendant. Plaintiffs agreed to all edits from Defendant and Defendant agreed that it will not oppose the motion.

10. Plaintiffs contend, and Defendant does not dispute, that this request will help further a timely resolution of this case and is made for good cause, is not for purposes of delay, and that no party will be prejudiced.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED: June 11, 2025         /s/ Leonard W. Aragon
                                Leonard W. Aragon