# KIRKLAND & ELLIS LLP

333 West Wolf Point Plaza
Chicago, IL 60654
United States

Martin L. Roth, P.C.
To Call Writer Directly:
+1 312 862 7170
martin.roth@kirkland.com

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

June 12, 2025

The Honorable James Donato
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:** *Cherkin et al. v. PowerSchool Holdings, Inc.*, **No. 3:24-cv-02706-JD (N.D. Cal.)**

Dear Judge Donato:

Pursuant to the Court's Standing Order for Discovery in Civil Cases, PowerSchool files this Motion asking the Court to address Plaintiffs' serious discovery deficiencies. Despite sending Plaintiffs letters on March 18, 2025, April 14, 2025, and May 21, 2025, and conferring by videoconference on March 25, 2025, April 2, 2025, April 23, 2025 and June 3, 2025,[1] Plaintiffs have not produced *any* documents, refused to explain what harm they suffered (instead parroting their Complaint), and refused to provide (in reliance on boilerplate objections) information about other applications they use that might reveal privacy preferences in conflict with those asserted in the Complaint. Although *discovery is set to close in only two months*, Plaintiffs have wholly deprived PowerSchool of any meaningful discovery. Plaintiffs' non-compliance requires PowerSchool to seek relief from this Court.

**I.     Background.**

This action concerns "a panoply of privacy-based claims" against PowerSchool—an education technology provider which offers tools for schools to store, process, and analyze their data. ECF 65 at 1. As discovery will show, PowerSchool earns revenue when schools purchase subscription licenses to PowerSchool's cloud-based applications and software or when schools purchase support services from PowerSchool; Plaintiffs' allegations that PowerSchool monetizes student or parent data are wholly inaccurate. Although Plaintiffs thus take issue with *schools'* decisions to subscribe to PowerSchool's products, they nevertheless press litigation against *PowerSchool* because they see the courts as a tool to "bring about industry-wide reforms." ECF 69-1 ¶ 7 (declaration of Plaintiffs' counsel). Indeed, one Plaintiff is an industry activist who sued her school over similar issues (and lost), whose husband ran for the school board (and lost), who filed complaints with the Department of Education (that, according to her, have resulted in no action to date), who lobbied Congress for changes to FERPA (and failed), who attempted to ban electronics in schools (unsuccessfully), and who turned to litigation after the political process failed to bring about the desired reform. Discovery from Plaintiffs is crucial here because they do

---

[1] As Plaintiffs' counsel is based in Arizona and Defendant's counsel in Illinois, the parties met remotely.

KIRKLAND & ELLIS LLP

June 12, 2025
Page 2

not resemble other class members and have suffered no cognizable injury. Yet, Plaintiffs have refused to produce meaningful discovery.

**II. Summary of the Dispute.**

    **A. Plaintiffs have failed to produce <u>any</u> documents or timely disclose search terms.**

PowerSchool served its requests for production on January 8, 2025, and each Plaintiff responded with objections (after receiving an extension) on February 28, 2025, agreeing to produce documents for most requests. Over three months later, not a single document has been produced. PowerSchool learned on April 14, 2025 that Plaintiffs had not developed a methodology for identifying responsive documents, so PowerSchool proposed search terms. *See* Ex. 1 at 4-6.[2] Yesterday, Plaintiffs finally provided a "hit" report for only *one* Plaintiff, using PowerSchool's proposed terms only, and have already taken the position that a mere 26,000 document review population (<10% of the documents PowerSchool reviewed) is "egregiously large," seeking to limit their review to merely 6,000 documents (<2% of the burden Plaintiffs imposed on PowerSchool). The inexplicable delay (which will likely continue, given the baseless, unsubstantiated burden objection) and failure to meaningfully engage on a search methodology until the tail end of discovery is contrary to this Court's order and well-settled discovery principles emphasizing the importance of transparency and communication during discovery. *See* ECF No. 52 ¶ 8 (parties must "meet and confer in good faith regarding methods to search ESI," including as to search terms); *see Best Practices Commentary*, 15 Sedona Conf. J. 217, 236 (2014) (recommending "a full and transparent discussion among counsel"). The Court should not allow Plaintiffs to use their delay to deprive PowerSchool of a meaningful production. The Court should order Plaintiffs to provide "hit" reports within two days of PowerSchool's requests going forward and complete their production within four weeks of the Court's order.

