**Pages 1 - 7**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

EMILY CHERKIN, et al., )
)
Plaintiffs, )
)
VS. ) **NO. 3:24-CV-02706-JD**
)
POWERSCHOOL HOLDINGS, INC., )
)
Defendant. )
)

San Francisco, California
Thursday, June 26, 2025

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:

EDTECH LAW CENTER, PLLC
P.O. Box 300488
Austin, TX 78705
**BY: JULIE U. LIDDELL**
**WILLIAM A. LIDDELL**
**ATTORNEYS AT LAW**

For Defendant:

KIRKLAND & ELLIS, LLP
333 West Wolf Point Plaza
Chicago, IL 60654
**BY: MARTIN ROTH**
**ATTORNEY AT LAW**

(Appearances continued on following page.)

REPORTED REMOTELY BY: Stephen W. Franklin, RMR, CRR, CPE
Official United States Reporter

APPEARANCES (CONT.'D):

For Intervenor:

DRURY LEGAL, LLC
6 Carriage Lane
Highwood, IL 60040

**BY: SCOTT R. DRURY**
**ATTORNEY AT LAW**

**Thursday - June 26, 2025** **10:28 a.m.**

**P R O C E E D I N G S**

---o0o---

**THE COURTROOM DEPUTY:** Calling Civil 24-2706, Cherkin versus PowerSchool Holdings.

Counsel?

**MR. DRURY:** Good morning, Your Honor.

Scott Drury on behalf of the putative intervener, QJ.

**MS. LIDDELL:** Good morning, Your Honor.

Julie Liddell from the EdTech Law Center on behalf of plaintiffs.

**THE COURT:** Plaintiffs in this case.

**MS. LIDDELL:** In this case.

**THE COURT:** Yeah, okay.

**MR. LIDDELL:** Good morning, Your Honor.

Andrew Liddell from the EdTech Law Center on behalf of plaintiffs in this case.

**MR. ROTH:** Good morning, Your Honor.

Martin Roth of Kirkland & Ellis on behalf of the defendant, PowerSchool.

**MS. ADENDORFF:** Olivia Adendorff for defendant PowerSchool.

**THE COURT:** Okay. I don't understand what you're trying to do, intervenor.

Why are you here?

**MR. DRURY:** Your Honor, the purpose of the motion is to intervene in the case in order to move Your Honor to stay the Cherkin case until class cert. has been ruled upon in the first filed case that's pending in the Northern District of Illinois.

So the procedure, or as first to move to intervene, Your Honor --

**THE COURT:** Why would I do that?

**MR. DRURY:** Your Honor, pursuant to Rule 24(b) there's reason to permissibly intervene because these cases have overlapping issues of fact and issues of law.

**THE COURT:** I don't think they overlap very much. Your suit is the QJ suit, right?

**MR. DRURY:** Correct, Your Honor.

**THE COURT:** All right. Well, I mean, there are defendants, many defendants there, who are not here.

**MR. DRURY:** Correct.

**THE COURT:** And there are claims there that are not here. So what's -- why am I going to let you come in here and hijack these people's lawsuit?

**MR. DRURY:** Your Honor, there's no intent to highjack the lawsuit at all. Looking at the Ninth Circuit law on the first-to-file rule, there needs to be substantially similar claims, which --

**THE COURT:** I don't think they are substantially

similar. What do you got, school boards and school districts in Illinois and all these other people who aren't here. You've got different claims. You've got constitutional claims in there that aren't here.

I just, if you did a Venn diagram, you overlap by maybe, you know, 20 percent.

**MR. DRURY:** Your Honor, I think that, you know, looking at the Ninth Circuit's case in *Cohen*, the fact that there's more defendants in one case than in the other case is not a reason to not --

**THE COURT:** It's not a matter of comity, it's a matter of difference. The cases are not parallel track substantively in terms of evidence, in terms of legal issues or anything else.

I mean, what do you want to do, plaintiffs? This is your case. You tell me what you want to do.

Cherkin plaintiffs.

**MS. LIDDELL:** Yes, thank you, Your Honor.

We would ask that the Court deny the motion to intervene and dismiss or stay or transfer the case. You mentioned about a Venn diagram.

I made such a Venn diagram, and it is --

**THE COURT:** Can I see it?

**MS. LIDDELL:** And I'm happy to share it. I have copies if people would like to see.

**THE COURT:** I want to see how closely you guessed at my 20 percent estimate. You can hand it to Ms. Clark. Thank you.

I'm a big fan of Venn diagrams. They're underutilized.

**MS. LIDDELL:** I love a Venn diagram.

**THE COURT:** That looks like about 20 percent to me. Well done.

Okay.

**MS. LIDDELL:** Thank you.

**THE COURT:** You want to transfer this case to Illinois?

**MS. LIDDELL:** So we do not want to transfer this case to Illinois. We believe it's very appropriately in California.

**THE COURT:** So I don't understand.

I thought you said you wanted to stay or transfer. You don't?

**MS. LIDDELL:** I'm sorry. We do not want to stay, or dismiss or transfer.

**THE COURT:** Okay. All right. Defendants, you have anything to add?

**MR. ROTH:** No, Your Honor.

**THE COURT:** Okay. Intervention is denied. Thanks for coming in.

**MS. LIDDELL:** Thank you.

(Proceedings concluded at 10:32 a.m.)

---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Monday, July 7, 2025

Stephen W. Franklin, RMR, CRR, CPE
Official Reporter, U.S. District Court