**HAGENS BERMAN**

Leonard Aragon   leonarda@hbsslaw.com

ATTORNEYS AT LAW

**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 WEST JEFFERSON STREET, SUITE 1000
PHOENIX, AZ 85003

hbsslaw.com

(602) 224-2629 phone   (602) 840-3012 fax

July 10, 2025

**VIA ECF**

The Honorable James Donato
U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
45 Golden Gate Avenue, Courtroom 11, 19th Floor
San Francisco, CA 94102

Re:   *Cherkin, et al. v. PowerSchool Holdings, Inc.,* No. 3:24-cv-02706-JD

Dear Judge Donato:

The parties have resolved two of the three disputes presented in Defendant's discovery letter. Dkt. 75 ("Dispute Letter"). The parties have resolved dispute II.A., related to the production of Plaintiffs' documents, and II.C., related to app information on Plaintiffs' devices. There is only one remaining dispute:

**I.      Background**

Defendant's "Background" section contains errors, exaggerations, and misstates the evidence. But these issues are not germane to the dispute, so Plaintiffs ignore them to conserve judicial resources.

**II.     Summary of Remaining Dispute**

Defendant PowerSchool argues that Plaintiffs have not fully answered the following interrogatory:

> To the extent You contend that You were harmed by a [PowerSchool] Product, describe with specificity what specific harm You suffered, what Product caused the harm, how the Product caused the harm, and when You were harmed.

Dkt. 75 at 9-10, Rog. No. 2. Plaintiffs, three of whom are minor children, answered the interrogatory in good faith. The responses varied slightly, but substantively state the following:

> Plaintiff objects to this Interrogatory because Plaintiff does not contend that she was harmed by an individual product per se. She contends that she was harmed by the totality of Defendant's actions in collecting, storing, and using Plaintiff's personal data for commercial purposes, as further described in the complaint. To be sure, each product described in

Interrogatory 1 is used to collect personal data, without consent, from Plaintiff and others. But exactly how each product harms Plaintiff, and how the products in connection with each other harm Plaintiff, is known only to Defendant at this time. Plaintiff therefore reserves the right to supplement this response upon further discovery.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure. Plaintiff further objects because some of the information requested, such as the date Plaintiff started using a Product, is equally or more available to Defendant as Plaintiff.

Subject to and without waiving the foregoing and General objections, Plaintiff answers as follows:

PowerSchool's products and services facilitate the collection, storage, and use of Plaintiff's data by PowerSchool. Plaintiff did not consent to the collection, storage, and use of data by PowerSchool, and certainly did not consent to PowerSchool monetizing that data by, among other things, sharing data with its partners and incorporating data into its products and services. PowerSchool also refuses to allow students and their parents, including Plaintiff, to access, review, or correct the information held by PowerSchool. Plaintiff's inability to see and correct information means flawed or inaccurate data regarding Plaintiff is shared by PowerSchool with others or used by PowerSchool directly.

PowerSchool has also unnecessarily retained Plaintiff's data, subjecting it to exfiltration by bad actors, such as what occurred with the data breach that PowerSchool announced on December 28, 2024. *See, e.g.,* https://www.powerschool.com/security/sis-incident/notice-of-united-states-data-breach/.

And while Plaintiff does not yet fully understand how PowerSchool has harmed her, Plaintiff believes that PowerSchool's conduct has harmed her in at least the following ways: (1) collecting Plaintiff's data without her consent, (2) storing Plaintiff's data indefinitely without her consent, (3) using Plaintiff's data without her consent, (4) reducing the value of Plaintiff's data, (5) unnecessarily subjecting Plaintiff to marketing, (6) continuously and unnecessarily surveilling Plaintiff, (7) preventing Plaintiff from parenting in the manner she chooses, (8) invading her family's privacy, (9) forcing Plaintiff to choose between a child's right to education and other fundamental rights, such as the right to privacy, (10) failing to compensate Plaintiff for her property, and (11) not fulfilling PowerSchool's privacy obligations to Plaintiff.

> Plaintiff has suffered the foregoing harms since the first date she and S.G. started using products owned or operated by PowerSchool to the present.

Ex. A, Pl. Cherkin's Resp. and Objections to Def. First Set of Interrogatories, No. 2. This is not a mere parroting of the Complaint. *Compare id.* to Dkt. 1. Defendant is correct that some language is drawn from the Complaint, but this is because Plaintiffs' experiences were used to draft the Complaint. This is not improper; it is the expected result when counsel properly vets class representatives before filing a complaint. The response, moreover, goes beyond what is in the Complaint and each Plaintiff verified their responses thereby transforming mere allegations into evidence.

Nor are the responses evasive or incomplete. They detail a lay-person's understanding of how Defendant harmed each Plaintiff. Defendant demands more detail, but the details, as explained in the response, are in Defendant's possession and are the subject of discovery. Plaintiffs, for example, explained that one harm is that PowerSchool uses their data without consent, but exactly how that is done and when, is not precisely known to Plaintiffs at this stage in the litigation. Indeed, PowerSchool's Vice President of Products, a person disclosed as having information regarding PowerSchool's products, including how certain products process and store data, was unable to describe how PowerSchool products process and store data at her deposition. Expecting the same information from Plaintiffs is nonsensical.

To the extent Defendant wants more detail regarding the interrogatory response, it can explore that at deposition. But to say Plaintiffs have not properly responded to the interrogatory is incorrect. It should also be noted that Plaintiff David Concepción's response to the interrogatory, and those of his children, were different than Mrs. Cherkin's and her daughter S.G.'s response because they had a different experience. Compare Ex. A to Ex. B (David C Concepción's Resp. and Objections to Def. First Set of Interrogatories). To be sure, the alleged harms are substantively similar, but not the exact same. This too is expected because the primary harm to all putative class members is substantively similar—PowerSchool is using their data without consent for commercial purposes.

The case law cited by Defendant illustrates its error. In *Wooten v. Butte County*, the plaintiff answered interrogatories by merely restating the allegations in the complaint and refused to verify the responses. 2020 WL 5257607, *2 (E.D. Cal. Sept. 3, 2020). Here, Plaintiffs have verified their answers and responded to the interrogatory with information that is beyond anything in the complaint. For these reasons, Plaintiffs properly answered the interrogatories, and Defendant can explore Plaintiffs' responses at deposition.

| Respectfully submitted, | HAGENS BERMAN SOBOL SHAPIRO LLP |
|---|---|
| | By  /s/ Leonard W. Aragon |
| | LEONARD W. ARAGON |
| | Leonard W. Aragon (*pro hac vice*) |
| | 11 West Jefferson Street, Suite 1000 |
| | Phoenix, Arizona 85003 |
| | Telephone: 602.840.5900 |
| | leonard@hbsslaw.com |

3

4

Shana E. Scarlett (SBN 217895)
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: 737.351.5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Attorneys for Plaintiffs