# EXHIBIT A

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>Defendant. | Case No.: 3:24-cv-02706-JD<br><br>**PLAINTIFF EMILY CHERKIN'S RESPONSES AND OBJECTIONS TO DEFENDANT POWERSCHOOL HOLDINGS, INC.'S FIRST SET OF INTERROGATORIES** |

1    S.G. and Plaintiff were expected to use Schoology, Naviance, and other products to access
2 student records such as attendance and test scores, as early as 2016-17 for S.G., which was her
3 kindergarten year. In 5th and 6th grade, S.G. was expected to use Schoology to check assignments,
4 turn in homework, and access lessons, handouts, and reading materials. Plaintiff and other parents
5 have the ability to view student assignments, grades, and test scores via a Schoology parental portal
6 account called The Source.
7    Plaintiff will further respond to this Interrogatory once Defendant PowerSchool clarifies
8 what products, platforms, or services it is referencing.
9 **INTERROGATORY NO. 2**.:
10    To the extent You contend that You were harmed by a Product, describe with specificity
11 what specific harm You suffered, what Product caused the harm, how the Product caused that harm,
12 and when You were harmed.
13 **RESPONSE:**
14    Plaintiff objects to this Interrogatory because Plaintiff does not contend that she was harmed
15 by an individual product per se. She contends that she was harmed by the totality of Defendant's
16 actions in collecting, storing, and using Plaintiff's personal data for commercial purposes, as further
17 described in the complaint. To be sure, each product described in Interrogatory 1 is used to collect
18 personal data, without consent, from Plaintiff and others. But exactly how each product harms
19 Plaintiff, and how the products in connection with each other harm Plaintiff, is known only to
20 Defendant at this time. Plaintiff therefore reserves the right to supplement this response upon
21 further discovery.
22    Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature
23 disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's
24 scheduling order and the Federal Rules of Civil Procedure. Plaintiff further objects because some of
25 the information requested, such as the date Plaintiff started using a Product, is equally or more
26 available to Defendant as Plaintiff.
27    Subject to and without waiving the foregoing and General objections, Plaintiff answers as
28 follows:

3

1  PowerSchool's products and services facilitate the collection, storage, and use of Plaintiff's
2  data by PowerSchool. Plaintiff did not consent to the collection, storage, and use of data by
3  PowerSchool, and certainly did not consent to PowerSchool monetizing that data by, among other
4  things, sharing data with its partners and incorporating data into its products and services.
5  PowerSchool also refuses to allow students and their parents, including Plaintiff, to access, review,
6  or correct the information held by PowerSchool. Plaintiff's inability to see and correct information
7  means flawed or inaccurate data regarding Plaintiff is shared by PowerSchool with others or used by
8  PowerSchool directly.
9  PowerSchool has also unnecessarily retained Plaintiff's data, subjecting it to exfiltration by
10 bad actors, such as what occurred with the data breach that PowerSchool announced on December
11 28, 2024. *See, e.g.,* https://www.powerschool.com/security/sis-incident/notice-of-united-states-data-
12 breach/.
13 And while Plaintiff does not yet fully understand how PowerSchool has harmed her,
14 Plaintiff believes that PowerSchool's conduct has harmed her in at least the following ways:
15 (1) collecting Plaintiff's data without her consent, (2) storing Plaintiff's data indefinitely without her
16 consent, (3) using Plaintiff's data without her consent, (4) reducing the value of Plaintiff's data,
17 (5) unnecessarily subjecting Plaintiff to marketing, (6) continuously and unnecessarily surveilling
18 Plaintiff, (7) preventing Plaintiff from parenting in the manner she chooses, (8) invading her family's
19 privacy, (9) forcing Plaintiff to choose between a child's right to education and other fundamental
20 rights, such as the right to privacy, (10) failing to compensate Plaintiff for her property, and (11) not
21 fulfilling PowerSchool's privacy obligations to Plaintiff.
22 Plaintiff has suffered the foregoing harms since the first date she and S.G. started using
23 products owned or operated by PowerSchool to the present.
24 **INTERROGATORY NO. 3:**
25 Identify each Device on which You claim the Products were used, including identifying who
26 purchased, owned, and maintained each Device.
27 **RESPONSE:**
28 Plaintiff objects because this Interrogatory is vague and ambiguous because the word

4

| | | |
|---|---|---|
| 1 | Dated: February 28, 2025 | HAGENS BERMAN SOBOL SHAPIRO LLP |

By  /s/ Leonard W. Aragon
Leonard W. Aragon
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
leonard@hbsslaw.com

Julie Liddell
Andrew Liddell
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: 737.351.5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs