Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Zharna Shah (*pro hac vice*)
Taylor Rothman (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
zharna.shah@kirkland.com
taylor.rothman@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Ethan Joel Levinton (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
ethan.levinton@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY CHERKIN, et al | CASE NO. 3:24-cv-02706-JD |
| Plaintiffs, | **DEFENDANT POWERSCHOOL HOLDINGS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER CHANGING TIME AND TO TAKE TEN ADDITIONAL DEPOSITIONS** |
| v. | |
| POWERSCHOOL HOLDINGS, INC., | |
| Defendant. | |

1. Plaintiffs have repeatedly shown a marked lack of diligence in pursuing this matter. Now—after a prior three-month extension of the discovery deadline, with more than a month left, and with no discovery to PowerSchool outstanding—Plaintiffs seek to: (1) add another four months to the case schedule, and (2) *double* the deposition limit (to 20 depositions). Plaintiffs have no good cause for either request.

2. ***Plaintiffs lack of diligence forecloses continuance.*** Plaintiffs had ample time to comply with the existing schedule if they exercised reasonable diligence. PowerSchool produced ***97% of its documents by July 28, 2025***; its document production has been complete since October 14, 2025, with almost seven weeks remaining in discovery. Plaintiffs have also completed all nine of their noticed depositions, and despite discussing a 30(b)(6) deposition as early as ***April 2025***, Plaintiffs have yet to serve a 30(b)(6) notice. Moreover, despite arguing the large document production and depositions somehow revealed the necessity of seeking third-party discovery, Plaintiffs informed PowerSchool that they intended to seek third-party discovery on ***July 23, 2025***, yet inexplicably delayed serving any third-party request until this month. Discovery has already proved extremely burdensome, and Plaintiffs are not entitled to an extension to make up for their own lack of diligence.

3. ***No good cause to double the deposition limit.*** To be entitled to extra depositions, Plaintiffs must identify additional specific deponents and explain why they are ***uniquely necessary***. Plaintiffs have not done so. Plaintiffs note only that other PowerSchool employees may have relevant knowledge based on: (i) the information disclosed in the Rule 26 disclosure ***in August 2024***, (ii) the list of document custodians ***disclosed in January 2025***, and (iii) the depositions they began taking ***in June***. It is not unusual that a case may involve more than 10 individuals with relevant knowledge of the facts at issue, but the Federal Rules put the onus on the parties to prioritize individuals with the most relevant knowledge to ensure that discovery remains within reasonable limits, or otherwise to demonstrate with specificity *why* more are warranted. Plaintiffs have put forward no such specificity.

I. **NO GOOD CAUSE TO EXTEND THE CASE SCHEDULE.**

4. Plaintiffs cannot meet their burden of showing there is "good cause in the interest of justice" for a second continuance of discovery and trial. Standing Order Civ. Cases ¶ 4; Fed. R. Civ. P. 16(b)(4); *see* N.D. Cal. L. Civ. R. 16-2(d). This is a two-part inquiry that considers "the moving

party's … diligen[ce]" and, only if the movant was diligent, prejudice to the opposing party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiffs fail at both steps.

### A. Plaintiffs did not show an inability to meet deadlines.

5. To demonstrate diligence warranting a modification of the case schedule, a movant must show that the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* A movant must identify specific discovery needed, explain why the discovery is necessary, and **address the failure to seek such discovery earlier**. *E.g.*, *Rashdan v. Geissberger*, 2012 WL 566379, at *3 (N.D. Cal. Feb. 21, 2012) (denying continuance of discovery deadline for failure to identify specific additional documents sought, the reason those documents were sought, and the reason movant did not move to compel earlier); *Oracle Am., Inc. v. Serv. Key, LLC*, 2013 WL 2384246, at *2 (N.D. Cal. May 30, 2013) (same, for failure to serve discovery at issue earlier).

6. Here, Plaintiffs do not identify any specific deadline they have not been able to meet, only arguing vaguely that the depositions and documents indicate more discovery is needed, that they need to conduct third-party discovery, and that the complexity of the case justifies an extension. These excuses are unavailing:

- ***PowerSchool's deponents are knowledgeable and testified about every product at issue.*** Plaintiffs suggest that some witnesses "were either unable or unwilling to provide testimony regarding certain relevant issues … and identified additional individuals." Mot. ¶ 7; Aragon Decl. ¶ 9. But "the[se] allegations … stand naked without specifics as to what still needs to be discovered, and from whom," which is fatal to Plaintiffs' motion. *Missing Link, Inc. v. eBay, Inc.*, 2010 WL 94268, at *3 (N.D. Cal. Jan. 6, 2010) (denying continuance). Presumably, the Motion lacks this specificity because Plaintiffs know that, in actuality, they took depositions of nine senior directors, officers, and managers that oversee all of the key PowerSchool products at issue in this case. *See* Adendorff Decl. ¶¶ 16-20. Plaintiffs have not identified what issue those deponents failed to cover; every witness gave lengthy testimony explaining their topics of expertise.

