Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Zharna Shah (*pro hac vice*)
Taylor Rothman (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
zharna.shah@kirkland.com
taylor.rothman@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Ethan Joel Levinton (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
ethan.levinton@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al | CASE NO. 3:24-cv-02706-JD |
| Plaintiffs, | **DECLARATION OF OLIVIA ADENDORFF IN SUPPORT OF POWERSCHOOL HOLDINGS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER CHANGING TIME AND TO TAKE TEN ADDITIONAL DEPOSITIONS** |
| v. | |
| POWERSCHOOL HOLDINGS, INC., | |
| Defendant. | |

I, Olivia Adendorff, declare as follows:

1. I am an attorney at the law firm of Kirkland & Ellis LLP, a member in good standing of the bars of the State of Texas and the District of Columbia, and admitted *pro hac vice* to practice before this Court. I am counsel for Defendant PowerSchool Holdings, Inc. ("PowerSchool") in this matter and am one of the firm's attorneys chiefly responsible for this representation.

2. I submit this declaration in support of PowerSchool's Opposition to Plaintiffs' Motion for Order Changing Time and Additional Discovery—specifically, ten more depositions (the "Motion").

3. I have personal knowledge of the matters in this declaration, and I am competent to testify as to the matters set forth below.

**A.     PowerSchool's Document Productions and Written Discovery.**

4. Plaintiffs began taking and receiving discovery from PowerSchool on August 8, 2024, when PowerSchool served its initial disclosures. Attached hereto as **Exhibit A** is a true and correct copy of PowerSchool's Initial Disclosures dated August 8, 2024.

5. On September 13, 2024, Plaintiffs served 115 Requests for Production. Attached hereto as **Exhibit B** is a true and correct copy of Plaintiffs' Requests for Production of Documents, Set One, dated September 13, 2024.

6. On January 10, 2025, PowerSchool identified via a letter the custodians who are likely to have non-duplicative documents, and whose documents PowerSchool would search to respond to Plaintiffs' Requests for Production. Attached hereto as **Exhibit C** is a true and correct copy of a Letter from Ethan Levinton, counsel for PowerSchool, to counsel for Plaintiffs dated January 10, 2025.

7. As demonstrated below, PowerSchool produced documents promptly and with more than sufficient time for Plaintiffs to complete their review and take depositions.

8. Specifically, PowerSchool made its first document production on October 29, 2024.

9. PowerSchool made a total of 12 documents productions by June 27, 2025, producing 106,219 documents (96.31% of all documents produced) spanning 644,663 pages (91.75% of all pages produced). PowerSchool made its 13th document production on July 28, 2025, producing 107,009 documents (achieving 97.02% of all documents produced) spanning 667,380 pages (achieving 94.98%

of all pages produced). And, PowerSchool made its 14th and final document production on October 14, 2025, producing 3,283 documents spanning 35,271 pages. PowerSchool's final document production represented 3% of all documents produced or 5% of all pages produced.

10. Thus, PowerSchool has produced nearly all relevant documents in this case by July 28, 2025—over four months before close of the discovery period. PowerSchool's document productions are now complete as of October 14, 2025, with almost 7 weeks remaining in the discovery period.

11. Nevertheless, in all nine depositions Plaintiffs have taken, they have used only 40 unique documents PowerSchool produced—*total*—with only 23 of those being unique custodial documents.

### B. Third-Party Discovery.

12. Plaintiffs informed PowerSchool that they will be seeking discovery from third parties on July 23, 2025, and yet inexplicably delayed beginning third-party discovery until October 8, 2025.

13. Specifically, in a July 23, 2025 email, Mr. Aragon, Plaintiffs' counsel, stated: "Given that PowerSchool's productions are complete and we have not received certain documents that we need and requested, we will need to engage in substantive third party discovery." Ex. D at 2. Attached hereto as **Exhibit D** is a true and correct copy of the email PowerSchool received from Leonard Aragon on July 23, 2025.[1]

14. Plaintiffs did not engage in any third-party discovery until they served PowerSchool with a notice of subpoena to Bain Capital, LP—a company that became a partial owner of PowerSchool after this case was filed. *See* Ex. E. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiffs' Notice of Document Subpoena to Bain Capital, LP dated October 8, 2025.

15. PowerSchool received no other notice of a third-party subpoena, as it would be entitled to under Federal Rule of Civil Procedure 45.

