# Exhibit A

1 | Robyn E. Bladow (Bar No. 205189)
2 | KIRKLAND & ELLIS LLP
   | 555 South Flower Street
3 | Los Angeles, CA 90071
   | Telephone: (213) 680-8400
4 | rbladow@kirkland.com

5 | Martin L. Roth, P.C. (*pro hac vice*)
6 | Alyssa C. Kalisky (*pro hac vice*)
   | Amelia H. Bailey (*pro hac vice*)
7 | KIRKLAND & ELLIS LLP
   | 333 W Wolf Point Plaza
8 | Chicago, IL 60654
   | Telephone: (312) 862-2000
9 | martin.roth@kirkland.com
   | alyssa.kalisky@kirkland.com
10 | amelia.bailey@kirkland.com

11
12 | Olivia Adendorff, P.C. (*pro hac vice*)
   | Rachael A. Rezabek (Bar No. 298711)
13 | KIRKLAND & ELLIS LLP
   | 4550 Travis Street
14 | Dallas, TX 75205
   | Telephone: (214) 972-1770
15 | olivia.adendorff@kirkland.com
   | rachael.rezabek@kirkland.com
16
17 | *Attorneys for the Defendant PowerSchool Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY CHERKIN, et al., | CASE NO. 3:24-02706-JD |
| Plaintiff(s), | |
| vs. | **DEFENDANT POWERSCHOOL HOLDINGS, INC.'S INITIAL DISCLOSURES** |
| POWERSCHOOL HOLDINGS, INC., | |
| Defendant(s). | |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant PowerSchool Holdings, Inc. ("PowerSchool") hereby provides to Plaintiffs Emily Cherkin, on behalf of herself and as parent and guardian of her minor child, S.G., and David Concepción, on behalf of himself and as parent and guardian of his minor children, L.M.C. and M.M.C. (collectively, "Plaintiffs") the following initial disclosures.

I.     **Preliminary Statement**

The following disclosures are made based on the information reasonably available to PowerSchool as of the date hereof. PowerSchool's investigation of relevant facts is continuing. Accordingly, PowerSchool reserves all rights, consistent with Rule 26(e) of the Federal Rules of Civil Procedure, to modify, amend, and/or supplement the disclosures made herein as additional evidence and information become available.

By making these disclosures, PowerSchool does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Rather, PowerSchool's disclosures represent a good faith effort to identify information it reasonably believes at this time that it may use to support its claims or defenses, as required by Rule 26(a)(1). PowerSchool does not waive its right to object to production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevance, materiality, undue burden, hearsay, duplication, or any other valid objection. Nor does PowerSchool waive its right to object to any discovery request or demand for additional disclosures on the basis of any privilege, the work product doctrine, relevance, materiality, undue burden, hearsay, duplication, or any other valid objection.

PowerSchool does not concede, admit, stipulate, or certify that each of the individuals or documents listed below has or contains discoverable or admissible information. Although PowerSchool reasonably believes at this time that each of the individuals and documents identified below has or contains some information that PowerSchool may use to support its defenses in this action, PowerSchool does not concede, admit, stipulate, or certify that each of the individuals and documents identified below has or contains information that PowerSchool will use to support its

defenses in this action, or that such individuals and documents are the only sources of information that PowerSchool will use to support its defenses in this action.

To the extent that PowerSchool or Plaintiffs identify, through discovery or upon further investigation, individuals or entities with relevant knowledge, PowerSchool reserves the right, without assuming any obligation beyond those imposed by the Federal Rules of Civil Procedure, to supplement these disclosures, without prejudice to its rights to use such subsequently discovered information and documents at trial or at any proceeding in this action.

**II.    Rule 26(a)(1)(A)(i): Individuals**.

Pursuant to Rule 26(a)(1)(A)(i), the following persons have information that PowerSchool may use to support its defenses in the areas indicated.

