# Exhibit B

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al. | Case No.: 3:24-cv-02706-JD |
| Plaintiffs, | <u>CLASS ACTION</u> |
| v. | **PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| POWERSCHOOL HOLDINGS, INC., | |
| Defendant. | Assigned to the Honorable James Donato |

Propounding Party:    **Plaintiffs Emily Cherkin, et al.**

Responding Party:    **Defendant PowerSchool Holdings, Inc.**

Set Number:    **One**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs submit this Request for Production to Defendant PowerSchool Holdings, Inc. and request that Defendant serve written responses and produce the documents and things described in these Requests within thirty (30) days.

The documents and things requested are relevant to the subject matter of the above-captioned action, are reasonably calculated to lead to the discovery of admissible evidence, and are believed to be in Defendant's possession, custody and/or control.

## DEFINITIONS

The following definitions apply to each of the Requests set forth herein, in addition to the text of other definitions where applicable, and are deemed to be incorporated in each of said requests, whether or not the terms are capitalized:

1.     "And" and "or" mean and/or.

2.     "All documents" mean every document, whether an original or copy, as defined above.

3.     "Communication(s)" means and includes every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information whether orally or by document or otherwise, face-to-face, by telephone, telecopier, mail, email, text, electronic videoconference, personal delivery, or otherwise.

4.     "Defendant" includes PowerSchool Holdings, Inc., along with any subsidiaries, affiliates, branches, divisions, predecessors, controlling persons, controlled persons, officers, directors, employees, representatives, and/or agents (including attorneys, accountants, advisors and any other person acting or purporting to act on their behalf) of any previously listed defendant in this action.

5.     "Document" is used in the broadest possible sense and means, without limitation, any object (including but not limited to any paper, film, videotape, computer storage media, computer file, or any other print, graphic, or data medium) in or on which any information or any representation of any information is contained, stored, recorded or embodied. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the

term "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, emails, envelopes, telegrams, text messages, other messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, advertisements, flyers, telephone scripts, and websites, comparisons, books, calendars, diaries, articles, labels, catalogs, magazines, newspapers, webpages, social media pages, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, videos, notes or minutes of meetings, or other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, phonograph recordings, films, tapes, disks, data cells, drums, print-outs, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts, or revisions of any of the foregoing. "Document" includes all the items listed in this paragraph regardless of whether they were produced with office supplies and devices or personal supplies and devices and without limitation includes emails, texts, and other messages sent from accounts other than those used in the ordinary course of business.

6.      "Parent" or "parents" means any parent or legal guardian of a student who attends or attended a k-12 school or school district that uses PowerSchool products or services.

7.      "Student" or "students" means any person who attends a K-12 school or is enrolled in a school district that uses PowerSchool products or services.

8.      "Third-party partners" means any person or entity that uses or has access to data other than schools, or a person or entity to whom you are trying to sell your products or services.

9.      "Investors" means any person or entity from whom you seek investments in your company, products, or services.

10.     "School" or "schools" means any pre-school, elementary school, high school, trade school, or other institution, whether public or private in the United States, with whom you have contracted.

11.     "Data" means information collected, in any form and by any method, from parents or students by you or anyone with whom you contract, partner, or otherwise work with to collect information on parents or students.

12.     "Category of data" means the smallest discrete data element or data field collected by you. for example, if you are asked to identify the categories of data you collect, a response that you collect "demographic information" is insufficiently specific, whereas a response that you collect "demographic information, including name, date of birth, gender, home address [and all other data elements you consider to be demographic information]" would be sufficiently specific.

13.     The word "contracts" shall be construed broadly to include any agreement that governs the terms of the relationship between two parties, including negotiated contracts, terms of use, terms of service, privacy policies, responsible use policies, clickwrap agreements, scrollwrap agreements, browsewrap agreements, joint venture agreements, licensing agreements, marketing agreements, and research and development agreements.

