Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Zharna Shah (*pro hac vice*)
Taylor Rothman (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
zharna.shah@kirkland.com
taylor.rothman@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Ethan Joel Levinton (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
ethan.levinton@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al | CASE NO. 3:24-cv-02706-JD |
| Plaintiffs, | **DEFENDANT POWERSCHOOL HOLDINGS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER CHANGING TIME AND TO TAKE TEN ADDITIONAL DEPOSITIONS** |
| v. | |
| POWERSCHOOL HOLDINGS, INC., | |
| Defendant. | |

1.     Plaintiffs' "Supplemental Administrative Motion" renewing their pending request for a four-month case schedule extension and also requesting 10 additional depositions (the "Second Motion") misrepresents facts and invents disputes that simply do not exist. The Second Motion is based principally on two alleged "disputes" over 30(b)(6) subpoenas. *First*, Plaintiffs argue that they need an extension for PowerSchool to present its Rule 30(b)(6) corporate representative after the fact discovery cut-off of December 1. This is not true; PowerSchool will present a corporate representative before the current discovery cut off on December 1, the date Plaintiffs noticed. *Second*, Plaintiffs complain about their inability to participate in a 30(b)(6) deposition of Seattle Public Schools ("SPS")—a school district attended by Plaintiffs Cherkin and S.G. Setting aside whether Plaintiffs could have subpoenaed SPS much earlier to avoid any last-minute scheduling issues (they could have), Plaintiffs misstate the facts: SPS objected to a 30(b)(6) deposition, and a 30(b)(6) deposition of SPS is not currently going forward.

2.     Plaintiffs' Second Motion is thus based on incorrect facts. Plaintiffs could have avoided these misstatements if they simply had conferred with PowerSchool prior to filing the Second Motion, which they did not do, in violation of this Court's rules. PowerSchool has thus invited Plaintiffs to withdraw their Second Motion, *see* Ex. A, but Plaintiffs refuse to do so.

3.     The rest of the Second Motion glosses over Plaintiffs' marked lack of diligence in pursuing this matter. Plaintiffs' claim that third parties have caused their delay is misplaced, as Plaintiffs knew as early as *July* 2025 that they "need to engage in third party discovery," Dkt. 93-1, ¶¶ 12-13; Dkt. 93-5, but chose to wait three months to serve their first subpoena on October 8, 2025 and *fourteen other* subpoenas on and after October 29, 2025—with one month left to fact discovery. To the extent third parties are raising valid objections to Plaintiffs' subpoenas, it was incumbent on Plaintiffs to serve discovery earlier, to allow enough time to work through anticipated objections.

4.     SPS is a perfect example of Plaintiffs' lack of diligence: Plaintiffs knew SPS was a relevant witness since *2021*, when Plaintiffs first served requests to inspect educational records on SPS for data stored by EdTech companies. Plaintiffs can offer no explanation for why they chose to delay requesting discovery from their own school for over a year after filing suit until October 29, 2025, or why they did not seek a deposition of SPS until after PowerSchool noticed its own deposition.

DEFENDANT'S OPPOSITION TO PLAINTIFFS'         1         CASE NO. 3:24-CV-02706-JD
SECOND MOTION FOR ORDER CHANGING TIME AND TO CONDUCT ADDITIONAL DISCOVERY

1  Nor should the Court permit Plaintiffs to use PowerSchool's reasonableness in agreeing not to object
2  to Plaintiffs taking one additional deposition beyond the 10-deposition limit provided by Rule 30 to
3  claim they need more time to complete discovery.

4       5.    At bottom, Plaintiffs cannot show good cause for a second case schedule extension and
5  a doubling of their deposition limits.  Plaintiffs received PowerSchool's initial disclosures in August
6  2024 and a list of PowerSchool's document custodians in January 2025.  Plaintiffs have had 97% of
7  all relevant documents since July 2025.  They already took nine depositions of PowerSchool officers,
8  managers, and engineers *of their choosing* and still have a 30(b)(6) deposition of a PowerSchool
9  corporate representative scheduled within the period for fact discovery.

10      6.    The Second Motion filed in violation of the Court's rules and based on erroneous facts
11 should be denied.

12 **I.    THE SECOND MOTION IS BASED ON UNTRUE FACTS.**

13      7.    As noted above, Plaintiffs raise two new arguments in favor of a second case schedule
14 extension and a doubling of Plaintiffs' deposition limit: (1) "[t]he SPS deposition scheduled by
15 [PowerSchool] is currently noticed for this Friday," November 21, which leaves SPS insufficient time
16 to prepare to speak on Plaintiffs' noticed topics, *see* Second Mot. at 2; Aragon Decl. ¶ 8; and (2) that
17 PowerSchool supposedly "needs additional time to produce a 30(b)(6) witness … due to the holidays,"
18 Second Mot. at 1.  Neither assertion is true.

