1 | Robyn E. Bladow
2 | KIRKLAND & ELLIS LLP
  | 555 South Flower Street, Suite 3700
3 | Los Angeles, CA 90071
  | Telephone: (213) 680-8400
4 | robyn.bladow@kirkland.com

5 | Martin L. Roth, P.C. (*pro hac vice*)
6 | Alyssa C. Kalisky, P.C. (*pro hac vice*)
  | Zharna Shah (*pro hac vice*)
7 | Taylor Rothman (*pro hac vice*)
  | KIRKLAND & ELLIS LLP
8 | 333 West Wolf Point Plaza
  | Chicago, IL 60654
9 | Telephone: (312) 862-2000
10 | martin.roth@kirkland.com
  | alyssa.kalisky@kirkland.com
11 | zharna.shah@kirkland.com
  | taylor.rothman@kirkland.com
12 |
13 | Olivia Adendorff, P.C. (*pro hac vice*)
  | Ethan Joel Levinton (*pro hac vice*)
14 | Eugene Temchenko (*pro hac vice*)
  | KIRKLAND & ELLIS LLP
15 | 4550 Travis Street
  | Dallas, TX 75205
16 | Telephone: (214) 972-1770
  | olivia.adendorff@kirkland.com
17 | ethan.levinton@kirkland.com
  | eugene.temchenko@kirkland.com
18 |
19 | *Attorneys for Defendant PowerSchool Holdings, Inc.*

20 |                    **UNITED STATES DISTRICT COURT**
21 |                    **NORTHERN DISTRICT OF CALIFORNIA**
22 |                         **SAN FRANCISCO DIVISION**

23 | EMILY CHERKIN, et al         ) CASE NO. 3:24-cv-02706-JD
24 |                              )
   |         Plaintiffs,          ) **DECLARATION OF EUGENE**
25 |                              ) **TEMCHENKO IN SUPPORT OF**
   | v.                           ) **POWERSCHOOL HOLDINGS, INC.'S**
26 |                              ) **OPPOSITION TO PLAINTIFFS'**
27 | POWERSCHOOL HOLDINGS, INC.,  ) **SECOND MOTION FOR ORDER**
   |                              ) **CHANGING TIME AND TO TAKE**
28 |         Defendant.           ) **TEN ADDITIONAL DEPOSITIONS**

DECLARATION OF EUGENE TEMCHENKO                                CASE NO. 3:24-cv-02706-JD

I, Eugene Temchenko, declare as follows:

1. I am an attorney at the law firm of Kirkland & Ellis LLP, a member in good standing of the bars of the State of Texas and New York, and admitted *pro hac vice* to practice before this Court. I am counsel for Defendant PowerSchool Holdings, Inc. ("PowerSchool") in this matter.

2. I submit this declaration in support of PowerSchool's Opposition to Plaintiffs' Supplement to Motion for Order Changing Time and Additional Discovery—specifically, ten more depositions (the "Second Motion").

3. I have personal knowledge of the matters in this declaration, and I am competent to testify as to the matters set forth below.

### A. Deposition of a Seattle Public Schools Witness.

4. Seattle Public Schools ("SPS") is the school district attended by Plaintiff S.G. and is thus relevant to Plaintiffs Cherkin and S.G.

5. On November 7, 2025, PowerSchool notified Plaintiffs that it was subpoenaing SPS for a deposition of an SPS corporate representative for the week of November 17, 2025. This was PowerSchool's sixth deposition noticed in this case.

6. On November 10, 2025, Plaintiffs requested PowerSchool to stipulate to allowing Plaintiffs an additional deposition to serve their own 30(b)(6) topics on SPS, without the deposition "count[ing] towards the 10 deposition limit" presently set by the Federal Rules of Civil Procedure.

