Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>         Defendant. | Case No.: 3:24-cv-02706-JD<br><br>**DECLARATION OF ANDREW LIDDELL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT POWERSCHOOL HOLDINGS, INC.'S MOTION TO AMEND ITS ANSWER**<br><br>Judge: The Honorable James Donato<br>Complaint Filed: May 6, 2024 |

I, Andrew Liddell, declare as follows:

1.      I am a principal at the law firm EdTech Law Center PLLC, and I represent Plaintiffs in the above-captioned litigation. I submit this declaration in support of Plaintiffs' Opposition to Defendant PowerSchool Holdings, Inc.'s Motion to Amend its Answer. I have personal knowledge of the matters stated herein and, if called upon, could and would competently testify thereto.

2.      Exhibit 1 is a true and correct copy of Plaintiff's Non-Uniform Interrogatories Nos. 1-8.

3.      Exhibit 2 is a true and correct copy of Plaintiff's Requests for Production Nos. 1-115.

4.      Exhibit 3 is a true and correct copy of Plaintiff's Notice of 30(B)(6) Video Deposition of PowerSchool Holdings, Inc., Topics 1–10.

5.      Plaintiffs did not directly seek fact discovery as to any purported countervailing interests defense, namely, a specific identification of what the interests are, PowerSchool's conduct implicating those interests, whether there were alternatives to PowerSchool's conduct to satisfy those interests, and if so, whether those alternatives were feasible or effective. *See* Exhibits 1-3.

6.      Exhibit 4 is a true and correct copy of a blog post from PowerSchool's website, dated April 25, 2019, entitled "Every K-12 Dollar Counts: Making Sure Your SIS is Working for State Reporting and Funding," that I accessed on December 31, 2025.

7.      Exhibit 5 is a true and correct copy of PowerSchool's Notice Of Subpoena *Ad Testificandum* to Seattle Public Schools dated November 7, 2025.

8.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


EXECUTED: January 6, 2026            ___/s/ Andrew Liddell_____
                                                            Andrew Liddell

# EXHIBIT 1

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>    Defendant. | Case No.: 3:24-cv-02706-JD<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NON-UNIFORM INTERROGATORIES, SET ONE**<br><br>Assigned to the Honorable James Donato |

Propounding Party:    **Plaintiffs Emily Cherkin, et al.**

Responding Party:    **Defendant PowerSchool Holdings, Inc.**

Set Number:    **One**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs request that within thirty (30) days after service Defendant PowerSchool Holdings, Inc. answer the following non-uniform interrogatories, in writing separately and under oath. Plaintiffs request that such answers be made in accordance with the "INSTRUCTIONS" and "DEFINITIONS" set forth below.

## **DEFINITIONS**

The following definitions apply to each of the Interrogatories set forth herein, in addition to the text of other definitions where applicable, and are deemed to be incorporated in each of said interrogatories, whether or not the terms are capitalized:

1. "And" and "or" mean and/or.

2. "Defendant" includes PowerSchool Holdings, Inc., along with any subsidiaries, affiliates, branches, divisions, predecessors, controlling persons, controlled persons, officers, directors, employees, representatives, and/or agents (including attorneys, accountants, advisors and any other person acting or purporting to act on their behalf) of any previously listed defendant in this action.

3. "Document" is used in the broadest possible sense and means, without limitation, any object (including but not limited to any paper, film, videotape, computer storage media, computer file, or any other print, graphic, or data medium) in or on which any information or any representation of any information is contained, stored, recorded or embodied. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the term "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, emails, envelopes, telegrams, text messages, other messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, advertisements, flyers, telephone scripts, and websites, comparisons, books, calendars, diaries, articles, labels, catalogs, magazines, newspapers, webpages, social media pages, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, videos, notes or minutes of

1

meetings, or other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, phonograph recordings, films, tapes, disks, data cells, drums, print-outs, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts or revisions of any of the foregoing. "Document" includes all of the items listed in this paragraph without regard to whether they were produced with office supplies and devices or personal supplies and devices and without limitation includes emails, texts, and other messages sent from accounts other than those used in the ordinary course of business.

4.      "Parent" or "parents" means any parent or legal guardian of a student who attends or attended a k-12 school or school district that uses PowerSchool products or services.

5.      "Student" or "students" means any person who attends a K-12 school or is enrolled in a school district that uses PowerSchool products or services.

6.      "Third party" means any person or entity that uses or has access to data other than schools, or a person or entity to whom you are trying to sell your products or services.

7.      "School" or "schools" means any pre-school, elementary school, high school, trade school, or other institution, whether public or private in the United States, with whom you have contracted.

8.      "Data" means information collected, in any form and by any method, from parents or students by you or anyone with whom you contract, partner, or otherwise work with to collect information on parents or students.

9.      "Category of data" means the smallest discrete data element or data field collected by you. For example, if you are asked to identify the categories of data you collect, a response that you collect "demographic information" is insufficiently specific, whereas a response that you collect "demographic information, including name, date of birth, gender, home address [and all other data elements you consider to be demographic information]" would be sufficiently specific.

10.      The word "contracts" shall be construed broadly to include any agreement that governs the terms of the relationship between two parties, including negotiated contracts, terms of use, terms of service, privacy policies, responsible use policies, clickwrap agreements, scrollwrap

1   agreements, browsewrap agreements, joint venture agreements, licensing agreements, marketing

2   agreements, and research and development agreements.

3       11.     "You" or "your" means Defendant PowerSchool Holdings Inc., including all

4   subsidiaries, affiliates, parent corporations, and related corporate entities.

**INSTRUCTIONS**

6       1.      Each interrogatory is to be answered fully, and you must divulge all information that

7   is in your possession or available to you and your attorneys, investigators, agents, employees, or

8   other representatives.

9       2.      The answer to each interrogatory shall include such knowledge of Defendant as is

10  within Defendant's custody, possession or control, specifically including such information as to

11  which Defendant may provide facts only upon information and belief. Answers shall include, but

12  not be limited to, knowledge and documents in the custody, control or possession of Defendant's

13  investigators, accountants, consultants, employees, attorneys or other agents. Where facts set forth

14  in answers or portions thereof are supplied upon information and belief, rather than upon actual

15  knowledge, the answer should so state and specifically describe or identify the source or sources of

16  such information and belief. If you cannot answer an interrogatory in full, after exercising due

17  diligence to secure the information requested, so state and answer to the fullest extent possible,

18  specifying your inability to answer the remainder and stating whatever information or knowledge

19  you have concerning the unanswered portion.

20      3.      Where identification of a document is required, the following shall be separately

21  stated as to each document: its date; its exact title; the general subject matter of the document; the

22  name of the author, his or her business affiliation, presently and at the time the document or

23  correspondence was prepared, and his or her last known address; the name, business affiliation

24  (both presently and at the time he received the document), and the last known address of the

25  addressee; the name, business affiliation (presently and at the time the document was prepared), and

26  the last known address of every person to whom a copy of the document was to be sent, other than

27  the addressee described above; the names and addresses of all persons who now have the original

28  and who now have any copies; the identification and location of the files where the original and each

1  copy is normally or presently kept.

2      4.    Whenever identification of a person is required, the following shall be separately

3  stated as to each person: the name and last known business address or location and phone number

4  of each such person. If such person is an individual, additionally state the business position or

5  positions held by that individual at the time or times for which such identification is requested, and

6  such person's last known residence address and phone number. If such a person is not an individual,

7  but is an entity or organization, additionally identify the individual or individuals employed by or

8  representing such entity or organization who have knowledge or with whom communications have

9  been had about, or relating to, the matter involved.

10     5.    If you contend that the answer to any interrogatory is privileged, in whole or in part,

11  or otherwise object to any part of any interrogatory, or that an identified document may be withheld

12  regardless of its relevance, state the reasons for such objection or grounds for exclusion, and identify

13  each person having knowledge of the factual basis, if any, upon which the privilege or other ground

14  is asserted.

15     6.    You are under a continuing obligation to supplement your answers to these requests

16  under the circumstances specified in Fed. R. Civ. P. 26(e).

