# Exhibit B

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>Defendant. | Case No.: 3:24-cv-02706-JD<br><br>**PLAINTIFF DAVID CONCEPCIÓN'S RESPONSES AND OBJECTIONS TO DEFENDANT POWERSCHOOL HOLDINGS, INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff David Concepción hereby serves his Responses and Objections to Defendant PowerSchool Holdings, Inc.'s First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to each and every interrogatory to the extent it calls for information outside the scope of discovery pursuant to the Rules of Civil Procedure.

2. Plaintiff objects to Defendant's interrogatories to the extent that they seek privileged and confidential attorney client communications or attorney work product.

3. Plaintiff objects to Defendant's definitions and instructions to the extent that they purport to impose a duty on Plaintiff beyond that required by the Rules of Civil Procedure.

4. Plaintiff objects to Defendant's definitions of the words "Plaintiff," "You," and "Your" to the extent they include Plaintiff's attorneys and therefore seeks documents that are not in Plaintiff's possession, custody, and control. Plaintiff will only produce documents that are in his own possession, custody, and control.

5. Plaintiff objects to interrogatory to the extent that it calls for documents or information already within Defendant's possession, custody, or control or are publicly available and just as easily obtainable by Defendant as they are by Plaintiff.

6. Plaintiff objects to the interrogatories to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time.

7. Plaintiff objects to the interrogatories to the extent they seek disclosure of "any" documents or information responsive to a particular interrogatory on the grounds that such a request is premature, overly broad, and unduly burdensome.

8. Plaintiff objects to the extent the interrogatories seek information that is not proportional to the needs of the case as contemplated by Rule 26(b)(1).

9. Plaintiff submits these responses after reasonable search and investigation. Such investigation is continuing and may in the future reveal the existence of additional responsive documents. Plaintiff may also obtain additional, responsive materials in the course of discovery. If

1  Plaintiff discovers or otherwise identifies any additional responsive documents, these responses will
2  be supplemented as required by the Rules of Civil Procedure.
3      10.    Any agreement to produce discoverable, responsive documents should not be
4  construed as an admission that such documents exist.

## RESPONSES AND OBJECTIONS

Subject to the foregoing general objections, and without waiver of same, Plaintiff responds to each of the discovery requests as follows:

**INTERROGATORY NO. 1:**

Describe Your use of the Products with sufficient detail to identify each Product that You used, when You used it, how You used it, and for what purpose.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the word "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and solutions exist and/or belong to PowerSchool. Plaintiff also objects to the extent the information requested in equally or more available to PowerSchool.

Subject to and without waiving the foregoing and General Objections, Plaintiff responds as follows:

Plaintiff uses the PowerSchool Parent Portal to review L.M.C.'s and M.M.C.'s grades. He also receives information from the school and school district on the Parent Portal related to L.M.C. and M.M.C. He generally receives an email or text message from the school stating that information is available on the Parent Portal and then logs into the Parent Portal to review the information or follows the link to the Parent Portal. He also uses the Parent Portal to confirm that his children will be attending the same school and to provide information related to his family that is requested on the Parent Portal. Plaintiff has used the Parent Portal since 2020.

L.M.C. and M.M.C. use Schoology to get information from the school and to turn in assignments. M.M.C. has used Schoology since 2020. L.M.C. has used Schoology since 2021.

**INTERROGATORY NO. 2.:**

To the extent You contend that You were harmed by a Product, describe with specificity

2

what specific harm You suffered, what Product caused the harm, how the Product caused that harm, and when You were harmed.

**RESPONSE:**

Plaintiff objects to this Interrogatory because Plaintiff does not contend that he was harmed by an individual product per se. He contends that he was harmed by the totality of Defendants' actions in collecting, storing, and using Plaintiff's personal data for commercial purposes, as further described in the complaint. To be sure, each product described in Interrogatory 1 is used to collect personal data, without consent, from Plaintiff and others. But exactly how each product harms Plaintiff, and how the products in connection with each other harm Plaintiff, is known only to Defendant at this time. Plaintiff therefore reserves the right to supplement this response upon further discovery.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure. Plaintiff further objects because some of the information requested, such as the date Plaintiff started using a Product, is equally or more available to Defendant as Plaintiff.

Subject to and without waiving the foregoing and General objections, Plaintiff answers as follows:

PowerSchool's products and services facilitate the collection, storage, and use of Plaintiff's data by PowerSchool. Plaintiff did not consent to the collection, storage, and use of data by PowerSchool, and certainly did not consent to PowerSchool monetizing that data by, among other things, sharing data with its partners and incorporating data into its products and services. It is my understanding that PowerSchool also refuses to allow students and their parents to access, review, or correct the information held by PowerSchool. Plaintiff's inability to see and correct information means flawed or inaccurate data regarding Plaintiff is shared by PowerSchool with others or used by PowerSchool directly.

