# Exhibit C

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

EMILY CHERKIN, et al.

Plaintiffs,

v.

POWERSCHOOL HOLDINGS, INC.,

Defendant.

Case No.: 3:24-cv-02706-JD

**PLAINTIFF EMILY CHERKIN'S RESPONSES AND OBJECTIONS TO DEFENDANT POWERSCHOOL HOLDINGS, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Emily Cherkin hereby serves her Responses and Objections to Defendant PowerSchool Holdings, Inc.'s First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to each and every interrogatory to the extent it calls for information outside the scope of discovery pursuant to the Rules of Civil Procedure.

2. Plaintiff objects to Defendant's interrogatories to the extent that they seek privileged and confidential attorney client communications or attorney work product.

3. Plaintiff objects to Defendant's definitions and instructions to the extent that they purport to impose a duty on Plaintiff beyond that required by the Rules of Civil Procedure.

4. Plaintiff objects to Defendant's definitions of the words "You" or "Plaintiff" to the extent they include Plaintiff's attorneys and therefore seeks documents that are not in Plaintiff's possession, custody, and control. Plaintiff will only produce documents that are in her own possession, custody, and control.

5. Plaintiff objects to interrogatory to the extent that it calls for documents or information already within Defendant's possession, custody, or control or are publicly available and just as easily obtainable by Defendant as they are by Plaintiff.

6. Plaintiff objects to the interrogatories to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time.

7. Plaintiff objects to the extent the interrogatories seek information that is not proportional to the needs of the case as contemplated by Rule 26(b)(1).

8. Plaintiff submits these responses after reasonable search and investigation. Such investigation is continuing and may in the future reveal the existence of additional responsive documents. Plaintiff may also obtain additional, responsive materials in the course of discovery. If Plaintiff discovers or otherwise identifies any additional responsive documents, these responses will be supplemented as required by the Rules of Civil Procedure.

9. Plaintiff submits these responses after reasonable search and investigation. Such

investigation is continuing and may in the future reveal the existence of additional responsive documents. Plaintiff may also obtain additional, responsive materials in the course of discovery. If Plaintiff discovers or otherwise identifies any additional responsive documents, these responses will be supplemented as required by the Rules of Civil Procedure.

10. Any agreement to produce discoverable, responsive documents should not be construed as an admission that such documents exist.

**RESPONSES AND OBJECTIONS**

Subject to the foregoing General Objections, and without waiver of same, Plaintiff responds to each of the discovery requests as follows:

**INTERROGATORY NO. 1:**

Describe Your use of the Products with sufficient detail to identify each Product that You used, when You used it, how You used it, and for what purpose.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the word "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and solutions exist and/or belong to PowerSchool. Plaintiff also objects to the extent the information requested in equally or more available to PowerSchool.

Subject to and without waiving the foregoing and General Objections, Plaintiff responds as follows:

Plaintiff and S.G. both use Schoology, which they understand is a PowerSchool product. Plaintiff believes she first accessed Schoology when her son was in kindergarten in 2013. She believes S.G. first used Schoology when she was in kindergarten in 2016. Plaintiff rarely uses Schoology and cannot precisely say when she uses it. Her daughter uses Schoology frequently. It is impossible to know exactly how often S.G. uses Schoology, but she probably uses it weekly.

Plaintiff and S.G. have used Naviance in the past but cannot recall exactly when. Plaintiff opted S.G. out of using Naviance in approximately Spring of 2023. Plaintiff recalls a teacher having S.G. use Naviance, despite being opted out, on or about 2024. Plaintiff does not specifically recall using Naviance in the past except to opt her children out of using Naviance.

S.G. and Plaintiff were expected to use Schoology, Naviance, and other products to access student records such as attendance and test scores, as early as 2016-17 for S.G., which was her kindergarten year. In 5th and 6th grade, S.G. was expected to use Schoology to check assignments, turn in homework, and access lessons, handouts, and reading materials. Plaintiff and other parents have the ability to view student assignments, grades, and test scores via a Schoology parental portal account called The Source.

Plaintiff will further respond to this Interrogatory once Defendant PowerSchool clarifies what products, platforms, or services it is referencing.

**INTERROGATORY NO. 2.**:

To the extent You contend that You were harmed by a Product, describe with specificity what specific harm You suffered, what Product caused the harm, how the Product caused that harm, and when You were harmed.

