Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

EMILY CHERKIN, et al.,

Plaintiffs,

v.

POWERSCHOOL HOLDINGS, INC.,

Defendant.

Case No.: 3:24-cv-02706-JD

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Judge: The Honorable James Donato

Hearing
Date: April 9, 2026
Time: 11:00 a.m.
Courtroom: 11, 19th Floor

**TO THE COURT, DEFENDANT, AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 9, 2026, at 11:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 11, 19th Floor of the Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs will and hereby do move the Court for an order granting leave to amend their Complaint [Dkt. 1] under Fed. R. Civ. P. Rules 11, 15(a), and 16(b). Plaintiffs seek leave to amend and withdraw certain allegations for three reasons: (1) to address Defendant's claim that the allegations violate Rule 11; (2) to meet the safe harbor provision under Rule 11; and (3) because the withdrawing of the allegations do not materially alter the case.

Plaintiffs do not admit any wrongdoing and assert a good faith basis for the allegations. Plaintiffs, however, are trying to address PowerSchool's concerns and meet the safe harbor provision of Rule 11.

Plaintiffs ask to withdraw the following allegations and claims in the Complaint without prejudice:

- ¶ 15: edit to strike "which she has accessed from both her school-issued and personally owned devices."
- ¶ 16: edit to strike "which he accessed from his school-issued device."
- ¶¶ 209-10: withdraw in their entirety.
- ¶ 373: edit to strike "which she has accessed from both her school-issued and personally owned devices."
- ¶ 374: edit to strike "which he accessed from his school-issued device."
- ¶ 376: edit to strike "Schoology"
- ¶¶ 398-99: withdraw in their entirety
- ¶¶ 464-483: withdraw California Invasion of Privacy Act ("CIPA") claim
- ¶¶ 506-531: withdraw California's Comprehensive Data Access and Fraud Act ("CDAFA") claim[1]

[1] Plaintiffs gave notice of their intent to withdraw these portions of the Complaint on or about February 17, 2026, and offered to consider withdrawing other allegations. Defendant did not specify any other allegations that should be withdrawn to address the Rule 11 Motion. Defendant, moreover, agreed that the allegations listed herein should be withdrawn. Aragon Decl. ¶ 2.

A red-lined version of the Complaint is attached as Exhibit 1. A proposed form of order is also attached.

This Motion is based on this Notice of Motion, the Motion presented below, the Proposed Order, and the pleadings and papers on file in this action and all matters of which this Court may take judicial notice.

Dated: February 27, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Leonard W. Aragon
Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs

## TABLE OF CONTENTS

I. Background .......... 2

II. Standard .......... 2

III. Argument .......... 3

A. There is good cause, under Rule 16(b), to grant Plaintiffs leave to amend. .......... 3

B. A motion to amend under Rule 11's safe harbor provision satisfies the good cause requirement of Rule 15(a) .......... 4

IV. Conclusion .......... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Entangled Media, LLC v. Dropbox Inc.*,
348 F.R.D. 649 (N.D. Cal. 2025) .......... 3

*Holgate v. Baldwin*,
425 F.3d 671 (9th Cir. 2005) .......... 3

*Sneller v. City of Bainbridge Island*,
606 F.3d 636 (9th Cir. 2010) .......... 3, 4

**Other Authorities**

Federal Rule of Civil Procedure 11 .......... 1, 2, 3, 4

Federal Rule of Civil Procedure 15 .......... 3, 4

Federal Rule of Civil Procedure 16 .......... 3, 4

Plaintiffs respectfully request leave to amend the complaint under Rules 11, 15(a), and 16(b) of the Federal Rules of Civil Procedure to withdraw certain claims related to Plaintiffs Concepción, M.M.C., and L.M.C.'s use of Schoology, a PowerSchool product.

Plaintiffs seek leave to amend and withdraw certain allegations for three reasons: (1) to address Defendant's claim that the allegations violate Rule 11; (2) to meet the safe harbor provision under Rule 11; and (3) because the withdrawing of the allegations do not materially alter the case.

