# KIRKLAND & ELLIS LLP

Martin L. Roth, P.C.
To Call Writer Directly:
+1 312 862 7170
martin.roth@kirkland.com

333 West Wolf Point Plaza
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

February 27, 2026

The Honorable James Donato
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re: *Cherkin, et al. v. PowerSchool Holdings, Inc.*, No. 3:24-cv-2706-JD (N.D. Cal.)**

Dear Judge Donato:

Plaintiffs L.M.C. and M.M.C. have repeatedly misrepresented—beginning with the Complaint and continuing through purportedly "verified" interrogatories and requests for admission ("RFAs")—that they personally used PowerSchool products, including Schoology. Their own recent admissions at depositions confirm their representations were false. These Plaintiffs testified that they do not, in fact, use Schoology or any other PowerSchool product. Despite these admissions during their November 2025 depositions (and despite PowerSchool raising this issue with Plaintiffs' counsel), Plaintiffs' counsel has failed to correct the false discovery responses. Thus, PowerSchool seeks sanctions under Federal Rules of Civil Procedure 26(e), 26(g), and 37(c). Counsel for the parties conducted video meet-and-confers on February 13 and 19, 2026, as the firms are located more than 50 miles apart. *See* Civ. Local Rule 37-1. The parties were unable to resolve the issues described below.

## I.    Background

The Complaint alleges that all Plaintiffs "use PowerSchool platforms, including Schoology," and that Plaintiffs L.M.C. and M.M.C. access PowerSchool products from personal and school-issued devices. ECF 1, Compl. ¶¶ 376; 373-74. When asked in interrogatories for more details about these allegations, Plaintiff Concepción, L.M.C. and M.M.C.'s parent, stated that both children use Schoology on their personal and school-issued devices. *See* Ex. A, Pl. Concepción's Resp. & Obj. to Def.'s First Set of Interrog., No. 1 and 3. L.M.C. and M.M.C. also submitted separate interrogatory responses, stating that they have used Schoology since 2020 or 2021 to receive information and submit assignments. Ex. B, Pl. L.M.C.'s Resp. & Obj. to Def.'s First Set of Interrog., No. 1; Ex. C, Pl. M.M.C.'s Resp. & Obj. to Def.'s First Set of Interrog., No. 1. Plaintiff Concepción personally verified these responses for himself and his children.

# KIRKLAND & ELLIS LLP

The Honorable James Donato
February 27, 2026
Page 2

Yet, in his deposition, Concepción did not recognize any PowerSchool webpage or login as one that he or his children use. *See* Ex. D, Concepción Tr. at 94:3-95:23; 180:1-14. When shown sample dashboards, Concepción could only identify Google Classroom and Clever—neither of which are PowerSchool products. *Id.* at 99:1-23. After uncovering this truth, PowerSchool asked L.M.C. and M.M.C. to admit in RFAs that they "have not used Schoology." But they refused, denying the requests. Ex. E, Pls. L.M.C. & M.M.C.'s Resp. & Obj. to Def.'s Second Set of RFAs, No. 5.

PowerSchool then sought to depose L.M.C. and M.M.C. to clear up the conflicting information. Plaintiffs' counsel initially obstructed efforts to schedule the depositions, ultimately filing a motion for a protective order, which this Court denied. ECF. No. 96. When the depositions finally occurred in November 2025, L.M.C. and M.M.C. provided testimony that confirmed that, in direct contrast to their verified interrogatory responses and denied RFAs, they do *not*, and have *never*, used Schoology. Ex. F, L.M.C. Tr. at 18:3-17; Ex. G, M.M.C. Tr. at 22:2-9; 34:17-35:25. These Plaintiffs could point to no other PowerSchool product they do use. PowerSchool's records also confirmed that L.M.C. and M.M.C's school has never licensed Schoology.

All in all, Plaintiffs have submitted a laundry list of false discovery responses: (1) verified interrogatory responses from Concepción and L.M.C. stating that L.M.C. uses Schoology; (2) verified interrogatory responses from Concepción and M.M.C. stating that M.M.C. uses Schoology; (3) verified interrogatory responses from Concepción, L.M.C., and M.M.C. that state the children use Schoology on their personal and school-issued devices; and (4) a denied RFA asking L.M.C. and M.M.C. to admit that they do not use Schoology. Plaintiffs' counsel have done nothing to correct these false disclosures.

## II.    Argument

Plaintiffs' false interrogatory and RFA responses violate Federal Rules of Civil Procedure 26(e), 26(g) and 37(c). Further, because this misconduct was not "substantially justified," the Court "must impose sanctions."

Federal Rule of Civil Procedure Rule 26(g)(1) requires counsel to certify that discovery responses are "complete and correct" to "the best of the person's knowledge, information, and belief formed after a reasonable inquiry." Rule 26(e) imposes a duty to timely supplement and correct false disclosures. If an attorney violates these rules "without substantial justification," the court "must impose an appropriate sanction," which may include attorneys' fees. Fed. R. Civ. P. 26(g)(3). Rule 37 also mandates sanctions for violations of Rule 26(e) unless the misconduct was "substantially justified or is harmless." Fed. R. Civ. P. 37(c). Sanctions under Rule 37 may also include attorney's fees and any "other appropriate sanction[]." Fed. R. Civ. P. 37(c)(1). The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under

# KIRKLAND & ELLIS LLP

The Honorable James Donato
February 27, 2026
Page 3

Rule 37(c)(1)." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1178 (9th Cir. 2008), *as amended* (Sept. 16, 2008) (internal citation and quotations omitted).

Courts in the Ninth Circuit consistently impose sanctions where, as here, parties fail to ensure the accuracy of their discovery responses or fail to timely correct falsehoods in those responses—especially when the truth was readily ascertainable. For example, in *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 588145 (N.D. Cal. Feb. 10, 2011), the court sanctioned defendants under Rule 26(g) for falsely identifying a corporate officer of one of the defendant companies as a third party and denying a request for admission about this individual's employment. *Id.* The court held that defendants did not conduct a reasonable inquiry into this individual's role, and thus their actions throughout discovery were not "substantially justified." *Id.* The court then recognized that it had to impose appropriate sanctions and required the defendants to reimburse the plaintiffs for the costs incurred for serving this individual with a subpoena and for bringing a motion to compel. *Id; see also Li v. Merck & Co., Inc.*, 2025 WL 2162949, at *6 (N.D. Cal. July 30, 2025) (imposing Rule 26 monetary sanction because Plaintiffs' counsel certified false RFP response); *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335-36 (D. Ariz. 2022) (collecting cases awarding sanctions under Rule 26(e) and Rule 37 for failure to correct incomplete or false discovery responses).

Here, Plaintiffs and their counsel served numerous false discovery responses without "substantial justification." Plaintiffs could have easily determined which PowerSchool products they use (if any), and their counsel could have easily verified this information. Tellingly, Plaintiffs' counsel apparently *did* investigate and seek proof of which PowerSchool products Plaintiff S.G. uses, including screenshots of her Schoology account, as well as her other PowerSchool log-in pages, in the Complaint. *See, e.g.*, Compl. ¶¶ 201, 203-05, 209-10. Nothing of the sort is included for Plaintiffs L.M.C. and M.M.C. To make matters worse, Plaintiffs Concepción, L.M.C., and M.M.C., and their counsel, reiterated the false statement that L.M.C. and M.M.C. use PowerSchool products in verified interrogatory responses and RFAs. Plaintiffs' counsel certified all of these false statements by signing the discovery responses.

For all of these reasons, PowerSchool respectfully seeks the Court's permission to file a full motion under Rule 26(e), 26(g) and Rule 37(c)(1), addressing Plaintiffs and their counsel's knowingly false statements in the interrogatory responses and RFA denials described above. PowerSchool intends to seek monetary sanctions and an award of the attorneys' fees and costs PowerSchool incurred in, among other things, written discovery directed to these Plaintiffs, their depositions, and the preparation of the forthcoming sanctions motions.

Sincerely,

*/s/ Martin L. Roth*

Martin L. Roth, P.C.

# Exhibit A

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al.<br><br>    Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>    Defendant. | Case No.: 3:24-cv-02706-JD<br><br>**PLAINTIFF DAVID CONCEPCIÓN'S RESPONSES AND OBJECTIONS TO DEFENDANT POWERSCHOOL HOLDINGS, INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff David Concepción hereby serves his Responses and Objections to Defendant PowerSchool Holdings, Inc.'s First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1.    Plaintiff objects to each and every interrogatory to the extent it calls for information outside the scope of discovery pursuant to the Rules of Civil Procedure.

2.    Plaintiff objects to Defendant's interrogatories to the extent that they seek privileged and confidential attorney client communications or attorney work product.

3.    Plaintiff objects to Defendant's definitions and instructions to the extent that they purport to impose a duty on Plaintiff beyond that required by the Rules of Civil Procedure.

4.    Plaintiff objects to Defendant's definitions of the words "Plaintiff," "You," and "Your" to the extent they include Plaintiff's attorneys and therefore seeks documents that are not in Plaintiff's possession, custody, and control. Plaintiff will only produce documents that are in his own possession, custody, and control.

5.    Plaintiff objects to interrogatory to the extent that it calls for documents or information already within Defendant's possession, custody, or control or are publicly available and just as easily obtainable by Defendant as they are by Plaintiff.

6.    Plaintiff objects to the interrogatories to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time.

7.    Plaintiff objects to the interrogatories to the extent they seek disclosure of "any" documents or information responsive to a particular interrogatory on the grounds that such a request is premature, overly broad, and unduly burdensome.

8.    Plaintiff objects to the extent the interrogatories seek information that is not proportional to the needs of the case as contemplated by Rule 26(b)(1).

9.    Plaintiff submits these responses after reasonable search and investigation. Such investigation is continuing and may in the future reveal the existence of additional responsive documents. Plaintiff may also obtain additional, responsive materials in the course of discovery. If

1

1    Plaintiff discovers or otherwise identifies any additional responsive documents, these responses will

2    be supplemented as required by the Rules of Civil Procedure.

3          10.    Any agreement to produce discoverable, responsive documents should not be

4    construed as an admission that such documents exist.

5    **RESPONSES AND OBJECTIONS**

6          Subject to the foregoing general objections, and without waiver of same, Plaintiff responds to

7    each of the discovery requests as follows:

8    **INTERROGATORY NO. 1:**

9          Describe Your use of the Products with sufficient detail to identify each Product that You

10   used, when You used it, how You used it, and for what purpose.

11   **RESPONSE:**

12         Plaintiff objects because this Interrogatory is vague and ambiguous because the word

13   "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and

14   solutions exist and/or belong to PowerSchool. Plaintiff also objects to the extent the information

15   requested in equally or more available to PowerSchool.

16         Subject to and without waiving the foregoing and General Objections, Plaintiff responds as

17   follows:

18         Plaintiff uses the PowerSchool Parent Portal to review L.M.C.'s and M.M.C.'s grades. He also

19   receives information from the school and school district on the Parent Portal related to L.M.C. and

20   M.M.C. He generally receives an email or text message from the school stating that information is

21   available on the Parent Portal and then logs into the Parent Portal to review the information or

22   follows the link to the Parent Portal. He also uses the Parent Portal to confirm that his children will

23   be attending the same school and to provide information related to his family that is requested on the

24   Parent Portal. Plaintiff has used the Parent Portal since 2020.

25         L.M.C. and M.M.C. use Schoology to get information from the school and to turn in

26   assignments. M.M.C. has used Schoology since 2020. L.M.C. has used Schoology since 2021.

27   **INTERROGATORY NO. 2**:

28         To the extent You contend that You were harmed by a Product, describe with specificity

2

what specific harm You suffered, what Product caused the harm, how the Product caused that harm, and when You were harmed.

**RESPONSE:**

Plaintiff objects to this Interrogatory because Plaintiff does not contend that he was harmed by an individual product per se. He contends that he was harmed by the totality of Defendants' actions in collecting, storing, and using Plaintiff's personal data for commercial purposes, as further described in the complaint. To be sure, each product described in Interrogatory 1 is used to collect personal data, without consent, from Plaintiff and others. But exactly how each product harms Plaintiff, and how the products in connection with each other harm Plaintiff, is known only to Defendant at this time. Plaintiff therefore reserves the right to supplement this response upon further discovery.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure. Plaintiff further objects because some of the information requested, such as the date Plaintiff started using a Product, is equally or more available to Defendant as Plaintiff.

Subject to and without waiving the foregoing and General objections, Plaintiff answers as follows:

PowerSchool's products and services facilitate the collection, storage, and use of Plaintiff's data by PowerSchool. Plaintiff did not consent to the collection, storage, and use of data by PowerSchool, and certainly did not consent to PowerSchool monetizing that data by, among other things, sharing data with its partners and incorporating data into its products and services. It is my understanding that PowerSchool also refuses to allow students and their parents to access, review, or correct the information held by PowerSchool. Plaintiff's inability to see and correct information means flawed or inaccurate data regarding Plaintiff is shared by PowerSchool with others or used by PowerSchool directly.

PowerSchool has also unnecessarily retained Plaintiff's data, subjecting it to exfiltration by bad actors, such as what occurred with the data breach that PowerSchool announced on

December 28, 2024. *See, e.g.,* https://www.powerschool.com/security/sis-incident/notice-of-united-states-data-breach/.

And while Plaintiff does not yet fully understand how PowerSchool has harmed him, Plaintiff believes that PowerSchool's conduct has harmed him in at least the following ways: (1) collecting Plaintiff's data without his consent, (2) storing Plaintiff's data indefinitely without his consent, (3) using Plaintiff's data without his consent, (4) reducing the value of Plaintiff's data, (5) unnecessarily subjecting Plaintiff to marketing, (6) continuously and unnecessarily surveilling Plaintiff, (7) making it difficult for Plaintiff and his family to interact and obtain important information from teachers and administrators which interferes with Plaintiff's ability to parent in the manner he chooses, (8) invading his family's privacy, (9) forcing Plaintiff to choose between a child's right to education and other fundamental rights, such as the right to privacy, (10) failing to compensate Plaintiff for his property, and (11) not fulfilling PowerSchool's privacy obligations to Plaintiff.

Plaintiff has suffered the foregoing harms since the first date he, L.M.C., and M.M.C. started using products owned or operated by PowerSchool to the present.

**INTERROGATORY NO. 3:**

Identify each Device on which You claim the Products were used, including identifying who purchased, owned, and maintained each Device.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the word "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and solutions exist and/or belong to PowerSchool. Plaintiff further objects because this information is equally or more available to Defendant than Plaintiff, at least with respect to Products used on devices owned or leased by the schools or school districts attended by L.M.C. and M.M.C. Defendant also objects because the word "maintained" is vague and ambiguous as used in this Interrogatory.

Plaintiff further objects because the word "used" is vague and ambiguous as used in this Interrogatory. Plaintiff may not be aware of every device where a Product is used, and it is not clear how Defendant is using the term. For example, PowerSchool may have a Product running in the

background of a device or application used by Plaintiff such that the "use" of the Product is not readily known to an ordinary user, such as Plaintiff. Further, Plaintiff's use of a Product is different than the use of a Product on a device. The former may be known to Plaintiff, but the latter is probably not known to Plaintiff or any ordinary user.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing and General Objections, Plaintiff answers as follows:

1.   LMC's Google Chrome Book purchased by the family on or about November 2022

2.   MMC's Google Chrome Book purchased by the family on or about November 2022

3.   LMC's Google Chrome Book assigned by school yearly

4.   MMC's Google Chrome Book assigned by school yearly

5.   Apple iPhone 13 Pro

6.   Apple iPhone 14 Max

7.   HP Laptop purchased by the family on or about 2022

**INTERROGATORY NO. 4:**

Identify each Device You used, use, have access to, or that stores Your Data.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the word "store" is not sufficiently defined. All Devices have access to and store data for a period of time. Plaintiff further objects because the information sought in the Interrogatory is equally or more available to Defendant than Plaintiff, at least with respect to Products used on devices owned or leased by the schools or school districts attended by L.M.C. and M.M.C.

Plaintiff also objects because the words "use" and "used" are vague and ambiguous as used in this Interrogatory. Plaintiff further objects because the phrase "has access to" is vague and ambiguous as used in this Interrogatory.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature

1    Dated: February 28, 2025

HAGENS BERMAN SOBOL SHAPIRO LLP

2

By   /s/ Leonard W. Aragon
3    Leonard W. Aragon
11 West Jefferson Street, Suite 1000
4    Phoenix, Arizona 85003
Telephone: 602.840.5900
5    leonard@hbsslaw.com
Julie Liddell
6    Andrew Liddell
EDTECH LAW CENTER PLLC
7    P.O. Box 300488
Austin, Texas 78705
8    Telephone: 737.351.5855
julie.liddell@edtech.law
9    andrew.liddell@edtech.law

10
Shana E. Scarlett
11    HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
12    Berkeley, California 94710
Telephone: 510.725.3000
13    shanas@hbsslaw.com

14
Attorneys for Plaintiffs
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit B

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>　　　　　Defendant. | Case No.: 3:24-cv-02706-JD<br><br>**PLAINTIFF L.M.C.'S RESPONSES AND OBJECTIONS TO DEFENDANT POWERSCHOOL HOLDINGS, INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff L.M.C., by and through her father David Concepción, hereby serves her Responses and Objections to Defendant PowerSchool Holdings, Inc.'s First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1.      Plaintiff objects to each and every interrogatory to the extent it calls for information outside the scope of discovery pursuant to the Rules of Civil Procedure.

2.      Plaintiff objects to Defendant's interrogatories to the extent that they seek privileged and confidential attorney client communications or attorney work product.

3.      Plaintiff objects to Defendant's definitions and instructions to the extent that they purport to impose a duty on Plaintiff beyond that required by the Rules of Civil Procedure.

4.      Plaintiff objects to Defendant's definitions of the words "Plaintiff," "You," and "Your" to the extent they include Plaintiff's attorneys and therefore seeks documents that are not in Plaintiff's possession, custody, and control. Plaintiff will only produce documents that are in her own possession, custody, and control.

5.      Plaintiff objects to interrogatory to the extent that it calls for documents or information already within Defendant's possession, custody, or control or are publicly available and just as easily obtainable by Defendant as they are by Plaintiff.

6.      Plaintiff objects to the interrogatories to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time.

7.      Plaintiff objects to the interrogatories to the extent they seek disclosure of "any" documents or information responsive to a particular interrogatory on the grounds that such a request is premature, overly broad, and unduly burdensome.

8.      Plaintiff objects to the extent the interrogatories seek information that is not proportional to the needs of the case as contemplated by Rule 26(b)(1).

9.      Plaintiff submits these responses after reasonable search and investigation. Such investigation is continuing and may in the future reveal the existence of additional responsive documents. Plaintiff may also obtain additional, responsive materials in the course of discovery. If

1  Plaintiff discovers or otherwise identifies any additional responsive documents, these responses will

2  be supplemented as required by the Rules of Civil Procedure.

3      10.    Any agreement to produce discoverable, responsive documents should not be

4  construed as an admission that such documents exist.

5  **RESPONSES AND OBJECTIONS**

6      Subject to the foregoing general objections, and without waiver of same, Plaintiff L.M.C., by

7  and through her father David Concepción, responds to each of the discovery requests as follows:

8  **INTERROGATORY NO. 1:**

9      Describe Your use of the Products with sufficient detail to identify each Product that You

10  used, when You used it, how You used it, and for what purpose.

11  **RESPONSE:**

12      Plaintiff objects because this Interrogatory is vague and ambiguous because the word

13  "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and

14  solutions exist and/or belong to PowerSchool. Plaintiff also objects to the extent the information

15  requested in equally or more available to PowerSchool.

16      Subject to and without waiving the foregoing and General Objections, Plaintiff responds as

17  follows:

18      L.M.C. uses Schoology to get information from the school and to turn in assignments.

19  L.M.C. has used Schoology since 2021.

20  **INTERROGATORY NO. 2.:**

21      To the extent You contend that You were harmed by a Product, describe with specificity

22  what specific harm You suffered, what Product caused the harm, how the Product caused that harm,

23  and when You were harmed.

24  **RESPONSE:**

25      Plaintiff objects to this Interrogatory because Plaintiff does not contend that she was harmed

26  by an individual product per se. She contends that she was harmed by the totality of Defendants'

27  actions in collecting, storing, and using Plaintiff's personal data for commercial purposes, as further

28  described in the complaint. To be sure, each product described in Interrogatory 1 is used to collect

Dated: February 28, 2025

HAGENS BERMAN SOBOL SHAPIRO LLP

By _/s/ Leonard W. Aragon_
Leonard W. Aragon
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
leonard@hbsslaw.com

Julie Liddell
Andrew Liddell
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: 737.351.5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs

Exhibit C

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY CHERKIN, et al. | Case No.: 3:24-cv-02706-JD |
| Plaintiffs, | |
| v. | **PLAINTIFF M.M.C.'S RESPONSES AND OBJECTIONS TO DEFENDANT POWERSCHOOL HOLDINGS, INC.'S FIRST SET OF INTERROGATORIES** |
| POWERSCHOOL HOLDINGS, INC., | |
| Defendant. | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff M.M.C., by and through his father David Concepción, hereby serves his Responses and Objections to Defendant PowerSchool Holdings, Inc.'s First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1.      Plaintiff objects to each and every interrogatory to the extent it calls for information outside the scope of discovery pursuant to the Rules of Civil Procedure.

2.      Plaintiff objects to Defendant's interrogatories to the extent that they seek privileged and confidential attorney client communications or attorney work product.

3.      Plaintiff objects to Defendant's definitions and instructions to the extent that they purport to impose a duty on Plaintiff beyond that required by the Rules of Civil Procedure.

4.      Plaintiff objects to Defendant's definitions of the words "Plaintiff," "You," and "Your" to the extent they include Plaintiff's attorneys and therefore seeks documents that are not in Plaintiff's possession, custody, and control. Plaintiff will only produce documents that are in his own possession, custody, and control.

5.      Plaintiff objects to interrogatory to the extent that it calls for documents or information already within Defendant's possession, custody, or control or are publicly available and just as easily obtainable by Defendant as they are by Plaintiff.

6.      Plaintiff objects to the interrogatories to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time.

7.      Plaintiff objects to the interrogatories to the extent they seek disclosure of "any" documents or information responsive to a particular interrogatory on the grounds that such a request is premature, overly broad, and unduly burdensome.

8.      Plaintiff objects to the extent the interrogatories seek information that is not proportional to the needs of the case as contemplated by Rule 26(b)(1).

9.      Plaintiff submits these responses after reasonable search and investigation. Such investigation is continuing and may in the future reveal the existence of additional responsive documents. Plaintiff may also obtain additional, responsive materials in the course of discovery. If

1  Plaintiff discovers or otherwise identifies any additional responsive documents, these responses will

2  be supplemented as required by the Rules of Civil Procedure.

3       10.    Any agreement to produce discoverable, responsive documents should not be

4  construed as an admission that such documents exist.

5  **RESPONSES AND OBJECTIONS**

6       Subject to the foregoing general objections, and without waiver of same, Plaintiff M.M.C., by

7  and through his father David Concepción, responds to each of the discovery requests as follows:

8  **INTERROGATORY NO. 1:**

9       Describe Your use of the Products with sufficient detail to identify each Product that You

10  used, when You used it, how You used it, and for what purpose.

11  **RESPONSE:**

12       Plaintiff objects because this Interrogatory is vague and ambiguous because the word

13  "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and

14  solutions exist and/or belong to PowerSchool. Plaintiff also objects to the extent the information

15  requested in equally or more available to PowerSchool.

16       Subject to and without waiving the foregoing and General Objections, Plaintiff responds as

17  follows:

18       M.M.C. uses Schoology to get information from the school and to turn in assignments.

19  M.M.C. has used Schoology since 2020.

20  **INTERROGATORY NO. 2.:**

21       To the extent You contend that You were harmed by a Product, describe with specificity

22  what specific harm You suffered, what Product caused the harm, how the Product caused that harm,

23  and when You were harmed.

24  **RESPONSE:**

25       Plaintiff objects to this Interrogatory because Plaintiff does not contend that he was harmed

26  by an individual product per se. He contends that he was harmed by the totality of Defendants'

27  actions in collecting, storing, and using Plaintiff's personal data for commercial purposes, as further

28  described in the complaint. To be sure, each product described in Interrogatory 1 is used to collect

2

1   Dated: February 28, 2025

HAGENS BERMAN SOBOL SHAPIRO LLP

By  /s/ Leonard W. Aragon
Leonard W. Aragon
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
leonard@hbsslaw.com

Julie Liddell
Andrew Liddell
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: 737.351.5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs

Exhibit D

1

1        UNITED STATES DISTRICT COURT

2        NORTHERN DISTRICT OF CALIFORNIA

3          SAN FRANCISCO DIVISION

4

5   EMILY CHERKIN, et al.,

6                Plaintiffs,

7   vs.                         No. 3:24-CV-02706-JD

8   POWERSCHOOL HOLDINGS, INC.,

9                Defendants.
                                    /

10

11

12

13   VIDEOTAPED DEPOSITION OF DAVID CONCEPCION

14

15

16        Stenographically Reported by

17     ANGELA SINCLAIR, CSR No. 13902

18        RDR, RMR, RPR, CRR, CCRR

19

20

21             August 19, 2025

22

23

24

25

94

1      A.   Yes.

2      Q.   Sorry, I got a little bit behind.

3           Let me show you what we're going to mark as

4    Exhibit 11, and this is Tab 12.

5           (Defendant's Exhibit 11 was marked.)

6    BY MR. TEMCHENKO:

7      Q.   Does this sign-in page look familiar to you

8    at all?

9      A.   I can't say it does.  I. . .

10     Q.   So you don't recall ever going on a sign-in

11   page that looks like it?

12     A.   I don't even recall what it looks like.  I

13   don't even recall my username for my app 'cause it's

14   connected to my face.

15     Q.   Do you ever recall visiting

16   wccusd.powerschool.com/public?

17     A.   I recall using the school district website.

18   I don't recall specifically looking at that website.

19     Q.   So I'm not going to ask you to demonstrate

20   this, but basically if you wanted to check everything

21   that we've done, everything that we've talked about,

22   communicate with the teachers, please describe for me

23   the steps that you would go through.

24     A.   I flip open my phone, I go to the

25   ParentSquare app, it opens up with my facial

95

1   recognition or it might be even memorized on my -- my

2   username and password maybe probably are already

3   stored in my phone, and then I go through the app to

4   send a communication or to look up whatever I'm

5   looking up.

6        Q.  Let me go ahead and show you one more

7   exhibit that we're going to mark.  This is going to

8   be Defendant's Exhibit 12.

9            (Defendant's Exhibit 12 was marked.)

10  BY MR. TEMCHENKO:

11       Q.  I believe I know the answer to this

12  question, but does this sign-in page look familiar to

13  you?

14       A.  I'm going to say no.  It looks very similar

15  to the previous one just with the logo from the

16  school, but I don't recall that website, that sign-in

17  page.

18       Q.  Other than what we discussed today, can you

19  think of any other way that you've interacted with

20  what you think might be a PowerSchool product?

21            MS. SIEHL:  Object to the form.

22            You can answer.

23            THE WITNESS:  I don't believe so.

24  BY MR. TEMCHENKO:

25       Q.  Okay.  Let's now focus on your children.

1      Q.  Let me go ahead and show you what we're

2   going to mark as Exhibit 13.

3          (Defendant's Exhibit 13 was marked.)

4   BY MR. TEMCHENKO:

5      Q.  And this is Tab 19.  So this is a set of

6   screenshots that we just pulled online of various

7   dashboards, and I'd like you to take a look at the

8   four of them on the first page, second page, third

9   page, and fourth page.

10         Do any of these resemble the dashboard that

11   your kids use?

12     A.  Yes.  I don't know the name or the -- one,

13   two, three, four.  Page 4.

14     Q.  Okay.  So the last page is the one that they

15   use?

16     A.  Right.

17     Q.  Do any of these other ones look remotely

18   familiar?

19     A.  Page 1 does or -- page 1 does look familiar,

20   but page 4 is the one that I believe that they

21   use the -- that looks most like what they've been

22   using for the past five or six years or I guess

23   throughout their whole life at this school.

24     Q.  Can you please describe for me how L.M.C.

25   and M.M.C. use this classroom product?

180

1       Q.  Well, you know, let me actually try to use

2   this nice laptop that was prepared for once and I

3   will pull up the web page.

4           I'm typing in www.PowerSchool.com into the

5   browser, and I just would like to know if you have

6   gone to this page before.

7       A.  I don't believe I have.

8       Q.  Okay.  And just for the record to confirm,

9   what's currently in front of you is a web page with

10  the address www.PowerSchool.com.

11          And it is your testimony that you do not

12  believe that you have visited this page before; is

13  that correct?

14      A.  Correct.

15      Q.  Let me go ahead and show you what we're

16  going to mark as Defendant's Exhibit 19.

17          (Defendant's Exhibit 19 was marked.)

18          MR. TEMCHENKO:  It's a big one.

19          MS. SIEHL:  Heavy.

20  BY MR. TEMCHENKO:

21      Q.  Now, sir, do you know what this document is?

22      A.  Do I -- have -- do I know what the title is

23  or have I seen this document or. . .

24      Q.  You know, let me start with that.  Have you

25  seen this handbook before?

225

1                    REPORTER'S CERTIFICATE

2

3          I, ANGELA SINCLAIR, a Stenographic Certified
   Shorthand Reporter, holding a valid and current
4  license issued by the State of California, duly
   authorized to administer oaths, do hereby certify:

5
           That DAVID CONCEPCION, in the foregoing
6  deposition named, was present and by me sworn as a
   witness in the above-entitled action at the time and
7  place therein specified.

8          That said deposition was taken before me at
   said time and place, and was taken down in shorthand
9  by me and was thereafter transcribed into
   typewriting, and that the foregoing transcript
10 constitutes a full, true and correct report of said
   deposition and of the proceedings that took place.

11
           The dismantling, unsealing, or unbinding of
12 the original transcript will render the Reporter's
   Certificate null and void.

13
           Should the signature of the witness not be
14 affixed to the deposition, the witness shall not have
   availed himself/herself of the opportunity to sign or
15 the signature has been waived.

16         I further certify that I am neither counsel
   for nor related to any party in the foregoing
17 deposition and caption named nor in any way
   interested in the outcome thereof.

18
           That before completion of the proceedings,
19 review of the transcript was NOT requested pursuant
   to Federal Rule 30(e).

20
           IN WITNESS WHEREOF, I have hereunder
21 subscribed my hand this 3rd day of September 2025.

22

23         _____
           ANGELA SINCLAIR, CSR No. 13902
           RDR, RMR, RPR, CRR, CCRR
24         State of California

25

# Exhibit E

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY CHERKIN, et al. | Case No.: 3:24-cv-02706-JD |
| Plaintiffs, | |
| v. | **PLAINTIFFS L.M.C. AND M.M.C.'S RESPONSES TO DEFENDANT POWERSCHOOL HOLDINGS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION** |
| POWERSCHOOL HOLDINGS, INC., | |
| Defendant. | |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs L.M.C. and M.M.C. hereby serve their responses to Defendant PowerSchool Holdings, Inc.'s Second Set of Requests for Admission as follows:

## GENERAL OBJECTIONS

1. Plaintiffs object to each instruction that purports to impose obligations on Plaintiffs greater than those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, or the applicable Standing Orders and Orders of this Court.

2. Plaintiffs object to each instruction that seeks the disclosure of documents and/or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, doctrine or immunity. Plaintiffs' response to this set of requests for admission shall not include any documents and/or information protected by attorney-client privilege or the attorney work product doctrine.

3. Plaintiffs object to the requests for admission to the extent that they are vague and/or ambiguous.

4. Plaintiffs object to the requests for admission to the extent that they are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiffs reserve all rights to object on any ground to the use of any response, or its subject matter, in any subsequent proceedings, including the trial of this or any other action.

6. Plaintiffs reserve the right to amend and/or supplement their response to this et of requests for admission prior to trial.

7. Plaintiffs reserve any and all privileges and/or rights under applicable rules of the Federal Rules of Civil Procedure or other statutes, guidelines or common law.

## RESPONSES AND OBJECTIONS

Subject to the foregoing General Objections, and without waiver of same, Plaintiffs respond to the requests as follows:

**REQUEST NO. 2:**

Admit that You only use Your school-issued device for anything PowerSchool-related, as

1    David Concepcion testified at 97:16-19.

2    **RESPONSE:**

3    **Plaintiffs object because this Request for Admission is vague and ambiguous. It is**

4    **unclear what exactly is meant by the phrase "Your school-issued device." Plaintiffs further**

5    **object because the term "PowerSchool-related" is undefined and overly broad. Subject to**

6    **and without waiving the foregoing, Plaintiffs are unable to admit or deny the request for**

7    **admission. Plaintiffs, however, ADMIT that Mr. Concepción's testimony found at 97:16-19 is**

8    **accurate.**

9    **REQUEST NO. 3:**

10   Admit that You have used Google Classroom, as David Concepcion testified at 99:5-23,

11   118:22-24.

12   **RESPONSE:**

13   **Plaintiffs object because it is unclear whether Mr. Concepción is testifying that his**

14   **children used Google Classroom at 99:5-23. Subject to and without waiving the foregoing,**

15   **Plaintiffs ADMIT that Mr. Concepción correctly testified that his children use Google**

16   **Classroom at 118:22-24.**

17   **REQUEST NO. 4:**

18   Admit that You have used Clever, as David Concepcion testified at 99:5-23, 167:3-8.

19   **RESPONSE:**

20   **Plaintiffs object because it is unclear whether Mr. Concepción is testifying that his**

21   **children used Clever at 99:5-23. Subject to and without waiving the foregoing, Plaintiffs**

22   **ADMIT that Mr. Concepción correctly testified that his children use Clever at 167:3-8.**

23   **REQUEST NO. 5:**

24   Admit that You have not used Schoology.

25   **RESPONSE:**

26   **DENIED.**

27   **REQUEST NO. 6:**

28   Admit that You have not used any other application, other than Google Classroom, Clever,

1    schools and may be electronically collected by schools if that information is not shared or

2    otherwise used by the School for improper purposes and deleted in a timely manner.

3    **REQUEST NO. 28:**

4        Admit that You do not want to stop PowerSchool from hosting Your data for Your school,

5    as long as it is doing so safely and securely.

6    **RESPONSE:**

7        **Plaintiffs object because the word "hosting" is vague and ambiguous as used in this**

8    **Request for Production. Subject to and without waiving the foregoing, the Request for**

9    **Admission is DENIED.**

10

11   Dated: October 29, 2025            HAGENS BERMAN SOBOL SHAPIRO LLP

12

13                          By  /s/ Leonard W. Aragon
                       Leonard W. Aragon

14                          11 West Jefferson Street, Suite 1000
                       Phoenix, Arizona 85003

15                          Telephone: 602.840.5900
                       leonard@hbsslaw.com

16

17                          Julie Liddell
                       Andrew Liddell

18                          EDTECH LAW CENTER PLLC
                       P.O. Box 300488

19                          Austin, Texas 78705
                       Telephone: 737.351.5855

20                          julie.liddell@edtech.law
                       andrew.liddell@edtech.law

21

22                          Shana E. Scarlett
                       HAGENS BERMAN SOBOL SHAPIRO LLP

23                          715 Hearst Avenue, Suite 202
                       Berkeley, California 94710

24                          Telephone: 510.725.3000
                       shanas@hbsslaw.com

25

26                          Attorneys for Plaintiffs

27

28

Exhibit F

1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

----------------------------------------

EMILY CHERKIN, et al.,

                    Plaintiffs,

          vs.

                    Case No.
                    3:24-CV-02706-JD


POWERSCHOOL HOLDINGS, INC.,

                    Defendant.

----------------------------------------




    REMOTE VIDEO DEPOSITION OF L.M.C.



        Monday, November 24, 2025

            9:11 a.m. (PST)






Reported by:

Jaclyn Urzia, RPR, CRR

Job No. 2025-1004245

18

anything else about it?

    A    No.

    Q    Okay.  Have you ever heard of Schoology?

    A    Yes.

    Q    Okay.  And where did you first hear about Schoology?

    A    The same time I learned about PowerSchool.

    Q    Okay.  And what do you know about Schoology?

    A    I don't really know that much about Schoology.

    Q    Okay.  Do you recall ever going on an app or website that had Schoology written on it?

    A    No, I don't remember.

    Q    Okay.

    MR. TEMCHENKO:  Okay.  I know we've been going for 13 minutes, and I know that you've asked for frequent breaks.

    Do you want to keep going?  Do you -- like I'm fine either way.  I just don't know.  I want to make sure

54

REPORTER CERTIFICATE


I, JACLYN URZIA, do hereby certify:

That said deposition was taken at the time and place herein named; and that the transcript is a true record of the testimony as reported by me, a disinterested person, and was thereafter transcribed.

I further certify that I am not interested in the outcome of the said action, nor connected with, nor related to any of the parties in said action, nor to their respective counsel.

IN WITNESS WHEREOF, I have hereunto set my hand this 3rd day of December, 2025.




_____
JACLYN URZIA, RPR, CRR

# Exhibit G

1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

------------------------------------------

EMILY CHERKIN, et al.,

                    Plaintiffs,

        vs.

                    Case No.
                    3:24-CV-02706-JD

POWERSCHOOL HOLDINGS, INC.,

                    Defendant.

------------------------------------------

REMOTE VIDEO DEPOSITION OF M.M.C.

Monday, November 24, 2025

10:15 a.m. (PST)

Reported by:

Jaclyn Urzia, RPR, CRR

Job No. 2025-1004245

absent.

     Q    Okay.  Do you -- have you ever heard the word "Schoology" or an app called Schoology?

     A    I've heard of it, but I don't really know about it.

     Q    Okay.  Do you think you've ever used Schoology?

     A    I don't think so, no.

     MR. TEMCHENKO:  Okay.  I'm going to go ahead and introduce what is going to be M.M.C. Exhibit 1.

     (Exhibit 1, Screenshots, were remotely introduced and provided electronically to the reporter, as of this date.)

BY MR. TEMCHENKO:

     Q    And what this means is I'm going to put up something on that screen for you to take a look at and then I'm going to ask some questions.

     MR. TEMCHENKO:  This is the same exhibit as what we just showed L.M.C., so does anybody want to take a look at it before it goes up?

34

Q     Yeah.  So let me rephrase that.

Do any of the websites or apps
that you use for school, do any of them
like make you feel bad or cause you any
harm or injury, anything of that kind of
stuff?

MS. SIEHL:  Same objection.

You can answer.

A     No.

Q     Okay.  Have you ever heard of an
app called Naviance?

A     No.

Q     How about MyPowerHub?

A     No.

Q     And how about Headed2?

A     No.

Q     Okay.  Now, I know this is going
to be hard, but I need you to try to take
yourself back to two years ago when your
teacher was showing that and, you know,
just help me out here with as much detail
as you can remember.

Did just your teacher log in?
Did everybody log into this app?

Like just give me as much detail

35

as you can remember.

        MS. SIEHL:  Object to the form.

        But you can answer.

A    I think just my teacher.

Q    Okay.  Do you remember ever logging in yourself?

A    No.

Q    Okay.  Do you remember any of the other kids logging in?

A    No.

Q    Okay.  Other than that one time that your teacher like logged into that P with a line and circle, do you remember ever else trying to log into that PowerSchool with the circle?

A    This Friday.

Q    This Friday?  Okay.

        I have a feeling I know what the answer is, but I'm -- was that also with your dad?

A    Yes.

Q    Okay.  Other than this Friday, do you ever recall doing it -- logging into the P with -- other than that Friday?

A    No.

REPORTER CERTIFICATE

I, JACLYN URZIA, do hereby certify:

That said deposition was taken at the
time and place herein named; and that the
transcript is a true record of the testimony
as reported by me, a disinterested person,
and was thereafter transcribed.

I further certify that I am not
interested in the outcome of the said
action, nor connected with, nor related to
any of the parties in said action, nor to
their respective counsel.

IN WITNESS WHEREOF, I have hereunto
set my hand this 3rd day of December, 2025.




_____
JACLYN URZIA, RPR, CRR