# Exhibit B

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EdTech Law Center PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
Hagens Berman Sobol Shapiro LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY CHERKIN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>Defendant. | Case No.: 3:24-cv-02706-JD<br><br>**PLAINTIFF L.M.C.'S RESPONSES AND OBJECTIONS TO DEFENDANT POWERSCHOOL HOLDINGS, INC.'S FIRST SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff L.M.C., by and through her father David Concepción, hereby serves her Responses and Objections to Defendant PowerSchool Holdings, Inc.'s First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to each and every interrogatory to the extent it calls for information outside the scope of discovery pursuant to the Rules of Civil Procedure.

2. Plaintiff objects to Defendant's interrogatories to the extent that they seek privileged and confidential attorney client communications or attorney work product.

3. Plaintiff objects to Defendant's definitions and instructions to the extent that they purport to impose a duty on Plaintiff beyond that required by the Rules of Civil Procedure.

4. Plaintiff objects to Defendant's definitions of the words "Plaintiff," "You," and "Your" to the extent they include Plaintiff's attorneys and therefore seeks documents that are not in Plaintiff's possession, custody, and control. Plaintiff will only produce documents that are in her own possession, custody, and control.

5. Plaintiff objects to interrogatory to the extent that it calls for documents or information already within Defendant's possession, custody, or control or are publicly available and just as easily obtainable by Defendant as they are by Plaintiff.

6. Plaintiff objects to the interrogatories to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence and not reasonably limited in time.

7. Plaintiff objects to the interrogatories to the extent they seek disclosure of "any" documents or information responsive to a particular interrogatory on the grounds that such a request is premature, overly broad, and unduly burdensome.

8. Plaintiff objects to the extent the interrogatories seek information that is not proportional to the needs of the case as contemplated by Rule 26(b)(1).

9. Plaintiff submits these responses after reasonable search and investigation. Such investigation is continuing and may in the future reveal the existence of additional responsive documents. Plaintiff may also obtain additional, responsive materials in the course of discovery. If

Plaintiff discovers or otherwise identifies any additional responsive documents, these responses will be supplemented as required by the Rules of Civil Procedure.

10. Any agreement to produce discoverable, responsive documents should not be construed as an admission that such documents exist.

## RESPONSES AND OBJECTIONS

Subject to the foregoing general objections, and without waiver of same, Plaintiff L.M.C., by and through her father David Concepción, responds to each of the discovery requests as follows:

**INTERROGATORY NO. 1:**

Describe Your use of the Products with sufficient detail to identify each Product that You used, when You used it, how You used it, and for what purpose.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the word "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and solutions exist and/or belong to PowerSchool. Plaintiff also objects to the extent the information requested in equally or more available to PowerSchool.

Subject to and without waiving the foregoing and General Objections, Plaintiff responds as follows:

L.M.C. uses Schoology to get information from the school and to turn in assignments. L.M.C. has used Schoology since 2021.

**INTERROGATORY NO. 2.:**

To the extent You contend that You were harmed by a Product, describe with specificity what specific harm You suffered, what Product caused the harm, how the Product caused that harm, and when You were harmed.

**RESPONSE:**

Plaintiff objects to this Interrogatory because Plaintiff does not contend that she was harmed by an individual product per se. She contends that she was harmed by the totality of Defendants' actions in collecting, storing, and using Plaintiff's personal data for commercial purposes, as further described in the complaint. To be sure, each product described in Interrogatory 1 is used to collect

personal data, without consent, from Plaintiff and others. But exactly how each product harms Plaintiff, and how the products in connection with each other harm Plaintiff, is known only to Defendant at this time. Plaintiff therefore reserves the right to supplement this response upon further discovery.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure. Plaintiff further objects because some of the information requested, such as the date Plaintiff started using a Product, is equally or more available to Defendant as Plaintiff.

Subject to and without waiving the foregoing and General objections, Plaintiff answers as follows:

PowerSchool's products and services facilitate the collection, storage, and use of Plaintiff's data by PowerSchool. Plaintiff did not consent to the collection, storage, and use of data by PowerSchool, and certainly did not consent to PowerSchool monetizing that data by, among other things, sharing data with its partners and incorporating data into its products and services. It is also Plaintiff's understanding that PowerSchool refuses to allow students and their parents to access, review, or correct the information held by PowerSchool. Plaintiff's inability to see and correct information means flawed or inaccurate data regarding Plaintiff is shared by PowerSchool with others or used by PowerSchool directly.

PowerSchool has also unnecessarily retained Plaintiff's data, subjecting it to exfiltration by bad actors, such as what occurred with the data breach that PowerSchool announced on December 28, 2024. *See, e.g.,* https://www.powerschool.com/security/sis-incident/notice-of-united-states-data-breach/.

And while Plaintiff does not yet fully understand how PowerSchool has harmed her, Plaintiff believes that PowerSchool's conduct has harmed her in at least the following ways: (1) collecting Plaintiff's data without her consent, (2) storing Plaintiff's data indefinitely without her consent, (3) using Plaintiff's data without her consent, (4) reducing the value of Plaintiff's data, (5) unnecessarily subjecting Plaintiff to marketing, (6) continuously and unnecessarily surveilling

Plaintiff, (7) preventing Plaintiff's parents from parenting in the manner they choose, (8) invading her family's privacy, (9) forcing Plaintiff's parents to choose between a child's right to education and other fundamental rights, such as the right to privacy, (10) failing to compensate Plaintiff for her property, and (11) not fulfilling PowerSchool's privacy obligations to Plaintiff.

L.M.C. has suffered the foregoing harms since the first date she started using products owned or operated by PowerSchool to the present.

**INTERROGATORY NO. 3:**

Identify each Device on which You claim the Products were used, including identifying who purchased, owned, and maintained each Device.

**RESPONSE:**

Plaintiff objects because this Interrogatory is vague and ambiguous because the word "Products" is not sufficiently defined. Plaintiff does not know exactly what products, platforms, and solutions exist and/or belong to PowerSchool. Plaintiff further objects because this information is equally or more available to Defendant than Plaintiff, at least with respect to Products used on devices owned or leased by the schools or school districts attended by L.M.C.

Plaintiff further objects because the word "used" is vague and ambiguous as used in this Interrogatory. Plaintiff may not be aware of every device where a Product is used, and it is not clear how Defendant is using the term. For example, PowerSchool may have a Product running in the background of a device or application used by Plaintiff such that the "use" of the Product is not readily known to an ordinary user, such as Plaintiff. Further, Plaintiff's use of a Product is different than the use of a Product on a device. The former may be known to Plaintiff, but the latter is probably not known to Plaintiff or any ordinary user.

Plaintiff also objects to the extent this Interrogatory is designed to obtain the premature disclosure of expert opinions. Plaintiff will submit expert reports in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing and General Objections, Plaintiff answers as follows:

1. Google Chrome Book purchased by the family on or about November 2022

Dated: February 28, 2025

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Leonard W. Aragon

Leonard W. Aragon
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
leonard@hbsslaw.com

Julie Liddell
Andrew Liddell
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: 737.351.5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs