# Exhibit G

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Zharna Shah (*pro hac vice*)
Taylor Rothman (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
zharna.shah@kirkland.com
taylor.rothman@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Ethan Joel Levinton (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
ethan.levinton@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| EMILY CHERKIN, et al<br><br>Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:24-cv-02706-JD<br><br>**DEFENDANT POWERSCHOOL HOLDINGS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION TO PLAINTIFFS L.M.C. AND M.M.C** |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant PowerSchool Holdings, Inc., by and through its undersigned counsel, propounds the following written Requests for Admission to Plaintiffs L.M.C. and M.M.C (individually "Plaintiff" and collectively "Plaintiffs," "You," or "Your"). Each Request for Admission is to be answered in accordance with the definitions and instructions set forth herein within thirty (30) days of service as to each Plaintiff individually.

## I. INSTRUCTIONS

1. These Requests are directed toward all information known or available to each Plaintiff, including information contained in records and documents in each Plaintiff's custody or control or available to each Plaintiff upon reasonable inquiry.

2. Each matter must, to the extent it is not objected to, be answered separately and fully in writing as to each Plaintiff. If the response is identical for each Plaintiff, please so specify.

3. If an objection is made, the reasons for the objection shall be stated as to each Plaintiff. If the objection is identical for each Plaintiff, please so specify.

4. Each Plaintiff's answer should specifically admit or deny the matter or set forth in detail the reasons why each Plaintiff's cannot truthfully admit or deny the matter.

5. If a Plaintiff fails to admit a Request for Admission because the Plaintiff claims that such information is privileged, such Plaintiff(s) must identify the privilege and the facts on which the claim of privilege is based, including the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked.

6. Consistent with Rule 26(e) of the Federal Rules of Civil Procedure, these Requests for Admission are continuing in nature. Each Plaintiff is thus required to amend its responses to these Requests for Admission if he or she learns that his or her prior responses are in some material respect incomplete or incorrect.

7. Each matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, each Plaintiff serves upon Defendant a written answer or objection addressed to the matter, signed by each Plaintiff. For the avoidance of doubt,

Plaintiffs may serve a single written answer or objection, provided it clearly delineates the answer of each Plaintiff.

## II. REQUESTS

**REQUEST FOR ADMISSION NO. 2**. Admit that You only use Your school-issued device for anything PowerSchool-related, as David Concepcion testified at 97:16-19.

**REQUEST FOR ADMISSION NO. 3**. Admit that You have used Google Classroom, as David Concepcion testified at 99:5-23, 118:22-24.

**REQUEST FOR ADMISSION NO. 4**. Admit that You have used Clever, as David Concepcion testified at 99:5-23, 167:3-8.

**REQUEST FOR ADMISSION NO. 5**. Admit that You have not used Schoology.

**REQUEST FOR ADMISSION NO. 6**. Admit that You have not used any other application, other than Google Classroom, Clever, and/or Your school-issued email address, to electronically submit information to Your school or receive information from Your school, as David Concepcion testified at 100:21-101:1.

**REQUEST FOR ADMISSION NO. 7**. Admit that You have not used any EdTech product, digital product, classroom product, information system, or communication system for school that has AI features built into it.

**REQUEST FOR ADMISSION NO. 8**. Admit that PowerSchool would not be violating Your privacy expectations solely by enabling Your school to collect an assignment, grade the assignment, and return it to the student, as David Concepcion testified at 105:15-106:4.

**REQUEST FOR ADMISSION NO. 9**: Admit that PowerSchool would not be violating Your privacy expectations solely by storing Your submissions to enable Your school to perform their pedagogical obligations, as David Concepcion testified at 110:14-22.

**REQUEST FOR ADMISSION NO. 10**: Admit that PowerSchool would not be violating Your privacy expectations if it referred to or used Your data solely to fix any bugs with any existing PowerSchool product licensed by Your school, as David Concepcion testified at 113:10-20.

**REQUEST FOR ADMISSION NO. 11**. Admit that You have never sold Your data, as David Concepcion testified at 207:25-209:1.

**REQUEST FOR ADMISSION NO. 12**. Admit that You would never sell Your data, as David Concepcion testified at 207:25-209:1.

**REQUEST FOR ADMISSION NO. 13**. Admit that, in this case, You are not seeking money based on the value of Your data, as David Concepcion testified at 207:25-209:1.

**REQUEST FOR ADMISSION NO. 14**. Admit that You cannot put a value on Your data, as David Concepcion testified at 210:12-25.

**REQUEST FOR ADMISSION NO. 15**. Admit that You do not suffer any harm solely as a result of PowerSchool storing some of Your data on behalf of Your school in a secure repository, as David Concepcion testified at 212:24-213:7.

**REQUEST FOR ADMISSION NO. 16**. Admit that You do not suffer any harm solely as a result of Your school using PowerSchool to collect information on You for Your schooling, with the data only used by Your school district, as David Concepcion testified at 213:8-14.

**REQUEST FOR ADMISSION NO. 17**. Admit that You cannot identify any marketing that You received that You would not have received but for PowerSchool, as David Concepcion testified at 213:15-214:5.

**REQUEST FOR ADMISSION NO. 18**. Admit that You have not felt like You were watched by any PowerSchool product, as David Concepcion testified as 214:25-215:7.

**REQUEST FOR ADMISSION NO. 19**. Admit that PowerSchool has not interfered with how You communicate with Your school, as David Concepcion testified at 216:9-13.

**REQUEST FOR ADMISSION NO. 20**. Admit that PowerSchool has not interfered with Your relationship with Your parents, as David Concepcion testified at 216:14-19.

**REQUEST FOR ADMISSION NO. 21**. Admit that it is not Your goal in this litigation to make school districts go back to fully pencil and paper with no electronic data storage of any kind.

**REQUEST FOR ADMISSION NO. 22**. Admit that You do not want Your school district to stop providing You with assignments electronically.

**REQUEST FOR ADMISSION NO. 23**. Admit that You do not want Your school district to stop tracking grades electronically.

**REQUEST FOR ADMISSION NO. 24**. Admit that You do not want Your school district to stop tracking student information other than student grades electronically.

**REQUEST FOR ADMISSION NO. 25**. Admit that You do not want to stop PowerSchool from making it possible for school districts to provide information to You electronically.

**REQUEST FOR ADMISSION NO. 26**. Admit that You do not want to stop PowerSchool from making it possible for school districts to collect, store, and make students' education records available to students or their parents.

**REQUEST FOR ADMISSION NO. 27**. Admit that You do not want to stop PowerSchool from making it possible for school districts to collect students' assignments, forms, or annual forms.

**REQUEST FOR ADMISSION NO. 28**. Admit that You do not want to stop PowerSchool from hosting Your data for Your school, as long as it is doing so safely and securely.

DATED: September 29, 2025

Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Taylor Rothman*
Taylor Rothman


Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Zharna Shah (*pro hac vice*)
Taylor Rothman (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
zharna.shah@kirkland.com
taylor.rothman@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Ethan Joel Levinton (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
ethan.levinton@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*