# Exhibit J

Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: (737) 351-5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

EMILY CHERKIN, et al.

Plaintiffs,

v.

POWERSCHOOL HOLDINGS, INC.,

Defendant.

Case No.: 3:24-cv-02706-JD

**PLAINTIFFS L.M.C. AND M.M.C.'S RESPONSES TO DEFENDANT POWERSCHOOL HOLDINGS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs L.M.C. and M.M.C. hereby serve their responses to Defendant PowerSchool Holdings, Inc.'s Second Set of Requests for Admission as follows:

**GENERAL OBJECTIONS**

1. Plaintiffs object to each instruction that purports to impose obligations on Plaintiffs greater than those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules, or the applicable Standing Orders and Orders of this Court.

2. Plaintiffs object to each instruction that seeks the disclosure of documents and/or information protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, protection, doctrine or immunity. Plaintiffs' response to this set of requests for admission shall not include any documents and/or information protected by attorney-client privilege or the attorney work product doctrine.

3. Plaintiffs object to the requests for admission to the extent that they are vague and/or ambiguous.

4. Plaintiffs object to the requests for admission to the extent that they are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiffs reserve all rights to object on any ground to the use of any response, or its subject matter, in any subsequent proceedings, including the trial of this or any other action.

6. Plaintiffs reserve the right to amend and/or supplement their response to this et of requests for admission prior to trial.

7. Plaintiffs reserve any and all privileges and/or rights under applicable rules of the Federal Rules of Civil Procedure or other statutes, guidelines or common law.

**RESPONSES AND OBJECTIONS**

Subject to the foregoing General Objections, and without waiver of same, Plaintiffs respond to the requests as follows:

**REQUEST NO. 2:**

Admit that You only use Your school-issued device for anything PowerSchool-related, as

David Concepcion testified at 97:16-19.

**<u>RESPONSE</u>:**

**Plaintiffs object because this Request for Admission is vague and ambiguous. It is unclear what exactly is meant by the phrase "Your school-issued device." Plaintiffs further object because the term "PowerSchool-related" is undefined and overly broad. Subject to and without waiving the foregoing, Plaintiffs are unable to admit or deny the request for admission. Plaintiffs, however, ADMIT that Mr. Concepción's testimony found at 97:16-19 is accurate.**

**<u>REQUEST NO. 3</u>:**

Admit that You have used Google Classroom, as David Concepcion testified at 99:5-23, 118:22-24.

**<u>RESPONSE</u>:**

**Plaintiffs object because it is unclear whether Mr. Concepción is testifying that his children used Google Classroom at 99:5-23. Subject to and without waiving the foregoing, Plaintiffs ADMIT that Mr. Concepción correctly testified that his children use Google Classroom at 118:22-24.**

**<u>REQUEST NO. 4:</u>**

Admit that You have used Clever, as David Concepcion testified at 99:5-23, 167:3-8.

**<u>RESPONSE</u>:**

**Plaintiffs object because it is unclear whether Mr. Concepción is testifying that his children used Clever at 99:5-23. Subject to and without waiving the foregoing, Plaintiffs ADMIT that Mr. Concepción correctly testified that his children use Clever at 167:3-8.**

**<u>REQUEST NO. 5:</u>**

Admit that You have not used Schoology.

**<u>RESPONSE</u>:**

**DENIED.**

**<u>REQUEST NO. 6:</u>**

Admit that You have not used any other application, other than Google Classroom, Clever,

and/or Your school-issued email address, to electronically submit information to Your school or receive information from Your school, as David Concepcion testified at 100:21-101:1.

**RESPONSE:**

**DENIED.**

**REQUEST NO. 7:**

Admit that You have not used any EdTech product, digital product, classroom product, information system, or communication system for school that has AI features built into it.

**RESPONSE:**

**Plaintiffs object because the phrases "AI features" and "AI features built into it" are vague and ambiguous as used in this Request for Admission. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**REQUEST NO. 8:**

Admit that PowerSchool would not be violating Your privacy expectations solely by enabling Your school to collect an assignment, grade the assignment, and return it to the student, as David Concepcion testified at 105:15-106:4.

**RESPONSE:**

**Plaintiffs object because this is an incomplete hypothetical. For example, it is unclear whether the assignment would be retained in the school's data system or what the school or its partners do with the assignment, such as use it to create insights about students or improve their partners' products. Plaintiffs further object because this Request for Admission calls for a legal conclusion regarding what constitutes a violation of privacy expectations. Plaintiffs also object because the Request for Admission does not fairly summarize Mr. Concepción's testimony. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**REQUEST NO. 9:**

Admit that PowerSchool would not be violating Your privacy expectations solely by storing Your submissions to enable Your school to perform their pedagogical obligations, as David Concepcion testified at 110:14-22.

**<u>RESPONSE</u>:**

**Plaintiffs object because this is an incomplete hypothetical. Plaintiffs further object because the request is vague and ambiguous. For example, it is unclear what Defendant means by "storing Your submission" or "perform their pedagogical obligations," and what, if anything is done with the submission, such as using it to create insights about students or improve PowerSchool's products. Plaintiffs also object because the Request for Admission does not fairly summarize Mr. Concepción's testimony. Plaintiffs object further because this Request for Admission calls for a legal conclusion regarding what constitutes a violation of privacy expectations. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**<u>REQUEST NO. 10:</u>**

Admit that PowerSchool would not be violating Your privacy expectations if it referred to or used Your data solely to fix any bugs with any existing PowerSchool product licensed by Your school, as David Concepcion testified at 113:10-20.

**<u>RESPONSE</u>:**

**Plaintiffs object because this is an incomplete hypothetical. Plaintiffs further object because the request is vague and ambiguous. For example, it is unclear what Defendant means by "solely to fix any bug" and what, if anything is done with the data when "fixing a bug," such as using it to create insights about students or improve PowerSchool's products. Plaintiffs also object because the Request for Admission does not fairly summarize Mr. Concepción's testimony. Plaintiffs further object because this Request for Admission calls for a legal conclusion regarding what constitutes a violation of privacy expectations. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**<u>REQUEST NO. 11:</u>**

Admit that You have never sold Your data, as David Concepcion testified at 207:25-209:1.

**<u>RESPONSE</u>:**

**Plaintiffs object because the phrase "sold Your data" is vague and ambiguous as used in this Request for Admission. Subject to and without waiving the foregoing, Plaintiffs**

**admit that they have not voluntarily sold their data, defined as the voluntary exchange of money for M.M.C.'s or L.M.C.'s data.**

**REQUEST NO. 12:**

Admit that You would never sell Your data, as David Concepcion testified at 207:25-209:1.

**RESPONSE:**

**Plaintiffs object because the phrase "sell Your data" is vague and ambiguous as used in this Request for Admission. Plaintiffs further object because this Request for Admission does not fairly summarize Mr. Concepción's testimony. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**REQUEST NO. 13:**

Admit that, in this case, You are not seeking money based on the value of Your data, as David Concepcion testified at 207:25-209:1.

**RESPONSE:**

**Plaintiffs object because the phrase "not seeking money based on the value of Your data" is vague and ambiguous as used in this Request for Admission. Plaintiffs further object because the Request for Admission does not fairly summarize Mr. Concepción's testimony. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**REQUEST NO. 14:**

Admit that You cannot put a value on Your data, as David Concepcion testified at 210:12-25.

**RESPONSE:**

**Plaintiffs object because the phrase "put a value on Your data" is vague and ambiguous as used in this Request for Admission. Plaintiffs further object because the Request for Admission does not fairly summarize Mr. Concepción's testimony. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**REQUEST NO. 15:**

Admit that You do not suffer any harm solely as a result of PowerSchool storing some of

Your data on behalf of Your school in a secure repository, as David Concepcion testified at 212:24-213:7.

**<u>RESPONSE</u>:**

**Plaintiffs object because this Request for Admission is an incomplete hypothetical. PowerSchool, for example, does not secure data in a secure repository as evidenced by the data breach in 2024. Further, this Request for Admission does not define what data is stored. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**<u>REQUEST NO. 16:</u>**

Admit that You do not suffer any harm solely as a result of Your school using PowerSchool to collect information on You for Your schooling, with the data only used by Your school district, as David Concepcion testified at 213:8-14.

**<u>RESPONSE</u>:**

**Plaintiffs object because this Request for Admission is an incomplete hypothetical. It is unclear, for example, if the hypothetical assumes that data is being used to make insights about Plaintiffs or otherwise used to make predictions about them or with whom that data is shared and for what purposes. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**<u>REQUEST NO. 17:</u>**

Admit that You cannot identify any marketing that You received that You would not have received but for PowerSchool, as David Concepcion testified at 213:15-214:5.

**<u>RESPONSE</u>:**

**DENIED**.

**<u>REQUEST NO. 18:</u>**

Admit that You have not felt like You were watched by any PowerSchool product, as David Concepcion testified as 214:25-215:7.

**<u>RESPONSE</u>:**

**Plaintiffs object because this Request for Admission does not fairly summarize Mr. Concepción's testimony. Subject to and without waiving the foregoing, the Request for**

**Admission is DENIED.**

**<u>REQUEST NO. 19:</u>**

Admit that PowerSchool has not interfered with how You communicate with Your school, as David Concepcion testified at 216:9-13.

**<u>RESPONSE</u>:**

**Plaintiffs object because the word "interfered" is vague and ambiguous as used in this Request for Admission. Plaintiffs also object because the Request for Admission does not fairly summarize Mr. Concepción's testimony. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**<u>REQUEST NO. 20:</u>**

Admit that PowerSchool has not interfered with Your relationship with Your parents, as David Concepcion testified at 216:14-19.

**<u>RESPONSE</u>:**

**Plaintiffs object because the word "interfered" is vague and ambiguous as used in this Request for Admission. Subject to and without waiving the foregoing, Plaintiffs ADMIT the Request for Admission.**

**<u>REQUEST NO. 21:</u>**

Admit that it is not Your goal in this litigation to make school districts go back to fully pencil and paper with no electronic data storage of any kind.

**<u>RESPONSE</u>:**

**ADMIT.**

**<u>REQUEST NO. 22:</u>**

Admit that You do not want Your school district to stop providing You with assignments electronically.

**<u>RESPONSE</u>:**

**Plaintiffs object because this is an incomplete hypothetical. For example, giving out assignments without retaining information about Plaintiffs and using that information to make insights, improve or develop products, or share with third parties may be acceptable,**

**but it is unclear if that is being asked by this Request for Admission. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission but ADMIT that receiving assignment electronically is not the basis for this litigation.**

**<u>REQUEST NO. 23:</u>**

Admit that You do not want Your school district to stop tracking grades electronically.

**<u>RESPONSE</u>:**

**Plaintiffs object because this is an incomplete hypothetical. For example, tracking grades without retaining information about Plaintiffs and using that information to make insights, improve or develop products, or share with third parties may be acceptable, but it is unclear if that is what is being asked by this Request for Admission. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission but ADMIT that tracking grades electronically is not the basis for this litigation.**

**<u>REQUEST NO. 24:</u>**

Admit that You do not want Your school district to stop tracking student information other than student grades electronically.

**<u>RESPONSE</u>:**

**Plaintiffs object because this request is vague and ambiguous. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission.**

**<u>REQUEST NO. 25:</u>**

Admit that You do not want to stop PowerSchool from making it possible for school districts to provide information to You electronically.

**<u>RESPONSE</u>:**

**Plaintiffs object because this is an incomplete hypothetical. For example, providing information electronically without retaining information about Plaintiffs and using that information to make insights, improve or develop products, or share with third parties may be acceptable, but it is unclear if that is what is being asked by this Request for Admission. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission**

**but ADMIT that stopping schools from providing information electronically is not the goal of this litigation.**

**<u>REQUEST NO. 26:</u>**

Admit that You do not want to stop PowerSchool from making it possible for school districts to collect, store, and make students' education records available to students or their parents.

**<u>RESPONSE</u>:**

**Plaintiffs object because this is an incomplete hypothetical. For example, providing education without retaining information about Plaintiffs and using that information to make insights, improve or develop products, or share with third parties may be acceptable, but it is unclear if that is what is being asked by this Request for Admission. The Request is also vague and ambiguous because the phrase "students' education records" is vague and ambiguous as used in this Request. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission but ADMIT that basic demographic information about students may be held by schools and may be held electronically if that information is not shared or otherwise used by the school for improper purposes and deleted in a timely manner.**

**<u>REQUEST NO. 27:</u>**

Admit that You do not want to stop PowerSchool from making it possible for school districts to collect students' assignments, forms, or annual forms.

**<u>RESPONSE</u>:**

**Plaintiffs object because this is an incomplete hypothetical. For example, students' assignments, forms, or annual forms without retaining information about Plaintiffs and using that information to make insights, improve or develop products, or share with third parties may be acceptable, but it is unclear if that is what is being asked by this Request for Admission. The Request is also vague and ambiguous because the words "forms" and "annual forms" are vague and ambiguous as used in this Request. Subject to and without waiving the foregoing, Plaintiffs DENY the Request for Admission but ADMIT that certain information about students, such as permission forms and assignments, may be held by**

**schools and may be electronically collected by schools if that information is not shared or otherwise used by the School for improper purposes and deleted in a timely manner.**

**REQUEST NO. 28:**

Admit that You do not want to stop PowerSchool from hosting Your data for Your school, as long as it is doing so safely and securely.

**RESPONSE:**

**Plaintiffs object because the word "hosting" is vague and ambiguous as used in this Request for Production. Subject to and without waiving the foregoing, the Request for Admission is DENIED.**

Dated: October 29, 2025

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Leonard W. Aragon
Leonard W. Aragon
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
leonard@hbsslaw.com

Julie Liddell
Andrew Liddell
EDTECH LAW CENTER PLLC
P.O. Box 300488
Austin, Texas 78705
Telephone: 737.351.5855
julie.liddell@edtech.law
andrew.liddell@edtech.law

Shana E. Scarlett
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs