# Exhibit M

**From:** Adendorff, Olivia
**Sent:** Wednesday, February 25, 2026 2:56 PM
**To:** Leonard Aragon
**Cc:** Whitney K. Siehl; Temchenko, Eugene; Bladow, Robyn E.; Roth, Martin L.; Kalisky, Alyssa C.; Bailey, Amelia; Levinton, Ethan Joel; Shah, Zharna; Rothman, Taylor S.; Squiers, Cristina Martinez; Amy Nolan; Julie Liddell; Andrew Liddell; Tory Beardsley
**Subject:** Re: Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

We will hold until Friday as you request. As to the complaint, we leave it to you to determine what changes are needed to conform the complaint to the theories and classes you are now pursuing.

**Olivia Adendorff, P.C.**

**KIRKLAND & ELLIS LLP**
**Dallas Office:**
4550 Travis Street, Dallas, TX 75205
**DC Office:**
1301 Pennsylvania Avenue N.W., Washington, D.C. 20004

T +1 214 972 1758
olivia.adendorff@kirkland.com

On Feb 25, 2026, at 10:05 AM, Leonard Aragon <leonarda@hbsslaw.com> wrote:

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

We will review this. This also confirms that we will agree to withdraw certain allegations. This also confirms that we are willing to consider withdrawing other allegations if you send them over.

Also, my team is in deposition today, so we will review these redlines and discuss any possible remedial matters, asap, but won't be able to do so properly until tomorrow. As such, we ask that you wait until at least Friday to allow us to see if there are additional remedies we can make.
--
**Leonard Aragon** | Hagens Berman Sobol Shapiro LLP | (602) 224-2629

---

**From:** Adendorff, Olivia <olivia.adendorff@kirkland.com>
**Sent:** Tuesday, February 24, 2026 8:48 PM
**To:** Leonard Aragon <leonarda@hbsslaw.com>
**Cc:** Whitney K. Siehl <WhitneyS@hbsslaw.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Bladow, Robyn E. <rbladow@kirkland.com>; Roth, Martin L. <rothm@kirkland.com>; Kalisky, Alyssa C. <alyssa.kalisky@kirkland.com>; Bailey, Amelia <amelia.bailey@kirkland.com>; Levinton, Ethan Joel <ethan.levinton@kirkland.com>; Shah, Zharna <zharna.shah@kirkland.com>; Rothman, Taylor S. <taylor.rothman@kirkland.com>; Squiers, Cristina Martinez <cristina.squiers@kirkland.com>; Amy Nolan <amyn@hbsslaw.com>; Julie Liddell <julie.liddell@edtech.law>; Andrew Liddell <andrew.liddell@edtech.law>; Tory Beardsley <toryb@hbsslaw.com>
**Subject:** RE: Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

Leonard,

Please see attached the redline of the Rule 11 motion, showing our latest updates in light of the passage of time since we sent you the original draft. We plan to file this Thursday.

**Olivia Adendorff, P.C.**

-----------------------------------------------------

**KIRKLAND & ELLIS LLP**
**Dallas Office:**
4550 Travis Street, Dallas, TX 75205
**DC Office:**
1301 Pennsylvania Avenue N.W., Washington, D.C. 20004

**T** +1 214 972 1758
olivia.adendorff@kirkland.com

---

**From:** Leonard Aragon <leonarda@hbsslaw.com>
**Sent:** Monday, February 23, 2026 6:18 PM
**To:** Adendorff, Olivia <olivia.adendorff@kirkland.com>
**Cc:** Whitney K. Siehl <WhitneyS@hbsslaw.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Bladow, Robyn E. <rbladow@kirkland.com>; Roth, Martin L. <rothm@kirkland.com>; Kalisky, Alyssa C. <alyssa.kalisky@kirkland.com>; Bailey, Amelia <amelia.bailey@kirkland.com>; Levinton, Ethan Joel <ethan.levinton@kirkland.com>; Shah, Zharna <zharna.shah@kirkland.com>; Rothman, Taylor S. <taylor.rothman@kirkland.com>; Squiers, Cristina Martinez <cristina.squiers@kirkland.com>; Amy Nolan <amyn@hbsslaw.com>; Julie Liddell <julie.liddell@edtech.law>; Andrew Liddell <andrew.liddell@edtech.law>; Tory Beardsley <toryb@hbsslaw.com>
**Subject:** RE: Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

I agree we are the masters of the complaint and that additional edits are unnecessary, that was just my understanding of our conversation.

Let me confirm with my team and clients that we will withdraw and confirm the structure of the amendment, but it is my understanding that we agree to make those changes.

Also, I am envisioning a notice of withdrawing those allegations by stipulation, but I need to review the rules.

--
**Leonard Aragon** | Hagens Berman Sobol Shapiro LLP | (602) 224-2629

---

**From:** Adendorff, Olivia <olivia.adendorff@kirkland.com>
**Sent:** Monday, February 23, 2026 5:13 PM
**To:** Leonard Aragon <leonarda@hbsslaw.com>
**Cc:** Whitney K. Siehl <WhitneyS@hbsslaw.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Bladow, Robyn E. <rbladow@kirkland.com>; Roth, Martin L. <rothm@kirkland.com>; Kalisky, Alyssa C. <alyssa.kalisky@kirkland.com>; Bailey, Amelia <amelia.bailey@kirkland.com>; Levinton, Ethan Joel <ethan.levinton@kirkland.com>; Shah, Zharna <zharna.shah@kirkland.com>; Rothman, Taylor S. <taylor.rothman@kirkland.com>; Squiers, Cristina Martinez <cristina.squiers@kirkland.com>; Amy Nolan <amyn@hbsslaw.com>; Julie Liddell <julie.liddell@edtech.law>; Andrew Liddell <andrew.liddell@edtech.law>; Tory Beardsley <toryb@hbsslaw.com>
**Subject:** Re: Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

You are the master of your complaint and your edits are up to you.

Can you confirm that you do intend to amend?

**Olivia Adendorff, P.C.**

---------------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
**Dallas Office:**
4550 Travis Street, Dallas, TX 75205
**DC Office:**
1301 Pennsylvania Avenue N.W., Washington, D.C. 20004

**T** +1 214 972 1758
olivia.adendorff@kirkland.com

On Feb 23, 2026, at 6:07 PM, Leonard Aragon <leonarda@hbsslaw.com> wrote:

It was my understanding that defendants wanted us to remove additional allegations. If not, then I don't think it is an issue.

--
**Leonard Aragon** | Hagens Berman Sobol Shapiro LLP | (602) 224-2629

---

**From:** Adendorff, Olivia <olivia.adendorff@kirkland.com>
**Sent:** Monday, February 23, 2026 4:58 PM
**To:** Leonard Aragon <leonarda@hbsslaw.com>
**Cc:** Whitney K. Siehl <WhitneyS@hbsslaw.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Bladow, Robyn E. <rbladow@kirkland.com>; Roth, Martin L. <rothm@kirkland.com>; Kalisky, Alyssa C. <alyssa.kalisky@kirkland.com>; Bailey, Amelia <amelia.bailey@kirkland.com>; Levinton, Ethan Joel <ethan.levinton@kirkland.com>; Shah, Zharna <zharna.shah@kirkland.com>; Rothman, Taylor S. <taylor.rothman@kirkland.com>; Squiers, Cristina Martinez <cristina.squiers@kirkland.com>; Amy Nolan <amyn@hbsslaw.com>; Julie Liddell <julie.liddell@edtech.law>; Andrew Liddell <andrew.liddell@edtech.law>; Tory Beardsley <toryb@hbsslaw.com>
**Subject:** Re: Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

Leonard - We agree on point 1. I am not following what you are asking in point 2.

**Olivia Adendorff, P.C.**
---------------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
**Dallas Office:**
4550 Travis Street, Dallas, TX 75205
**DC Office:**
1301 Pennsylvania Avenue N.W., Washington, D.C. 20004

**T** +1 214 972 1758
olivia.adendorff@kirkland.com

On Feb 23, 2026, at 5:48 PM, Leonard Aragon <leonarda@hbsslaw.com> wrote:

Responding to both issues: I have some additional information from Dr. Barber that may help your expert. Perhaps a call tomorrow will be helpful so I can explain?

Also, it is my understanding that your team was going to confirm the following: (1) if we withdraw certain allegations from the complaint, as identified by Whitney Siehl, that Defendants will stipulate to the amendment and confirm that they will not amend the answer to include new affirmative defenses, and (2) that defendants may condition any amendment on further amendments to the complaint to conform to the class certification motion and/or discovery, and are checking on what allegations that may include.

I'll be around tomorrow to discuss.

--
**Leonard Aragon** | Hagens Berman Sobol Shapiro LLP | (602) 224-2629

---

**From:** Adendorff, Olivia <olivia.adendorff@kirkland.com>
**Sent:** Wednesday, February 18, 2026 12:50 PM
**To:** Leonard Aragon <leonarda@hbsslaw.com>; Whitney K. Siehl <WhitneyS@hbsslaw.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Bladow, Robyn E. <rbladow@kirkland.com>; Roth, Martin L. <rothm@kirkland.com>; Kalisky, Alyssa C. <alyssa.kalisky@kirkland.com>; Bailey, Amelia <amelia.bailey@kirkland.com>; Levinton, Ethan Joel <ethan.levinton@kirkland.com>; Shah, Zharna <zharna.shah@kirkland.com>; Rothman, Taylor S. <taylor.rothman@kirkland.com>; Squiers, Cristina Martinez <cristina.squiers@kirkland.com>
**Cc:** Amy Nolan <amyn@hbsslaw.com>; Julie Liddell <julie.liddell@edtech.law>; Andrew Liddell <andrew.liddell@edtech.law>; Tory Beardsley <toryb@hbsslaw.com>
**Subject:** RE: Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

Leonard,

I think we are talking past each on some of these issues. I am available from 1-5:30 CT tomorrow to discuss. In the meantime, below are responses to your questions and statements.

*First*, we are not changing the basis for our Rule 11 motion. Per Andy's request about a cite to his law firm's website, and to inform the court about the motion for class certification, we are making some revisions. But we are not adding any other statements from the complaint as a basis for a Rule 11 filing, and therefore do not believe we need to start the notice process over. *See Edgerly v. City & Cnty. of San Francisco,* 2005 WL 235710, at *3 (N.D. Cal. Feb. 1, 2005) (explaining that the Rule 11 "motion was not rendered procedurally defective because the filed motion differs from the motion served 21 days before the filing of the motion. While this may be true, plaintiff was not surprised with any new arguments"). Nonetheless, we are happy to provide a redline before filing.

*Second*, my reason for bringing up the 408 communications in my email last night was to respond to your allegation that we had never raised the inaccuracy before. We do not reference those conversations in the motion, but it is important that the record is clear between us that this motion is most definitely not the first time we have raised this issue.

*Third*, in my emails and during the meet and confer, I have made clear that we are seeking sanctions through two different vehicles for related, but distinct, conduct. There are false statements in the Complaint, which is the sole basis for our Rule 11 motion. The details about the false discovery responses are important evidence of the harm and prejudice to my client for that motion; we do not contend they are the false statements that serve as the basis of the Rule 11 motion. With respect to the false discovery statements, as we told your colleagues during the meet and confer last week, we are separately moving on those through a discovery letter to the court.

*Fourth*, your email continues to repeat the unsupported statement that "Mr. Concepcion and his family do use PowerSchool products." Setting aside the irrelevant issue of whether Mr. Concepcion remains confused about his own interaction with the ParentSquare app, the student plaintiffs (the only relevant plaintiffs under your class certification motion and the only plaintiffs relevant to the Rule 11 motion) clearly testified they did not personally use Schoology (or any other PowerSchool product), in contradiction to your Complaint allegations. They did not testify that they "recalled using the product," as we have now repeatedly pointed out. Mr. Concepcion or the district's supposed/hypothetical use of other PowerSchool products is irrelevant to the motion.

The point about PowerSchool's corporate representative's testimony is misplaced. Mr. Flagg discussed the contract with EAB and clarified that the contract was never implemented. We strongly disagree about the implications of his testimony, and the arguments the motion for class certification makes about that testimony, but this issue is distinct from the repeated statements in Plaintiffs' filings and discovery responses that the Concepcion children use products *that they testified* they do not use.

Fifth, we did offer to serve written questions on the children and not depose them. In fact, we served such questions through the RFAs, but as we have explained, those answers were in conflict with Concepcion's testimony, requiring the deposition of the children.

We look forward to speaking with you about these issues tomorrow.

**Olivia Adendorff, P.C.**

-----------------------------------------------------

**KIRKLAND & ELLIS LLP**
**Dallas Office:**
4550 Travis Street, Dallas, TX 75205
**DC Office:**
1301 Pennsylvania Avenue N.W., Washington, D.C. 20004

**T** +1 214 972 1758
olivia.adendorff@kirkland.com

---

**From:** Leonard Aragon <leonarda@hbsslaw.com>
**Sent:** Wednesday, February 18, 2026 10:20 AM
**To:** Adendorff, Olivia <olivia.adendorff@kirkland.com>; Whitney K. Siehl <WhitneyS@hbsslaw.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Bladow, Robyn E. <rbladow@kirkland.com>; Roth, Martin L. <rothm@kirkland.com>; Kalisky, Alyssa C. <alyssa.kalisky@kirkland.com>; Bailey, Amelia <amelia.bailey@kirkland.com>; Levinton, Ethan Joel <ethan.levinton@kirkland.com>; Shah, Zharna <zharna.shah@kirkland.com>; Rothman, Taylor S. <taylor.rothman@kirkland.com>; Squiers, Cristina Martinez <cristina.squiers@kirkland.com>
**Cc:** Amy Nolan <amyn@hbsslaw.com>; Julie Liddell <julie.liddell@edtech.law>; Andrew Liddell <andrew.liddell@edtech.law>; Tory Beardsley <toryb@hbsslaw.com>
**Subject:** RE: Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

This is a made-up issue and contrary to the plain language of Rule 11. First, 408 communications should not be part of this conversation and is not a basis for a Rule 11 motion, and we do no waive Rule 408 protections by responding to this message.

Second, Rule 11 doesn't apply to discovery issues, so I am unsure why you are bringing them up.

Third, Mr. Concepcion and his family do use PowerSchool products. And there was a good faith basis to add that allegation in the complaint and to respond to discovery as he did. As a threshold matter, the motion conflates PowerSchool products with Schoology. I believe the gripe is with respect to whether the family uses Schoology. The fact is that Mr. Concepcion, and by extension his kids, recalled using the product and he maintains that testimony to this day. Discovery showed that the district does not have a contract to use Schoology, but that does not mean the district never used PowerSchool products. It clearly does. Indeed, the lack of a consummated contract for Schoology does not mean that the district never used Schoology. Again, Mr. Concepcion recalls using the product, this could be because the product was tested at the district or someone downloaded and tried it out at a school, or even that he is mistaken. But his recollection was that they used the product and he has consistently stated that recollection. Even if he is mistaken as to what the product is named and believes that a different product is called PowerSchool, this is not a rule 11 violation.

This is similar to testimony by PowerSchool's fact witnesses that PowerSchool never sold student data and then the corporate representative stating that PowerSchool sells student data. If Mr. Concepcion's testimony is the premise for a rule 11 violation then you too would be subject to a Rule 11 violation if discovery was covered by the rule. But because discovery responses are not subject to Rule 11, I would obviously never threaten a motion on this basis. The Answer, however, is subject to Rule 11. And unlike here, there was a basis in the complaint for the allegation that the kids used Schoology whereas PowerSchool knew whether it sold student data and could confirm that fact. In other words, there is no Rule 11 basis for a motion as to Mr. Concepcion's good faith belief that he and his kids use Schoology, even if he is mistaken, but there is against PowerSchool.

Fourth, you state that you had to depose the children because of discovery responses made by and through their father. That is incorrect. I had to seek a protective order to limit the deposition. If you only wanted answers to the limited question of whether the kids used Schoology, that could have easily been resolved by a cursory deposition, written questions, by asking Mr. Concepcion the right questions at his deposition, or by asking for clarification outside a Rule 408 communication.

Further, my team tells me that you intend to amend the rule 11 motion? If so, you need to go through the entire process again. If not, it is my understanding that you need to file the motion as is, which is deeply flawed.

In any event, I am free Thursday except between 1:30 and 2:30, all MT.

I am working with Dr. Barber in determining whether there is more information to help your expert. It is our understanding that everything she did is easy to reproduce with the data and algorithms, but I'll see if she can help.

--
**Leonard Aragon** | Hagens Berman Sobol Shapiro LLP | (602) 224-2629

---

**From:** Adendorff, Olivia <olivia.adendorff@kirkland.com>
**Sent:** Tuesday, February 17, 2026 5:21 PM
**To:** Leonard Aragon <leonarda@hbsslaw.com>; Whitney K. Siehl <WhitneyS@hbsslaw.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Bladow, Robyn E. <rbladow@kirkland.com>; Roth, Martin L. <rothm@kirkland.com>; Kalisky, Alyssa C. <alyssa.kalisky@kirkland.com>; Bailey, Amelia <amelia.bailey@kirkland.com>; Levinton, Ethan Joel <ethan.levinton@kirkland.com>; Shah, Zharna <zharna.shah@kirkland.com>; Rothman, Taylor S. <taylor.rothman@kirkland.com>; Squiers, Cristina Martinez <cristina.squiers@kirkland.com>
**Cc:** Amy Nolan <amyn@hbsslaw.com>; Julie Liddell <julie.liddell@edtech.law>; Andrew Liddell <andrew.liddell@edtech.law>; Tory Beardsley <toryb@hbsslaw.com>
**Subject:** RE: Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

Leonard,

Responding to both chains, I'm happy to meet and confer on all this. Let me know your availability tomorrow or Thursday.

As to the Rule 11 motion, we directly raised the concerns about your inaccurate discovery responses during our Rule 408 discussions, which began in October. Please see the attached letter, page 3, sent October 10, in which we clearly stated that Mr. Concepcion's "testimony showed that ***neither he nor his family used any PowerSchool product***." On October 29, you served the RFA response on behalf of LMC and MMC shown below:

<image001.png>

As explained in our draft motion, after alerting you to the falsity of the allegation in your complaint and interrogatory responses, then receiving the incorrect RFA response above, we were forced to depose LMC and MMC—which we had previously not intended to do—to confirm the truth. We also had to litigate a motion to prevent those depositions from occurring. The Rule 11 motion more fully sets out the history and the prejudice suffered, but I did want to highlight these facts for you to inform our second meet and confer on this issue.

Regards,

**Olivia Adendorff, P.C.**

-----------------------------------------------------------
**KIRKLAND & ELLIS LLP**
**Dallas Office:**
4550 Travis Street, Dallas, TX 75205
**DC Office:**
1301 Pennsylvania Avenue N.W., Washington, D.C. 20004

**T** +1 214 972 1758
olivia.adendorff@kirkland.com

---

**From:** Leonard Aragon <leonarda@hbsslaw.com>
**Sent:** Tuesday, February 17, 2026 5:57 PM
**To:** Adendorff, Olivia <olivia.adendorff@kirkland.com>; Whitney K. Siehl <WhitneyS@hbsslaw.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Bladow, Robyn E. <rbladow@kirkland.com>; Roth, Martin L. <rothm@kirkland.com>; Kalisky, Alyssa C. <alyssa.kalisky@kirkland.com>; Bailey, Amelia <amelia.bailey@kirkland.com>; Levinton, Ethan Joel <ethan.levinton@kirkland.com>; Shah, Zharna <zharna.shah@kirkland.com>; Rothman, Taylor S. <taylor.rothman@kirkland.com>; Squiers, Cristina Martinez <cristina.squiers@kirkland.com>
**Cc:** Amy Nolan <amyn@hbsslaw.com>; Julie Liddell <julie.liddell@edtech.law>; Andrew Liddell <andrew.liddell@edtech.law>; Tory Beardsley <toryb@hbsslaw.com>
**Subject:** RE: Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

There obviously is not any agreement to amend (technically withdraw those allegations) if Defendants are still going to file their motion. I also suspect that the meet and confer was not conducted in good faith, as defendants were always going to file their motion. Rule 11 motions are subject to Rule 11 and we reserve all rights. If Defendants are willing to engage in a proper meet and confer so that Plaintiffs can better understand Defendants concerns, let us know. I am especially concerned with why these concerns were no raised earlier and exactly what prejudice was suffered. In any event, we can't stop you from filing a baseless motion.

Neither the Court nor Plaintiffs want to move the class certification hearing date. If the court wants to combine the motions, he will. But he made it clear that the deadlines are hard deadlines, so we do not consent to moving the deadline.

--
**Leonard Aragon** | Hagens Berman Sobol Shapiro LLP | (602) 224-2629

---

**From:** Adendorff, Olivia <olivia.adendorff@kirkland.com>
**Sent:** Tuesday, February 17, 2026 4:34 PM
**To:** Whitney K. Siehl <WhitneyS@hbsslaw.com>; Temchenko, Eugene <eugene.temchenko@kirkland.com>; Bladow, Robyn E. <rbladow@kirkland.com>; Roth, Martin L. <rothm@kirkland.com>; Kalisky, Alyssa C. <alyssa.kalisky@kirkland.com>; Bailey, Amelia <amelia.bailey@kirkland.com>; Levinton, Ethan Joel <ethan.levinton@kirkland.com>; Shah, Zharna <zharna.shah@kirkland.com>; Rothman, Taylor S. <taylor.rothman@kirkland.com>; Squiers, Cristina Martinez <cristina.squiers@kirkland.com>
**Cc:** Leonard Aragon <leonarda@hbsslaw.com>; Amy Nolan <amyn@hbsslaw.com>; Julie Liddell <julie.liddell@edtech.law>; Andrew Liddell <andrew.liddell@edtech.law>; Tory Beardsley <toryb@hbsslaw.com>
**Subject:** RE: Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

Whitney,

Thank you for your response. During the meet and confer, we never suggested we would forego filing the Rule 11 motion. You and Andy noted that you would speak with your team about whether you would consider amending the complaint. We appreciate you following up on that front. But, as we said during the call, we did not think that any amendment could remedy the problem—the fact that our client has spent two years and significant resources litigating allegations that are not true. Now having seen the allegations you propose removing, we can confirm that we will agree to your proposed amendments (which bring much-needed clarity to the case and upcoming

motions), but an amended complaint does not undo the damage outlined in our complaint. We plan to move forward with filing the motion, as well as the discovery letter we mentioned under Rules 26 and 37 for the same conduct (but specifically related to the RFA and Rog responses discussed in our motion).

In addition, during the meet and confer, we mentioned that we are planning to file motions to exclude all of Plaintiffs' experts as well as a motion to dismiss for lack of standing. We prefer that the Court hear all of these motions in one omnibus hearing in May after all motions are fully briefed. Could you please let us know if you're amenable to that plan? And if so, what dates in May work for your team?

Thanks,

**Olivia Adendorff, P.C.**

-----------------------------------------------------------

**KIRKLAND & ELLIS LLP**
**Dallas Office:**
4550 Travis Street, Dallas, TX 75205
**DC Office:**
1301 Pennsylvania Avenue N.W., Washington, D.C. 20004

**T** +1 214 972 1758
olivia.adendorff@kirkland.com

---

**From:** Whitney K. Siehl <WhitneyS@hbsslaw.com>
**Sent:** Tuesday, February 17, 2026 1:48 PM
**To:** Temchenko, Eugene <eugene.temchenko@kirkland.com>; Bladow, Robyn E. <rbladow@kirkland.com>; Adendorff, Olivia <olivia.adendorff@kirkland.com>; Roth, Martin L. <rothm@kirkland.com>; Kalisky, Alyssa C. <alyssa.kalisky@kirkland.com>; Bailey, Amelia <amelia.bailey@kirkland.com>; Levinton, Ethan Joel <ethan.levinton@kirkland.com>; Shah, Zharna <zharna.shah@kirkland.com>; Rothman, Taylor S. <taylor.rothman@kirkland.com>
**Cc:** Leonard Aragon <leonarda@hbsslaw.com>; Amy Nolan <amyn@hbsslaw.com>; Julie Liddell <julie.liddell@edtech.law>; Andrew Liddell <andrew.liddell@edtech.law>; Tory Beardsley <toryb@hbsslaw.com>
**Subject:** Cherkin et al. v. PowerSchool Holdings, Inc. - Response to Motion for Sanctions

Counsel,

Thank you for meeting and conferring with us on Friday evening. This correspondence memorializes our agreement that you will hold off on filing your Rule 11 brief, originally scheduled for filing Tuesday, February 17, 2026. This pause allows our team the necessary time to confer and consider amendments to the pleadings to address the concerns you raised.

While we maintain that the issues raised constitute factual disputes rather than Rule 11 violations, we are willing to withdraw certain allegations to avoid burdening the court with unnecessary motion practice.

Specifically, we are prepared to withdraw the following allegations:

1. ¶15: edit to strike "which she has accessed from both her school-issued and personally owned devices."
2. ¶16: edit to strike "which he accessed from his school-issued device."
3. ¶¶ 209-10: withdraw in their entirety
4. ¶373: edit to strike "which she has accessed from both her school-issued and personally owned devices."
5. ¶374: edit to strike "which he accessed from his school-issued device."

6. ¶ 376: edit to strike "Schoology"
7. ¶¶ 398-99: withdraw in their entirety
8. California Invasion of Privacy Act ("CIPA") ¶¶ 464-483: withdraw CIPA claim
9. California's Comprehensive Data Access and Fraud Act ("CDAFA") ¶¶ 506-531: withdraw CDAFA claim

We believe these revisions fully address your concerns raised in your Rule 11 motion and during Friday's meet and confer. Please advise if you are in agreement.

Thank you,
Whitney

--
**Whitney K. Siehl** | **Partner**
HAGENS BERMAN
Hagens Berman Sobol Shapiro LLP
Chicago, IL
(708) 628-4959
whitneys@hbsslaw.com

News | Cases | Twitter | Facebook

---

PRIVILEGED & CONFIDENTIAL: This e-mail message (and any attachments) is for the exclusive use of the intended recipient(s) and likely contains confidential and privileged information. It is the property of the law firm Hagens Berman Sobol Shapiro LLP. Do not disseminate this email, its content, or any attachments without approval of Hagens Berman. If you are not the intended recipient, please do not read, distribute, or take any other action in reliance upon this message. If you have received this email in error, please notify the sender immediately by return e-mail and promptly delete this message and its attachments from your computer system. Be advised that no privileges are waived by the transmission of this message.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.