1 | Robyn E. Bladow
2 | KIRKLAND & ELLIS LLP
    555 South Flower Street, Suite 3700
3 | Los Angeles, CA 90071
    Telephone: (213) 680-8400
4 | robyn.bladow@kirkland.com

5 | Martin L. Roth, P.C. (*pro hac vice*)
6 | Alyssa C. Kalisky, P.C. (*pro hac vice*)
    Zharna Shah (*pro hac vice*)
7 | Taylor Rothman (*pro hac vice*)
    KIRKLAND & ELLIS LLP
8 | 333 West Wolf Point Plaza
    Chicago, IL 60654
9 | Telephone: (312) 862-2000
    martin.roth@kirkland.com
10 | alyssa.kalisky@kirkland.com
    zharna.shah@kirkland.com
11 | taylor.rothman@kirkland.com

12 |
    Olivia Adendorff, P.C. (*pro hac vice*)
13 | Ethan Joel Levinton (*pro hac vice*)
    Eugene Temchenko (*pro hac vice*)
14 | KIRKLAND & ELLIS LLP
15 | 4550 Travis Street
    Dallas, TX 75205
16 | Telephone: (214) 972-1770
    olivia.adendorff@kirkland.com
17 | ethan.levinton@kirkland.com
    eugene.temchenko@kirkland.com
18 |

19 | *Attorneys for Defendant PowerSchool Holdings, Inc.*

20 |                  **UNITED STATES DISTRICT COURT**

21 |                  **NORTHERN DISTRICT OF CALIFORNIA**

22 |                       **SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY CHERKIN, et al ) | CASE NO. 3:24-cv-02706-JD |
| ) | |
| Plaintiffs, ) | **DEFENDANT POWERSCHOOL** |
| ) | **HOLDINGS, INC.'S NOTICE OF** |
| v. ) | **CONSENT TO AMENDMENT (ECF** |
| ) | **126)** |
| POWERSCHOOL HOLDINGS, INC., ) | Judge: Hon. James Donato |
| ) | Hearing Date: April 9, 2026 |
| Defendant. ) | Time: 11:00 a.m. |
| ) | Courtroom: 11, 19th Floor |

1    Defendant PowerSchool Holdings, Inc. ("PowerSchool") does not oppose the relief Plaintiffs
2  seek in their Notice of Motion and Motion for Leave to Amend the Complaint (the "Motion to
3  Amend"). PowerSchool has indicated several times to Plaintiffs that it will consent to their
4  amendment, which (1) removes allegations that lack a factual basis and (2) removes claims under the
5  California Invasion of Privacy Act and California Comprehensive Data Access and Fraud Act, both
6  of which Plaintiffs have ostensibly abandoned when they chose not to seek certification for those
7  claims. *See* ECF 128-14 (Ex. M to Mtn. for Sanctions) at 3, Email from O. Adendorff to L. Aragon
8  (Feb. 23, 2026) (memorializing the parties' agreement concerning the amendment). As Plaintiffs are
9  proceeding with PowerSchool's consent, they had intended on "withdrawing those allegations by
10 stipulation." ECF 128-14 (Ex. M to Mtn. for Sanctions) at 2, Email from L. Aragon to O. Adendorff
11 (Feb. 23, 2026).

12    Instead, Plaintiffs have now sought leave to amend and spend the bulk of their time responding
13 to arguments PowerSchool is raising in its Motion for Rule 11 Sanctions filed contemporaneously
14 with this motion. *See* ECF 126 at 2-4. The Court does not need to consider any of these issues now,
15 since Plaintiffs will be filing a separate opposition to that Motion, and Rule 11 issues are not relevant
16 to their Motion to Amend. PowerSchool is responding to some of these arguments in its Motion and
17 will further respond to others in its forthcoming Reply. PowerSchool notes, however, that:

- ***PowerSchool complied with Rule 11's safe harbor requirements while Plaintiffs did not.*** On January 23, 2026, PowerSchool emailed Plaintiffs a copy of its Rule 11 Motion, asking them to accept service by email. When Plaintiffs did not respond, PowerSchool completed service per Federal Rule of Civil Procedure 5 by January 29, 2026. The parties conferred concerning this Motion on February 13 and 19, 2026, when Plaintiffs suggested that they might amend, claiming that such an amendment would moot PowerSchool's motion. Although this is the position they have now taken, *see* ECF 126, Plaintiffs did not correct the false allegations within 21 days of service, which expired on February 19, 2026. Instead, Plaintiffs repeatedly asked PowerSchool to continue to confer, requesting, on February 25, 2026, for PowerSchool to hold off from filing the Motion "to allow [them] to see if there are additional remedies [they] can make." ECF 128-14 (Ex. M to Mtn. for Sanctions) at 1, Email from L. Aragon to O.

Adendorff (Feb. 25, 2026) (claiming that they need more time to review the issues because they are "in deposition today"). Plaintiffs offered no such remedies and instead filed a motion to amend with a section arguing that they now qualify for Rule 11's safe harbor. *See* ECF 126.

- ***PowerSchool did not substantively amend its Rule 11 motion.*** As Plaintiffs will have to admit, PowerSchool made stylistic changes, updated certain language ***based on Plaintiffs' request***, and updated various background information to ensure that its Rule 11 Motion was up-to-date given the filing of the class certification motion. The bases for the Motion and the relief sought have never changed, and so PowerSchool's changes did not restart the 21-day safe harbor clock. *See Richter v. Oracle Am., Inc.*, 2023 WL 8586690, at *6 (N.D. Cal. Dec. 8, 2023) (collecting authorities).

- ***Unlike Plaintiffs, PowerSchool could not have raised these issues until the close of discovery.*** PowerSchool's Rule 11 Motion and Plaintiffs' Motion to Amend all arise out of testimony from Plaintiffs L.M.C. and M.M.C. that they never used any PowerSchool product. Their admission contradicted Plaintiffs' Complaint, sworn interrogatories signed by L.M.C. and M.M.C.'s parent, and requests for admission signed by Plaintiffs' parent. Plaintiffs and their counsel could have discovered the truth if they asked L.M.C. and M.M.C.; PowerSchool could not have known the truth without discovery because many schools host their own data even while licensing PowerSchool products, and schools (not PowerSchool) assign accounts to students for any student-facing products they license.

Regardless, the Court should address Rule 11 issues in the context of PowerSchool's Rule 11 Motion. For purposes of Plaintiffs' Motion to Amend, PowerSchool consents to the Court granting them leave to amend, which is the sole issue ripe for adjudication.

| | | |
|---|---|---|
| 1 | DATED: February 27, 2026 | Respectfully submitted, |
| 2 | | KIRKLAND & ELLIS LLP |
| 3 | | */s/ Olivia Adendorff* |
| 4 | | Olivia Adendorff, P.C. |
| 5 | | Robyn E. Bladow |
| 6 | | KIRKLAND & ELLIS LLP |
| 7 | | 555 South Flower Street, Suite 3700 |
| | | Los Angeles, CA 90071 |
| 8 | | Telephone: (213) 680-8400 |
| | | robyn.bladow@kirkland.com |
| 9 | | Martin L. Roth, P.C. (*pro hac vice*) |
| 10 | | Alyssa C. Kalisky, P.C. (*pro hac vice*) |
| | | Amelia Bailey (*pro hac vice*) |
| 11 | | Zharna Shah (*pro hac vice*) |
| 12 | | Taylor Rothman (*pro hac vice*) |
| | | KIRKLAND & ELLIS LLP |
| 13 | | 333 West Wolf Point Plaza |
| | | Chicago, IL 60654 |
| 14 | | Telephone: (312) 862-2000 |
| | | martin.roth@kirkland.com |
| 15 | | alyssa.kalisky@kirkland.com |
| | | zharna.shah@kirkland.com |
| 16 | | taylor.rothman@kirkland.com |
| 17 | | Olivia Adendorff, P.C. (*pro hac vice*) |
| | | Ethan Joel Levinton (*pro hac vice*) |
| 18 | | Eugene Temchenko (*pro hac vice*) |
| | | KIRKLAND & ELLIS LLP |
| 19 | | 4550 Travis Street |
| 20 | | Dallas, TX 75205 |
| | | Telephone: (214) 972-1770 |
| 21 | | olivia.adendorff@kirkland.com |
| | | ethan.levinton@kirkland.com |
| 22 | | eugene.temchenko@kirkland.com |
| 23 | | Cara Yi |
| | | KIRKLAND & ELLIS LLP |
| 24 | | 555 California Street, 27th Floor |
| | | San Francisco, CA 94104 |
| 25 | | Telephone: (415) 439-1400 |
| 26 | | cara.yi@kirkland.com |
| 27 | | *Attorneys for Defendant PowerSchool Holdings, Inc.* |
| 28 | | |

DEFENDANT'S NOTICE OF CONSENT TO AMENDMENT    3    CASE NO. 3:24-CV-02706-JD