# Exhibit 43

UNITED STATES DEPARTMENT OF EDUCATION

STUDENT PRIVACY POLICY OFFICE

SPPO-23-02

# Family Educational Rights and Privacy Act

## Guidance for School Officials on Student Health Records

**April 12, 2023**

*Other than statutory and regulatory requirements included in the document, the contents of this guidance do not have the force and effect of law. This document is intended only to provide clarity to the public regarding existing requirements under the law.*

This guidance document provides school officials with general information about the Family Educational Rights and Privacy Act (FERPA) (20 U.S.C. § 1232g; 34 CFR part 99), with a particular focus on student health records maintained by educational agencies and institutions and by third parties acting on their behalf.

FERPA is a Federal law that protects the privacy of students' education records and applies to educational agencies (*e.g.*, school districts) and institutions (*i.e.*, schools such as public elementary or secondary schools, and institutions of postsecondary education such as colleges or universities) that receive funding under any program administered by the U.S. Department of Education (Department). For the purposes of this document, "school" or "schools" refers to FERPA-covered school districts, public elementary or secondary schools, and institutions of postsecondary education such as colleges and universities. Private and faith-based schools at the elementary and secondary levels generally do not receive funding under a program administered by the Department and are, therefore, generally not subject to FERPA. The Department's Student Privacy Policy Office (SPPO) administers FERPA.

***What rights do parents or eligible students have under FERPA related to student education records?***

Under FERPA, parents or eligible students have the right to exercise some control over a school's disclosure of personally identifiable information from a student's education records. 34 CFR 99.30 and 99.31. For instance, FERPA prohibits a school from disclosing personally identifiable information from a student's education records unless the parent or eligible student provides prior written consent or an exception to FERPA's general consent requirement applies. *Id.* FERPA also requires schools to provide parents or eligible students with the opportunity to inspect and review their education records (34 CFR 99.10 - 99.12) and requires schools to provide parents or eligible students with the right to seek amendment of their education records if the parent or eligible student believes the education records relating to the student contain information that is inaccurate, misleading, or in violation of the student's rights of privacy (34 CFR 99.20 - 99.22). Schools must annually notify parents or eligible students currently in attendance of their rights under FERPA. 34 CFR 99.7.

Please note that, under FERPA, a parent means "a parent of a student and includes a natural parent, a guardian, or an individual acting as a parent in the absence of a parent or a guardian." 34 CFR 99.3. An eligible student is "a student who has reached 18 years of age or is attending an institution of postsecondary education" at any age. *Id*.

***What is an "education record"?***

FERPA protects the privacy of students' education records. The term "education records" means, with certain exceptions, "records that are: (1) [d]irectly related to a student; and (2) [m]aintained by an educational agency or institution or by a party acting for the agency or institution." 34 CFR 99.3.

Under FERPA, education records may include any student's health records that are maintained by schools or their agents. However, health records of *eligible* students – students who are at least 18 years old or who are attending a postsecondary institution at any age – that qualify as "treatment records" are excluded from the definition of "education records" under FERPA. Records qualify as "treatment records" if they are records on an eligible student that are made or maintained by a physician, psychiatrist, psychologist, or other recognized professional or paraprofessional acting in his or her professional or paraprofessional capacity or assisting in that capacity; made, maintained, or used only in connection with providing treatment to the eligible student; and disclosed only to the persons providing such treatment, 34 CFR 99.3, except that the eligible student may have those records reviewed by a physician or other appropriate professional of the student's choice. 34 CFR 99.10(f).

If a school discloses an eligible student's treatment records for any purpose other than those just described – providing the eligible student with treatment or for personal review by a physician or appropriate professional of the eligible student's choice – then the records are considered "education records" under FERPA and therefore FERPA's limitations on the disclosure of education records would apply. In other words, the disclosure of an eligible student's treatment records for other purposes would transform the treatment records into education records subject to all FERPA requirements, including the right of eligible students to inspect and review education records and FERPA's limits on a school's disclosure of education records without the eligible student's prior written consent.

Please note that eligible students' health-related records maintained by schools that are made, maintained, or used for non-treatment purposes, such as medical forms or questionnaires used to screen for eligibility to participate in school-sponsored athletics, are education records rather than treatment records under FERPA. Moreover, health records that are used for the treatment of students who are under 18 years old and are attending an elementary or secondary school are not considered "treatment records" under FERPA and are therefore considered "education records" if they meet the definition of that term.

The Department's "Dear Colleague Letter to School Officials at Institutions of Higher Education" provides more information about treatment records, including the Department's view that the treatment record exception to FERPA's definition of education records should be construed in a balanced manner protecting student health, safety, and privacy interests. Dear Colleague Letter to School Officials at Institutions of Higher Education, p. 3 (August 2016).

***Are a school official's personal observations of a student considered "education records"?***

Information that a school official obtains through personal knowledge or observation, and not from an education record, is generally not protected by FERPA's limitations on the disclosure of education records, even if that information is also contained in an education record. However, a school official's personal knowledge or observation of a student would be protected by FERPA's limitations on the disclosure of education records if the school official, in their official capacity, uses this knowledge or observation in a manner that produces an education record. For example, if a high school principal sees a student violating a school rule and takes disciplinary action on the basis of this observation, and, as a result, the school generates and maintains a disciplinary record about that disciplinary action (*i.e.,* an education record), the principal's personal observations that are directly related to the student would be protected by FERPA. *See* Letter to Rockford, IL City Attorney Regarding Records on Truancy (April 2008).

***Under what circumstances does FERPA permit a school to disclose a student's education records, including certain health records, to the student's parent or other third parties without consent?***

Under FERPA, education records, including certain health records and those education records maintained by third parties on behalf of the school, may only be disclosed:

(1) with the prior written consent of the eligible student – a student who is at least 18 years old or who is attending a postsecondary institution at any age – or the student's parent if the student is not an eligible student, or
(2) when one of FERPA's permissive exceptions to the general consent requirement applies.

The following provides a few of the most common examples of FERPA exceptions that would permit, but not require, a school to disclose personally identifiable information from student education records, including certain health records, without consent:

*Disclosure to parents* – FERPA permits, but does not require, a school to disclose personally identifiable information from an eligible student's education records, without consent, to the parents of the eligible student if the student is a dependent student, as defined under section 152 of the Internal Revenue Code. 34 CFR 99.31(a)(8). Note that the parents of a student who is not an eligible student have the right to inspect and review their child's education records. 34 CFR 99.10.

*Disclosure to school officials* – FERPA permits, but does not require, a school to disclose personally identifiable information from any student's education records, without consent, to school officials, including teachers, within the school if the school has determined that the school officials have "legitimate educational interests" in the information, provided other applicable conditions are satisfied. 34 CFR 99.31(a)(1).

FERPA vests schools with significant discretion to determine who constitutes a "school official" and what constitutes a "legitimate educational interest." As a general matter, a school official would have a legitimate educational interest if the official needed to review an education record in order to fulfill their professional responsibilities. The school official exception does not permit school officials to review all records for all students. Rather, a school should look to an official's function and professional responsibilities to determine whether they have a legitimate educational interest in a particular record. For example, employees in a registrar's office may have a legitimate educational interest in which students are entitled to reasonable accommodations for test-taking. Those same employees would most likely not have a legitimate educational interest in accessing other health records or counseling information for individual students unrelated to the student's entitlement to reasonable accommodations.

Under the school official exception to the consent requirement, FERPA also permits, but does not require, a school to disclose personally identifiable information from education records to contractors (*e.g.*, software/application vendors, lawyers), consultants, volunteers, or other third parties to whom the school has outsourced institutional services or functions for which the school would otherwise use employees. *See* 34 CFR 99.31(a)(1)(i)(B). Such outsourced school officials must be under the direct control of the school with respect to the use and maintenance of education records. *Id*. Outsourced school officials may only use the disclosed personally identifiable information for the purposes for which the disclosure was made and may not redisclose the personally identifiable information to any other party without the prior written consent of the parent or eligible student. *Id*.

Schools that have a policy of disclosing education records to school officials, including where applicable third-party vendors, must include in their annual notification of FERPA rights the criteria for determining who constitutes a school official and what constitutes a legitimate educational interest. 34 CFR 99.7(a)(3)(iii). These school officials are subject to the requirements governing the use and redisclosure of personally identifiable information from education records. *See* 34 CFR 99.33.

*Disclosure involving health or safety emergencies* – FERPA permits, but does not require, a school to disclose personally identifiable information from a student's education records, without consent, to appropriate parties in connection with an emergency, if knowledge of the information is necessary to protect the health or safety of the student or other individuals. 34 CFR 99.31(a)(10) and 99.36. Under this exception, the school is responsible for determining whether to disclose personally identifiable

information from education records, including certain health records, on a case-by-case basis, taking into account the totality of the circumstances pertaining to a threat to the health or safety of a student or other individuals. 34 CFR 99.36(c). Appropriate parties to whom information may be disclosed under this FERPA exception might include law enforcement officials, public health officials, medical personnel, and parents of an eligible student, if the other conditions for disclosure, described below, have been met.

Note that this exception to consent does not allow for a blanket release of personally identifiable information. Schools should take care to disclose only the personally identifiable information from education records, including certain health records, that is necessary to protect the health or safety of the student or other individuals. *See* 34 CFR 99.36(a). Disclosures made under this exception also are subject to the requirements governing the use and redisclosure of personally identifiable information from education records. *See* 34 CFR 99.33. Finally, within a reasonable period of time after a school discloses personally identifiable information from a student's education records, without consent, pursuant to FERPA's health or safety emergency exception, the school must record in the student's education records the articulable and significant threat to the health or safety of the student or other individuals that formed the basis for the disclosure, and the parties to whom the information was disclosed. 34 CFR 99.32(a)(5).

*Disclosures to comply with court orders or subpoenas* – FERPA permits, but does not require, a school to disclose personally identifiable information from a student's education records, without consent, when such disclosure is required to comply with a judicial order or a lawfully issued subpoena. A disclosure of personally identifiable information from a student's education records under this exception must be limited to the information authorized for disclosure by the judicial order or subpoena. Before making such disclosure, the school must make a reasonable effort to notify the parent or eligible student in advance of compliance, so that they may seek protective action, unless certain conditions apply. *See* 34 CFR 99.31(a)(9).

Whenever a school chooses to disclose personally identifiable information from a student's education records without consent, the school should consider the impact of such disclosure and should only disclose the minimum amount of personally identifiable information necessary for the intended purpose. When making decisions involving student health records, the Department recommends that schools give great weight to the reasonable expectations of students that the records generally will not be disclosed, or will be disclosed only in the rarest of circumstances, and only to further important purposes, such as ensuring campus safety. Failure to meet those expectations could deter students from taking advantage of critical school resources and could undermine the integrity of the patient-health care provider relationship as well as trust between students or parents and the school.

***Does FERPA or the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule apply to records on students at health clinics or other health care facilities run by institutions of postsecondary education?***

FERPA applies to most public and private institutions of postsecondary education because those institutions participate in student financial assistance programs authorized under Title IV of the Higher Education Act of 1965, as amended (HEA). Therefore, FERPA applies to the records on students maintained by the campus health clinics and other health care facilities operated by such institutions. These records are either education records or treatment records under FERPA, and both types of records are excluded from coverage under the HIPAA Privacy Rule, even if the institution of postsecondary education is a HIPAA-covered entity. *See* 45 CFR 160.103 (definition of "protected health information," (2)(i), (ii)).

While the health records of students maintained by an institution of postsecondary education may be subject to FERPA, if the institution is a HIPAA-covered entity and provides health care to nonstudents, the individually identifiable health information of the nonstudent patients is subject to the HIPAA Privacy Rule. Thus, for

example, postsecondary institutions that are subject to both HIPAA and FERPA and that operate clinics or other health care facilities open to staff, the public, or both (including family members of students) are required to comply with FERPA for the health records (*i.e.*, education records or treatment records) of their student patients and with the HIPAA Privacy Rule with respect to protected health information in the health records of their nonstudent patients. For more information on the interplay of FERPA and HIPAA, see the Department's and the U.S. Department of Health and Human Services' "Joint Guidance on the Application of the Family Educational Rights and Privacy Act (FERPA) and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) to Student Health Records," available at the link below.

***What are some additional helpful resources for parents, eligible students, and school officials?***

*FERPA Regulations*: You can find the Department's FERPA regulations on our website.

*The Family Educational Rights and Privacy Act Guidance for Eligible Students*: This guidance provides eligible students with general information about FERPA.

*A Parent Guide to the Family Educational Rights and Privacy Act (FERPA)*: This guidance provides parents with general information about FERPA.

*Joint Guidance on the Application of the Family Educational Rights and Privacy Act (FERPA) and the Health Insurance Portability and Accountability Act of 1996 (HIPAA) to Student Health Records*: This guidance clarifies for school administrators, health care professionals, families, and others how FERPA and HIPAA apply to education and health records maintained about students.

*Addressing Emergencies on Campus*: This guidance is directed to school officials who are developing campus safety policies and offers a summary of two applicable Federal education laws administered by the Department, FERPA, and the HEA.

*HIPAA Privacy Rule and Disclosures of Information Relating to Reproductive Health Care:* This guidance is directed to entities regulated by HIPAA and clarifies how HIPAA supports access to health care by giving individuals confidence that their protected health information, including information about reproductive health care, will be kept private. Please note, as described in this document, that student health information that is maintained in an education record is generally covered by FERPA and not protected by the HIPAA Privacy Rule.

In addition to FERPA, other Federal and State laws may apply to particular education records or treatment records. Schools should seek legal advice regarding the interactions of these other laws with FERPA and their responsibilities under State laws, some of which may be more protective than FERPA. In addition, schools must contact SPPO if they believe that their State or local laws conflict with FERPA, as set forth in 34 CFR 99.61. For additional information regarding FERPA, please visit https://studentprivacy.ed.gov/. General questions regarding FERPA may be submitted to SPPO using the "Contact" tab on that website, calling the Student Privacy Help Desk at 1-855-249-3072, or by writing to SPPO at the following address:

Student Privacy Policy Office
U.S. Department of Education
400 Maryland Avenue, SW
Washington, DC 20202-8520