Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
904 Rio Grande St. Suite 100
Austin, Texas 78701
Telephone: 512-200-8028
julie.liddell@edtech.law
andrew.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

*Counsel for Plaintiffs and the Putative Class Members*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY CHERKIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>Defendant. | Case No.: 3:24-cv-02706-JD<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE SOFTWARE & INFORMATION INDUSTRY ASSOCIATION IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON CONSENT DEFENSES**<br><br>Judge: The Honorable James Donato |

The Court should deny the Motion for Leave to File Brief of *Amicus Curiae* Software & Information Industry Association in Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment on Consent Defenses, Dkt. 179.

"It is well-settled that a trial court may, in the exercise of its discretion, permit the filing of an *amicus curiae* brief." *Warehouse Rest., Inc. v. Customs House Rest., Inc.*, No. C-80-3054, 1982 WL 63800, at *1 (N.D. Cal. Oct. 4, 1982). The salient question is whether such a brief is "helpful to the Court." *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1004 (N.D. Cal. 2024) (denying leave when the proposed brief provided no additional insight or authorities); *California by & through Becerra v. United States Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019). The scope of *amicus* briefs should be limited to issues raised by the parties. *Becerra*, 381 F. Supp. 3d at 1164 (citing *Citizens Against Casino Gambling in Erie Cty. v. Kempthorne*, 471 F.Supp.2d 295, 311 (W.D.N.Y. 2007) ("*Amicus* participation goes beyond its proper role if the submission is used to present wholly new issues not raised by the parties.")).

The SIIA's putative brief is not helpful to the Court.

Despite how it is styled, the SIIA offers its brief in support of the defense of countervailing interests that PowerSchool did not timely raise and that the Court held was waived, rather than the narrow consent defenses that are the subject of Plaintiffs' motion for summary judgment. *See* Dkt. 111 (PowerSchool's Motion for Leave to Amend seeking to add defense of countervailing interests); Dkt. 121 (Court order denying motion).

In its administrative motion, the SIIA makes broad policy arguments about the "current regulatory regime" and its "belie[f]s that parents are not required to provide individual consent before student information is shared with third-party EdTech vendors," and warns that "requiring individual parental consent would upend the status quo." Dkt. 179 at 2. These are not legal arguments, and they are not responsive to Plaintiffs' arguments that FERPA does not provide a private defense to PowerSchool's alleged conduct; that PowerSchool failed to adduce evidence that schools are parents' agents; that its contacts with schools are not evidence of parent consent; and that there is no evidence that parents impliedly consented. *See generally* Plaintiff's Motion for Summary Judgment on PowerSchool's Consent Defenses, Dkt. 164.

SIIA and its members' beliefs about the law, no matter how longstanding or sincerely held, are not helpful to the Court. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 646 (2015) ("In the usual case, 'I thought it was legal' is no defense."). Nowhere does the SIIA explain, legally, why FERPA provides a private defense to PowerSchool's conduct or how schools are parents' agents.

Through its putative brief, SIIA further attempts to assert new defenses that are not the subject of Plaintiffs' motion for summary judgment and have not been raised by PowerSchool. *See, e.g.,* Dkt. 179 at 20. Specifically as to the Children's Online Privacy Protection Act (COPPA), the SIIA asserts that "The FTC has read COPPA the same way for years, treating schools as able to authorize an operator's collection of student information in the educational context," citing a guide for parents and small businesses that itself expressly states is not binding on the Commission. *See* FTC, Complying with COPPA: Frequently Asked Questions (COPPA and Schools), accessible at https://www.ftc.gov/business-guidance/resources/complying-coppa-frequently-asked-questions (last visited Jul. 6, 2026) ("**This document represents the views of FTC staff and is not binding on the Commission. . .** This document serves as a small entity compliance guide pursuant to the Small Business Regulatory Enforcement Fairness Act.") (emphasis in original). The SIIA conspicuously ignores two recent *amicus* briefs unanimously signed by the FTC Commissioners and a non-precedential, but still highly persuasive, opinion by the Ninth Circuit, each addressing schools' nonexistent authority to consent on parents' behalf under COPPA. *See Shanahan v. IXL Learning, Inc.*, Civ. App. No. 24-6985, 2026 WL 982855, at *2-*3 (9th Cir. Apr. 13, 2026) (concerning arbitration); *Shanahan v. IXL Learning, Inc.*, Civ. App. No. 24-6985, Dkt. 32.1 (9th Cir. Aug. 13, 2025); *Shanahan, et al. v. IXL Learning, Inc.*, Civ. No. 3:24-cv-2724, Dkt. 31 (N.D. Cal. Sept. 6, 2024). And the SIIA fails to mention that, despite the FTC's purported fear that requiring parent consent would interfere with educators' curriculum decisions, the proposed amendments to the COPPA rule obviating parent consent were not adopted in the final rule because there is no statutory authority for them. *See generally* 90 F.R. 16918 (Apr. 22, 2025).

PowerSchool fumbled its chance to assert a defense of countervailing interests, and the SIIA cannot step in and make out that defense on its behalf. The SIIA, its members, and allied companies like PowerSchool could have treated the law as a constraint to be respected and designed their

products in a way that would not be highly offensive to a reasonable person and egregiously breach the social norms. *See Hernandez v. Hillside, Inc.*, 47 Cal. 4th 272, 295 (2009). Instead, they relied on beliefs that happened to align with their business model—and did so at their peril.

If the Court accepts the SIIA's brief, Plaintiffs respectfully request an opportunity to respond.

Dated: July 6, 2026

Respectfully submitted,

By <u>*/s/ W. Andrew Liddell*</u>

W. Andrew Liddell (*pro hac vice*)
Julie Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
904 Rio Grande St. Suite 100
Austin, Texas 78701
Telephone: (512) 200-8028
andrew.liddell@edtech.law
julie.liddell@edtech.law

Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602)840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

*Attorneys for Plaintiffs and the Putative Class Members*