# Exhibit 46



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF PLANNING, EVALUATION AND POLICY DEVELOPMENT

June 29, 2023

Ms. Anna Segur
3741 Cedarlodge Street
Boulder, Colorado  80301

Via email: annasegur@yahoo.com

Dear Ms. Segur:

This letter is in response to your June 6, 2019, complaint filed with Student Privacy Policy Office (Office or SPPO) in which you allege that Boulder Valley School District (District) violated your rights under the Family Educational Rights and Privacy Act (FERPA) with regard to the education records of your child, Jacobo.  During a recent review of our records, we determined that we have not formally contacted you since 2020 regarding the concerns raised in your complaint.  We recognize the delay in responding to you regarding your complaint and sincerely apologize for any inconvenience this significant delay may have caused.

FERPA is a federal law that protects the privacy of students' education records.  The term "education records" is defined under FERPA, with certain exclusions, as those records that are directly related to a student and which are maintained by an educational agency or institution (e.g., a school or postsecondary institution), or by a party acting for the agency or institution, to which funds have been made available under any program administered by the Secretary of Education.  FERPA affords parents certain rights with regard to their child's education records.  When a child reaches 18 years of age or begins attending a postsecondary institution at any age, he or she becomes an "eligible student," and all of the rights under FERPA once afforded the parent transfer to the student.  These rights include your right to inspect and review your child's education records, the right to seek to have the education records amended, the right to have some control over the disclosure of personally identifiable information from the education records, and the right to file a written complaint with SPPO regarding an alleged violation of FERPA.  Under FERPA, a school is prohibited from disclosing personally identifiable information from your child's education records, without consent, unless the disclosure meets an exception to FERPA's general consent requirement.

SPPO reviews and processes written complaints of alleged violations of FERPA.  This Office investigates written complaints filed by a parent alleging a violation of FERPA only if the complaint:

- Is filed by a parent who maintains FERPA rights over the education records which are the subject of the complaint;

- Is submitted to the Office within 180 days of the date of the alleged violation or of the date that the complainant knew or reasonably should have known of the alleged violation; and,

400 MARYLAND AVE., S.W. WASHINGTON, D.C. 20202-2110

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

CONFIDENTIAL

Page 2 – Ms. Anna Segur

- Contains specific allegations of fact giving reasonable cause to believe that a violation of FERPA has occurred.

Under FERPA's enforcement provisions, this Office investigates timely complaints containing sufficient allegation of fact that would lead us to believe that a violation of FERPA may have occurred. In reaching this determination, SPPO reviews the information provided by the parent, and considers all relevant statutory and regulatory requirements and the Department's interpretation of those requirements, when reaching a decision as to whether there are sufficient facts of a potential violation of FERPA that supports our conducting an investigation.

You allege in your complaint and in subsequent conversations with this Office that the District violated the rights afforded you under FERPA when it disclosed personally identifiable information from your child's education records to an outside party without first obtaining your prior written consent. Specifically, you appear to allege that the District's portal imposes "forced consent in which parents are required to check a checkbox stating that they agree to the Technology acceptable use policy." You stated that there is no option for parents to review the policy and that the policy authorizes the District to "share student data with on demand vendors such as Google." In your complaint, you appear to allege that Google and the other "on demand vendors" are not contracted with the District. However, the limited information you provided in your complaint and in subsequent communications with this Office does not provide us with sufficient facts that would support our conducting an investigation.

You did not adequately describe the alleged violation by providing us all of the information requested on the complaint form that pertains to the nature of your complaint. Specifically, when considering an allegation of the improper disclosure of personally identifiable information from an education record, we must know (1) what education records and/or personally identifiable information was disclosed and the date of such disclosure (if known); (2) if personally identifiable information was disclosed, in what education record(s) was the personally identifiable information contained; (3) the name and title, or job function, of the school official who made the disclosure; (4) the individual to whom the disclosure was made and relationship, if any, to the educational agency or institution, and to the student; (5) the circumstances under which the disclosure was made; (6) how and when (date) you became aware of the disclosure; and, (7) a description of any communication between you and the disclosing individual or entity, as applicable, regarding the disclosure. You also did not clearly identify the personally identifiable information that was disclosed, to whom it was disclosed, and the circumstances under which the disclosure was made. Without this information, this Office does not have specific facts to give it reasonable cause to believe that personally identifiable information from your child's education records was improperly disclosed as you allege. You also did not provide these specific facts regarding the "forced consent" allegedly required by the District to register students.

The limited information you provided in your complaint regarding the District's alleged practice of imposing "forced consent in which parents are required to check a checkbox stating that they agree to the Technology acceptable use policy" does not give this Office reasonable cause to believe that you rights have been violated under FERPA. As stated above, it is unclear what personally identifiable information from your child's education records is going to be disclosed,

CHERKIN_028493

Page 3 – Ms. Anna Segur

to whom it will be disclosed, and the circumstances of the disclosure as a result of this "forced consent." It is further unclear if the consent you are allegedly being required to provide would violate your rights under FERPA. The FERPA regulations specify the conditions under which information can be disclosed from student education records without the written consent of the parent. One of the exceptions to the prior written consent requirement in FERPA allows "school officials, including teachers, within the agency or institution" to obtain access to education records provided the school has determined that they have "legitimate educational interests" in the information. Although "school official" is not defined in the statute or regulations, this Office has interpreted the term broadly to include a teacher; school principal; president; chancellor; board member; trustee; registrar; counselor; admissions officer; attorney; accountant; human resources professional; information systems specialist; and support or clerical personnel. A school official has a legitimate educational interest if the official needs to review an education record in order to fulfill his or her professional responsibility.

The FERPA regulations requires a school to include in its annual notification of rights under FERPA a statement indicating whether it has a policy of disclosing personally identifiable information under this exception, and, if so, a specification of the criteria for determining which parties are school officials and what the school considers to be a legitimate educational interest.

Further, under FERPA, a school may disclose personally identifiable information from education records without consent to an outside party who is not an employee of the school if they qualify as a "school official" with "legitimate educational interest." FERPA permits schools to outsource institutional services or functions that involve the disclosure of education records to contractors, consultants, volunteers, or other third parties provided that the outside party:

1. Performs an institutional service or function for which the school would otherwise use employees;

2. Is under the direct control of the school with respect to the use and maintenance of education records;

3. Is subject to the requirements in FERPA which provides that the personally identifiable information from education records may be used only for the purposes for which the disclosure was made, and which governs the redisclosure of personally identifiable information from education records; and

4. Meets the criteria specified in the institution's annual notification of FERPA rights for being a school official with a legitimate educational interest in the education records.

As your complaint does not provide us with all of the information requested, we do not have sufficient facts that would give this Office reasonable cause to believe that there has been a violation of FERPA. While the limited information you provided your complaint does not clearly describe what personally identifiable information the District has or is disclosing to Google and other "on demand vendors," please note that FERPA does permit educational agencies and institutions to disclose personally identifiable information from students' education records to third parties under its school official exception outsourcing provisions. Accordingly,

CONFIDENTIAL

CHERKIN_028494

Page 4 – Ms. Anna Segur

this Office is dismissing your complaint.  This letter constitutes notice of a final agency action regarding this matter.

For more information regarding your rights under FERPA please review the Guidance for Parents at https://studentprivacy.ed.gov/sites/default/files/resource_document/file/for-parents.pdf.  You also will find more information regarding FERPA on our website at: https://studentprivacy.ed.gov/.

Sincerely,

Frank E. Miller Jr.
Deputy Director
Student Privacy Policy Office

CHERKIN_028495