# Exhibit 47



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF PLANNING, EVALUATION AND POLICY DEVELOPMENT

March 11, 2022

Ms. Cathryn Moering

████████████

Via email: stauffcm@verizon.net

Dear Ms. Moering:

This is in response to your three complaints dated June 18, 2019, that you filed with the Student Privacy Policy Office (Office or SPPO) in which you alleged that the Hillsborough County Public Schools (District) violated your rights under the Family Educational Rights and Privacy Act (FERPA). Due to the volume of correspondence received by this Office and limited resources, we are currently not able to respond to all complaints in as timely a manner as we would prefer. We apologize for any inconvenience this extended delay in responding to you may have caused you. We hope that you have been able to resolve your concerns with the District.

In your complaint, you alleged that the District violated your rights with respect to your children's education records. Specifically, you alleged that your FERPA rights were violated by the District when it denied you the opportunity to inspect and review certain records, when it denied you the opportunity to seek to amend records, and when it improperly disclosed your children's education records. You also alleged that the District did not comply with FERPA's requirement to annually notify parents of their FERPA rights and that it does not have a directory information policy in place. On July 6, 2020, you provided supplemental information that this Office requested in order to further understand each of your specific allegations. Furthermore, in recent conversations with Ms. Ingrid Brault of my staff, you continued to express your concern over certain District practices which you believe are not permitted by FERPA.

SPPO reviews and processes written complaints of alleged violations of FERPA. This Office investigates written complaints filed by a parent alleging a violation of FERPA only if the complaint:

- Is filed by a parent who maintains FERPA rights over the education records which are the subject of the complaint;

- Is submitted to the Office within 180 days of the date of the alleged violation or of the date that the complainant knew or reasonably should have known of the alleged violation; and,

- Contains specific allegations of fact giving reasonable cause to believe that a violation of FERPA has occurred.

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-4500

The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.

CONFIDENTIAL

CHERKIN_034729

Page 2 – Ms. Catherine Moering

Under FERPA's enforcement provisions, this Office investigates timely complaints containing sufficient allegation of fact that would lead us to believe that a violation of FERPA may have occurred. In reaching this determination, SPPO reviews the information provided by the parent, and considers all relevant statutory and regulatory requirements and the Department's interpretation of those requirements, when reaching a decision as to whether there are sufficient facts of a potential violation of FERPA that supports our conducting a formal investigation of the complaint.

As noted, this Office investigates those timely complaints that contain specific allegations of fact giving reasonable cause to believe that a school has failed to comply with FERPA. A timely complaint is defined as one that is submitted to this Office within 180 days of the date that the complainant knew or reasonably should have known of the alleged failure to comply with FERPA. This Office is unable to review voluminous documents to determine whether specific allegations of a school's failure to comply with FERPA are included in the complaint. Rather, it is the responsibility of the complainant to clearly and succinctly state his or her allegation and to only provide relevant supporting evidence.

Also, please note that SPPO's enforcement process is intended to work cooperatively with schools to achieve their voluntary compliance with FERPA's requirements. Following a review of the evidence and allegations submitted by a complainant, we may initiate an administrative investigation by sending the school and the complainant a notification letter about the allegation and requesting a written response from the school concerning the allegation. If we then determine that a school is in violation of FERPA, the school and the complainant are so advised by a letter of finding which contains corrective actions to be taken by the school in order to come into compliance with FERPA. Such measures can include training of school officials or a memorandum advising school officials of the specific requirements at issue in the complaint. There is no basis under FERPA to require that a school take punitive or disciplinary action against an individual school official as the result of a FERPA violation. We close the investigation when the school has completed the required corrective actions.

Please see the following discussion of FERPA as it relates to your alleged FERPA violations:

Annual Notification of Rights & Directory Information Notice

With respect to the District's annual notification of FERPA rights, you allege that the District does not notify parents by means that are reasonably likely to inform them of their rights under FERPA. Educational agencies and institutions must annually notify parents of their rights under FERPA. In this regard, schools are required to notify parents of the right to inspect and review their child's education records and the procedure to do so; the right to seek amendment of records the parent believes are inaccurate and the procedure to do so; and the right to consent to disclosures of education records except to the extent FERPA authorizes disclosure without consent. The notification must also inform parents of their right to file a complaint with this Office and it must include a specification of the criteria for determining who are school officials and what constitutes a legitimate educational interest in education records.

Regarding the District's directory information policy, you state:

CHERKIN_034730

Page 3 – Ms. Catherine Moering

> I allege that [the District] has violated 34 CFR 99.37(a)(1)-(3). "A school may disclose 'directory information' to third parties without consent if it has given public notice of the types of information which it has designated as 'directory information'...," I have spent hours of my time searching for this information and made phone calls for it, if it exists, it is not in a location likely or reasonable for a parent to find.

Also, regarding the District's yearbook policy, you state:

> ... I realized my child's photo from 2013 was likely in the 2013-2014 Balfour yearbook without having received directory notification and despite my photo opt out. ... There is no reasonable expectation I would have ever known this occurred, especially since we never bought the yearbook. ... I believe that [the District] violated FERPA in 2013-2014 ... and in 2016-2017 ... when yearbooks were published with a school photo and [your children's] name. ... The yearbook photos were held in student records for those years in EdConnect...

While FERPA generally prohibits the nonconsensual disclosure of information derived from education records, there are exceptions to the general prohibition, one of which permits the nonconsensual disclosure of "directory information" that has been appropriately designated as "directory information" by the educational agency or institution. One of these exceptions permits the nonconsensual disclosure of information derived from education records that has been appropriately designated as "directory information" by the educational agency or institution.

With respect to your allegations that the District does not annually notify parents of their rights under FERPA and that the District does not give public notice of the types of information it has designated as "directory information," these allegations do not appear to be timely. As stated above, a complaint must be submitted to this Office within 180 days of the date of the alleged violation or of the date that the complainant knew or reasonably should have known of the alleged violation. The date on which you filed your complaint is more than 180 days after which the alleged violation occurred. Accordingly, this Office is dismissing your FERPA complaint as it was not filed in a timely manner. Nonetheless, because this Office routinely provides technical assistance to educational agencies and institutions on FERPA and works with them to ensure compliance with FERPA, we have reached out to the District to provide technical assistance on these two matters.

<u>Access to Education Records</u>

In your June 18, 2019, complaint, you alleged that the District failed to provide you an opportunity to inspect and review "all electronic records and [personally identifiable information (PII)] stored by third parties (iReady and Edsby in particular)." Presumably this request, originally dated October 28, 2018, was for all three of your children. You further state the following:

> Effectively, our request to know all the third party accounts the district created for our children or directed our children to create ... that hold, create, possess, or maintain student data has been denied. ... Our request to know about what apps that teachers or other educators select for class or student use that are not vetted and contracted by the district ... were denied.

CHERKIN_034731

Page 4 – Ms. Catherine Moering

> We are requesting to obtain all data held or maintained by Edsby on our children. This would include but is not limited to data provided to Edsby by the district, collected by Edsby . . . including any potential data like photos, artifacts, messages, grades, ip's, geolocation data, mac addresses, home address, phone numbers, emails, mouse movements, etc. . . . We are requesting to obtain all data held or maintained by iReady on our children. . . . like time hovering over an answer, time to answer a question, and any new data created with analytics in iReady. . . also held by iStation, Horizon Services International (MyPaymentsPlus and OneSourcePOS). . . . After months of receiving nothing I became more concerned that the school district might not actually have access to provide me the electronic student records and PII being maintained, held, created, stored, or residing with their third parties.

FERPA protects the privacy of students' education records. The term "education records" means those records that are: (1) directly related to a student; and (2) maintained by an educational agency or institution or by a party acting for the agency or institution. FERPA affords parents and eligible students (students who have reached 18 or are in college at any age) the right to have access to the student's education records, the right to seek to have the records amended, and the right to have some control over the disclosure of information from the records.

While a school is required to provide a parent access to his or her child's education records, it is not generally required by FERPA to provide *copies* of education records. However, if circumstances effectively prevent a parent from exercising his or her right to inspect and review education records, the school would be required to either provide the parent with a copy of the records requested or make other arrangements that would allow for the parent to inspect and view the requested records. For example, a school could be required to provide copies, or make other arrangements for inspection and review, if the parent did not live within commuting distance of the school.

Unfortunately, it is not clear from your complaint whether the information to which you are seeking access constitute "education records" subject to FERPA. For instance, metadata that has been stripped of all direct and indirect identifiers are not considered protected information under FERPA because they are not personally identifiable information. Thus, while you assert that all the information you seek is part of your children's education records, from the information you provided, it is not clear that that not necessarily the case. Accordingly, we found the content to be lacking sufficient clarity for this Office to determine that there is reasonable cause to believe that a violation of FERPA may have occurred and support our conducting a formal investigation. Therefore, this Office is dismissing this aspect of your complaint.

You may wish to review our Guidance for Parents at https://studentprivacy.ed.gov/resources/ferpa-general-guidance-parents, and Protecting Student Privacy While Using Online Educational Services: Requirements and Best Practices at https://studentprivacy.ed.gov/resources/protecting-student-privacy-while-using-online-educational-services-requirements-and-best, for helpful information on inspection and review rights under FERPA and privacy and security considerations relating to online educational services provided by third parties to educational agencies and institutions.

Please note that FERPA does not require schools to create or maintain education records, or to re-create lost or destroyed education records. Additionally, FERPA does not address the period of time for which education records may be maintained. However, a school may not destroy education records if there is an outstanding request to inspect and review the records.

CONFIDENTIAL

CHERKIN_034732

Page 5 – Ms. Catherine Moering

Amendment of Education Records

In your complaint, you alleged that the District did not inform you of your right to a FERPA amendment hearing as follows:

> On one occasion I was told I could come into the office to view the electronic student records (this was only in Edsby and not other vendor platforms) and unfortunately it became immediately apparent the Principal did not have access to much of the data in the student records or PII held by Edsby. Individual grades input by teachers were not available, prior years were not available – she was not able to access a significant amount of our student's data as she navigated the screens, in effect we could not inspect our students' complete records. It was in this face-to-face meeting that Principal Frick stated that the average for your child shown in Edsby is an error. Principal Frick explained to me the district does not calculate grade averages for certain elementary grades, and that the grade average number shown for my child in Edsby was "incorrect". This statement by the principal that the data was incorrect is my reason for requesting the averages for each child (Eliz., Ev, and Ed) be removed/amended. Her statement also led me to conclude the value was incorrectly created by Edsby's analytics product and attributed to my student's record. I asked that those averages that she referenced be removed from the records because she (Principal Frick) stated they were wrong.
>
> I allege the district is in violation of 34 CFR 99.20c. To our knowledge the district did not amend a record; we asked several times and never received a response. The district did not "inform the parent or eligible student of its decision and of his or her right to a hearing under § 99.21." While I understand your request for specifics about the record we want amended, unfortunately the district has made it difficult for me to obtain the specifics necessary to provide you specifics, by not providing access to the student records held by third parties....

FERPA affords parents the opportunity to seek amendment of their children's education records which they believe contain information that is inaccurate or misleading. While a school is not required to amend a record in accordance with a parent's request, it is required to consider the request for amendment of an education record, to inform the parent of its decision, and if the request is denied, to advise the parent of the right to a hearing on the matter. If, as a result of a hearing, a school decides not to amend the record, then the parent has the right to insert a statement in the record setting forth his or her views. That statement must remain with the record for as long as the record is maintained.

This right is not unlimited, however, and a school is not required by FERPA to afford a parent the right to seek to change substantive decisions made by school officials, such as grades or other evaluations of a student. This fact is indicated in the legislative history of FERPA. The primary source of legislative history regarding FERPA is contained in the "Joint Statement in Explanation of Buckley/Pell Amendment," Volume 120 of the Congressional Record, pages 39862-39866. The Joint Statement states that FERPA was "not intended to overturn established standards and procedures for the challenge of substantive decisions made by an educational institution." (Emphasis added.) FERPA was intended to require only that educational agencies and institutions

CHERKIN_034733

Page 6 – Ms. Catherine Moering

conform to fair recordkeeping practices and not to override the accepted standards and procedures for making academic assessments, disciplinary rulings, or placement determinations. Thus, while FERPA affords parents the right to seek to amend education records which contain inaccurate information, this right cannot be used to challenge substantive decisions of school officials, a grade or an individual's opinion. In this regard, a school is not required to offer a FERPA hearing if the request to amend the record is not subject to FERPA's amendment provisions.

Unfortunately, in reviewing your complaint, we found the content to be lacking sufficient clarity for this Office to determine that there is reasonable cause to believe that a violation of FERPA may have occurred and support our conducting a formal investigation. For instance, while we requested that you provide this Office with a dated, written request from you to the District outlining the record that the District initially told you was "incorrect," as well as any written response you received from the District, you did not provide that information. Therefore, this Office is dismissing this aspect of your complaint.

Improper Disclosure of Education Records

*Outsourcing Institutional Services or Functions –*

In your complaint, you alleged that the District improperly disclosed education records. Specifically, you state:

> I allege Edsby was not qualified as a school official under this clause from 2013-2020, in either contract with Aptiris. I allege their access to student PII, allowed by HCPS, is a violation of CFR 34 99.30.

> Unauthorized App Use CFR 34 99.31(a) or 99.30 Based on my recall the (District's) lawyer casually mentioned that teachers can pick whatever apps they want to use in the classroom. . . . I observed a [District] school administrator post a student's name and that student's data for "ELA Report Card Grades", "i-Ready Reading Data", "Formative" score, "i-Ready Math Data", "Math Unit Assessment data", ... in real time on Twitter from an excel spreadsheet. The administrator's name, the school name, and the grade level of the students was included in the Tweet. It contained the bulk of the scores for an entire classroom. The line item selected was highlighted and the full child's name was visible in the formula "fx" field in Excel. If the names were in alphabetical order, then anyone with a class roster would know the scores for every student in the class. How can I have any confidence this has not occurred to our own children and I have missed it given the litany of problems I have observed or experienced with FERPA compliance?

Regarding your overall concern about access to information maintained by vendors, please note the following. Under the school official provisions in FERPA, a school may also disclose personally identifiable information from education records without consent to an outside party who is not an employee of the school if the outside party qualifies as a "school official" with "legitimate educational interest." The FERPA regulations permits schools to outsource institutional services or functions that involve the disclosure of education records to contractors, consultants, volunteers, or other third parties provided that the outside party:

CONFIDENTIAL

CHERKIN_034734

Page 7 – Ms. Catherine Moering

1. Performs an institutional service or function for which the school would otherwise use employees;

2. Is under the direct control of the school with respect to the use and maintenance of education records;

3. Is subject to the requirements in FERPA which provides that the PII from education records may be used only for the purposes for which the disclosure was made, and which governs the redisclosure of PII from education records; and

4. Meets the criteria specified in the institution's annual notification of FERPA rights for being a school official with a legitimate educational interest in the education records.

While not a requirement of FERPA, one way to ensure that vendors and other outside parties are aware of the FERPA requirements related to the use and disclosure of personally identifiable information obtained from education records is for an educational agency or institution to have a written agreement with a vendor company specifying their requirements and responsibilities to comply with FERPA.

With respect to the District's "direct control" over the education records maintained by its contractors, you state:

> I allege HCPS does not have direct control for use and maintenance of student data, education records that Edsby possesses. 34 CFR 99.31 A(1)(i)(B)(2).

> Edsby repeatedly published on Twitter (in 2014) the link to Hillsborough School's Edsby login page, the account user name: "student ID", the account password convention: date of birth ("mmddyyyy"), and time frame student accounts were regularly reset to these published password defaults. This information was found on Twitter in 2018.

> We were not users of Edsby (we did not agree to their Privacy Policies and TOS) but the district has created our children's accounts and inputs data to those accounts, and we had prohibited our children from using the product. Please advise if you want screen prints of Edsby's posts that could have compromised my children's account security.

> Additionally, the district lawyer stated that "The district has provided to you all of the specific student information we are capable of providing to you." And that they are "…unable to gather and provide much of the electronic requests for information you have made."

> When the district claims they are not "capable" and are "unable to gather and provide" much of the student record data on file with third party vendors that I have requested they are then not in direct control of the use and maintenance of student data held, collected, or maintained by Edsby.

> The scope of Edsby's rights to use and distribute our children's PII from education records through the Terms of Use and its licensing provision, in effect, required forfeiture of my and my children's rights under FERPA to protect against the unauthorized disclosure of PII input by

CONFIDENTIAL

CHERKIN_034735

Page 8 – Ms. Catherine Moering

school officials from my child's education records that has been posted or submitted to the Site as "User Provided Content." Thereby, I allege the school district has stripped the parent and students rights under FERPA.

You do not appear to allege what, if any, personally identifiable information from your children's education records was disclosed. Based on the facts you provided, your complaint does not give this Office reasonable cause to believe that there has been a violation of FERPA, as the disclosure appears to be permissible under FERPA's school official exception outsourcing provisions. Additionally, FERPA vests the rights it affords with the parent or eligible student who has suffered an alleged violation and does not provide for these rights to be vested in a third party that has not suffered an alleged violation. Thus, an individual must have "standing," i.e., be a parent who has suffered an alleged violation, in order to file a complaint under FERPA. Notwithstanding the issue of who can file a FERPA complaint, your allegation does not appear to be based on specific allegations of fact, but instead on speculation and/or a subjective overall conclusion. Therefore, this Office is dismissing this aspect of your complaint.

Again, while we understand the underlying concerns that you have, especially regarding the outsourcing of institutional services or functions to outside vendors, we are unable to investigate allegations of violation of FERPA that do not contain specific allegations of fact. We will continue to assist educational agencies and institutions regarding compliance with FERPA, particularly as technological advancements continue to evolve.

For more information regarding your rights under FERPA please review the Guidance for Parents at https://studentprivacy.ed.gov/sites/default/files/resource_document/file/for-parents.pdf. You also will find more information regarding FERPA on our website at: https://studentprivacy.ed.gov/. We regret that we are unable to assist you with your concerns. Again, please accept our sincerest apology for the delay in our response. This letter constitutes notice of a final agency action regarding this matter.

Sincerely,

Frank E. Miller Jr.
Deputy Director
Student Privacy Policy Office

CHERKIN_034736