Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Amelia H. Bailey (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
amelia.bailey@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Cristina Martinez Squiers (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
cristina.squiers@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| EMILY CHERKIN, et al<br><br>Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>Defendant. | ) | CASE NO. 3:24-cv-02706-JD<br><br>**DEFENDANT POWERSCHOOL HOLDINGS, INC.'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Judge: Hon. James Donato |

## I. INTRODUCTION

PowerSchool Holdings, Inc. ("PowerSchool") respectfully moves pursuant to Civil Local Rules 7-11 and 79-5 for an order permitting limited redactions to exhibits A-B to the Declaration of Olivia Adendorff in Support of PowerSchool's Motion to Exclude the Opinions of Catherine O'Neil. The materials PowerSchool seeks to seal contain confidential technical, financial, and commercial information that PowerSchool maintains as strictly non-public and whose disclosure would cause competitive harm.

The materials at issue involve non-public information regarding PowerSchool's data processing and storage architecture contained in product specific Data Privacy Impact Assessments ("DPIAs"). Courts in this District routinely permit sealing of such materials where disclosure would reveal trade secrets, confidential business strategy, or sensitive commercial relationships.

PowerSchool seeks only narrowly tailored redactions to protect this confidential information while preserving public access to the remainder of the filings. The specific bases for sealing each document or portion of a document are set forth in the accompanying Declaration of Darron Flagg and in the proposed order submitted with this motion.

## II. LEGAL STANDARD

Although there is a strong presumption in favor of public access to judicial records, that presumption may be overcome where the party seeking sealing demonstrates compelling reasons supported by specific facts. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citation omitted). The Ninth Circuit has held that records attached to motions that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of compelling reasons. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098-1101 (9th Cir. 2016) (compelling reasons standard applies to filings closely related to the merits of the case); *cf. In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.* 686 F.3d 1115, 1119 (9th Cir. 2012) (holding that the "compelling reasons" standard applied to records filed in connection with a *Daubert* motion where the motion was effectively dispositive of summary judgment). Courts in the Northern District of California apply the compelling reasons standard to motions to seal associated with both motions for partial summary

judgment and summary judgment alike. *See Asia Vital Components Co., Ltd. V. Asetek Danmark A/S*, 2019 WL 13423737, *2 (N.D. Cal. Jan. 30, 2019) (applying compelling reasons standard to motions to seal related to motions for partial summary judgment); *Day v. GEICO Cas. Co.*, 2023 WL 6558404, *1 (N.D. Cal. Sept. 21, 2023) (applying compelling reasons standard to motion to seal related to motion for summary judgment); *Marsh & McLennan Agency, LLC v. Teros Advisors, LLC*, 2021 WL 4133858, *2 (N.D. Cal. Sept. 10, 2021) (same); *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, 2021 WL 1146216, *2-3 (N.D. Cal. Feb. 12, 2021) (same).

In addition to satisfying the applicable substantive standard, a party seeking to seal material must comply with the procedural requirements of Civil Local Rule 79-5. The rule requires a motion to seal to include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal," including an explanation of (1) the legitimate interests that warrant sealing; (2) the injury that would result if sealing is denied; and (3) why less restrictive alternatives such as targeted redactions are insufficient. Civ. L.R. 79-5(c)(1). The motion must also be supported by evidentiary declarations and accompanied by a proposed order that is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(2) – (3).

## III. ARGUMENT

PowerSchool's sealing requests satisfy the compelling reasons standard for the reasons set forth below.

PowerSchool seeks to seal limited portions of documents revealing non-public aspects of its internal data processing and storage architecture, including information contained in product specific DPIAs. These materials describe PowerSchool's data flows, sub-processors, and internal data handling practices used to support its products and services. *See* Adendorff Decl., Exs. A-B; Flagg Decl. ¶¶ 6-7.

This information reflects proprietary technical and operational practices that PowerSchool does not publicly disclose. *See* Flagg Decl. ¶¶ 6-7. Public disclosure would reveal details of PowerSchool's internal systems and processes that competitors could use to replicate or exploit PowerSchool's technical infrastructure. *See id.* Courts routinely permit sealing of such materials where disclosure could harm a litigant's competitive standing or reveal confidential business

information. *See, e.g.*, *Space Data Corp. v. Alphabet, Inc.*, No. 16-3260, 2019 WL 8012678, at *2 (N.D. Cal. May 29, 2019) (sealing confidential technical information regarding system design, operation, and source code, where disclosure would expose party to competitive harm); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, *2-3 (N.D. Cal. Feb. 9, 2016) (sealing confidential information regarding technical operation of products where disclosure could cause competitive harm).

PowerSchool therefore seeks narrowly tailored sealing limited to those portions of the documents that reveal confidential technical information. *See* Flagg Decl. ¶ 5.

## IV. CONCLUSION

PowerSchool's sealing requests are narrowly tailored to protect confidential technical, financial, and commercial information, while preserving public access to the remainder of the filings through targeted redactions. The specific portions of documents for which sealing is sought, the basis for sealing, and the supporting declaration citations are set forth in the proposed order submitted with this Motion. Thus, consistently with Civil Local Rule 79-5, PowerSchool respectfully requests that the Court grant this Motion and permit the limited redactions identified in the accompanying exhibits to the Declaration of Olivia Adendorff in Support of PowerSchool's Motion to Exclude the Opinions of Catherine O'Neil.

DATED: October 12, 2026

Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Olivia Adendorff*

Olivia Adendorff, P.C.

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Amelia H. Bailey (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
amelia.bailey@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Cristina Martinez Squiers (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
cristina.squiers@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*