# Exhibit 13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

------------------------------x
EMILY CHERKIN, et al., :
:
Plaintiffs, : Case No.
:
vs. : 3:24-cv-02706-JD
:
POWERSCHOOL HOLDINGS, INC., :
:
Defendant. :
------------------------------x

** CONFIDENTIAL **

VIRTUAL VIDEOTAPED DEPOSITION OF

CHRISTOPHER BRIAN CIRILLO

Thursday, September 18, 2025

10:58 a.m. Eastern Daylight Time

REPORTER: Dawn A. Jaques, CSR, CLR

________________________________________

DIGITAL EVIDENCE GROUP

1730 M Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646

Q If a child -- a student, excuse me, moves from one school to another within the same district, does the Performance Matter data regarding that student follow that student to the next school?

A The student data is recorded at the customer level. Typically, our customer is the school district, and the school district would implement a Student Information System, which is what creates that student record.

And so if the school district purchased Performance Matters for their whole school district, they would implement the product as a whole, and so the student moving from school to school, the data would go with them. Let's say it's in the middle of the school year, the new school would be able to see that student and administer new assessments to them.

Q What if that student moves to a different district, but that district is also a PowerSchool SIS customer. Does that data

additional information about any efforts by PowerSchool to inform customers about what data is collected in the products in order to inform parents and students about that?

A I believe that would go to a gentleman named Darron Flagg. I believe that is what he would -- I think that he's responsible for that, or would be.

Q Do you agree that when obtaining consent from a parent or legal guardian, the consent should be meaningful and not merely implied through the use of a website or product?

MS. KALISKY: Object to the form, calls for legal conclusion.

THE WITNESS: I think there is responsibility of the school district to make sure that when something like consent is necessary, they do it in the proper channels and what is considered appropriate.

BY MR. ARAGON:

Q Mm-hmm, mm-hmm.

Do you agree that PowerSchool should explain to parents and legal guardians how the company uses the data it collects about students? I'm adding that, about students at the end there.

A I believe that PowerSchool should make itself available to our school districts to answer any and all questions they have as a part of their process and how they roll out new products.

Q Are you aware of PowerSchool ever providing a representative to any customer to explain to parents and legal guardians how the company uses the data it collects?

A I know that PowerSchool makes consultants and other subject matter experts available to the school district as a part of their rollout plan just for scale.

We have to work with the school districts to help them get ready when they are

MS. KALISKY: No further questions.

FURTHER EXAMINATION BY COUNSEL FOR PLAINTIFFS

BY MR. ARAGON:

Q I have a couple questions.

You agree that they sell access to student data though, right, through the Connected Intelligence program, right?

MS. KALISKY: Object to the form.

THE WITNESS: We sell products to the school district so that the school district can have direct raw access to the data.

BY MR. ARAGON:

Q And if the school district didn't pay PowerSchool, they wouldn't have access to all the PowerSchool data within Connected Intelligence, right?

A If they were not a Connected Intelligence customer, the data would not be in Connected Intelligence, but within the given product, like Schoology or Performance Matters, they do have the ability to either

CERTIFICATE OF NOTARY PUBLIC

I, DAWN A. JAQUES, a Notary Public in and for the Commonwealth of Virginia, before whom the foregoing deposition was taken, do hereby certify that witness whose testimony appears in the foregoing pages was duly sworn by me; that the testimony of said witness was taken by me in shorthand at the time and place mentioned in the caption hereof and thereafter reduced to typewriting under my supervision; that said deposition is a true record of the testimony given by said witness; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this deposition is taken; and, further, that I am not a relative or employee of any attorney or counsel employed by the parties thereto, nor financially or otherwise interested in the outcome of the actions.

Dawn A. Jaques

Dawn A. Jaques, CSR, CLR
Notary Public in and for
Commonwealth of Virginia

My commission expires:
August 31, 2027
Registration No. 132328