    **B. Plaintiffs have failed to provide information about any alleged harm suffered.**

In dismissing certain of Plaintiffs' claims, the Court held that "[P]laintiffs have not plausibly pled an economic injury by virtue of their inability to transact in the data market or a diminution in the value of their personal data because of PowerSchool's actions." ECF No. 65 at 9. To understand what (if any) non-economic injury Plaintiffs contend they suffered, PowerSchool served Interrogatory 2 asking: "To the extent [y]ou contend that [y]ou were harmed by a [PowerSchool] Product, describe with specificity what specific harm [y]ou suffered, what Product caused the harm, how the Product caused that harm, and when [y]ou were harmed." *See* Ex. 2 at 2-4.[3] In response, Plaintiffs merely regurgitated the Complaint. *Compare id.* at 4, *with* Compl. ¶¶ 3, 362, 398, 400, 402, 403. Indeed, half of the harms listed were headings in the Complaint. *Id.* at 55, 56, 69, 72. An interrogatory response is deficient when it "merely restates the allegations of the complaint" without "narrow[ing] []or clarify[ing] the complaint's allegations." *Wooten v.*

---

[2] This letter is not a formal discovery request, but it reflects the search terms at issue and PowerSchool attaches it here to permit the Court to review PowerSchool's requested terms.
[3] Each Plaintiff served nearly identical responses. In the interest of brevity, PowerSchool is attaching only one copy, which is representative of each Plaintiff's response.

**KIRKLAND & ELLIS LLP**

June 12, 2025
Page 3

*Butte Cty.*, 2020 WL 5257607, at *2 (E.D. Cal. Sep. 3, 2020). These responses prejudice PowerSchool because PowerSchool still does not know what injury Plaintiffs allege. Each Plaintiff contends that PowerSchool's products exposed them to marketing or surveillance and interfered with student-parent-teacher interaction or with Plaintiffs' ability to parent. *See* Ex. 2 at 4. But there is *no* explanation as to **what** marketing Plaintiffs believe they were exposed to, **how** PowerSchool interfered with any relationships, or **when** any of this allegedly occurred. When confronted about the lack of specificity, Plaintiffs told PowerSchool to explore these issues in a deposition. But interrogatories can be used to explore any relevant matter. *See* Fed. R. Civ. P. 33(a)(2). The Court should compel Plaintiffs to provide fulsome responses to Interrogatory 2.

### C. Plaintiffs refuse to provide any information about their other app usage.

To evaluate Plaintiffs' privacy expectations, a key issue in this case, PowerSchool served Interrogatory 9 requesting a list of software and apps Plaintiffs installed on their devices. Plaintiffs refuse to provide this information, claiming it is irrelevant, disproportional, and harassing. *See* Ex. 2 at 9-10. However, Plaintiffs fail to substantiate these objections. *12909 Cordary, LLC v. Berri*, 2023 WL 6785794, at *4 (C.D. Cal. Sept. 20, 2023) (overruling objection for burden and harassment for lack of supporting evidence). This information is directly relevant. If Plaintiffs installed software that collects and resells their data, then their data would have already lost value under their theory. And Plaintiffs' use of such software and apps would undermine their alleged privacy expectations. Indeed, one Plaintiff disclosed, in response to a separate Interrogatory, that he permits his children to use a third-party gaming app, Roblox, despite that its privacy policy states that it may collect a child's "date of birth," "gender," "location data," "billing information," "IP addresses," data on "browsers or operating systems," and other information.[4] Plaintiffs cannot contend that it is unduly burdensome to list current and past applications on their devices, since this information is readily accessible on each device's purchase or app history. The Court should compel Plaintiffs to provide fulsome responses to Interrogatory 9.

*   *   *

These issues are not comprehensive, but the ones that PowerSchool has found most in need of Court intervention. In addition to several conferences, PowerSchool outlined issues with Plaintiffs' responses in letters spanning 30 pages, all of which were entirely **unanswered**. PowerSchool thus respectfully asks for the Court to address the three deficiencies described herein.

Sincerely,

*/s Martin L. Roth*
Martin L. Roth, P.C.

*Counsel for Defendant PowerSchool Holdings, Inc.*

Cc: Counsel of Record
Enclosures (excerpted)

---

[4] https://en.help.roblox.com/hc/en-us/articles/115004630823-Roblox-Privacy-and-Cookie-Policy.

# Exhibit 1

# KIRKLAND & ELLIS LLP

April 14, 2025
Page 4

## II. Document Requests and Interrogatories to Plaintiffs.

### A. Search Parameters.

As of the date of this letter, PowerSchool has fully set out its process for identifying and producing responsive documents, has produced nearly 300,000 pages of responsive material, and continues to faithfully comply with the Court's discovery schedule. We were disappointed to learn that Plaintiffs have not yet developed a search protocol for their own documents and are only now asking for PowerSchool's suggestions for search terms.

Nevertheless, as we agreed on the parties' meet and confer, PowerSchool has proposed a list of search terms for Plaintiffs to run. Please promptly provide hit reports based on the following criteria:[3]

| Timeframe | Terms |
|---|---|
| Before May 6, 2020 | PowerSchool |
| May 6, 2020 to May 6, 2024 | PowerSchool |
| Before May 6, 2020 | Instructure OR Canvas |
| May 6, 2020 to May 6, 2024 | Instructure OR Canvas |
| Before May 6, 2020 | Google w/100 ("k-12" OR Classroom) |
| May 6, 2020 to May 6, 2024 | Google w/100 ("k-12" OR Classroom) |
| Before May 6, 2020 | EdTech |
| May 6, 2020 to May 6, 2024 | EdTech |
| Before May 6, 2020 | FERPA OR "Family Educational Rights and Privacy Act" |
| May 6, 2020 to May 6, 2024 | FERPA OR "Family Educational Rights and Privacy Act" |
| Before May 6, 2020 | CIPA |

---

[3] PowerSchool served numerous requests that seek documents and communications without a temporal limitation. To facilitate the parties' discussion concerning an appropriate search for such documents, please provide a hit report that, as shown above, displays separate statistics for the May 2020-May 2024 time frame and the pre-May 2020 time frame. The searches are listed twice, once for each date range, to facilitate that separation in the hit report.

# KIRKLAND & ELLIS LLP

April 14, 2025
Page 5

| Timeframe | Terms |
|---|---|
| May 6, 2020 to May 6, 2024 | CIPA |
| Before May 6, 2020 | (Invad* OR invas*) w/3 priva* |
| May 6, 2020 to May 6, 2024 | (Invad* OR invas*) w/3 priva* |
| Before May 6, 2020 | SIS OR "Document Management" OR "Enrollment Express" OR "Ecollect" OR "Special Programs" OR Schoology OR "Performance Matters" OR "Curriculum & Instruction" OR ContentNav OR MTSS OR Attendance Intervention OR "Behavior Support" OR Naviance" OR Headed2 OR "Connected Intelligence" OR "Perform" OR "Student Analytics" OR "Risk Analytics" OR "Risk Analysis" OR "Student Readiness Analytics" OR "Predictive Enrollment" OR "MyPowerHub" OR "SchoolMessenger" OR "Safe Arrival" OR "Permission Click" OR PowerBuddy |
| May 6, 2020 to May 6, 2024 | SIS OR "Document Management" OR "Enrollment Express" OR "Ecollect" OR "Special Programs" OR Schoology OR "Performance Matters" OR "Curriculum & Instruction" OR ContentNav OR MTSS OR Attendance Intervention OR "Behavior Support" OR Naviance" OR Headed2 OR "Connected Intelligence" OR "Perform" OR "Student Analytics" OR "Risk Analytics" OR "Risk Analysis" OR "Student Readiness Analytics" OR "Predictive Enrollment" OR "MyPowerHub" OR "SchoolMessenger" OR "Safe Arrival" OR "Permission Click" OR PowerBuddy |
| Before May 6, 2020 | "data lake" |
| May 6, 2020 to May 6, 2024 | "data lake" |
| Before May 6, 2020 | student w/10 data |
| May 6, 2020 to May 6, 2024 | student w/10 data |
| Before May 6, 2020 | parent w/10 data |
| May 6, 2020 to May 6, 2024 | parent w/10 data |
| Before May 6, 2020 | Monet* w/10 data |

## KIRKLAND & ELLIS LLP

April 14, 2025
Page 6

| Timeframe | Terms |
|---|---|
| May 6, 2020 to May 6, 2024 | Monet* w/10 data |
| Before May 6, 2024 | Privacy AND (complaint OR "class action" OR lawsuit) |
| Before May 6, 2024 | ((pupil OR student OR educ* OR child*) w/5 (data OR record)) AND (complaint OR "class action" OR lawsuit) |
| Before May 6, 2024 | ((parent OR my OR our) w/5 (data OR record)) AND (complaint OR "class action" OR lawsuit) |
| Before May 6, 2020 | (priva* OR sensiti* OR confiden*) w/20 (essays OR record* OR document* OR opinion* OR inform* OR data OR email OR text OR communic*) |
| May 6, 2020 to May 6, 2024 | (priva* OR sensiti* OR confiden*) w/20 (essays OR record* OR document* OR opinion* OR inform* OR data OR email OR text OR communic*) |

Further, we expect Plaintiffs to supplement the foregoing terms with additional terms that they know they use in discussing the topics relevant to this litigation.

Plaintiffs have an obligation to "conduct a reasonable search when responding to [PowerSchool's] requests," *In re Facebook*, 2021 WL 10282215, at *18, but the parties' meet and confers to date suggest that Plaintiffs have yet to look at what documents exist, even though PowerSchool served its discovery requests over three months ago and only four months remain for fact discovery. PowerSchool reserves all rights should Plaintiffs fail to comply with the scheduling order, including seeking exclusion of belatedly produced documents.

**B.     Interrogatories**

We appreciate your efforts to address and resolve some of our objections to Plaintiffs' Responses to PowerSchool's ROGs. Without waiving any issue raised in our March 18, 2025 letter, please find below our follow up comments on Plaintiffs' Responses to the ROGs.

*Plaintiffs' Use of PowerSchool Products (ROG 1).* ROG 1 requests Plaintiffs to "[d]escribe" their "use of [PowerSchool] Products." Consistent with our March 18, 2025 letter, PowerSchool explained that Plaintiffs' response was incomplete because: (1) Plaintiffs expressed confusion as to what was meant by PowerSchool "Products" (despite Plaintiffs listing 16 such products in the Complaint and PowerSchool providing a list in its own responses); and (2) Ms. Cherkin and S.G. responded as to how they "were expected" to use the products, not how they actually used them. At the parties' April 2, 2025 meet and confer, Plaintiffs agreed to review

# Exhibit 2

Plaintiff discovers or otherwise identifies any additional responsive documents, these responses will be supplemented as required by the Rules of Civil Procedure.

10. Any agreement to produce discoverable, responsive documents should not be construed as an admission that such documents exist.

## RESPONSES AND OBJECTIONS

Subject to the foregoing general objections, and without waiver of same, Plaintiff responds to each of the discovery requests as follows:

**INTERROGATORY NO. 1:**

Describe Your use of the Products with sufficient detail to identify each Product that You used, when You used it, how You used it, and for what purpose.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the word "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and solutions exist and/or belong to PowerSchool. Plaintiff also objects to the extent the information requested in equally or more available to PowerSchool.

Subject to and without waiving the foregoing and General Objections, Plaintiff responds as follows:

Plaintiff uses the PowerSchool Parent Portal to review L.M.C.'s and M.M.C.'s grades. He also receives information from the school and school district on the Parent Portal related to L.M.C. and M.M.C. He generally receives an email or text message from the school stating that information is available on the Parent Portal and then logs into the Parent Portal to review the information or follows the link to the Parent Portal. He also uses the Parent Portal to confirm that his children will be attending the same school and to provide information related to his family that is requested on the Parent Portal. Plaintiff has used the Parent Portal since 2020.

L.M.C. and M.M.C. use Schoology to get information from the school and to turn in assignments. M.M.C. has used Schoology since 2020. L.M.C. has used Schoology since 2021.

**INTERROGATORY NO. 2.:**

To the extent You contend that You were harmed by a Product, describe with specificity

2

1  what specific harm You suffered, what Product caused the harm, how the Product caused that harm,
2  and when You were harmed.
3  **RESPONSE:**
4      Plaintiff objects to this Interrogatory because Plaintiff does not contend that he was harmed
5  by an individual product per se. He contends that he was harmed by the totality of Defendants'
6  actions in collecting, storing, and using Plaintiff's personal data for commercial purposes, as further
7  described in the complaint. To be sure, each product described in Interrogatory 1 is used to collect
8  personal data, without consent, from Plaintiff and others. But exactly how each product harms
9  Plaintiff, and how the products in connection with each other harm Plaintiff, is known only to
10 Defendant at this time. Plaintiff therefore reserves the right to supplement this response upon further
11 discovery.
12     Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature
13 disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's
14 scheduling order and the Federal Rules of Civil Procedure. Plaintiff further objects because some of
15 the information requested, such as the date Plaintiff started using a Product, is equally or more
16 available to Defendant as Plaintiff.
17     Subject to and without waiving the foregoing and General objections, Plaintiff answers as
18 follows:
19     PowerSchool's products and services facilitate the collection, storage, and use of Plaintiff's
20 data by PowerSchool. Plaintiff did not consent to the collection, storage, and use of data by
21 PowerSchool, and certainly did not consent to PowerSchool monetizing that data by, among other
22 things, sharing data with its partners and incorporating data into its products and services. It is my
23 understanding that PowerSchool also refuses to allow students and their parents to access, review, or
24 correct the information held by PowerSchool. Plaintiff's inability to see and correct information
25 means flawed or inaccurate data regarding Plaintiff is shared by PowerSchool with others or used by
26 PowerSchool directly.
27     PowerSchool has also unnecessarily retained Plaintiff's data, subjecting it to exfiltration by
28 bad actors, such as what occurred with the data breach that PowerSchool announced on

3

1  December 28, 2024. *See, e.g.,* https://www.powerschool.com/security/sis-incident/notice-of-united-
2  states-data-breach/.

3  And while Plaintiff does not yet fully understand how PowerSchool has harmed him,
4  Plaintiff believes that PowerSchool's conduct has harmed him in at least the following ways:
5  (1) collecting Plaintiff's data without his consent, (2) storing Plaintiff's data indefinitely without his
6  consent, (3) using Plaintiff's data without his consent, (4) reducing the value of Plaintiff's data,
7  (5) unnecessarily subjecting Plaintiff to marketing, (6) continuously and unnecessarily surveilling
8  Plaintiff, (7) making it difficult for Plaintiff and his family to interact and obtain important
9  information from teachers and administrators which interferes with Plaintiff's ability to parent in the
10 manner he chooses, (8) invading his family's privacy, (9) forcing Plaintiff to choose between a child's
11 right to education and other fundamental rights, such as the right to privacy, (10) failing to
12 compensate Plaintiff for his property, and (11) not fulfilling PowerSchool's privacy obligations to
13 Plaintiff.

14 Plaintiff has suffered the foregoing harms since the first date he, L.M.C., and M.M.C. started
15 using products owned or operated by PowerSchool to the present.

16 **INTERROGATORY NO. 3:**

17 Identify each Device on which You claim the Products were used, including identifying who
18 purchased, owned, and maintained each Device.

19 **RESPONSE:**

20 Plaintiff objects because this Interrogatory is vague and ambiguous because the word
21 "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and
22 solutions exist and/or belong to PowerSchool. Plaintiff further objects because this information is
23 equally or more available to Defendant than Plaintiff, at least with respect to Products used on
24 devices owned or leased by the schools or school districts attended by L.M.C. and M.M.C. Defendant
25 also objects because the word "maintained" is vague and ambiguous as used in this Interrogatory.

26 Plaintiff further objects because the word "used" is vague and ambiguous as used in this
27 Interrogatory. Plaintiff may not be aware of every device where a Product is used, and it is not clear
28 how Defendant is using the term. For example, PowerSchool may have a Product running in the

4

1  opinions. Plaintiff will provide expert reports in accordance with the case schedule and the Federal
2  Rules of Civil Procedure.
3        Subject to and without waiving the foregoing and General Objections, Plaintiff is unable to
4  respond to this Interrogatory without further clarification and is requesting a meet and confer.

5  **INTERROGATORY NO. 8:**
6        Specify the Value You ascribe to Your data and for each data type, including how You
7  calculated or otherwise determined the Value.

8  **RESPONSE:**
9        Plaintiff objects to this Interrogatory because it is unclear what "data" Defendant is
10 referencing. The data collected by Defendant, for example, is different than PII. It is also unclear to
11 Plaintiff exactly what data is collected by Defendant. Without defining the term "data," the request is
12 vague and ambiguous.
13       Plaintiff further objects to the extent this Request seeks the premature production of expert
14 opinions. Plaintiff will provide expert reports in accordance with the case schedule and the Federal
15 Rules of Civil Procedure. Plaintiff also objects to the extent this Request seeks information unrelated
16 to a claim or defense in this case.
17       Subject to and without waiving the foregoing and General Objections, Plaintiff is unable to
18 answer the Interrogatory without further clarification and is requesting a meet and confer.

19 **INTERROGATORY NO. 9:**
20       Identify any Third-Party Application installed on any Device You own, use, maintain, lease,
21 or otherwise access, including:
22       a.   The name of the Third-Party Application;
23       b.   The publisher; and
24       c.   The date range when the Third-Party Application was installed.

25 **RESPONSE:**
26       Plaintiff objects to this Interrogatory because it seeks information that is unrelated to a claim
27 or defense in this case. Plaintiff further objects because the Request seeks to harass and unduly
28 burden Plaintiff and her family.

9

1  Plaintiff also objects because the request is unduly burdensome and not proportional to the
2  needs of the case. Plaintiff further objects because the phrase "otherwise access" is vague and
3  ambiguous as used in this Interrogatory.
4  Subject to and without waiving the foregoing and General Objections, Plaintiff is unable to
5  respond to this Interrogatory as currently worded. Plaintiff is willing to meet and confer regarding
6  this Interrogatory.

7  **INTERROGATORY NO. 10:**
8  Identify every Social Media Account that You control, maintain, access, use, or contribute
9  content, updates, or other data.
10 **RESPONSE:**
11 Plaintiff objects because this Interrogatory seeks information that is unrelated to a claim or
12 defense in this case. Plaintiff also objects because the Interrogatory is facially overbroad. Plaintiff
13 further objects because the request is unduly burdensome and not proportional to the needs of the
14 case.
15 Subject to and without waiving the foregoing and General Objections, Plaintiff responds as
16 follows: Mr. Concepción has the following personal, non-business, social media accounts:

17 - @dcuf33 Instagram
18 - @dcuf33 X
19 - Facebook David Concepcion dconcepcionfl@gmail.com
20 - Facebook David Concepcion FL distoffice2003@yahoo.com
21 - Facebook Pelu-Che
22 - Facebook Agrupacion Social Portopadrense
23 - LinkedIn David Concepcion
24 - TikTok David Concepcion

25
26
27
28

10