- ***Plaintiffs had ample time to serve discovery based on review of PowerSchool's production.*** Plaintiffs attempt to justify the continuance by citing PowerSchool's three document

productions in June, July, and October 2025, *see* Mot. ¶¶ 2-6, but they strategically omit that PowerSchool began producing documents ***a year ago***, on October 29, 2024, and produced 96.3% of all documents by June 27, 2025—with ***five months left*** for fact discovery. *See* Adendorff Decl. ¶¶ 8-9. PowerSchool then reached 97% completion by July 28, 2025, and made a modest final production on October 14, 2025—3,283 documents out of 110,292 produced—with almost two months left in the fact discovery period. *See id.* Plaintiffs do not explain why 4-5 months was insufficient for them to review up to 97% of all PowerSchool documents. Plaintiffs had nearly all documents in advance of every deposition, and yet in the nine depositions they have taken, they used only 40 unique documents PowerSchool produced—***total***—with only 23 of those being unique custodial documents. *See id.* ¶ 11. To reiterate: despite having in their possession over 100,000 documents produced by PowerSchool, in response to the broad 115 document requests Plaintiffs served, Plaintiffs chose to utilize only 0.0004% of those documents during depositions. Simply put, there is no basis to conclude that documents or their review of the productions have been driving the questions at any of the depositions, much less that they unlocked some new avenue for fact discovery that justifies an extension.

- ***Plaintiffs have inexplicably failed to conduct third-party discovery.*** Plaintiffs also argue they need time to take discovery from third parties, *see* Mot. ¶¶ 2, 6, but they omit that as early as July 23, 2025, Plaintiffs' counsel stated they "need to engage in substantive third party discovery." Adendorff Decl. ¶¶ 12-13 & Ex. D. Inexplicably, Plaintiffs then ***waited*** nearly three months—until October 8, 2025—to serve ***one*** third-party subpoena—on a company that became a partial owner of PowerSchool after this case was filed. *See id.* ¶¶ 14-15 & Ex. E. To the extent Plaintiffs intend to serve any other third-party discovery requests, those have still not yet been served, to PowerSchool's knowledge. Any delays in third-party discovery have been solely caused by Plaintiffs.

- ***Case complexity and number of individuals with relevant knowledge does not warrant an extension.*** Finally, Plaintiffs argue they should get a continuance because this case is complex and they have not deposed all PowerSchool employees with relevant knowledge. *See* Mot.

¶¶ 2, 7, 9-12. But the lengthy discovery schedule already in place was set with the case's complexity in mind, and mere case complexity is insufficient to warrant a continuance even when agreed by the parties. *E.g.*, Order, *Mendoza v. Goff*, No. 3:13-cv-4773-JD (N.D. Cal Feb. 3, 2015) (Dkt. 63) (denying continuance). Moreover, Plaintiffs have not shown good cause to increase the deposition limit, as explained below. *See infra* ¶¶ 8-10. Plaintiffs have to prioritize the discovery they need; their failure to do so should not be rewarded now.

**B.     The extension will significantly burden PowerSchool.**

7.     Plaintiffs disregard the burden the extension will have on PowerSchool. PowerSchool is incurring significant costs in defending against this case, including in collecting, hosting, reviewing, and producing hundreds of thousands of documents and preparing nine witnesses for deposition. The obvious and unwarranted burden of additional discovery on PowerSchool due to an extension—and Plaintiffs' failure to even address it—is an independent reason to deny their Motion.

**II.    NO GOOD CAUSE FOR ADDITIONAL DEPOSITIONS.**

8.     Plaintiffs have also failed to demonstrate good cause to double the deposition limit. "A party seeking to exceed Rule 30(a)(2)'s presumptive ten-witness 'limit bears the burden of making a "***particularized showing***" of the need for additional depositions,'" which proceeds on a proposed deponent-by-deponent basis. *E.g.*, *Canton v. U.S. Foods, Inc.*, 2023 WL 5496482, at *2 (N.D. Cal. Aug. 24, 2023) (emphasis added). It is not enough to argue that a deponent is "critical and irreplaceable"; a movant must "describe the unique knowledge [each witness] possess[es] in … meaningful detail." *In re Meta Pixel Healthcare Litig.*, 2025 WL 2042223, at *2 (N.D. Cal. July 21, 2025) (denying motion) (quotations omitted).

9.     Plaintiffs do not satisfy this burden. They ask for 10 additional depositions, generally noting that PowerSchool collected documents from 25 custodians (at their request), PowerSchool listed nine individuals as "likely to have discoverable information" under Rule 26 who have yet to be deposed, and deponents identified four other employees as also having relevant knowledge. *See* Mot. ¶¶ 9-11. None of this is sufficient to demonstrate a specific, "particularized" need for a deposition, as Plaintiffs' own case authority demonstrates. *Authentec, Inc. v. AtruaTechs., Inc.*, 2008 WL 5120767, at *1-2 (N.D. Cal. Dec. 4, 2008) (holding that the fact that individuals not deposed remained on the

initial disclosure list was insufficient to demonstrate a particularized need for more depositions). It is well established that the mere "number of potential witnesses does not justify deposing everyone." *Martenson v. Koch*, 2013 WL 11316743, at *1 (N.D. Cal. June 19, 2013).

10. Plaintiffs' barebones arguments as to each individual they are requesting also fail:

| Deponents | Plaintiffs' Stated Reason | Deficiency |
|---|---|---|
| Chris Husting | May have relevant knowledge about Unified Insights. Mot. ¶ 9. | Plaintiffs already deposed Sujit Maharana, the VP of Engineering principally responsible for Unified Insights. *See* Adendorff Decl. ¶ 17. Husting is duplicative. |
| Darron Flagg | May have relevant knowledge concerning regulatory compliance. Mot. ¶¶ 10-11. | Plaintiffs initially requested to schedule Flagg's deposition then voluntarily withdrew their request without explanation. *See* Adendorff Decl. ¶ 26 & Ex. D. Plaintiffs offer no explanation of a unique need for his deposition now, or why they chose to wait 3 months to renew their voluntarily withdrawn request. |
| Shivani Stumpf | May have relevant knowledge concerning "PowerSchool's products." Mot. ¶¶ 10-11. | Plaintiffs already deposed nine officers, directors, and managers with authority over all relevant PowerSchool products. *See* Adendorff Decl. ¶ 17. Stumpf is duplicative. |
| Amy Reitz | May have relevant knowledge concerning race/ethnicity filters in Naviance, Mot. ¶¶ 10-11. | Plaintiffs already deposed Joe Swingle, who was the director of analytics for the company that initially developed Naviance. Adendorff Decl. ¶ 18. Plaintiffs have not shown that Ms. Reitz, a former PowerSchool employee, would have unique knowledge regarding Naviance. |
| Jason Ergle; Dominick Meglio | May have relevant knowledge about anonymization of student data. Mot. ¶ 11. | Plaintiffs already deposed other engineers on this topic, including Maharana, Rangarajan, and Cirillo. Adendorff Decl. ¶ 19. Ergle and Meglio are duplicative. |
| Kellie Ady; Shannon Thompson | May have relevant knowledge about product implementation. Mot. ¶ 11. | Multiple deponents testified about product implementation. Adendorff Decl. ¶ 20. There is no basis to believe others have different knowledge. |

Since Plaintiffs fail to show any particularized need for specific deponents, their Motion fails.[1]

### III. CONCLUSION.

For the foregoing reasons, the Court should deny Plaintiffs' Motion.

---

[1] This motion does not come in front of the Court due to any inflexibility by Defendants. PowerSchool has four times agreed to consider additional deponents, including via emails on June 20, July 23, August 21, and October 6, 2025, inviting Plaintiffs to explain particularized need for any individual. *See* Adendorff Decl. ¶¶ 27-28 & Exs. H, I. Plaintiffs refused to confer with PowerSchool, and instead filed this motion. Regardless, for the reasons explained above, PowerSchool does not believe that Plaintiffs need additional depositions.

DATED: October 21, 2025

Respectfully submitted,

KIRKLAND & ELLIS LLP

/s/ Olivia Adendorff
Olivia Adendorff, P.C.

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Zharna Shah (*pro hac vice*)
Taylor Rothman (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
zharna.shah@kirkland.com
taylor.rothman@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Ethan Joel Levinton (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
ethan.levinton@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*

**CERTIFICATE OF SERVICE**

On October 21, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

                     /s/ *Olivia Adendorff*
                     Olivia Adendorff, P.C.