### C. Depositions Taken to Date.

16. Plaintiffs began taking depositions of PowerSchool witnesses on June 19, 2025.

---

[1] In responding to PowerSchool's email, Mr. Aragon erroneously changed the font to red for the following text: "We will discuss with Messrs. Cirillo, Brook, and Flagg alternate deposition dates, but please be advised that they may not be available until September or later. Please confirm that you are postponing these depositions." The foregoing text was originally sent by PowerSchool's counsel to Plaintiffs' counsel.

17. Between June 19, 2025, and October 16, 2025, Plaintiffs took the depositions of nine PowerSchool officers, directors, and managers:

| Deponent | Topics |
| --- | --- |
| Shahzad Ahmad, Chief Cloud Officer | PowerSchool's cloud operations and data hosting |
| Paul Brook, Chief Customer Officer | Relationships with school districts |
| Christopher Cirillo, VP Product Management | Unified Classroom and AI products |
| Sujit Maharana, VP Engineering | Unified Insights products |
| Mishka McCowan, VP Information Security | Information security practices and procedures |
| Sai Rangarajan, VP Research & Development | Student information systems engineering |
| Brian Sharp, VP Strategic Partnerships | Third-party partnerships |
| Nicole Shinton, VP Product Management | Student information systems, enrollment analytics |
| Joseph Swingle, Director of Big Data | Connected Intelligence product |

18. I am aware that Plaintiffs are now asking for a deposition of an individual knowledgeable about Naviance. Of note, Mr. Swingle was the Director of Analytics and Big Data at Hobsons, Inc., the company that initially developed Naviance, and could have testified concerning Naviance.

19. I am aware that Plaintiffs argue that they need to depose individuals concerning data anonymization, but they already heard testimony from Messrs. Maharana, Rangarajan, and Cirillo concerning this topic.

20. I am aware that Plaintiffs also note that they need to depose individuals concerning product implementation, but multiple individuals already testified concerning product implementation, including Messrs. Maharana and Cirillo.

D.   **Deposition of a Corporate Representative.**

21. The parties first discussed a deposition of a PowerSchool corporate representative per Federal Rule of Civil Procedure 30(b)(6) on April 22, 2025. Attached hereto as **Exhibit F** is a true and correct copy of an email from Leonard Aragon to myself dated April 22, 2025.

22. On April 22, 2025, Mr. Aragon stated, "We plan to depose most of the people listed in the disclosures, plus a 30b6 witness(es)." Ex. F at 1.

23. Plaintiffs then again expressed an intent to take a 30(b)(6) deposition on August 20, 2025, stating, "We will also get you a 30b6 deposition notice to schedule a 30b6 deposition." Attached

hereto as **Exhibit G** is a true and correct copy of that email—from Leonard Aragon to myself dated August 20, 2025.

24. To date, Plaintiffs still have not served a notice of a 30(b)(6) deposition.

### E. Scheduling of Additional Depositions.

25. In addition to making nine witnesses available and discussing a potential 30(b)(6) deposition, PowerSchool also discussed additional depositions with Plaintiffs.

26. For instance, Plaintiffs initially had scheduled a deposition of Darron Flagg, PowerSchool's Chief Compliance Officer and Chief Privacy Officer, but cancelled that deposition just three weeks before the scheduled date. *See* Ex. D at 2. Attached hereto as **Exhibit D** is a true and correct copy of an email from Leonard Aragon to myself dated July 23, 2025, confirming the cancellation of the deposition. To date, Plaintiffs have not attempted to reschedule his deposition.

27. Plaintiffs have several times raised the potential need for additional depositions. Each time, PowerSchool responded by email confirming its willingness to discuss the need for any additional depositions, including via emails dated June 20, July 23, August 21, and October 6, 2025. Attached hereto as **Exhibits H and I** are true and correct copies of these emails, respectively.

28. PowerSchool requested detail from Plaintiffs concerning whose deposition they were seeking and why they were seeking it, including via emails dated August 21, and October 6, 2025, and during a telephonic conference on October 1, 2025. *See* Exs. H, I. Plaintiffs did not respond or provide the requested information at any time.

### F. Burden to PowerSchool from a Continuance.

29. PowerSchool has incurred significant costs in defending against this case, including in collecting, hosting, reviewing, and producing hundreds of thousands of documents and preparing nine witnesses for deposition.

30. A discovery extension will only continue to increase PowerSchool's burden, as will any corresponding postponement of the remainder of the case schedule, including the trial date.

The foregoing is true and correct to the best of my knowledge.

| | |
|---|---|
| DATED: October 21, 2025 | Respectfully submitted, |
| | KIRKLAND & ELLIS LLP |
| | |
| | */s/ Olivia Adendorff* |
| | Olivia Adendorff, P.C. |