- **Aditya Agarkar (VP Product Management, Data and AI)**: PowerSchool's Connected Intelligence and AI products, including PowerBuddy.
- **Paul Brook (Chief Customer Officer)**: PowerSchool's customer relationships.
- **Christopher Cirillo (VP Product Management, Classroom Products)**: PowerSchool's Unified Classroom products, including Schoology.
- **Brian Co (VP Product Management, College, Career, Life Readiness (CCLR) Products)**: PowerSchool's Naviance product.
- **Darron Flagg (Chief Compliance and Privacy Officer)**: PowerSchool's privacy policies, practices, and procedures.
- **Michelle Foster (Senior Director, Corporate Controller)**: PowerSchool financials.
- **Erica Levesque (Senior Director of Product Management)**: PowerSchool's Naviance and Intersect products.
- **Michael O'Meara (Director of Engineering, Connected Intelligence)**: PowerSchool's Connected Intelligence products, including P20W.
- **Amy Reitz (Former) (Group VP)**: PowerSchool's Naviance and Intersect products.
- **Shivani Stumpf (Chief Product and Innovation Officer)**: PowerSchool's products.
- **Laura Wendelin (Product Manager, Intersect)**: PowerSchool's Intersect product.

- School and school district representatives (such as procurement and IT directors and technology officers) who have information regarding their respective interactions with PowerSchool and the implementation and use of PowerSchool's products, including with respect to student data.
- All individuals identified in the initial disclosures or witness lists of any party to this action.
- All individuals who are deposed in this action.
- All individuals who are document custodians for any party in this action.
- Any individuals whose testimony may be used to admit in evidence documents relevant to this action.
- Any individuals whose testimony may be used to rebut any claim or allegation regarding PowerSchool or its employees.

The individuals identified above who are or were associated with PowerSchool may be contacted through counsel at Kirkland & Ellis LLP, 333 W Wolf Point Plaza, Chicago, IL 60654.

PowerSchool reserves the right to supplement this list upon the discovery of new information or upon the introduction of new issues in this action.

### III.     Rule 26(a)(1)(A)(ii): Documents.

Pursuant to Rule 26(a)(1)(A)(ii), PowerSchool provides the following description of the categories of documents, data compilations, and tangible things within its possession, custody, or control, including without limitation on email servers and in shared folders, that PowerSchool may use to support its claims or defenses. By disclosing the following categories of documents, PowerSchool does not waive any objections that it has or may have to producing these documents. To the extent relevant to Plaintiffs' Complaint and allegations in this action, PowerSchool may use the following categories of documents:

- Documents relating to PowerSchool's collection, retention, use, or disclosure of any data from a user of PowerSchool products;
- Documents relating to PowerSchool's collection, retention, use, or disclosure of any data from a visitor of PowerSchool's website;

- Documents relating to authorization to access, use, and/or disclose student data received from educational institutions;
- Documents relating to PowerSchool's privacy policies, practices, and procedures; and
- Documents relating to PowerSchool's agreements and data sharing with third parties.

PowerSchool also may use documents identified and/or produced in the course of discovery by third parties, Plaintiffs, and/or other sources. These include, but are not limited to, documents produced pursuant to Rule 34 requests for production or identified in response to interrogatories and documents marked as deposition or trial exhibits. PowerSchool reserves the right to supplement or correct this response pursuant to Federal Rules of Civil Procedure 26(a)(1)(E) and 26(e).

**IV.   Disclosure Pursuant To Rule 26(a)(1)(A)(iii): Computation of Damages.**

PowerSchool is not presently seeking damages in this case. PowerSchool reserves the right to supplement or correct this response pursuant to Federal Rules of Civil Procedure 26(a)(1)(E) and 26(e).

**V.   Disclosure Pursuant To Rule 26(a)(1)(A)(iv): Insurance Agreements.**

Not applicable.

**VI.   No Waiver**

Nothing in this initial disclosure of individuals, documents, or other information shall constitute a waiver of any claim, right, or defense, whether procedural or substantive, including: any claim or defense as to the sufficiency of Plaintiffs' Complaint; any applicable privilege held by PowerSchool or its affiliates; and the right to object to any discovery requests that call for discovery of documents or information beyond the scope of the Federal Rules of Civil Procedure.

Pursuant to Rule 26(g)(1) of the Federal Rules of Civil Procedure, the undersigned certifies that, to the best of his knowledge, information, and belief, formed after a reasonable inquiry, this disclosure is complete and correct as of the time it is made.

1 | DATED: August 8, 2024

KIRKLAND & ELLIS LLP

*/s/ Martin L. Roth, P.C.*
Martin L. Roth, P.C.

*Attorney for Defendant*

DEFENDANT POWERSCHOOL HOLDINGS, INC.'S INITIAL DISCLOSURES | 6 | CASE NO. 3:24-CV-02706-JD

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024, I electronically transmitted the foregoing document to all counsel of record in the above-captioned action.

KIRKLAND & ELLIS LLP

*/s/ Rachael A. Rezabek*
Rachael A. Rezabek