14.     "You" means Defendant PowerSchool Holdings Inc., including all subsidiaries, affiliates, parent corporations, and related corporate entities.

**INSTRUCTIONS**

1.      If you believe that any request is objectionable because the request involves documents that are substantively the same but producing all such documents is too voluminous— such as form contracts—you may produce exemplars of such documents. but you may do so only if: (1) the exemplars represent all substantively similar documents, (2) you state in your response that you producing exemplar documents and that no other documents need to be produced because the production is representative of all other responsive documents, and (3) you waive any right to use or rely upon undisclosed documents that would otherwise be responsive to the request.

2.      Unless otherwise stated, the applicable time period for these requests shall begin on January 1, 2019 and continue through the present.

3.      The singular includes the plural, and vice versa. The masculine includes the feminine and neuter genders.

4.      Each Request seeks the production of all responsive documents in their entirety, without abbreviation or redaction with all non-identical copies and drafts thereof, including any document appended to, included therewith, incorporated by or referred to in the document and all file folders in which any such document is contained.

5.      Responsive documents that comprise electronically stored information shall be produced in native file format to the extent that such native files are in a directly obtainable medium, and should include all reasonably accessible metadata, without any alterations. documents that comprise electronically stored information that does not exist in a directly obtainable medium shall be translated into a reasonably usable form that preserves all metadata, without any alternations, for such documents.

6.      If  any portion of any document or thing called for in this request is considered privileged or is otherwise not produced, but the document or thing in its entirety is not privileged or otherwise subject to production, Defendant must include the document or thing in its responses but may omit or delete any portions that are privileged so long as the document or thing clearly shows what portions have been omitted or deleted and a summary or description of the subject matter of the omitted or deleted portions is provided.

7.      With respect to any document withheld on a claim of privilege, a statement shall be provided by the attorneys from the entity withholding such document setting forth as to each document:

a.      the name of the author of the document;

b.      the name of the recipient of the document;

c.      the names of the persons to whom copies were sent;

d.      the job title of every individual named in "c," above;

e.      the date of the document;

f.      the date on which the document was received by those in possession of  the document; and

g.      the nature and subject matter of the document.

4

8.     If it is maintained that any document or thing that is requested has been destroyed, set forth the contents of the document or thing, the date of such destruction, and the name(s) of the person(s) who participated in, authorized, or directed such destruction.

9.     If any of the documents or things cannot be produced in full, produce to the extent possible, specifying the reason for the inability to produce the remainder.

10.     This request is ongoing and continuous. If after producing documents, you become aware of, generate, or acquire any additional documents or things responsive to this request, you are required to produce those additional documents or things.

11.     Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B) and (C), if you object to any Request herein or part thereof, you "must . . . state with specificity the grounds for objecting to the request" and "whether any responsive materials are being withheld on the basis of that objection."

## REQUESTS FOR PRODUCTION

### Terms and Conditions

**REQUEST NO. 1:**

All CONTRACTS between YOU and SCHOOLS related to the collection of DATA.

**RESPONSE:**


**REQUEST NO. 2:**

All CONTRACTS between YOU and SCHOOLS related to the use of DATA.

**RESPONSE:**


**REQUEST NO. 3:**

All CONTRACTS with SCHOOLS related to the storage of DATA.

**RESPONSE:**


**REQUEST NO. 4:**

To the extent you contend they exist, all CONTRACTS with PARENTS related to the collection of DATA.

**RESPONSE:**

**REQUEST NO. 5:**

To the extent you contend they exist, all CONTRACTS with PARENTS related to the use of DATA.

**RESPONSE:**

**REQUEST NO. 6:**

To the extent you contend they exist, all CONTRACTS with PARENTS related to the storage of DATA.

**RESPONSE:**

**REQUEST NO. 7:**

To the extent you contend they exist, all CONTRACTS with STUDENTS related to the collection of DATA.

**RESPONSE:**

**REQUEST NO. 8:**

To the extent you contend they exist, all CONTRACTS with STUDENTS related to the use of DATA.

**RESPONSE:**

**REQUEST NO. 9:**

To the extent you contend they exist, all CONTRACTS with STUDENTS related to the storage of DATA.

**RESPONSE:**

**REQUEST NO. 10:**

All CONTRACTS between YOU and SCHOOLS related to the security or privacy of DATA, excluding any agreements previously produced.

**RESPONSE:**


**REQUEST NO. 11:**

All security and privacy CONTRACTS between YOU and any other party related to DATA.

**RESPONSE:**


**REQUEST NO. 12:**

All licensing or marketing CONTRACTS between YOU and any other person or entity regarding DATA.

**RESPONSE:**


**REQUEST NO. 13:**

All joint venture CONTRACTS between YOU and any other person or entity regarding DATA.

**RESPONSE:**


**REQUEST NO. 14:**

All research and development CONTRACTS between YOU and any other person or entity regarding DATA.

**RESPONSE:**


**REQUEST NO. 15:**

All CONTRACTS with any person or entity with whom you have a DATA-sharing agreement.

**RESPONSE:**

**REQUEST NO. 16:**

To the extent not already produced, all CONTRACTS that permit any person or entity to use or access DATA.

**RESPONSE:**


**REQUEST NO. 17:**

All CONTRACTS governing the sale, licensing, or use of DATA to or by any person or entity, regardless of the form, whether it is aggregated or disaggregated, or anonymized or purportedly anonymized.

**RESPONSE:**


**Disclosures**

**REQUEST NO. 18:**

All disclosures made by YOU to schools regarding the collection, use, or storage of DATA.

**RESPONSE:**


**REQUEST NO. 19:**

All disclosures made by YOU to PARENTS regarding the collection, use, or storage of DATA.

**RESPONSE:**


**REQUEST NO. 20:**

All disclosures made by YOU to STUDENTS regarding the collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 21:**

All disclosures made by YOU to THIRD-PARTY PARTNERS regarding the collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 22:**

All disclosures by YOU to INVESTORS regarding the collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 23:**

ALL DOCUMENTS related to the collection, use, and storage of DATA provided to the STUDENTS and PARENTS at Plaintiffs' schools.

**RESPONSE:**

**REQUEST NO. 24:**

ALL DOCUMENTS, including all COMMUNICATIONS, regarding your efforts to ensure STUDENTS and PARENTS are informed about what DATA is collected by YOU.

**RESPONSE:**

**REQUEST NO. 25:**

ALL DOCUMENTS, including all COMMUNICATIONS, regarding your efforts to ensure STUDENTS and PARENTS are informed about how you use DATA collected by YOU.

**RESPONSE:**

**REQUEST NO. 26:**

ALL DOCUMENTS, including all COMMUNICATIONS, regarding your efforts to ensure STUDENTS and PARENTS are informed about how you store their DATA.

**RESPONSE:**

**Collection**

**REQUEST NO. 27:**

    ALL DOCUMENTS related to the collection of DATA for commercial purposes.

**RESPONSE:**


**REQUEST NO. 28:**

    To the extent not already produced, ALL DOCUMENTS related to the collection, use, and storage of DATA collected from STUDENTS and PARENTS at Plaintiffs' schools.

**RESPONSE:**


**REQUEST NO. 29:**

    DOCUMENTS sufficient to show what DATA is collected by YOU from PARENTS and STUDENTS at SCHOOLS.

**RESPONSE:**


**REQUEST NO. 30:**

    Produce ALL DOCUMENTS, including all COMMUNICATIONS, related to the industry standard you identified in response to Interrogatory No. 6, if any, regarding the collection, use, and storage of DATA.

**RESPONSE:**


**Use**

**REQUEST NO. 31:**

    ALL DOCUMENTS related to the use of DATA collected from STUDENTS and PARENTS at Plaintiffs' SCHOOLS.

**RESPONSE:**

**REQUEST NO. 32:**

DOCUMENTS sufficient to show how each CATEGORY OF DATA identified in response to Interrogatory No. 3 is used by YOU.

**RESPONSE:**


**REQUEST NO. 33:**

DOCUMENTS sufficient to show who has access to DATA collected by you, including access by any THIRD-PARTY PARTNERS.

**RESPONSE:**


**REQUEST NO. 34:**

DOCUMENTS sufficient to show how DATA is combined, aggregated, or processed by YOU, in the manner in which such terms are used by you in your Terms of Service and Privacy Statements.

**RESPONSE:**


**REQUEST NO. 35:**

ALL DOCUMENTS related to the sale of DATA by YOU to any person or entity, and whether that DATA is aggregated, disaggregated, anonymized, or manipulated in any way.

**RESPONSE:**


**REQUEST NO. 36:**

DOCUMENTS identifying, discussing, or explaining the educational purposes for which you collect each CATEGORY OF DATA.

**RESPONSE:**

**REQUEST NO. 37:**

DOCUMENTS sufficient to show both how and by whom an "educational purpose" is defined.

**RESPONSE:**


**REQUEST NO. 38:**

DOCUMENTS sufficient to show how YOU or any person or entity you hire or work with anonymizes or de-identifies DATA.

**RESPONSE:**


**REQUEST NO. 39:**

DOCUMENTS sufficient to show how DATA is used to support artificial Intelligence tools.

**RESPONSE:**


**REQUEST NO. 40:**

ALL DOCUMENTS related to how YOU intend to use DATA in your products.

**RESPONSE:**


**REQUEST NO. 41:**

ALL DOCUMENTS related to how YOU intend to use DATA in future products.

**RESPONSE:**


**REQUEST NO. 42:**

ALL DOCUMENTS, including all communications, related to how YOU use DATA to generate revenues.

**RESPONSE:**

**REQUEST NO. 43:**

ALL DOCUMENTS related to how YOU intend to use DATA to increase revenues at your company.

**RESPONSE:**

**Storage**

**REQUEST NO. 44:**

DOCUMENTS sufficient to show how DATA is stored after it is collected.

**RESPONSE:**

**REQUEST NO. 45:**

DOCUMENTS sufficient to show how YOU protect DATA from a DATA breach or from access by unauthorized individuals, corporation, entities, government actors, or any other party who seeks unauthorized access to DATA.

**RESPONSE:**

**REQUEST NO. 46:**

DOCUMENTS sufficient to show how YOU notify those affected by a data breach where DATA stored by YOU is accessed by unauthorized third parties.

**RESPONSE**

**REQUEST NO. 47:**

DOCUMENTS sufficient to show how DATA is "controlled" by SCHOOLS after it is collected, in a manner consistent with the use of such terms by YOU in your Terms of Service and Privacy Statements.

**RESPONSE**

**REQUEST NO. 48:**

DOCUMENTS related to any metrics or DATA showing that YOUR data practices comply with any CONTRACTS related to how you handle DATA.

**RESPONSE**


**Preservation/Deletion**

**REQUEST NO. 49:**

DOCUMENTS sufficient to show and explain the process for DATA deletion.

**RESPONSE**


**REQUEST NO. 50:**

DOCUMENTS sufficient to show and explain how YOU determine which DATA should be deleted or preserved.

**RESPONSE**


**REQUEST NO. 51:**

DOCUMENTS sufficient to show how YOU verify that DATA is deleted.

**RESPONSE**


**REQUEST NO. 52:**

DOCUMENTS sufficient to show which DATA has been deleted by YOU.

**RESPONSE**


**Consent**

**REQUEST NO. 53:**

ALL DOCUMENTS that YOU believe gives YOU consent to collect, use, or store STUDENT DATA.

**RESPONSE**

**REQUEST NO. 54:**

ALL DOCUMENTS that YOU believe give YOU consent to collect, use, or store PARENT DATA.

**RESPONSE**


**REQUEST NO. 55:**

ALL DOCUMENTS YOU believe give YOU consent to collect, use, or store STUDENT DATA for commercial purposes.

**RESPONSE**


**REQUEST NO. 56:**

ALL DOCUMENTS YOU believe give YOU consent to collect, use, or store PARENT DATA for commercial purposes.

**RESPONSE**


**REQUEST NO. 57:**

ALL DOCUMENTS that show or explain how SCHOOL customers may oversee or control YOUR data practices to ensure that they comply with any purported agreement between YOU and the SCHOOL customer.

**RESPONSE**


**REQUEST NO. 58:**

To the extent not already produced, produce ALL DOCUMENTS related to YOU obtaining consent to collect, use, or store DATA from Plaintiffs.

**RESPONSE**

**REQUEST NO. 59:**

To the extent not already produced, produce all presentations made to SCHOOLS, including PARENTS and STUDENTS, regarding consent to collect, use, or store DATA.

**RESPONSE**

**REQUEST NO. 60:**

All COMMUNICATIONS between YOU and PARENTS regarding consent to collect, use, or store DATA.

**RESPONSE**

**REQUEST NO. 61:**

All COMMUNICATIONS between you and STUDENTS regarding consent to collect, use, or store DATA.

**RESPONSE**

**REQUEST NO. 62:**

All COMMUNICATIONS between YOU and THIRD-PARTY PARTNERS regarding consent to collect, use, or store DATA.

**RESPONSE**

**REQUEST NO. 63:**

All COMMUNICATIONS between YOU and INVESTORS regarding consent to collect, use, or store DATA.

**RESPONSE**

**Technical**

**REQUEST NO. 64:**

For each product and service identified in response to Interrogatory No. 1, produce DOCUMENTS sufficient to identify any Applications Programming Interface.

**RESPONSE**


**REQUEST NO. 65:**

For each product and service identified in response to Interrogatory No. 1, produce ALL DOCUMENTS related to Key Performance Indicators.

**RESPONSE**


**REQUEST NO. 66:**

For each product and service identified in response to Interrogatory No. 1, produce ALL DOCUMENTS related to how DATA is received or transmitted to THIRD PARTIES.

**RESPONSE**


**REQUEST NO. 67:**

For each product and service identified in response to Interrogatory No. 1, produce all technical manuals and instructions books.

**RESPONSE**


**Communications**

**REQUEST NO. 68:**

All COMMUNICATIONS between YOU and STUDENTS regarding the collection, use, and storage of DATA for commercial purposes.

**RESPONSE**

**REQUEST NO. 69:**

All COMMUNICATIONS between YOU and PARENTS regarding the collection, use, and storage or DATA for commercial purposes.

**RESPONSE**


**REQUEST NO. 70:**

All COMMUNICATIONS between YOU and your INVESTORS regarding the collection, use, and storage of DATA.

**RESPONSE**


**REQUEST NO. 71:**

All COMMUNICATIONS between YOU and your THIRD-PARTY PARTNERS regarding the collection, use, and storage of DATA.

**RESPONSE**


**REQUEST NO. 72:**

All internal COMMUNICATIONS regarding the monetization of DATA by YOU.

**RESPONSE**


**REQUEST NO. 73:**

Other than COMMUNICATIONS with your attorneys, ALL DOCUMENTS related to COMMUNICATIONS regarding consent from PARENTS to collect DATA.

**RESPONSE**


**REQUEST NO. 74:**

Other than COMMUNICATIONS with your attorneys, ALL DOCUMENTS related to COMMUNICATIONS regarding consent from PARENTS to use DATA.

**RESPONSE**

**REQUEST NO. 75:**

Other than COMMUNICATIONS with your attorneys, ALL DOCUMENTS related to COMMUNICATIONS regarding consent from PARENTS to store DATA.

**RESPONSE**


**REQUEST NO. 76:**

All COMMUNICATIONS regarding the use of DATA for commercial purposes.

**RESPONSE**


**REQUEST NO. 77:**

All COMMUNICATIONS between YOU and INVESTORS or YOU and THIRD-PARTY PARTNERS regarding the monetization of DATA.

**RESPONSE**


**REQUEST NO. 78:**

All COMMUNICATIONS regarding the monetization of DATA between YOU and any other entity or person.

**RESPONSE**


**Marketing materials**

**REQUEST NO. 79:**

All marketing materials related to the collection, use, or storage of STUDENT or PARENT DATA.

**RESPONSE**


**REQUEST NO. 80:**

To the extent not already produced, produce all marketing materials related to the collection, use, or storage of STUDENT and PARENT DATA made to INVESTORS.

**RESPONSE**

**REQUEST NO. 81:**

    To the extent not already produced, produce all marketing materials related to the collection, use, or storage of STUDENT and PARENT DATA made to SCHOOLS.

**RESPONSE**

**REQUEST NO. 82:**

    To the extent not already produced, produce all marketing materials related to the collection, use, or storage of STUDENT or PARENT DATA made to any person or entity.

**RESPONSE**

**REQUEST NO. 83:**

    All advertisements or other marketing materials created, distributed, or otherwise used by YOU regarding the products and services YOU identified in response to Interrogatories No. 1.

**RESPONSE**

**REQUEST NO. 84:**

    All advertisements or other marketing materials created, distributed, or otherwise used by YOU regarding services provided by YOU.

**RESPONSE**

**REQUEST NO. 85:**

    All advertisements or other marketing materials created, distributed, or otherwise used by YOU regarding YOUR artificial intelligence product(s).

**RESPONSE**

**REQUEST NO. 86:**

All advertisements or other marketing materials created, distributed, or otherwise used by YOU regarding any future products or services that may use DATA.

**RESPONSE**


**IPO**

**REQUEST NO. 87:**

All pitch materials prepared in connection with PowerSchool's 2021 initial public offering, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE**


**REQUEST NO. 88:**

ALL DOCUMENTS from the data room provided to or prepared by any of Goldman Sachs & Co. LLC, Barclays, Credit Suisse, and UBS Investment Bank in connection with PowerSchool's 2021 initial public offering.

**RESPONSE**


**REQUEST NO. 89:**

ALL DOCUMENTS relating to the identification of any candidate for a seat on YOUR board of directors, whether that person was nominated or confirmed.

**RESPONSE**


**REQUEST NO. 90:**

ALL DOCUMENTS relating to the selection of each member of YOUR board of directors, including DOCUMENTS evidencing the reasons for selecting each board member and the purported qualifications for the board member's service on YOUR board of directors.

**RESPONSE**

**Bain Acquisition**

**REQUEST NO. 91:**

All pitch materials, including but not limited to pitch decks, one-pagers, prospectuses, and placemats, prepared in connection with any attempt to change PowerSchool into a private enterprise.

**RESPONSE**


**REQUEST NO. 92:**

All pitch materials prepared in connection with the announced 2024 acquisition of PowerSchool by Bain Capital, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE**


**REQUEST NO. 93:**

ALL DOCUMENTS from the data room provided to or prepared by Bain Capital in connection with the announced 2024 acquisition of PowerSchool by Bain Capital.

**RESPONSE**


**Miscellaneous**

**REQUEST NO. 94:**

Corporate organizational charts showing the corporate relationships among YOU and all PARENTS, subsidiaries, affiliates, or related corporate entities.

**RESPONSE**


**REQUEST NO. 95:**

Personnel organization charts identifying YOUR executives and the individuals responsible for product development, sales, marketing, security, compliance, and THIRD-PARTY partnerships.

**RESPONSE**

1    **REQUEST NO. 96:**

2        DOCUMENTS sufficient to identify all SCHOOLS that use YOUR products or services.

3    **RESPONSE**

4

5    **REQUEST NO. 97:**

6        DOCUMENTS sufficient to show YOUR qualification as a "school official" under FERPA.

7    **RESPONSE**

8

9    **REQUEST NO. 98:**

10        DOCUMENTS sufficient to show that YOU are under the direct control of each SCHOOL

11    with which YOU have a CONTRACT.

12    **RESPONSE**

13

14    **REQUEST NO. 99:**

15        Produce DOCUMENTS sufficient to identify YOUR commercial customers and partners,

16    not including SCHOOLS.

17    **RESPONSE**

18

19    **REQUEST NO. 100:**

20        Produce DOCUMENTS sufficient to identify the number of STUDENTS in each state

21    from whom YOU collect DATA.

22    **RESPONSE**

23

24    **REQUEST NO. 101:**

25        Produce DOCUMENTS sufficient to identify the number of PARENTS in each state from

26    whom YOU collect DATA.

27    **RESPONSE**

28

**REQUEST NO. 102:**

Produce any and ALL DOCUMENTS related to complaints made by SCHOOLS regarding DATA collection, use, or storage.

**RESPONSE**


**REQUEST NO. 104:**

Produce any and all COMMUNICATIONS to any person or entity, including shareholders, regarding risks of business impact or disruptions related to the use of DATA.

**RESPONSE**


**Specific Third Parties**

**REQUEST NO. 105:**

DOCUMENTS sufficient to show YOUR relationship with Snowflake, Inc. and its affiliates.

**RESPONSE**


**REQUEST NO. 106:**

ALL DOCUMENTS related to Snowflake Inc.'s June 5, 2024 announcement naming PowerSchool its "Public Sector AI Data Cloud Product Partner of the Year."

**RESPONSE**


**REQUEST NO. 107:**

DOCUMENTS sufficient to show YOUR relationship with LiveRamp Holdings, Inc. and its affiliates, including any CONTRACT to share DATA with LiveRamp Holdings, Inc. or its affiliates.

**RESPONSE**

**REQUEST NO. 108:**

DOCUMENTS sufficient to show YOUR relationship with EAB and its affiliates, including any CONTRACT to share DATA with EAB or its affiliates.

**RESPONSE**


**Damages**

**REQUEST NO. 109:**

ALL DOCUMENTS related to revenues derived by YOU from the collection, use, or retention of DATA.

**RESPONSE**


**REQUEST NO. 110:**

ALL DOCUMENTS related to any value YOU attribute to DATA.

**RESPONSE**


**REQUEST NO. 111:**

ALL DOCUMENTS related to any value YOU attribute to each CATEGORY OF DATA.

**RESPONSE**


**REQUEST NO. 112:**

DOCUMENTS sufficient to show revenues derived from each product and service YOU provide.

**RESPONSE**


**REQUEST NO. 113:**

DOCUMENTS sufficient to show all profits YOU derived from collection, use, or retention of STUDENT DATA.

**RESPONSE**

**REQUEST NO. 114:**

DOCUMENTS sufficient to show all profits derived from each product or service YOU provide.

**RESPONSE**

**REQUEST NO. 115:**

DOCUMENTS sufficient to show compensation, and how compensation is calculated, for each person disclosed by YOU in your initial disclosures.

**RESPONSE**

Dated: September 13, 2024                    HAGENS BERMAN SOBOL SHAPIRO LLP


By   /s/ Leonard W. Aragon
Leonard W. Aragon (*pro hac vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
leonard@hbsslaw.com

Julie Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: 737.351.5855
julie.liddell@edtech.law

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2024, I served the foregoing document to the following counsel of record via e-mail:

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Rachael A. Rezabek
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
rachael.rezabek@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky (*pro hac vice*)
Amelia H. Bailey (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
amelia.bailey@kirkland.com

Attorneys for Defendant


_____/s/ Amy Nolan_____
Amy Nolan