19      8.    **SPS is not offering a 30(b)(6) witness.**  SPS has objected to providing a 30(b)(6)
20 corporate representative and, therefore, PowerSchool is not taking a deposition of an SPS 30(b)(6)
21 representative on Friday, November 21. *See* E. Temchenko Decl. ¶¶ 4-10.  Plaintiffs thus misrepresent
22 that SPS is set to offer 30(b)(6) testimony without Plaintiffs having an opportunity to participate.

23      9.    Relatedly, Plaintiffs misrepresent that PowerSchool denied them the right to
24 "substantively participate in a deposition."  Second Mot. at 3.  As Plaintiffs admit, PowerSchool
25 notified them of a subpoena to SPS on November 7, 2025.  *Id.* at 2.  PowerSchool was clear that
26 Plaintiffs had a right to attend and ask questions.  *See* E. Temchenko Decl. ¶ 7.  In response, despite
27 already exhausting their ten depositions allowed by Rule 30 and without any leave of Court to exceed
28 that limit, Plaintiffs demanded a right to notice an 11th deposition (and, during the parties' meet and

1  confer, pushed PowerSchool to stipulate to an additional five depositions), effectively demanding that
2  PowerSchool stipulate to the relief sought in Plaintiffs' first motion for a case schedule extension and
3  additional discovery. *See id.* ¶ 17. Since additional depositions impose substantial burdens on
4  PowerSchool, PowerSchool refused—absent a showing of particular need as to particular deponents.
5  Nevertheless, PowerSchool stipulated to allowing Plaintiffs to serve an eleventh deposition on
6  November 17—the next business day after the parties' conference on the issue. *Id.* ¶ 7.

7    10.  **A PowerSchools representative will testify on December 1.** The Second Motion
8  asserts that PowerSchool will make "more than one [corporate] designee available and that such
9  depositions will likely take place at the end of December, weeks after expert disclosures are due."
10 Mot. 3; Aragon Decl. ¶ 11. These assertions are untrue. PowerSchool will make a corporate
11 representative available on the date Plaintiffs unilaterally noticed for the deposition—December 1,
12 2025—which is within the period for fact discovery. *See* E. Temchenko Decl. ¶ 16; Ex. A.
13 PowerSchool thus does not need any additional time to complete fact discovery.

14   11.  The Second Motion is thus based on factual assertions that are untrue. This is the result
15 of Plaintiffs filing the Second Motion without conferring with PowerSchool, in violation of this
16 Court's rules. *See* N.D. Cal. L. Civ. R. 16-2(d)(2); Standing Order Civ. Discover ¶ 18. This alone
17 justifies denial of the Second Motion.

18 **II.   NO GOOD CAUSE TO EXTEND THE CASE SCHEDULE.**

19   12.  Just as with their first motion, Plaintiffs' Second Motion still fails to demonstrate good
20 cause for a four-month continuance. *See* Fed. R. Civ. P. 16(b)(4). As noted previously, in deciding
21 whether to extend the schedule, the court considers "the moving party's … diligen[ce]" and prejudice
22 to the opposing party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

23   13.  Plaintiffs still fail at both steps of this analysis. PowerSchool produced 97% of its
24 documents by July 28, 2025, and its document production has been complete since October 14, 2025.
25 *See* Dkt. 93-1 ¶¶ 8-9. Plaintiffs completed all nine of their noticed depositions over a month ago and
26 served a notice of a 30(b)(6) deposition on PowerSchool for December 1, despite indicating an
27 intention to schedule such a deposition in April 2025. *See id.* ¶¶ 16-20. Plaintiffs indicated they would
28 engage in third-party discovery in July 2025, but delayed until October 2025 to start serving such

subpoenas. *See id.* ¶¶ 12-15. While Plaintiffs feel rushed by the December 1, 2025 cutoff for fact discovery, they only feel rushed because they chose to serve most of their third-party subpoenas and discovery requests with mere weeks left to fact discovery. That is a marked lack of diligence.

14. Plaintiffs' other arguments focus on Plaintiffs' 30(b)(6) deposition subpoena to SPS, objections to document subpoenas from SPS, and objections to document subpoenas from Bain Capital, LLC—a company that became a partial owner of PowerSchool in 2024.

15. SPS is Plaintiff Cherkin and S.G.'s school district, and Cherkin knew it would be a relevant witness since over five years ago. Cherkin sued SPS in 2019 and 2021, including over issues related to EdTech,[1] and has twice obtained a copy of her children's educational records from SPS, including as early as 2021. Plaintiffs can offer no explanation as to why they did not seek any discovery from SPS until October 29, 2025, or why they did not seek a deposition from SPS until after PowerSchool attempted to notice its own deposition. Plaintiffs' failure to seek discovery from this known, relevant third party earlier is evidence of a lack of diligence that warrants denial of their motion. *Oracle Am., Inc. v. Serv. Key, LLC*, 2013 WL 2384246, at *2 (N.D. Cal. May 30, 2013) (denying extension for failure to serve discovery at issue earlier).

16. The same is true as to Bain. Plaintiffs knew of this party since last year, even asking PowerSchool to produce all relevant materials shared with Bain, which PowerSchool did between October 29 and November 8, **2024**. *See* E. Temchenko Decl. ¶¶ 18-19. Plaintiffs could have served Bain with a document subpoena earlier, but they chose to delay until a year later. They cannot use their inexplicable delay as a justification for a case schedule extension.

### III. NO GOOD CAUSE FOR TEN ADDITIONAL DEPOSITIONS.

17. The Second Motion suffers from the exact same infirmity as to Plaintiffs' demand for ten additional depositions, as the first motion: Plaintiffs do not even try to "mak[e] a '***particularized showing***' of the need for additional depositions," on a deponent-by-deponent basis. *E.g.*, *Canton v. U.S. Foods, Inc.*, 2023 WL 5496482, at *2 (N.D. Cal. Aug. 24, 2023) (emphasis added). At best, Plaintiffs generally claim that PowerSchool witnesses identified other individual with relevant

---

[1] https://www.kuow.org/stories/citizens-group-files-suit-against-seattle-schools-over-controversial-science-curriculum; https://southseattleemerald.org/news/2021/04/20/judge-dismisses-all-seattle-public-school-board-recall-charges.

knowledge, and then assert they need 10 unnamed depositions because of it. *See* Second Mot. at 3. This is insufficient for the Court to evaluate whether any proposed additional deponents have "unique knowledge." *In re Meta Pixel Healthcare Litig.*, 2025 WL 2042223, at *2 (N.D. Cal. July 21, 2025) (denying motion for lack of meaningful detail of each proposed witness's unique knowledge).

18. Moreover, Plaintiffs' request is disingenuous because counsel for Plaintiffs noted during the parties' November 14, 2025 meet and confer, that Plaintiffs intended to use additional depositions for third parties, not PowerSchool employees. *See* E. Temchenko Decl. ¶ 17 (in requesting 5 additional depositions). Plaintiffs' purported justification for additional depositions is thus unrelated to the relief they seek, which is perhaps why Plaintiffs strategically omit informing the Court who they would notice if they had additional depositions.

19. Nor do Plaintiffs accurately summarize the testimony of Sai Rangarajan, PowerSchool's Senior Vice President of Engineering, claiming "he did not know the specific of how PowerSchool anonymizes data." Second Mot. at 2. Rather, Mr. Rangarajan gave a robust answer on this exact topic, and newly suggested deponents Brian Andle and Mike Jackson are unnecessary:

<u>Excerpt of Deposition of Sai Rangarajan at 118:15-119:19</u>

BY MS. BEARDSLEY: Q. What does PowerSchool do to anonymize data? …

THE WITNESS: First of all, we don't access the customer data [unless] under extenuating circumstances. If a particular software defect cannot be reproduced internally with our test data, then we would ask the customer for a specific data case that they're having, whether they're having a software issue manifest due to a data issue, we'd ask them permission to use the data, but use the anonymized version of that data to test the software and see if we can reproduce the issue so that we can help resolve the issue for them.

And that anonymization ***would involve replacing real names with fictitious names, replacing***, you know, ***any other address or contact phone number with fictitious numbers*** so that the whole data patterns are remaining the same, but the actual specific data – data elements are no longer available to PowerSchool personnel when they're testing with the data to reproduce the issue.

20. This again illustrates that Plaintiffs have taken fulsome discovery to date. Any additional discovery is unduly burdensome and unnecessary.

## IV.   CONCLUSION.

For the foregoing reasons, the Court should deny Plaintiffs' Second Motion.

DATED: November 21, 2025

Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Olivia Adendorff*
Olivia Adendorff, P.C.

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Zharna Shah (*pro hac vice*)
Taylor Rothman (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
zharna.shah@kirkland.com
taylor.rothman@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Ethan Joel Levinton (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
ethan.levinton@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*