7. On November 14, 2025, counsel for PowerSchool conferred with counsel for Plaintiffs, and PowerSchool indicated that it was unwilling to enlarge the parties' default limit for depositions, but informed Plaintiffs that it would not object to Plaintiffs participating and asking questions of an SPS witness. The next business day, however, PowerSchool indicated that it would stipulate to allowing Plaintiffs' an eleventh deposition, solely to avoid burdening the Court with additional disputes.

8. On Tuesday, November 18, 2025, PowerSchool was contacted by outside counsel for SPS, indicating that SPS objected to a 30(b)(6) deposition.

9. PowerSchool conferred with outside counsel for SPS telephonically late on Wednesday, November 19, 2025, concerning said objections, and SPS confirmed that it will not be making a corporate representative available during the week of November 17.

10. Before PowerSchool could notify Plaintiffs of this development, Plaintiffs filed their Second Motion.

**B.     Deposition of a Corporate Representative.**

11. As noted in the prior declaration submitted in opposition to Plaintiffs' motion to extend the case schedule and for additional depositions, the parties first discussed a deposition of a PowerSchool corporate representative per Federal Rule of Civil Procedure 30(b)(6) on April 22, 2025. *See* Dkt. 93-7.  On April 22, 2025, Mr. Aragon stated, "We plan to depose most of the people listed in the disclosures, plus a 30b6 witness(es)." *Id.*  Plaintiffs then again expressed an intent to take a 30(b)(6) deposition on August 20, 2025, stating, "We will also get you a 30b6 deposition notice to schedule a 30b6 deposition."  Dkt. 93-8.

12. On the afternoon on Friday, November 7, 2025, Plaintiffs served a Notice of 30(b)(6) Video Deposition of PowerSchool Holdings, Inc., noticing the deposition for December 1, 2025—the last day of fact discovery.

13. Prior to serving their notice, Plaintiffs did not ask PowerSchool for the availability of its witnesses.

14. On the next business day, November 10, 2025, PowerSchool requested to confer with Plaintiffs concerning the deposition, noting that it "already [knew] of many PowerSchool witnesses that are not available until later in December," and asking to discuss "a potential deposition date later in December."

15. The parties promptly conferred on Friday, November 14, 2025.

16. During the parties' video teleconference, PowerSchool asked Plaintiffs to consider allowing a single out-of-time deposition given the delayed service of the 30(b)(6) notice and the holidays.  Plaintiffs refused, unless PowerSchool joined in requesting a case schedule extension from the Court.  In light of Plaintiffs' refusal and despite the significant burdens caused, PowerSchool is

preparing a witness for deposition on December 1, 2025, and has already arranged travel during Thanksgiving weekend.

17. Additionally, during the parties' video teleconference on November 14, 2025, Plaintiffs asked PowerSchool to stipulate to allowing Plaintiffs to take five additional depositions (rather than ten requested in Plaintiffs' motions). When PowerSchool indicated that it is overly burdensome to prepare additional, duplicative witnesses, Plaintiffs noted that they intended to use the depositions for third party deponents.

### C.     Production of Material Concerning Bain Capital LLC.

18. Plaintiffs requested a production of materials related to a transaction with Bain Capital, LLC, on September 13, 2024, serving three requests for production on PowerSchool.

19. Consistent with its responses and objections to said requests, PowerSchool produced all relevant documents related to these requests on October 29, 2024, and November 8, 2024, producing 7,094 pages of materials related to said transaction.

### D.     Conference with Plaintiffs Concerning Factual Errors in the Second Motion.

20. Attached hereto as **Exhibit A** is a true and correct copy of an email chain between counsel for PowerSchool and counsel for Plaintiffs, dated November 20-21, 2025.

21. As shown therein, PowerSchool notified Plaintiffs of errors in their Second Motion and invited Plaintiffs to withdraw the Second Motion prior to PowerSchool filing its Opposition.

22. Plaintiffs decided not to correct the record.

The foregoing is true and correct to the best of my knowledge.

DATED: November 21, 2025

Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Eugene Temchenko*
Eugene Temchenko