17                    **NON-UNIFORM INTERROGATORIES**

18  **INTERROGATORY NO. 1:**

19     Identify each of YOUR "Products & Solutions," as those terms are used or have been used

20  on YOUR website www.powerschool.com, that collects DATA, uses DATA, or discloses DATA to

21  SCHOOLS or any THIRD PARTY.

22  **RESPONSE:**

23

24

25  **INTERROGATORY NO. 2:**

26     For each product or solution identified in response to Interrogatory Request No.1 identify

27  each CONTRACT you contend governs the relationship between YOU and a user of that product

28

1  or solution, the effective date of each CONTRACT, and the termination date, if any, of each

2  CONTRACT.

3  **RESPONSE:**

4

5

6  **INTERROGATORY NO. 3:**

7    For each product or solution identified in response to Interrogatory Request No. 1 identify

8  each CATEGORY OF DATA collected by each product or service, and for each such

9  CATEGORY OF DATA identify:

10    a) your educational interest in that CATEGORY OF DATA,

11    b) each THIRD PARTY to whom that CATEGORY OF DATA is disclosed, shared,

12      sold, or otherwise used by, and

13    c) why you collect that CATEGORY OF DATA.

14  **RESPONSE:**

15

16

17  **INTERROGATORY NO. 4:**

18    Identify each tracking technology (including but not limited to cookies, pixels, and browser

19  fingerprints) that YOU use or have ever used in order to allow YOU or a THIRD PARTY to

20  identify or partially identify a user of YOUR website, products, or solutions (including identifying a

21  user's browser or device), which websites, products, and solutions include YOUR tracking

22  technology or tracking technologies belonging to a THIRD PARTY, and for each tracking

23  technology so identified, provide:

24    a) the products and solutions into which the tracking technology was implemented, and

25    b)  for each product or solution so identified, provide:

26      1. the provider of the tracking technology,

27      2. the date the tracking technology was first implemented into that product or

28        solution,

3.   the reason or reasons for implementing the tracking technology into that product or solution,

4.   the categories of information collected by each tracking technology implemented into that product or solution,

5.   whether the implementation of the tracking technology has been discontinued, and

6.   if so, the date the tracking technology was discontinued and

7.   the reason or reasons for discontinuing the tracking technology.

**RESPONSE:**


**INTERROGATORY NO. 5:**

Identify each THIRD PARTY with whom YOU share, disclose, or otherwise allow to use DATA, and for each third party so identified, identify:

a)   all CONTRACTS governing your relationship with that THIRD PARTY,

b)   the categories of DATA that YOU share with that THIRD PARTY, and

c)   the purposes for which you share each CATEGORY OF DATA with that THIRD PARTY.

**RESPONSE:**


**INTERROGATORY NO. 6:**

To the extent you contend that consent is a defense to Plaintiffs' claims, state your contentions about how YOU obtain consent to collect DATA, to use DATA, to store DATA, and to disclose DATA to third parties; from whom such consent is obtained, and to which products or services such consent pertains.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Identify each entity YOU have acquired, whether by purchase, merger, or any other means, and for each entity so identified, identify the date of the acquisition, state the reason for the acquisition, describe the assets that were acquired, and describe how YOU integrated or otherwise made available any acquired product or service.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Identify all ways in which YOU monetize DATA collected from STUDENTS and PARENTS who use YOUR products or services.

**RESPONSE:**

Dated: September 13, 2024                    HAGENS BERMAN SOBOL SHAPIRO LLP

By _/s/ Leonard W. Aragon_____
Leonard W. Aragon (*pro hac vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
leonard@hbsslaw.com

Julie Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: 737.351.5855
julie.liddell@edtech.law

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs

7

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on September 13, 2024, I served the foregoing document to the

3

following counsel of record via e-mail:

4

Robyn E. Bladow
Kirkland & Ellis LLP

5

555 South Flower Street, Suite 3700
Los Angeles, CA 90071

6

Telephone: (213) 680-8400

7

robyn.bladow@kirkland.com

8

Olivia Adendorff, P.C. (*pro hac vice*)
Rachael A. Rezabek

9

Kirkland & Ellis LLP
4550 Travis Street

10

Dallas, TX 75205

11

Telephone: (214) 972-1770
olivia.adendorff@kirkland.com

12

rachael.rezabek@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky (*pro hac vice*)
Amelia H. Bailey (*pro hac vice*)
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
amelia.bailey@kirkland.com

13

Attorneys for Defendant

14

15

_____/s/ Amy Nolan_____
Amy Nolan

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# EXHIBIT 2

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| EMILY CHERKIN, et al. | Case No.: 3:24-cv-02706-JD |
|---|---|
| Plaintiffs, | <u>CLASS ACTION</u> |
| v. | **PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| POWERSCHOOL HOLDINGS, INC., | |
| Defendant. | Assigned to the Honorable James Donato |

Propounding Party:    **Plaintiffs Emily Cherkin, et al.**

Responding Party:    **Defendant PowerSchool Holdings, Inc.**

Set Number:    **One**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs submit this Request for Production to Defendant PowerSchool Holdings, Inc. and request that Defendant serve written responses and produce the documents and things described in these Requests within thirty (30) days.

The documents and things requested are relevant to the subject matter of the above-captioned action, are reasonably calculated to lead to the discovery of admissible evidence, and are believed to be in Defendant's possession, custody and/or control.

## DEFINITIONS

The following definitions apply to each of the Requests set forth herein, in addition to the text of other definitions where applicable, and are deemed to be incorporated in each of said requests, whether or not the terms are capitalized:

1. "And" and "or" mean and/or.

2. "All documents" mean every document, whether an original or copy, as defined above.

3. "Communication(s)" means and includes every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information whether orally or by document or otherwise, face-to-face, by telephone, telecopier, mail, email, text, electronic videoconference, personal delivery, or otherwise.

4. "Defendant" includes PowerSchool Holdings, Inc., along with any subsidiaries, affiliates, branches, divisions, predecessors, controlling persons, controlled persons, officers, directors, employees, representatives, and/or agents (including attorneys, accountants, advisors and any other person acting or purporting to act on their behalf) of any previously listed defendant in this action.

5. "Document" is used in the broadest possible sense and means, without limitation, any object (including but not limited to any paper, film, videotape, computer storage media, computer file, or any other print, graphic, or data medium) in or on which any information or any representation of any information is contained, stored, recorded or embodied. This definition includes copies or duplicates of documents contemporaneously or subsequently created that have any non-conforming notes or other markings. Without limiting the generality of the foregoing, the

term "document" includes, but is not limited to, correspondence, memoranda, notes, records, letters, emails, envelopes, telegrams, text messages, other messages, studies, analyses, contracts, agreements, working papers, summaries, statistical statements, financial statements or work papers, accounts, analytical records, reports and/or summaries of investigations, trade letters, press releases, advertisements, flyers, telephone scripts, and websites, comparisons, books, calendars, diaries, articles, labels, catalogs, magazines, newspapers, webpages, social media pages, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, videos, notes or minutes of meetings, or other communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, phonograph recordings, films, tapes, disks, data cells, drums, print-outs, all other data compilations from which information can be obtained (translated, if necessary, into usable form), and any preliminary versions, drafts, or revisions of any of the foregoing. "Document" includes all the items listed in this paragraph regardless of whether they were produced with office supplies and devices or personal supplies and devices and without limitation includes emails, texts, and other messages sent from accounts other than those used in the ordinary course of business.

6.    "Parent" or "parents" means any parent or legal guardian of a student who attends or attended a k-12 school or school district that uses PowerSchool products or services.

7.    "Student" or "students" means any person who attends a K-12 school or is enrolled in a school district that uses PowerSchool products or services.

8.    "Third-party partners" means any person or entity that uses or has access to data other than schools, or a person or entity to whom you are trying to sell your products or services.

9.    "Investors" means any person or entity from whom you seek investments in your company, products, or services.

10.    "School" or "schools" means any pre-school, elementary school, high school, trade school, or other institution, whether public or private in the United States, with whom you have contracted.

11. "Data" means information collected, in any form and by any method, from parents or students by you or anyone with whom you contract, partner, or otherwise work with to collect information on parents or students.

12. "Category of data" means the smallest discrete data element or data field collected by you. for example, if you are asked to identify the categories of data you collect, a response that you collect "demographic information" is insufficiently specific, whereas a response that you collect "demographic information, including name, date of birth, gender, home address [and all other data elements you consider to be demographic information]" would be sufficiently specific.

13. The word "contracts" shall be construed broadly to include any agreement that governs the terms of the relationship between two parties, including negotiated contracts, terms of use, terms of service, privacy policies, responsible use policies, clickwrap agreements, scrollwrap agreements, browsewrap agreements, joint venture agreements, licensing agreements, marketing agreements, and research and development agreements.

14. "You" means Defendant PowerSchool Holdings Inc., including all subsidiaries, affiliates, parent corporations, and related corporate entities.

## INSTRUCTIONS

1. If you believe that any request is objectionable because the request involves documents that are substantively the same but producing all such documents is too voluminous—such as form contracts—you may produce exemplars of such documents. but you may do so only if: (1) the exemplars represent all substantively similar documents, (2) you state in your response that you producing exemplar documents and that no other documents need to be produced because the production is representative of all other responsive documents, and (3) you waive any right to use or rely upon undisclosed documents that would otherwise be responsive to the request.

2. Unless otherwise stated, the applicable time period for these requests shall begin on January 1, 2019 and continue through the present.

3. The singular includes the plural, and vice versa. The masculine includes the feminine and neuter genders.

3

4.      Each Request seeks the production of all responsive documents in their entirety, without abbreviation or redaction with all non-identical copies and drafts thereof, including any document appended to, included therewith, incorporated by or referred to in the document and all file folders in which any such document is contained.

5.      Responsive documents that comprise electronically stored information shall be produced in native file format to the extent that such native files are in a directly obtainable medium, and should include all reasonably accessible metadata, without any alterations. documents that comprise electronically stored information that does not exist in a directly obtainable medium shall be translated into a reasonably usable form that preserves all metadata, without any alternations, for such documents.

6.      If  any portion of any document or thing called for in this request is considered privileged or is otherwise not produced, but the document or thing in its entirety is not privileged or otherwise subject to production, Defendant must include the document or thing in its responses but may omit or delete any portions that are privileged so long as the document or thing clearly shows what portions have been omitted or deleted and a summary or description of the subject matter of the omitted or deleted portions is provided.

7.      With respect to any document withheld on a claim of privilege, a statement shall be provided by the attorneys from the entity withholding such document setting forth as to each document:

        a.      the name of the author of the document;

        b.      the name of the recipient of the document;

        c.      the names of the persons to whom copies were sent;

        d.      the job title of every individual named in "c," above;

        e.      the date of the document;

        f.      the date on which the document was received by those in possession of  the document; and

        g.      the nature and subject matter of the document.

1    8.    If it is maintained that any document or thing that is requested has been destroyed,

2  set forth the contents of the document or thing, the date of such destruction, and the name(s) of the

3  person(s) who participated in, authorized, or directed such destruction.

4    9.    If any of the documents or things cannot be produced in full, produce to the extent

5  possible, specifying the reason for the inability to produce the remainder.

6    10.    This request is ongoing and continuous. If after producing documents, you become

7  aware of, generate, or acquire any additional documents or things responsive to this request, you are

8  required to produce those additional documents or things.

9    11.    Pursuant to Federal Rule of Civil Procedure 34(b)(2)(B) and (C), if you object to any

10  Request herein or part thereof, you "must . . . state with specificity the grounds for objecting to the

11  request" and "whether any responsive materials are being withheld on the basis of that objection."

12  **REQUESTS FOR PRODUCTION**

13  **Terms and Conditions**

14  **REQUEST NO. 1:**

15    All CONTRACTS between YOU and SCHOOLS related to the collection of DATA.

16  **RESPONSE:**

17

18  **REQUEST NO. 2:**

19    All CONTRACTS between YOU and SCHOOLS related to the use of DATA.

20  **RESPONSE:**

21

22  **REQUEST NO. 3:**

23    All CONTRACTS with SCHOOLS related to the storage of DATA.

24  **RESPONSE:**

25

26  **REQUEST NO. 4:**

27    To the extent you contend they exist, all CONTRACTS with PARENTS related to the

28  collection of DATA.

5

**RESPONSE:**

**REQUEST NO. 5:**

To the extent you contend they exist, all CONTRACTS with PARENTS related to the use of DATA.

**RESPONSE:**

**REQUEST NO. 6:**

To the extent you contend they exist, all CONTRACTS with PARENTS related to the storage of DATA.

**RESPONSE:**

**REQUEST NO. 7:**

To the extent you contend they exist, all CONTRACTS with STUDENTS related to the collection of DATA.

**RESPONSE:**

**REQUEST NO. 8:**

To the extent you contend they exist, all CONTRACTS with STUDENTS related to the use of DATA.

**RESPONSE:**

**REQUEST NO. 9:**

To the extent you contend they exist, all CONTRACTS with STUDENTS related to the storage of DATA.

**RESPONSE:**

**REQUEST NO. 10:**

All CONTRACTS between YOU and SCHOOLS related to the security or privacy of DATA, excluding any agreements previously produced.

**RESPONSE:**

**REQUEST NO. 11:**

All security and privacy CONTRACTS between YOU and any other party related to DATA.

**RESPONSE:**

**REQUEST NO. 12:**

All licensing or marketing CONTRACTS between YOU and any other person or entity regarding DATA.

**RESPONSE:**

**REQUEST NO. 13:**

All joint venture CONTRACTS between YOU and any other person or entity regarding DATA.

**RESPONSE:**

**REQUEST NO. 14:**

All research and development CONTRACTS between YOU and any other person or entity regarding DATA.

**RESPONSE:**

**REQUEST NO. 15:**

All CONTRACTS with any person or entity with whom you have a DATA-sharing agreement.

**RESPONSE:**

7

**REQUEST NO. 16:**

To the extent not already produced, all CONTRACTS that permit any person or entity to use or access DATA.

**RESPONSE:**


**REQUEST NO. 17:**

All CONTRACTS governing the sale, licensing, or use of DATA to or by any person or entity, regardless of the form, whether it is aggregated or disaggregated, or anonymized or purportedly anonymized.

**RESPONSE:**


**Disclosures**

**REQUEST NO. 18:**

All disclosures made by YOU to schools regarding the collection, use, or storage of DATA.

**RESPONSE:**


**REQUEST NO. 19:**

All disclosures made by YOU to PARENTS regarding the collection, use, or storage of DATA.

**RESPONSE:**


**REQUEST NO. 20:**

All disclosures made by YOU to STUDENTS regarding the collection, use, or storage of DATA.

**RESPONSE:**

**REQUEST NO. 21:**

All disclosures made by YOU to THIRD-PARTY PARTNERS regarding the collection, use, or storage of DATA.

**RESPONSE:**


**REQUEST NO. 22:**

All disclosures by YOU to INVESTORS regarding the collection, use, or storage of DATA.

**RESPONSE:**


**REQUEST NO. 23:**

ALL DOCUMENTS related to the collection, use, and storage of DATA provided to the STUDENTS and PARENTS at Plaintiffs' schools.

**RESPONSE:**


**REQUEST NO. 24:**

ALL DOCUMENTS, including all COMMUNICATIONS, regarding your efforts to ensure STUDENTS and PARENTS are informed about what DATA is collected by YOU.

**RESPONSE:**


**REQUEST NO. 25:**

ALL DOCUMENTS, including all COMMUNICATIONS, regarding your efforts to ensure STUDENTS and PARENTS are informed about how you use DATA collected by YOU.

**RESPONSE:**


**REQUEST NO. 26:**

ALL DOCUMENTS, including all COMMUNICATIONS, regarding your efforts to ensure STUDENTS and PARENTS are informed about how you store their DATA.

**RESPONSE:**

**Collection**

**REQUEST NO. 27:**

ALL DOCUMENTS related to the collection of DATA for commercial purposes.

**RESPONSE:**


**REQUEST NO. 28:**

To the extent not already produced, ALL DOCUMENTS related to the collection, use, and storage of DATA collected from STUDENTS and PARENTS at Plaintiffs' schools.

**RESPONSE:**


**REQUEST NO. 29:**

DOCUMENTS sufficient to show what DATA is collected by YOU from PARENTS and STUDENTS at SCHOOLS.

**RESPONSE:**


**REQUEST NO. 30:**

Produce ALL DOCUMENTS, including all COMMUNICATIONS, related to the industry standard you identified in response to Interrogatory No. 6, if any, regarding the collection, use, and storage of DATA.

**RESPONSE:**


**Use**

**REQUEST NO. 31:**

ALL DOCUMENTS related to the use of DATA collected from STUDENTS and PARENTS at Plaintiffs' SCHOOLS.

**RESPONSE:**

**REQUEST NO. 32:**

DOCUMENTS sufficient to show how each CATEGORY OF DATA identified in response to Interrogatory No. 3 is used by YOU.

**RESPONSE:**


**REQUEST NO. 33:**

DOCUMENTS sufficient to show who has access to DATA collected by you, including access by any THIRD-PARTY PARTNERS.

**RESPONSE:**


**REQUEST NO. 34:**

DOCUMENTS sufficient to show how DATA is combined, aggregated, or processed by YOU, in the manner in which such terms are used by you in your Terms of Service and Privacy Statements.

**RESPONSE:**


**REQUEST NO. 35:**

ALL DOCUMENTS related to the sale of DATA by YOU to any person or entity, and whether that DATA is aggregated, disaggregated, anonymized, or manipulated in any way.

**RESPONSE:**


**REQUEST NO. 36:**

DOCUMENTS identifying, discussing, or explaining the educational purposes for which you collect each CATEGORY OF DATA.

**RESPONSE:**

**REQUEST NO. 37:**

DOCUMENTS sufficient to show both how and by whom an "educational purpose" is defined.

**RESPONSE:**


**REQUEST NO. 38:**

DOCUMENTS sufficient to show how YOU or any person or entity you hire or work with anonymizes or de-identifies DATA.

**RESPONSE:**


**REQUEST NO. 39:**

DOCUMENTS sufficient to show how DATA is used to support artificial Intelligence tools.

**RESPONSE:**


**REQUEST NO. 40:**

ALL DOCUMENTS related to how YOU intend to use DATA in your products.

**RESPONSE:**


**REQUEST NO. 41:**

ALL DOCUMENTS related to how YOU intend to use DATA in future products.

**RESPONSE:**


**REQUEST NO. 42:**

ALL DOCUMENTS, including all communications, related to how YOU use DATA to generate revenues.

**RESPONSE:**

**REQUEST NO. 43:**

ALL DOCUMENTS related to how YOU intend to use DATA to increase revenues at your company.

**RESPONSE:**


**Storage**


**REQUEST NO. 44:**

DOCUMENTS sufficient to show how DATA is stored after it is collected.

**RESPONSE:**


**REQUEST NO. 45:**

DOCUMENTS sufficient to show how YOU protect DATA from a DATA breach or from access by unauthorized individuals, corporation, entities, government actors, or any other party who seeks unauthorized access to DATA.

**RESPONSE:**


**REQUEST NO. 46:**

DOCUMENTS sufficient to show how YOU notify those affected by a data breach where DATA stored by YOU is accessed by unauthorized third parties.

**RESPONSE**


**REQUEST NO. 47:**

DOCUMENTS sufficient to show how DATA is "controlled" by SCHOOLS after it is collected, in a manner consistent with the use of such terms by YOU in your Terms of Service and Privacy Statements.

**RESPONSE**

13

**REQUEST NO. 48:**

DOCUMENTS related to any metrics or DATA showing that YOUR data practices comply with any CONTRACTS related to how you handle DATA.

**RESPONSE**


**Preservation/Deletion**

**REQUEST NO. 49:**

DOCUMENTS sufficient to show and explain the process for DATA deletion.

**RESPONSE**


**REQUEST NO. 50:**

DOCUMENTS sufficient to show and explain how YOU determine which DATA should be deleted or preserved.

**RESPONSE**


**REQUEST NO. 51:**

DOCUMENTS sufficient to show how YOU verify that DATA is deleted.

**RESPONSE**


**REQUEST NO. 52:**

DOCUMENTS sufficient to show which DATA has been deleted by YOU.

**RESPONSE**


**Consent**

**REQUEST NO. 53:**

ALL DOCUMENTS that YOU believe gives YOU consent to collect, use, or store STUDENT DATA.

**RESPONSE**

**REQUEST NO. 54:**

ALL DOCUMENTS that YOU believe give YOU consent to collect, use, or store PARENT DATA.

**RESPONSE**


**REQUEST NO. 55:**

ALL DOCUMENTS YOU believe give YOU consent to collect, use, or store STUDENT DATA for commercial purposes.

**RESPONSE**


**REQUEST NO. 56:**

ALL DOCUMENTS YOU believe give YOU consent to collect, use, or store PARENT DATA for commercial purposes.

**RESPONSE**


**REQUEST NO. 57:**

ALL DOCUMENTS that show or explain how SCHOOL customers may oversee or control YOUR data practices to ensure that they comply with any purported agreement between YOU and the SCHOOL customer.

**RESPONSE**


**REQUEST NO. 58:**

To the extent not already produced, produce ALL DOCUMENTS related to YOU obtaining consent to collect, use, or store DATA from Plaintiffs.

**RESPONSE**

**REQUEST NO. 59:**

To the extent not already produced, produce all presentations made to SCHOOLS, including PARENTS and STUDENTS, regarding consent to collect, use, or store DATA.

**RESPONSE**


**REQUEST NO. 60:**

All COMMUNICATIONS between YOU and PARENTS regarding consent to collect, use, or store DATA.

**RESPONSE**


**REQUEST NO. 61:**

All COMMUNICATIONS between you and STUDENTS regarding consent to collect, use, or store DATA.

**RESPONSE**


**REQUEST NO. 62:**

All COMMUNICATIONS between YOU and THIRD-PARTY PARTNERS regarding consent to collect, use, or store DATA.

**RESPONSE**


**REQUEST NO. 63:**

All COMMUNICATIONS between YOU and INVESTORS regarding consent to collect, use, or store DATA.

**RESPONSE**

**Technical**

**REQUEST NO. 64:**

For each product and service identified in response to Interrogatory No. 1, produce DOCUMENTS sufficient to identify any Applications Programming Interface.

**RESPONSE**


**REQUEST NO. 65:**

For each product and service identified in response to Interrogatory No. 1, produce ALL DOCUMENTS related to Key Performance Indicators.

**RESPONSE**


**REQUEST NO. 66:**

For each product and service identified in response to Interrogatory No. 1, produce ALL DOCUMENTS related to how DATA is received or transmitted to THIRD PARTIES.

**RESPONSE**


**REQUEST NO. 67:**

For each product and service identified in response to Interrogatory No. 1, produce all technical manuals and instructions books.

**RESPONSE**


**Communications**

**REQUEST NO. 68:**

All COMMUNICATIONS between YOU and STUDENTS regarding the collection, use, and storage of DATA for commercial purposes.

**RESPONSE**

1    **REQUEST NO. 69:**

2        All COMMUNICATIONS between YOU and PARENTS regarding the collection, use, and

3    storage or DATA for commercial purposes.

4    **RESPONSE**

5

6    **REQUEST NO. 70:**

7        All COMMUNICATIONS between YOU and your INVESTORS regarding the collection,

8    use, and storage of DATA.

9    **RESPONSE**

10

11    **REQUEST NO. 71:**

12        All COMMUNICATIONS between YOU and your THIRD-PARTY PARTNERS

13    regarding the collection, use, and storage of DATA.

14    **RESPONSE**

15

16    **REQUEST NO. 72:**

17        All internal COMMUNICATIONS regarding the monetization of DATA by YOU.

18    **RESPONSE**

19

20    **REQUEST NO. 73:**

21        Other than COMMUNICATIONS with your attorneys, ALL DOCUMENTS related to

22    COMMUNICATIONS regarding consent from PARENTS to collect DATA.

23    **RESPONSE**

24

25    **REQUEST NO. 74:**

26        Other than COMMUNICATIONS with your attorneys, ALL DOCUMENTS related to

27    COMMUNICATIONS regarding consent from PARENTS to use DATA.

28    **RESPONSE**

**REQUEST NO. 75:**

Other than COMMUNICATIONS with your attorneys, ALL DOCUMENTS related to COMMUNICATIONS regarding consent from PARENTS to store DATA.

**RESPONSE**


**REQUEST NO. 76:**

All COMMUNICATIONS regarding the use of DATA for commercial purposes.

**RESPONSE**


**REQUEST NO. 77:**

All COMMUNICATIONS between YOU and INVESTORS or YOU and THIRD-PARTY PARTNERS regarding the monetization of DATA.

**RESPONSE**


**REQUEST NO. 78:**

All COMMUNICATIONS regarding the monetization of DATA between YOU and any other entity or person.

**RESPONSE**


**Marketing materials**

**REQUEST NO. 79:**

All marketing materials related to the collection, use, or storage of STUDENT or PARENT DATA.

**RESPONSE**


**REQUEST NO. 80:**

To the extent not already produced, produce all marketing materials related to the collection, use, or storage of STUDENT and PARENT DATA made to INVESTORS.

**RESPONSE**

**REQUEST NO. 81:**

To the extent not already produced, produce all marketing materials related to the collection, use, or storage of STUDENT and PARENT DATA made to SCHOOLS.

**RESPONSE**

**REQUEST NO. 82:**

To the extent not already produced, produce all marketing materials related to the collection, use, or storage of STUDENT or PARENT DATA made to any person or entity.

**RESPONSE**

**REQUEST NO. 83:**

All advertisements or other marketing materials created, distributed, or otherwise used by YOU regarding the products and services YOU identified in response to Interrogatories No. 1.

**RESPONSE**

**REQUEST NO. 84:**

All advertisements or other marketing materials created, distributed, or otherwise used by YOU regarding services provided by YOU.

**RESPONSE**

**REQUEST NO. 85:**

All advertisements or other marketing materials created, distributed, or otherwise used by YOU regarding YOUR artificial intelligence product(s).

**RESPONSE**

**REQUEST NO. 86:**

All advertisements or other marketing materials created, distributed, or otherwise used by YOU regarding any future products or services that may use DATA.

**RESPONSE**


**IPO**

**REQUEST NO. 87:**

All pitch materials prepared in connection with PowerSchool's 2021 initial public offering, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE**


**REQUEST NO. 88:**

ALL DOCUMENTS from the data room provided to or prepared by any of Goldman Sachs & Co. LLC, Barclays, Credit Suisse, and UBS Investment Bank in connection with PowerSchool's 2021 initial public offering.

**RESPONSE**


**REQUEST NO. 89:**

ALL DOCUMENTS relating to the identification of any candidate for a seat on YOUR board of directors, whether that person was nominated or confirmed.

**RESPONSE**


**REQUEST NO. 90:**

ALL DOCUMENTS relating to the selection of each member of YOUR board of directors, including DOCUMENTS evidencing the reasons for selecting each board member and the purported qualifications for the board member's service on YOUR board of directors.

**RESPONSE**

**Bain Acquisition**

**REQUEST NO. 91:**

All pitch materials, including but not limited to pitch decks, one-pagers, prospectuses, and placemats, prepared in connection with any attempt to change PowerSchool into a private enterprise.

**RESPONSE**


**REQUEST NO. 92:**

All pitch materials prepared in connection with the announced 2024 acquisition of PowerSchool by Bain Capital, including but not limited to pitch decks, one-pagers, prospectuses, and placemats.

**RESPONSE**


**REQUEST NO. 93:**

ALL DOCUMENTS from the data room provided to or prepared by Bain Capital in connection with the announced 2024 acquisition of PowerSchool by Bain Capital.

**RESPONSE**


**Miscellaneous**

**REQUEST NO. 94:**

Corporate organizational charts showing the corporate relationships among YOU and all PARENTS, subsidiaries, affiliates, or related corporate entities.

**RESPONSE**


**REQUEST NO. 95:**

Personnel organization charts identifying YOUR executives and the individuals responsible for product development, sales, marketing, security, compliance, and THIRD-PARTY partnerships.

**RESPONSE**

**REQUEST NO. 96:**

    DOCUMENTS sufficient to identify all SCHOOLS that use YOUR products or services.

**RESPONSE**


**REQUEST NO. 97:**

    DOCUMENTS sufficient to show YOUR qualification as a "school official" under FERPA.

**RESPONSE**


**REQUEST NO. 98:**

    DOCUMENTS sufficient to show that YOU are under the direct control of each SCHOOL with which YOU have a CONTRACT.

**RESPONSE**


**REQUEST NO. 99:**

    Produce DOCUMENTS sufficient to identify YOUR commercial customers and partners, not including SCHOOLS.

**RESPONSE**


**REQUEST NO. 100:**

    Produce DOCUMENTS sufficient to identify the number of STUDENTS in each state from whom YOU collect DATA.

**RESPONSE**


**REQUEST NO. 101:**

    Produce DOCUMENTS sufficient to identify the number of PARENTS in each state from whom YOU collect DATA.

**RESPONSE**

**REQUEST NO. 102:**

Produce any and ALL DOCUMENTS related to complaints made by SCHOOLS regarding DATA collection, use, or storage.

**RESPONSE**


**REQUEST NO. 104:**

Produce any and all COMMUNICATIONS to any person or entity, including shareholders, regarding risks of business impact or disruptions related to the use of DATA.

**RESPONSE**


**Specific Third Parties**

**REQUEST NO. 105:**

DOCUMENTS sufficient to show YOUR relationship with Snowflake, Inc. and its affiliates.

**RESPONSE**


**REQUEST NO. 106:**

ALL DOCUMENTS related to Snowflake Inc.'s June 5, 2024 announcement naming PowerSchool its "Public Sector AI Data Cloud Product Partner of the Year."

**RESPONSE**


**REQUEST NO. 107:**

DOCUMENTS sufficient to show YOUR relationship with LiveRamp Holdings, Inc. and its affiliates, including any CONTRACT to share DATA with LiveRamp Holdings, Inc. or its affiliates.

**RESPONSE**

**REQUEST NO. 108:**

DOCUMENTS sufficient to show YOUR relationship with EAB and its affiliates, including any CONTRACT to share DATA with EAB or its affiliates.

**RESPONSE**


**Damages**

**REQUEST NO. 109:**

ALL DOCUMENTS related to revenues derived by YOU from the collection, use, or retention of DATA.

**RESPONSE**


**REQUEST NO. 110:**

ALL DOCUMENTS related to any value YOU attribute to DATA.

**RESPONSE**


**REQUEST NO. 111:**

ALL DOCUMENTS related to any value YOU attribute to each CATEGORY OF DATA.

**RESPONSE**


**REQUEST NO. 112:**

DOCUMENTS sufficient to show revenues derived from each product and service YOU provide.

**RESPONSE**


**REQUEST NO. 113:**

DOCUMENTS sufficient to show all profits YOU derived from collection, use, or retention of STUDENT DATA.

**RESPONSE**

**REQUEST NO. 114:**

DOCUMENTS sufficient to show all profits derived from each product or service YOU provide.

**RESPONSE**


**REQUEST NO. 115:**

DOCUMENTS sufficient to show compensation, and how compensation is calculated, for each person disclosed by YOU in your initial disclosures.

**RESPONSE**



Dated: September 13, 2024                    HAGENS BERMAN SOBOL SHAPIRO LLP


                                            By _/s/ Leonard W. Aragon_____
                                            Leonard W. Aragon (*pro hac vice*)
                                            11 West Jefferson Street, Suite 1000
                                            Phoenix, Arizona 85003
                                            Telephone: 602.840.5900
                                            leonard@hbsslaw.com

                                            Julie Liddell (*pro hac vice*)
                                            EDTECH LAW CENTER PLLC
                                            P.O. Box 300488
                                            Austin, Texas 78705
                                            Telephone: 737.351.5855
                                            julie.liddell@edtech.law

                                            Shana E. Scarlett (SBN 217895)
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            715 Hearst Avenue, Suite 202
                                            Berkeley, California 94710
                                            Telephone: 510.725.3000
                                            shanas@hbsslaw.com

                                            Attorneys for Plaintiffs

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that on September 13, 2024, I served the foregoing document to the

3    following counsel of record via e-mail:

4    Robyn E. Bladow                          Martin L. Roth, P.C. (*pro hac vice*)
     KIRKLAND & ELLIS LLP                     Alyssa C. Kalisky (*pro hac vice*)
5    555 South Flower Street, Suite 3700      Amelia H. Bailey (*pro hac vice*)
     Los Angeles, CA 90071                    KIRKLAND & ELLIS LLP
6    Telephone: (213) 680-8400                300 North LaSalle
     robyn.bladow@kirkland.com                Chicago, IL 60654
7                                             Telephone: (312) 862-2000
     Olivia Adendorff, P.C. (*pro hac vice*)  martin.roth@kirkland.com
8    Rachael A. Rezabek                       alyssa.kalisky@kirkland.com
     KIRKLAND & ELLIS LLP                     amelia.bailey@kirkland.com
9    4550 Travis Street
     Dallas, TX 75205
10   Telephone: (214) 972-1770
     olivia.adendorff@kirkland.com
11   rachael.rezabek@kirkland.com

12

13          Attorneys for Defendant

14

15                                                      /s/ Amy Nolan
                                                        Amy Nolan
16

17

18

19

20

21

22

23

24

25

26

27

28

1

# EXHIBIT 3

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al.<br><br>        Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>        Defendant. | Case No.: 3:24-cv-02706-JD<br><br>**PLAINTIFFS' NOTICE OF 30(b)(6) VIDEO DEPOSITION OF POWERSCHOOL HOLDINGS, INC.**<br><br>Date: December 1, 2025<br>Time: 9:00 a.m. PST<br>Location: Remote<br><br><br>Assigned to Honorable James Donato |

1    TO:    TO DEFENDANT AND ITS ATTORNEYS OF RECORD

2         PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, Plaintiffs,

3    by and through counsel, will take the deposition of Defendant PowerSchool Holdings, Inc. on

4    December 1, 2025, beginning at 9:00 am PST, via videoconference (instructions to follow). The

5    deposition will be taken by a certified court reporter and videographer and will be stenographically

6    and visually recorded and may be used for any permissible purpose at trial. The deposition will

7    continue day to day thereafter until completed.

8         PLEASE TAKE FURTHER NOTICE that the deposition will be conducted remotely using

9    audio-visual conference technology administered by Digital Evidence Group. The court reporter will

10   report the deposition from a location separate from the witness. Counsel for the parties and their

11   clients will be participating from various, separate locations. The court reporter will administer the

12   oath to the witness remotely. Each participating attorney will be visible to all participants, and their

13   statements will be audible to all participants. All exhibits will be provided simultaneously and

14   electronically to the witness and all participants. The deposition will be taken before a notary public

15   or other officer duly authorized to administer oaths and take testimony. The deposition will be

16   recorded by stenographic and audiovisual means and may be used for any permissible purpose at

17   trial. The court reporter will record the deposition by stenographic means.

18        Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant shall designate one or more

19   officers, directors, managing agents, or other persons who consent to testify on Defendant's behalf

20   as to the matters for examination identified below, which incorporate the following definitions.

## I.    DEFINITIONS

21

22        1.    "Anonimyze" refers to the process of removing personally identifying information

23   from data to ensure the individual(s) to whom the data pertains is(are) not identifiable.

24        2.    "De-anonimyze" refers to the process of reversing anonymization.

## II.    MATTERS FOR EXAMINATION

25

26        1.    PowerSchool's collection of student and parent data including but not limited to how

27   that information is collected, what fields are available and why, and what data is necessary or

28   appropriate for each PowerSchool product. PowerSchool products, for purpose of this question, is

1

limited to PowerSchool's Student Information System (SIS), Schoology, Naviance, Performance Matters, PowerBuddy, Unified Insights (Analytics & Insights), Connected Intelligence, parent portals, and school messenger.

2. The commercial use and/or monetization of student and parent data, including the sale and profit from data derivative products, such as Unified Insights (Analytics & Insights) and Connected Intelligence, the sale or sharing of such data with customers and/or third parties, and the valuation and business growth attributed to data asset, and the development of data-derivative products (whether PowerSchool product or not) or "insights" using student and parent data.

3. PowerSchool's use of artificial intelligence and predictive analytics, including development, operation, and capabilities of PowerSchool's products that use student or parent data to train products and technologies that generate predictions about students, schools, or their parents and the impact of such predictions on students and parents.

4. PowerSchool's data storage practices, including whether and how data is "siloed" and whether disparate customer data is shared or considered by someone other than the student or parent to whom the data belong and, if so, for what purpose.

5. PowerSchool's third-party partners with whom PowerSchool shares student or parent data, including the benefits of becoming a partner, such as marketing and sales tools provided to partners, what access each third-party partner has to student and/or parent data, how customers consent to third party data sharing, what PowerSchool discloses to schools and school districts regarding its partnerships with third parties, and what PowerSchool discloses to parents and students regarding its partnerships with third parties.

6. The technical methodology used to share data with third parties, including which PowerSchool products cannot operate without the use of certain third-party vendors, steps PowerSchool takes to ensure third-parties are unable to access data, and steps PowerSchool takes to ensure third-parties protect any data they have access to.

7. PowerSchool's privacy policies and procedures, including policies and procedures for obtaining parental and/or school or school district consent for data collection, storage, and use, policies for providing parents and students access and ability to control their data collected by

1   PowerSchool, policies related to the use of student and parent data, and policies for the storage of

2   student and/or parent data.

3          8.      Compliance with federal and state student privacy laws, including FERPA and

4   COPPA.

5          9.      Marketing and sales practices at PowerSchool regarding how PowerSchool markets

6   its data analytics and insights products to schools, representations made to customers about data

7   privacy and security, and communications with customers regarding data practices and partnerships

8   with respect to the sharing of student and parent data and any Sandbox environment used for

9   marketing.

10         10.     The anonymization of student or data, including when it is anonymized, why it is

11  anonymized, how it is anonymized, what fields are anonymized, all historical and present use cases,

12  whether the anonymized data can be de-anonymized, all studies or information gathered related to

13  the de-anonymization of data, and any audits performed on anonymized data, the outcome of such

14  audits, and whether any changes were made as a result of such audits.

15

16  Dated: November 7, 2025                    HAGENS BERMAN SOBOL SHAPIRO LLP

17

18                                             By  /s/ Leonard W. Aragon
                                               Leonard W. Aragon
19                                             E. Tory Beardsley
                                               11 West Jefferson Street, Suite 1000
20                                             Phoenix, Arizona 85003
                                               leonard@hbsslaw.com
21                                             toryb@hbsslaw.com

22                                             Julie Liddell
                                               Andrew Liddell
23                                             EDTECH LAW CENTER PLLC
                                               P.O. Box 300488
24                                             Austin, Texas 78705
                                               Telephone: 737.351.5855
25                                             julie.liddell@edtech.law
                                               andrew.liddell@edtech.law
26

27

28

                                               3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on November 7, 2025, I served the foregoing document to the

3

following counsel of record via e-mail:

4

Robyn E. Bladow                              Martin L. Roth, P.C.
Kirkland & Ellis LLP                         Alyssa C. Kalisky

5

555 South Flower Street, Suite 3700          Zharna Shah
Los Angeles, CA 90071                        Taylor Rothman

6

Telephone: (213) 680-8400                    Amelia H. Bailey
                                             Kirkland & Ellis LLP

7

robyn.bladow@kirkland.com                    333 West Wolf Point Plaza

8

Olivia Adendorff, P.C.                       Chicago, IL 60654
Ethan Joel Levinton                          Telephone: (312) 862-2000

9

Eugene Temchenko                             martin.roth@kirkland.com
Kirkland & Ellis LLP                         alyssa.kalisky@kirkland.com

10

4550 Travis Street                           zharna.shah@kirkland.com
Dallas, TX 75205                             taylor.rothman@kirkland.com

11

Telephone: (214) 972-1770                    amelia.bailey@kirkland.com
olivia.adendorff@kirkland.com

12

ethan.levinton@kirkland.com

13

eugene.temchenko@kirkland.com

14

Attorneys for Defendant

15

16

_/s/ Amy Nolan_

17

Amy Nolan

18

19

20

21

22

23

24

25

26

27

28

1

# EXHIBIT 4

# Every K-12 Dollar Counts: Making Sure Your SIS is Working for State Reporting and Funding

April 25, 2019      

**Topics:** [Data Analytics](#), [Funding](#)

### *The Right K-12 Student Information System Can Help with Accurate, On-time State Reporting*

School districts worried about state reporting and K-12 funding are not alone. No two schools or districts are alike, but everyone shares the common concerns of tight budgets and shrinking funding.

**That's why it's essential to streamline state reporting and ensure accurate, on time, and relevant data.** Any data inefficiencies or inaccuracies in this complex process can prove costly—because of lost or late funding, which can impact students, staff, and programs.

"Data is often used to determine how billions of dollars in education funding is distributed to states and school districts, making it all the more imperative that it's accurate," says Lauren Camera, in the U.S. News & World Report article, "When the Data's No Good."

Stacy Novoshelski, District Data Coordinator at New Milford Public Schools, NJ, agrees. "If your state reporting doesn't work, you're not getting any funding, and then nobody is happy," she says.

This is especially true with new ESSA requirements that have changed the information that states need from schools and districts. An example is information required for chronic absenteeism. Previously, schools were required to only submit daily attendance. Now, new ESSA reporting requirements ask for more: the number of students who were missing so much school that they were considered at risk academically.

Changes like these can be difficult for districts using rigid reporting software that doesn't adapt.

### Start with the right tools.

Dealing with changing reporting needs requires flexible data management tools, starting with a modern K-12 student information system (SIS) at the heart of a district's educational ecosystem.

"State reporting is critical because half of our funding comes from that," adds Tim Wulfhoop, Data Management & Accountability Coordinator, Olmsted Falls City Schools, OH. "Our student information system has become a very solid product, particularly for state reporting. There's a lot of support for it; the data is easy to get to. And the key is you can get to what you need."

But not every district enjoys the luxury of smooth, simple, supported state reporting like Olmsted Falls City Schools. To help you get there, here are three ways the right SIS can impact state reporting and funding:

# 1. Keep it Clean: The Value of Updated, Accurate Data

A student information system (SIS) that integrates with your other edtech tools makes sure that data is secure and entered only once. Student data flows between systems, so staff doesn't have to re-enter information, which is when errors are likely to happen. As an example, when parents enter their student's information through an online, digital enrollment solution, that information can flow directly into the SIS—accurately and securely.

"Our enrollment product seamlessly imports into our SIS so that way we don't have to track down pieces of paper and do the data entry from those pieces of paper. It's just all one package," says Kim Byrne, PowerSchool Administrator, Teton County School District, WY.

12/31/25, 10:01 AM Every K-12 Dollar Counts: Making Sure Your SIS is Working for State Reporting and Funding | PowerSchool

Case 3:24-cv-02706-JD    Document 113-1    Filed 01/06/26    Page 51 of 62

"We use the information that we record in <u>PowerSchool SIS</u> for all our state funding reports. Accurate reporting is what allows us to have the funds to continue and improve education programs for our students," adds Crystal Brewer, SIS Administrator, Blount County Schools, TN. "We also pull all kinds of data for teachers and administrators that are applying for grants to develop new programs to better serve our students and community."



> State reporting is probably mu favorite thing about PowerSchool SIS because there isn't a report that the state wants us to do that can't be pulled form PowerSchool.
>
> **Stacy Novoshelski**
> District Data Coordinator
> New Milford Public School

## 2. Take it Easy: Convenient Access to Data to Build the Reports You Need

Your student information system should make it easy and intuitive to report the right data. A good SIS should feature a fully integrated data validation tool so you can run validation reports before submitting for state reporting. Additional reporting capabilities to look for include:

- Library of pre-built reports most commonly used across schools/districts
- Push-button reporting capabilities
- Ability to easily run standard reports
- Custom report building functionality

"**State reporting is probably my favorite thing about PowerSchool SIS** because there isn't a report that the state wants us to do that can't be pulled from PowerSchool," says Novoshelski. "Every single report that I pull out of PowerSchool and upload to NJ Smart is seamless. **I have a zero-error rate on my state reports, which is just incredible**."

Easy-to-use also translates to saving you time, which has become an important benefit to Dustin Ludwig, Information Specialist at Wyoming's Goshen Co. School District 1. "PowerSchool's state reporting compliance solutions save me so much time every year. Compiling required state and federal reports can be a daunting, time-consuming endeavor, but PowerSchool has developed many tools that collect and tabulate the results in moments, drastically reducing the effort I must put into it."

## 3. Team Up for Reporting Success: Working with a Compliance Team Specific to Your State

Continually changing state reporting requirements, including new ESSA reporting, pose a significant challenge. SIS vendors need to create, update, and monitor custom reporting for each state. When choosing an SIS strong in state reporting, the most robust systems are built to respond to these changes and—with the support of an experienced and sizable compliance team—deliver the required information efficiently and accurately.

For Ludwig, PowerSchool's state-specific compliance team, as well as the company's largest and most active user community in K-12 edtech, has had a direct impact on his district's state reporting success.

"PowerSchool collaborates with our state education department and the other Wyoming school districts to develop these tools, so when I use these solutions, I am confident that the information I am sending to our state is accurate," he says. "If we didn't have PowerSchool, I would most miss the collaborative community that has grown around the product over many years. To me, the

12/31/25, 10:01 AM
Every K-12 Dollar Counts: Making Sure Your SIS is Working for State Reporting and Funding | PowerSchool

Case 3:24-cv-02706-JD    Document 113-1    Filed 01/06/26    Page 52 of 62

helpful user community is the strength of PowerSchool. PowerSchool's state reporting team facilitates and participates in this collaborative effort and adds a tremendous amount of value."

The right SIS should feature expert, dedicated state-specific teams to ensure compliance with reporting requirements. The product should support a comprehensive list of reports and submissions required for your state, as well as user and focus groups to communicate timely state reporting changes and requirements.

### Turning Extra Time into Extra Productivity

The right SIS not only can help you deliver timely, accurate state reporting, but it also can make your staff more efficient. That gives them more time to focus on what's important for the district.

Here's what one SIS administrator in Washington says, "Having solid state reporting with PowerSchool SIS saves me a ton of time, which ultimately helps me focus on what's most important—impacting students' learning in the classroom. Ten years ago, I would have to cancel school club meetings that I ran frequently because I'd be staying late working on state reporting issues. Now, my time goes to the kids."



## TAKE A TOUR

Get a first-hand look at PowerSchool SIS in action by watching a product demo.



[ Watch on Demand ]

## Ready to Connect?

Let's discuss your priorities and how we can support your organization's goals.

[ Connect With Us ]

# EXHIBIT 5

Robyn E. Bladow (SBN 205189)
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Amelia Bailey (*pro hac vice*)
Zharna Shah (*pro hac vice*)
Taylor Rothman (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
amelia.bailey@kirkland.com
zharna.shah@kirkland.com
taylor.rothman@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Ethan Joel Levinton (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
ethan.levinton@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al. | CASE NO. 3:24-CV-02706-JD |
| Plaintiffs, | **DEFENDANT POWERSCHOOL HOLDINGS, INC., NOTICE OF SUBPOENA *AD TESTIFICANDUM* TO SEATTLE PUBLIC SCHOOLS** |
| v. | |
| POWERSCHOOL HOLDINGS, INC., | |
| Defendant. | |

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2        **PLEASE TAKE NOTICE** that, pursuant to and in accordance with Rule 45 of the Federal Rules

3    of Civil Procedure, Defendant PowerSchool Holdings, Inc. hereby gives notice of its intention to serve

4    the following subpoena *ad testificandum* to Seattle Public Schools on November 7, 2025.

5        **NOTICE IS FURTHER GIVEN** that, pursuant to and in accordance with Rule 30(b)(6) of the

6    Federal Rules of Civil Procedure, Defendant PowerSchool Holdings, Inc., through its counsel, will take

7    the deposition upon oral examination of Seattle Public Schools by and through its corporate

8    representative(s) competent to testify about the topics listed in Schedule A, attached hereto.    The

9    deposition will commence on a date to be determined during the week of November 17, 2025, at 9:00 A.M.

10   Pacific Time, via videoconference technology, lasting for 3 hours on the record.    The deposition will

11   continue from day to day until concluded or may be continued until completed at a future date or dates.

12   The deposition will be taken before a court reporter or other person authorized by the law to administer

13   oaths, and it may be recorded by stenographic means and videotape, with use of real-time transcription.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DATED: November 7, 2025                    Respectfully submitted,

2

3                                              */s/ Olivia Adendorff*
                                              _____
4                                              Olivia Adendorff, P.C.

5                                              Robyn E. Bladow (SBN 205189)
                                              KIRKLAND & ELLIS LLP
6                                              555 South Flower Street, Suite 3700
                                              Los Angeles, CA 90071
7                                              Telephone: (213) 680-8400
                                              robyn.bladow@kirkland.com
8

9                                              Martin L. Roth, P.C. (*pro hac vice*)
                                              Alyssa C. Kalisky, P.C. (*pro hac vice*)
10                                             Zharna Shah (*pro hac vice*)
                                              Taylor Rothman (*pro hac vice*)
11                                             KIRKLAND & ELLIS LLP
                                              333 West Wolf Point Plaza
12                                             Chicago, IL 60654
                                              Telephone: (312) 862-2000
13                                             martin.roth@kirkland.com
                                              alyssa.kalisky@kirkland.com
14                                             zharna.shah@kirkland.com
                                              taylor.rothman@kirkland.com
15

16                                             Olivia Adendorff, P.C. (*pro hac vice*)
                                              Ethan Joel Levinton (*pro hac vice*)
17                                             Eugene Temchenko (*pro hac vice*)
                                              KIRKLAND & ELLIS LLP
18                                             4550 Travis Street
                                              Dallas, TX 75205
19                                             Telephone: (214) 972-1770
                                              olivia.adendorff@kirkland.com
20                                             ethan.levinton@kirkland.com
                                              eugene.temchenko@kirkland.com
21

22                                             *Attorneys for Defendant PowerSchool*
                                              *Holdings, Inc.*
23

24

25

26

27

28

1

2

## CERTIFICATE OF SERVICE

I hereby certify that, on November 7, 2025, I caused a true and correct copy of the foregoing **DEFENDANT POWERSCHOOL HOLDINGS, INC., NOTICE OF SUBPOENA *AD TESTIFICANDUM* TO SEATTLE PUBLIC SCHOOLS** to be served by electronic mail on counsel of record for Plaintiff Emily Cherkin, et al.

Leonard W. Aragon
Robert B. Carey
Tory Beardsley
Hagens Berman Sobol Shapiro LLP
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
leonard@hbsslaw.com
rob@hbsslaw.com
toryb@hbsslaw.com

Julie Liddell
Andrew Liddell
EdTech Law Center PLLC
P.O. Box 300488
Austin, TX 78705
julie.liddell@edtech.law
andrew.liddell@edtech.law

Whitney Siehl
Hagens Berman Sobol Shapiro LLP
455 N Cityfront Plaza Dr, Suite 2410
Chicago, IL 60611
whitneys@hbsslaw.com

Lori Feldman
George Feldman McDonald, PLLC
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
lfeldman@4-justice.com

*/s/ Olivia Adendorff*
Olivia Adendorff, P.C.

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

|  |  |
|---|---|
| Emily Cherkin et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:24-cv-02706-JD |
| PowerSchool Holdings, Inc. | ) |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      Seattle Public Schools c/o Roxane O'Connor
         2445 3rd Ave. S, Seattle, WA 98134

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:  As set forth in Schedule A.

| Place: Remotely via video teleconference or at a location to be determined within 100 miles of your premises | Date and Time: November [X], 2025 at 9:00 a.m. PT |
|---|---|

The deposition will be recorded by this method:    Video Recording and Stenographer

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/07/2025

| CLERK OF COURT | OR | /s/ Olivia Adendorff |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   PowerSchool Holdings, Inc.                                         , who issues or requests this subpoena, are:

Olivia Adendorff, 4550 Travis Street, Dallas, TX 75205, (214) 972-1758, olivia.adendorff@kirkland.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:24-cv-02706-JD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                *Server's signature*

                               _____
                                                *Printed name and title*

                               _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

These deposition topics use terms that shall have the following meanings:

1.      "All" shall be construed as inclusive or exclusive as necessary to afford the widest possible scope of inquiry to the Topic containing such terms.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3.      "Communication" means the transmittal of information of any kind, in any form, and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of documents.  All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, social media content, and instant messages.

4.      "Concerning," "referring to," "regarding," "in connection with," and "relating to" (or any variation thereof) means, without limitation, discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, concerning, containing, mentioning, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, or otherwise involving, in whole or in part.

5.      "EdTech" means any digital-technology service or product offered by an outside entity to schools and school districts.

6.      "Including" means including without limitation.

7.      "PowerSchool" means PowerSchool Holdings, Inc., inclusive of subsidiaries, affiliates, parent corporations, and successor or predecessor corporations, as well as any current or former employees, representatives, or agents thereof.

8.      "You" or "Your" means Seattle Public Schools.

9.      Unless otherwise defined, all words have their common meaning.

## DEPOSITION TOPICS

1.    Your reason(s) for using EdTech generally, and PowerSchool products specifically, including the PowerSchool products described on Your website at https://www.seattleschools.org/departments/dots/software-information/powerschool-product/.

2.    Any benefits or detriments to parents or students from PowerSchool products.

3.    Your data keeping and reporting obligations, including to state and federal government agencies as described on Your website at https://www.seattleschools.org/departments/dots/data-reporting/, and how PowerSchool helps You meet Your obligations.

4.    Annual forms and agreements between You and students and parents relating to data privacy and the use of Your network and Your student devices, as described on Your website at https://www.seattleschools.org/news/start-of-school-forms/.

5.    Your method(s) of communicating with students and parents, as described on Your website at https://www.seattleschools.org/resources/family-communication/.

6.    The role of the Seattle Public Schools School Board, the Information Technology Advisory Committee, and the Department of Technology Services in reviewing or approving Your decisions regarding, but not limited to, data service agreements and contracts with EdTech providers.

7.    Your decision to renew Your agreement with PowerSchool in 2025, including the July 2, 2025 meeting of Your Board of Directors considering the issue.

8.    The mechanisms for students or parents to opt out of EdTech products used by Seattle Public Schools and the proportion of students and parents who opt out of using PowerSchool or any EdTech products or services in a given school year.

9.    Any harm(s) to You and Your staff, students, and parents, if a court were to prohibit PowerSchool from providing its products and services under the current contract with SPS, such as by prohibiting any data storage by a provider of EdTech without the express consent of every individual identifiable by the data You store.