PowerSchool has also unnecessarily retained Plaintiff's data, subjecting it to exfiltration by bad actors, such as what occurred with the data breach that PowerSchool announced on

December 28, 2024. *See, e.g.,* https://www.powerschool.com/security/sis-incident/notice-of-united-states-data-breach/.

And while Plaintiff does not yet fully understand how PowerSchool has harmed him, Plaintiff believes that PowerSchool's conduct has harmed him in at least the following ways: (1) collecting Plaintiff's data without his consent, (2) storing Plaintiff's data indefinitely without his consent, (3) using Plaintiff's data without his consent, (4) reducing the value of Plaintiff's data, (5) unnecessarily subjecting Plaintiff to marketing, (6) continuously and unnecessarily surveilling Plaintiff, (7) making it difficult for Plaintiff and his family to interact and obtain important information from teachers and administrators which interferes with Plaintiff's ability to parent in the manner he chooses, (8) invading his family's privacy, (9) forcing Plaintiff to choose between a child's right to education and other fundamental rights, such as the right to privacy, (10) failing to compensate Plaintiff for his property, and (11) not fulfilling PowerSchool's privacy obligations to Plaintiff.

Plaintiff has suffered the foregoing harms since the first date he, L.M.C., and M.M.C. started using products owned or operated by PowerSchool to the present.

**INTERROGATORY NO. 3:**

Identify each Device on which You claim the Products were used, including identifying who purchased, owned, and maintained each Device.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the word "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and solutions exist and/or belong to PowerSchool. Plaintiff further objects because this information is equally or more available to Defendant than Plaintiff, at least with respect to Products used on devices owned or leased by the schools or school districts attended by L.M.C. and M.M.C. Defendant also objects because the word "maintained" is vague and ambiguous as used in this Interrogatory.

Plaintiff further objects because the word "used" is vague and ambiguous as used in this Interrogatory. Plaintiff may not be aware of every device where a Product is used, and it is not clear how Defendant is using the term. For example, PowerSchool may have a Product running in the

4

background of a device or application used by Plaintiff such that the "use" of the Product is not readily known to an ordinary user, such as Plaintiff. Further, Plaintiff's use of a Product is different than the use of a Product on a device. The former may be known to Plaintiff, but the latter is probably not known to Plaintiff or any ordinary user.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing and General Objections, Plaintiff answers as follows:

1. LMC's Google Chrome Book purchased by the family on or about November 2022
2. MMC's Google Chrome Book purchased by the family on or about November 2022
3. LMC's Google Chrome Book assigned by school yearly
4. MMC's Google Chrome Book assigned by school yearly
5. Apple iPhone 13 Pro
6. Apple iPhone 14 Max
7. HP Laptop purchased by the family on or about 2022

**INTERROGATORY NO. 4:**

Identify each Device You used, use, have access to, or that stores Your Data.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the word "store" is not sufficiently defined. All Devices have access to and store data for a period of time. Plaintiff further objects because the information sought in the Interrogatory is equally or more available to Defendant than Plaintiff, at least with respect to Products used on devices owned or leased by the schools or school districts attended by L.M.C. and M.M.C.

Plaintiff also objects because the words "use" and "used" are vague and ambiguous as used in this Interrogatory. Plaintiff further objects because the phrase "has access to" is vague and ambiguous as used in this Interrogatory.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature

5

disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure. This request is also duplicative.

Subject to and without waiving the foregoing and General Objection, Plaintiff responds as follows:

1. LMC's Google Chrome Book purchased by the family on or about November 2022
2. MMC's Google Chrome Book purchased by the family on or about November 2022
3. LMC's Google Chrome Book assigned by school yearly
4. MMC's Google Chrome Book assigned by school yearly
5. Apple iPhone 13 Pro
6. Apple iPhone 14 Max
7. HP Laptop purchased by the family on or about 2022
8. L.M.C.'s iPad purchased by family on or about November 2024
9. M.M.C.'s iPad purchased by family on or about November 2024

**INTERROGATORY NO. 5:**

Describe with specificity what types or categories of data (e.g., biographical information, school homework, school essays, grades, medical information) You believe PowerSchool Collected or You provided to PowerSchool, including the basis for such belief, the date You formed that belief, and how You formed that belief.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the phrase "categories of data" is not fully defined. Plaintiff further objects because PowerSchool prevents Plaintiff, students, and parents from knowing exactly what categories of data are collected by PowerSchool. Plaintiff further objects to the extent the information is protected by the attorney client or work product privilege.

Subject to and without waiving the foregoing and General Objection, Plaintiff responds as follows:

Plaintiff believes that data available to PowerSchool is collected, including but not limited to, biographical information, family information, employer information, emergency contacts, special

6

1 education needs, demographic information, medical history, and likely school homework, school
2 essays, and grades. If PowerSchool encounters data generated by Plaintiff, it is Plaintiff's
3 understanding that PowerSchool collects the data. Plaintiff formed this believe based on his
4 interactions with the school. To the best of his recollection, Plaintiff believes he first became aware
5 that PowerSchool collected Plaintiff's and his family's data in August 2020.

6 **INTERROGATORY NO. 6:**

7 Describe each step You take to keep Your data private and confidential, including any
8 parental blocks, privacy settings or other tools You use on each Device that stores Your Data.

9 **RESPONSE:**

10 Plaintiff objects because this Interrogatory is vague and ambiguous because the words "data,"
11 "private," and "confidential" are not sufficiently defined. Plaintiff further objects because the phrases
12 "parent blocks" and "privacy setting or other tools" are not sufficiently defined.

13 Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature
14 disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's
15 scheduling order and the Federal Rules of Civil Procedure.

16 Subject to and without waiving the foregoing and General Objections, Plaintiff responds as
17 follows:

18 Plaintiff protects all passwords by using a password manager called Password Keeper.
19 Whenever Plaintiff receives a warning that his password may be compromised, the relevant
20 passwords are changed. He also uses authenticators whenever available. Further, Plaintiff does not
21 allow his children to use social media, but they do use Minecraft and Roblox and each has strict
22 parental control settings activated. Plaintiff also has two iPad tablets used by M.M.C. and L.M.C. with
23 strict parental controls that, among other things, prevents access to social media. The children are
24 also required to use the tablets in the presence of their parents and are monitored by their parents. In
25 the past, Plaintiff used a credit monitoring service but has not renewed that service since
26 approximately 2023.

27 **INTERROGATORY NO. 7:**

28 Describe with specificity any time You attempted to Sell or Sold Your data, including:

7

      a.   The date of the Sale or attempted Sale;

      b.   Each data type for Sale;

      c.   Whether each data type was a Pupil Record;

      d.   The Marketplace where You attempted to Sell the data;

      e.   The Value that You sought to obtain;

      f.   The Value that You obtained.

**RESPONSE:**

Plaintiff objects to this Request because the words "sell" or "sold" are vague and ambiguous as used in this Request. It is unclear, for example, if Defendant is referring to the voluntary, consensual sharing of personal data by Plaintiff with certain companies in exchange for services provided by those companies is considered a "sale." Plaintiff further objects because it is unclear what "data" Defendant is referencing. The data collected by Defendant, for example, is different than PII. It is also unclear to Plaintiff exactly what data is collected by Defendant. Without defining the term "data," the request is vague and ambiguous.

Plaintiff also objects because this request is unduly burdensome, expensive, and not proportional to the needs of the case. Plaintiff further objects because the phrase "Pupil Record" is vague and ambiguous as used in this interrogatory and to an ordinary person, such as Plaintiff.

Plaintiff also objects because the word "Marketplace" is vague and ambiguous as used in this Interrogatory. For example, does this mean a legal marketplace between sellers and buyers, or the illegal marketplace PowerSchool subjected students, parents, teachers, and staff to when it allowed bad actors to infiltrate its data storage systems and access data belonging to students, parents, teachers, and staff?

Plaintiff also objects to the extent the documents requested are equally or more available to Defendant from other sources or already in Defendant's possession, custody, or control. For example, PowerSchool allowed data from millions of parents, teachers, students, and others to be taken by cyber-criminals and likely has information related to the value of data. But such documents are in Defendant's possession, custody, and control and not available to Plaintiff.

Plaintiff further objects to the extent this Request seeks the premature production of expert

8

1  opinions. Plaintiff will provide expert reports in accordance with the case schedule and the Federal
2  Rules of Civil Procedure.
3        Subject to and without waiving the foregoing and General Objections, Plaintiff is unable to
4  respond to this Interrogatory without further clarification and is requesting a meet and confer.

5  **INTERROGATORY NO. 8:**
6        Specify the Value You ascribe to Your data and for each data type, including how You
7  calculated or otherwise determined the Value.

8  **RESPONSE:**
9        Plaintiff objects to this Interrogatory because it is unclear what "data" Defendant is
10 referencing. The data collected by Defendant, for example, is different than PII. It is also unclear to
11 Plaintiff exactly what data is collected by Defendant. Without defining the term "data," the request is
12 vague and ambiguous.
13       Plaintiff further objects to the extent this Request seeks the premature production of expert
14 opinions. Plaintiff will provide expert reports in accordance with the case schedule and the Federal
15 Rules of Civil Procedure. Plaintiff also objects to the extent this Request seeks information unrelated
16 to a claim or defense in this case.
17       Subject to and without waiving the foregoing and General Objections, Plaintiff is unable to
18 answer the Interrogatory without further clarification and is requesting a meet and confer.

19 **INTERROGATORY NO. 9:**
20       Identify any Third-Party Application installed on any Device You own, use, maintain, lease,
21 or otherwise access, including:
22     a.   The name of the Third-Party Application;
23     b.   The publisher; and
24     c.   The date range when the Third-Party Application was installed.

25 **RESPONSE:**
26       Plaintiff objects to this Interrogatory because it seeks information that is unrelated to a claim
27 or defense in this case. Plaintiff further objects because the Request seeks to harass and unduly
28 burden Plaintiff and her family.

1  Plaintiff also objects because the request is unduly burdensome and not proportional to the needs of the case. Plaintiff further objects because the phrase "otherwise access" is vague and ambiguous as used in this Interrogatory.

Subject to and without waiving the foregoing and General Objections, Plaintiff is unable to respond to this Interrogatory as currently worded. Plaintiff is willing to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 10:**

Identify every Social Media Account that You control, maintain, access, use, or contribute content, updates, or other data.

**RESPONSE:**

Plaintiff objects because this Interrogatory seeks information that is unrelated to a claim or defense in this case. Plaintiff also objects because the Interrogatory is facially overbroad. Plaintiff further objects because the request is unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving the foregoing and General Objections, Plaintiff responds as follows: Mr. Concepción has the following personal, non-business, social media accounts:

- @dcuf33 Instagram
- @dcuf33 X
- Facebook David Concepcion dconcepcionfl@gmail.com
- Facebook David Concepcion FL distoffice2003@yahoo.com
- Facebook Pelu-Che
- Facebook Agrupacion Social Portopadrense
- LinkedIn David Concepcion
- TikTok David Concepcion

10

| | | |
|---|---|---|
| 1 | Dated: February 28, 2025 | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | | By  /s/ Leonard W. Aragon |
| | | Leonard W. Aragon |
| 3 | | 11 West Jefferson Street, Suite 1000 |
| 4 | | Phoenix, Arizona 85003 |
| | | Telephone: 602.840.5900 |
| 5 | | leonard@hbsslaw.com |
| | | Julie Liddell |
| 6 | | Andrew Liddell |
| 7 | | EDTECH LAW CENTER PLLC |
| | | P.O. Box 300488 |
| 8 | | Austin, Texas 78705 |
| | | Telephone: 737.351.5855 |
| 9 | | julie.liddell@edtech.law |
| | | andrew.liddell@edtech.law |
| 10 | | |
| | | Shana E. Scarlett |
| 11 | | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 12 | | 715 Hearst Avenue, Suite 202 |
| | | Berkeley, California 94710 |
| 13 | | Telephone: 510.725.3000 |
| | | shanas@hbsslaw.com |
| 14 | | |
| | | Attorneys for Plaintiffs |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2025, I served the foregoing document to the following counsel of record via e-mail:

| | |
|---|---|
| Robyn E. Bladow<br>KIRKLAND & ELLIS LLP<br>555 South Flower Street, Suite 3700<br>Los Angeles, CA 90071<br>Telephone: (213) 680-8400<br>robyn.bladow@kirkland.com<br><br>Olivia Adendorff, P.C.<br>Ethan Joel Levinton<br>Eugene Temchenko<br>KIRKLAND & ELLIS LLP<br>4550 Travis Street<br>Dallas, TX 75205<br>Telephone: (214) 972-1770<br>olivia.adendorff@kirkland.com<br>ethan.levinton@kirkland.com<br>eugene.temchenko@kirkland.com | Martin L. Roth, P.C.<br>Alyssa C. Kalisky<br>Zharna Shah<br>Taylor Rothman<br>Amelia H. Bailey<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br>martin.roth@kirkland.com<br>alyssa.kalisky@kirkland.com<br>zharna.shah@kirkland.com<br>taylor.rothman@kirkland.com<br>amelia.bailey@kirkland.com |

Attorneys for Defendant

                                          /s/ Amy Nolan
                                          Amy Nolan