**RESPONSE:**

Plaintiff objects to this Interrogatory because Plaintiff does not contend that she was harmed by an individual product per se. She contends that she was harmed by the totality of Defendant's actions in collecting, storing, and using Plaintiff's personal data for commercial purposes, as further described in the complaint. To be sure, each product described in Interrogatory 1 is used to collect personal data, without consent, from Plaintiff and others. But exactly how each product harms Plaintiff, and how the products in connection with each other harm Plaintiff, is known only to Defendant at this time. Plaintiff therefore reserves the right to supplement this response upon further discovery.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure. Plaintiff further objects because some of the information requested, such as the date Plaintiff started using a Product, is equally or more available to Defendant as Plaintiff.

Subject to and without waiving the foregoing and General objections, Plaintiff answers as follows:

PowerSchool's products and services facilitate the collection, storage, and use of Plaintiff's data by PowerSchool. Plaintiff did not consent to the collection, storage, and use of data by PowerSchool, and certainly did not consent to PowerSchool monetizing that data by, among other things, sharing data with its partners and incorporating data into its products and services. PowerSchool also refuses to allow students and their parents, including Plaintiff, to access, review, or correct the information held by PowerSchool. Plaintiff's inability to see and correct information means flawed or inaccurate data regarding Plaintiff is shared by PowerSchool with others or used by PowerSchool directly.

PowerSchool has also unnecessarily retained Plaintiff's data, subjecting it to exfiltration by bad actors, such as what occurred with the data breach that PowerSchool announced on December 28, 2024. *See, e.g.,* https://www.powerschool.com/security/sis-incident/notice-of-united-states-data-breach/.

And while Plaintiff does not yet fully understand how PowerSchool has harmed her, Plaintiff believes that PowerSchool's conduct has harmed her in at least the following ways: (1) collecting Plaintiff's data without her consent, (2) storing Plaintiff's data indefinitely without her consent, (3) using Plaintiff's data without her consent, (4) reducing the value of Plaintiff's data, (5) unnecessarily subjecting Plaintiff to marketing, (6) continuously and unnecessarily surveilling Plaintiff, (7) preventing Plaintiff from parenting in the manner she chooses, (8) invading her family's privacy, (9) forcing Plaintiff to choose between a child's right to education and other fundamental rights, such as the right to privacy, (10) failing to compensate Plaintiff for her property, and (11) not fulfilling PowerSchool's privacy obligations to Plaintiff.

Plaintiff has suffered the foregoing harms since the first date she and S.G. started using products owned or operated by PowerSchool to the present.

**INTERROGATORY NO. 3**:

Identify each Device on which You claim the Products were used, including identifying who purchased, owned, and maintained each Device.

**RESPONSE**:

Plaintiff objects because this Interrogatory is vague and ambiguous because the word

"Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and solutions exist and/or belong to PowerSchool. Plaintiff further objects because this information is equally or more available to Defendant than Plaintiff, at least with respect to Products used on devices owned or leased by the schools or school districts attended by S.G.

Plaintiff further objects because the word "used" is vague and ambiguous as used in this Interrogatory. Plaintiff may not be aware of every device where a Product is used, and it is not clear how Defendant is using the term. For example, PowerSchool may have a Product running in the background of a device or application used by Plaintiff such that the "use" of the Product is not readily known to an ordinary user, such as Plaintiff. Further, Plaintiff's use of a Product is different than the use of a Product on a device. The former may be known to Plaintiff, but the latter is probably not known to Plaintiff or any ordinary user.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing and General Objections, Plaintiff answers as follows:

1. Family MacBook Pro purchased on or about 2021
2. Family desktop Macintosh Computer purchased on or about 2015
3. Family iPad, running, IOS 18.3, purchased in approximately 2021
4. S.G.'s Fifth Grade Laptop, assigned by District, used since approximately 2022-23
5. S.G.'s Sixth Grade Laptop, assigned by District, used since approximately 2023-24
6. Plaintiff's Apple iPhone 14
7. Family MacBook Pro, purchased in 2023.

Plaintiff will further respond to this Interrogatory once Defendant PowerSchool clarifies what products, platforms, or services it is referencing.

**<u>INTERROGATORY NO. 4</u>:**

Identify each Device You used, use, have access to, or that stores Your Data.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the word "store" is not sufficiently defined. All devices have access to and stores all data for a period of time. Plaintiff further objects because the information sought in the Interrogatory is equally or more available to Defendant than Plaintiff, at least with respect to Products used on devices owned or leased by the schools or school districts attended by S.G.

Plaintiff also objects because the words "use" and "used" are vague and ambiguous as used in this Interrogatory. Plaintiff further objects because the phrase "has access to" is vague and ambiguous as used in this Interrogatory.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure. This request is also duplicative.

Subject to and without waiving the foregoing and General Objection, Plaintiff responds as follows:

1. Family MacBook Pro purchased on or about 2021
2. Family desktop Macintosh Computer purchased on or about 2015.
3. Family iPad, running, IOS 18.3, purchased in approximately 2021
4. S.G.'s Windows Laptop used since approximately 2020
5. S.G.'s Fifth Grade Laptop, assigned by District, used since approximately 2022-23
6. S.G.'s Sixth Grade Laptop, assigned by District, used 2023-24
7. Plaintiff's Apple iPhone 14
8. Family MacBook Pro, purchased in 2023

**INTERROGATORY NO. 5:**

Describe with specificity what types or categories of data (e.g., biographical information, school homework, school essays, grades, medical information) You believe PowerSchool Collected or You provided to PowerSchool, including the basis for such belief, the date You formed that belief, and how You formed that belief.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the phrase "categories of data" is not fully defined. Plaintiff further objects because PowerSchool prevents Plaintiff, students, and parents from knowing exactly what categories of data are collected by PowerSchool. Plaintiff further objects to the extent the information is protected by the attorney client or work product privilege.

Subject to and without waiving the foregoing and General Objection, Plaintiff responds as follows:

Plaintiff believes that all data available to PowerSchool is collected, including but certainly not limited to, biographical information, school homework, school essays, grades, and medical information. If PowerSchool encounters data generated by Plaintiff, it is Plaintiff's understanding that PowerSchool collects the data.

Plaintiff, at this time, does not recall exactly when she first became aware that PowerSchool collected Plaintiff's data. Plaintiff does recall reading an article in a publication called "the Markup" containing information about PowerSchool's efforts to go public that detailed some data practices by PowerSchool. Plaintiff believes the article was published in 2019.

Also, when Schoology was used in her daughter's school she became concerned that PowerSchool may be collecting, storing, and using data. Plaintiff also worked with a group called the Student Data Privacy Project, where people discussed student data privacy. Plaintiff cannot recall specific conversation but does recall generally that PowerSchool data collection was discussed. This occurred in 2020, after the Markup article.

By the 2019-2020 school year, her son's sixth grade year, Plaintiff had become sufficiently concerned about data collection practices that she opted her son out of using Naviance at his school and later did the same for S.G.

**INTERROGATORY NO. 6:**

Describe each step You take to keep Your data private and confidential, including any parental blocks, privacy settings or other tools You use on each Device that stores Your Data.

**<u>RESPONSE</u>:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the words "data," "private," and "confidential" are not sufficiently defined. Plaintiff further objects because the phrase "parent blocks" and "privacy setting or other tools" is not sufficiently defined.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing and General Objections, Plaintiff responds as follows:

Plaintiff protects all passwords by using a password manager called LastPass. Whenever Plaintiff receives a warning that her passwords may be compromised, the relevant passwords are changed. Plaintiff also uses standard and enhanced privacy settings on all social media accounts. She uses enhanced privacy setting for her children's Gmail accounts and limits their contacts on social media to approved family and friends. Plaintiff also prohibits her children from posting publicly on YouTube. Plaintiff and her husband also have conversations with their children regarding online safety, privacy, bullying, pornography, and addictive algorithms.

**<u>INTERROGATORY NO. 7</u>:**

Describe with specificity any time You attempted to Sell or Sold Your data, including:

a. The date of the Sale or attempted Sale;
b. Each data type for Sale;
c. Whether each data type was a Pupil Record;
d. The Marketplace where You attempted to Sell the data;
e. The Value that You sought to obtain;
f. The Value that You obtained.

**<u>RESPONSE</u>:**

Plaintiff objects to this Request because the words "sell" or "sold" are vague and ambiguous as used in this Request. It is unclear, for example, if Defendant is referring to the voluntary, consensual sharing of personal data by Plaintiff with certain companies in exchange for services

provided by those companies is considered a "sale." Plaintiff further objects because it is unclear what "data" Defendant is referencing. The data collected by Defendant, for example, is different than PII. It is also unclear to Plaintiff exactly what data is collected by Defendant. Without defining the term "data," the request is vague and ambiguous.

Plaintiff also objects because this request is unduly burdensome, expensive, and not proportional to the needs of the case. Plaintiff further objects because the phrase "Pupil Record" is vague and ambiguous as used in this interrogatory and to an ordinary person, such as Plaintiff. For example, Plaintiff does not know what a "local educational agency" is or what data is maintained by a local educational agency.

Plaintiff also objects because the word "Marketplace" is vague and ambiguous as used in this Interrogatory. For example, does this mean a legal marketplace between sellers and buyers, or the illegal marketplace PowerSchool subjected students, parents, teachers, and staff to when it allowed bad actors to infiltrate its data storage systems and access data belonging to students, parents, teachers, and staff?

Plaintiff also objects to the extent the documents requested are equally or more available to Defendant from other sources or already in Defendant's possession, custody, or control. For example, PowerSchool allowed data from millions of parents, teachers, students, and others to be taken by cyber-criminals and likely has information related to the value of data. But such documents are in Defendant's possession, custody, and control and not available to Plaintiff.

Plaintiff further objects to the extent this Request seeks the premature production of expert opinions. Plaintiff will provide expert reports in accordance with the case schedule and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing and General Objections, Plaintiff is unable to respond to this Interrogatory without further clarification and is requesting a meet and confer.

**INTERROGATORY NO. 8:**

Specify the Value You ascribe to Your data and for each data type, including how You calculated or otherwise determined the Value.

**RESPONSE:**

Plaintiff objects to this Interrogatory because it is unclear what "data" Defendant is referencing. The data collected by Defendant, for example, is different than PII. It is also unclear to Plaintiff exactly what data is collected by Defendant. Without defining the term "data," the request is vague and ambiguous.

Plaintiff further objects to the extent this Request seeks the premature production of expert opinions. Plaintiff will provide expert reports in accordance with the case schedule and the Federal Rules of Civil Procedure. Plaintiff also objects to the extent this Request seeks information unrelated to a claim or defense in this case.

Subject to and without waiving the foregoing and General Objections, Plaintiff is unable to answer the Interrogatory without further clarification and is requesting a meet and confer.

**INTERROGATORY NO. 9:**

Identify any Third-Party Application installed on any Device You own, use, maintain, lease, or otherwise access, including:

a. The name of the Third-Party Application;
b. The publisher; and
c. The date range when the Third-Party Application was installed.

**RESPONSE:**

Plaintiff objects to this Interrogatory because it seeks information that is unrelated to a claim or defense in this case. Plaintiff further objects because the Request seeks to harass and unduly burden Plaintiff and her family.

Plaintiff also objects because the request is unduly burdensome and not proportional to the needs of the case. Plaintiff further objects because the phrase "otherwise access" is vague and ambiguous as used in this Interrogatory.

Subject to and without waiving the foregoing and General Objections, Plaintiff is unable to respond to this Interrogatory as currently worded. Plaintiff is willing to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 10:**

Identify every Social Media Account that You control, maintain, access, use, or contribute content, updates, or other data.

**RESPONSE:**

Plaintiff objects because this Interrogatory seeks information that is unrelated to a claim or defense in this case. Plaintiff also objects because the Interrogatory is facially overbroad. Plaintiff further objects because the request is unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving the foregoing and General Objections, Plaintiff responds as follows: Mrs. Cherkin has the following personal, non-business, social media accounts:

- Emily Cherkin on Instagram (@echerkin)
- Emily Cherkin on Facebook
- Emily Cherkin on LinkedIn
- Emily Cherkin on Twitter
- Emily Cherkin on YouTube
- Emily Cherkin on What's App

In addition to her personal accounts, Mrs. Cherkin has the following business accounts:

- The Screentime Consultant on Instagram
- The Screentime Consultant on Facebook
- The Screentime Consultant on LinkedIn
- Screentime LLC on Twitter
- The Screentime Consultant on YouTube
- What's App Smartphone Free Childhood US-National group
- What's App Smartphone Free Childhood--EdTech
- What's App Washington State--Smartphone

Dated: February 28, 2025

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Leonard W. Aragon

Leonard W. Aragon
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
leonard@hbsslaw.com

Julie Liddell
Andrew Liddell
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: 737.351.5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2025, I served the foregoing document to the following counsel of record via e-mail:

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Olivia Adendorff, P.C.
Ethan Joel Levinton
Eugene Temchenko
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
ethan.levinton@kirkland.com
eugene.temchenko@kirkland.com

Martin L. Roth, P.C.
Alyssa C. Kalisky
Zharna Shah
Taylor Rothman
Amelia H. Bailey
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
zharna.shah@kirkland.com
taylor.rothman@kirkland.com
amelia.bailey@kirkland.com

Attorneys for Defendant

/s/ Amy Nolan
Amy Nolan