To be clear, Plaintiffs do not admit any wrongdoing and assert a good faith basis for the allegations. Plaintiffs, however, are trying to address PowerSchool's concerns and meet the safe harbor provision of Rule 11.

Plaintiffs ask to withdraw the following allegations and claims in the Complaint without prejudice:

- ¶ 15: edit to strike "which she has accessed from both her school-issued and personally owned devices."
- ¶ 16: edit to strike "which he accessed from his school-issued device."
- ¶¶ 209-10: withdraw in their entirety.
- ¶ 373: edit to strike "which she has accessed from both her school-issued and personally owned devices."
- ¶ 374: edit to strike "which he accessed from his school-issued device."
- ¶ 376: edit to strike "Schoology"
- ¶¶ 398-99: withdraw in their entirety
- ¶¶ 464-483: withdraw California Invasion of Privacy Act ("CIPA") claim
- ¶¶ 506-531: withdraw California's Comprehensive Data Access and Fraud Act ("CDAFA") claim[2]

A red-lined version of the Complaint is attached as Exhibit 1. A proposed form of order is also attached.

[2] Plaintiffs gave notice of their intent to withdraw these portions of the Complaint on or about February 17, 2026, and offered to consider withdrawing other allegations. Defendant did not specify any other allegations that should be withdrawn to address the Rule 11 Motion. Defendant, moreover, agreed that the allegations listed herein should be withdrawn. Aragon Decl. ¶ 2.

## I. Background

On January 27, 2026, PowerSchool served a Rule 11 motion alleging that the Concepción family did not use PowerSchool's products in a certain manner. On February 24, 2026, Defendant served a revised Rule 11 Motion to allege that the Concepción family did not use one of PowerSchool's products (Schoology), despite alleging that they did so in the Complaint. As Mr. Concepción explained at his deposition, it was his understanding that his family used Schoology. Aragon Decl., Ex. A David Concepción Dep. Tr. p. 97:22-5. It does not appear, however, that the family has used Schoology because it does not appear that the district has purchased the product from PowerSchool.[3] Mr. Concepción, however, recalls using the product and testified as such at his deposition and in response to discovery. *Id.*

Notably, PowerSchool's products are used by M.M.C. and L.M.C.'s school district, and it is unclear whether the district ever tested Schoology or whether the platform was presented to the district in a way that would have led to Mr. Concepción's confusion. As demonstrated in the expert report of Christopher Schulte (Dkt. 119 at p. 39), cross-selling across product lines is a pillar of PowerSchool's marketing strategy. Mr. Concepcion's understanding that he and his children used Schoology may be a mistake, but he does recall using the product and that formed the basis of his allegations in the Complaint and his responses to discovery. At worst, Mr. Concepción was confused as to the exact name of the PowerSchool product used by the school district. In any event, his family's use of Schoology is not a necessary element of the case and can be withdrawn.

Plaintiffs also seek to withdraw, as PowerSchool requests, claims under the California Invasion of Privacy Act and California Comprehensive Computer Data Access and Fraud Act. Again, Plaintiffs do not concede any issues with these claims and are withdrawing the causes of action as requested by Defendant at a meet and confer regarding resolution of its Rule 11 claims.

## II. Standard

Rule 11 authorizes a court to impose a sanction on an attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence. Fed. R. Civ. P. 11. "Rule 11(c), however,

[3] The contractual agreement identifying PowerSchool products purchased by M.M.C. and L.M.C.'s school district does not include Schoology. But this does not necessarily mean that the district never considered, used, or tested Schoology.

provides a 21–day safe harbor period. Under this provision, Rule 11 sanctions may not be imposed if the challenged claim is withdrawn within 21 days after service of the sanctions motion." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 639 (9th Cir. 2010) (citing Fed. R. Civ. P. 11(c)(2); *Barber v. Miller,* 146 F.3d 707, 710 (9th Cir.1998)).

The deadline to amend the complaint has passed. Dkt. 55. "To amend a pleading after the scheduling order deadline…the moving party must both demonstrate good cause to modify the scheduling order under Rule 16(b), and show that amendment is warranted under Rule 15(a)." *See Entangled Media, LLC v. Dropbox Inc.,* 348 F.R.D. 649, 654 (N.D. Cal. 2025) (cleaned up).

## III. Argument

### A. There is good cause, under Rule 16(b), to grant Plaintiffs leave to amend.

"Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Here, the parties met and conferred regarding the original Rule 11 motion within the 21-day safe-harbor period, and PowerSchool served a substantively amended Rule 11 motion on February 24, 2026, after the parties met and conferred on several occasions. *See* Aragon Decl. ¶ 4 and Ex. B (PowerSchool's red-lined Motion for Sanctions). Plaintiffs filed this Motion for Leave to Amend, three days later. Under these circumstances, Plaintiffs were diligent in seeking leave to amend. *See, e.g., Sneller,* 606 F.3d at 639; *see also* Fed. R. Civ. P. 11 advisory committee's notes to 1993 amends ("Explicit provision is made for litigants to be provided notice of the alleged violation and an opportunity to respond before sanctions are imposed.").

PowerSchool will likely claim that these amendments should have been made earlier and dismissed with prejudice, but Rule 11's safe harbor period does not require such actions. *Id.* (holding that safe-harbor conditions are met if challenged claims are withdrawn without prejudice within the 21-day period). Further, PowerSchool should have filed its Rule 11 motion when the complaint was filed. *See Holgate v. Baldwin*, 425 F.3d 671, 679 (9th Cir. 2005); (recognizing that Rule 11 motion based on pleading filed a year earlier was "hard to view" as timely); (citing Fed. R. Civ. P. 11 advisory comm. notes to 1993 amends."[o]rdinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely."). If PowerSchool's product, Schoology, truly had no relationship with M.M.C. or

L.M.C.'s school district, they knew that fact the day the complaint was filed. PowerSchool's motion claims it had to confirm the allegations during discovery by deposing two small children and their father, but that is simply not true. If Schoology has never been used in any manner at the school or district, PowerSchool had all the information necessary to support its motion when Plaintiffs filed their complaint on May 6, 2024. Interestingly, no PowerSchool representative has testified that the Schoology product has never been used or tested in any manner at M.M.C.'s or L.M.C.'s school or school district. In any event, Plaintiffs responded to Defendant's untimely Rule 11 motion is a timely manner.

Plaintiffs' Motion for Leave to Amend is timely under Rule 16 and, as such, there is good cause to grant leave to amend.

**B. A motion to amend under Rule 11's safe harbor provision satisfies the good cause requirement of Rule 15(a).**

Further, the Ninth Circuit has acknowledged that a motion for leave to amend under Rule 11's safe harbor provision is proper under Rule 15. *Sneller,* 606 F.3d at 639. Indeed, the Ninth Circuit has stated that "[f]iling a motion for leave to amend the complaint under Rule 15 thus constitutes effective withdrawal because it is the only procedure available under the rules to withdraw individual challenged claims." *Id.* (citing *Hells Canyon Pres. Council v. U.S. Forest Serv.,* 403 F.3d 683, 687–88 (9th Cir.2005)). Here, there is good cause for leave to amend because it seeks to address the concerns raised by Defendant PowerSchool by removing the allegations it contends give rise to the Rule 11 motion. Under these circumstances, there is good cause to grant leave to amend under Rule 15(a). *Id.*

## IV. Conclusion

Plaintiffs seek leave to amend to address the issues raised in PowerSchool's Rule 11 motion. Under Rule 11, Plaintiffs have 21 days to remedy the issues. Under Ninth Circuit law, the proper procedure is to seek to amend the complaint under Rules 15 and 16. Given that the Motion to Amend is timely under the safe harbor provision, Defendant desires the amendment, the amendment will not materially alter the case, and the amendment should resolve the Rule 11 issues, there is good cause to grant the motion.

Dated: February 27, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Leonard W. Aragon
Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602)840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs