Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
904 Rio Grande Street, Suite 100
Austin, Texas 78701
Telephone: (512) 200-8028
julie.liddell@edtech.law
andrew.liddell@edtech.law

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY CHERKIN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>Defendant. | Case No.: 3:24-cv-02706-JD<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT POWERSCHOOL'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [DKT 200]**<br><br>Judge: The Honorable James Donato |

Pursuant to Civil Local Rule 79-5(c) and 79-5(f)(3), Plaintiffs respond to Defendant PowerSchool's motion to consider whether certain exhibits to its Motion to Dismiss should remain under seal. (Dkt. 200). Plaintiffs respectfully request the Court maintain Exhibits 11, 12, and 19-28 under seal in their entirety, to protect the sensitive Personally Identifiable Information ("PII") of minor plaintiffs S.G., M.M.C. and L.M.C. Sealing is also supported by Federal Rule of Civil Procedure 5.2(a), which requires redaction of minors' names and other identifying information from court filings, and supports maintaining these records under seal to preserve the minor plaintiff's privacy.

## I. ARGUMENT

The Ninth Circuit uses the "compelling reasons" standard for sealing materials filed with dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). Additionally, if information is "traditionally kept secret" then there is not a strong presumption in favor of access requiring compelling reasons to seal. *Id.* Many courts find that protecting personally identifying information from disclosure is a compelling reason to seal materials. *See, e.g.*, *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 507 F. Supp. 3d 1193, 1213 (N.D. Cal. 2020) (finding compelling reason to seal exhibits because they contained "personally identifying information" of government employees); *TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d 1214, 1219 (C.D. Cal. 2024) (granting request to redact client names and personal health information protected by HIPAA); *see also People v. Jackson*, 27 Cal. Rptr. 3d 596, 606-09 (Cal. Ct. App. 2005) (issuing a sealing order that "protects the privacy interests of minors" when disclosure could lead to moral judgments). Here, not only has the law traditionally kept information over minors secret, but compelling reasons also exist for protecting the privacy of minors and their sensitive educational records and personally identifying information. *Id.*

### A. Legitimate Private Interests Warrant Sealing

As this litigation concerns student data privacy, the documents at issue represent the core of the privacy interests in this matter. The exhibits at issue primarily consist of detailed spreadsheets and records containing PII of minor children, including S.G., L.M.C., and M.M.C., minor plaintiffs. (Exs. 11, 12, and 19-28). Compelling reasons exist to maintain these exhibits under seal. The exhibits contain highly sensitive personal information and educational records which are protected by and have traditionally been kept secret

under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. Similarly, Federal Rule of Civil Procedure 5.2(a)(3) further mandates that filings reference a minor only by initials, reflecting an express recognition that minors are entitled to heightened privacy interests in judicial proceedings. The exhibits at issue go far beyond a minor's name or initials and contain a substantive profile of S.G.'s educational history, as well as L.M.C.'s and M.M.C.'s personally identifying information, warranting protections under FERPA and Rule 5.2. S*ee also* Cal. Const., art. I, § 1 (describing the right of privacy as an inalienable right).

For example, spreadsheets include S.G.'s PII including her full name, birthdate, email, gender, ethnicity, expected graduation date, grades specific login dates, timestamps, IP addresses, and session identifiers. Other exhibits show L.M.C.'s and M.M.C.'s PII including their full name, parental information, contact information, and address. Minor plaintiffs S.G., L.M.C., and M.M.C. have a significant and legitimate interest in preventing the public dissemination of their PII, digital school-related activity, and personal data.

**B. Injury if Sealing is Denied**

If sealing is denied, minor Plaintiffs' PII and private educational data would be made a matter of public record. This exposure poses a specific risk of harm to minors, including potential exploitation of their location data (via IP addresses) and the permanent loss of privacy regarding PII and private educational data. Disclosure would also result in annoyance, embarrassment, and moral judgments if S.G.'s education history, including test scores and percentiles that can be used to compare her to other students, is released. *See* Fed. R. Civ. P. 26(c) (permitting courts to issue protective orders to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense"). Further, similar to HIPAA with health information, *see TML*, 714 F. Supp. 3d at 1219, statutory protections, such as FERPA, are designed to shield students from the public release of their school records. Here, public disclosure of minor Plaintiffs' information would result in further unwarranted invasion of the minor Plaintiffs privacy and a high risk of unnecessary annoyance and embarrassment.

**C. Insufficiency of Less Restrictive Alternatives**

A less restrictive alternative, such as partial redaction of Exhibits 11, 12, and 19-28 is not sufficient

because the sensitive PII and data are inextricably intertwined throughout the spreadsheets. The spreadsheets contain protected data specific to the minor Plaintiffs and should be sealed. Plaintiffs have offered the least restrictive means to protect S.G.'s, L.M.C.'s, and M.M.C.'s rights while offering a full and robust disclosure to the public.

## II. CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court seal Exhibits 11, 12, and 19-28.

Dated: October 19, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Leonard W. Aragon

Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
904 Rio Grande Street, Suite 100
Austin, Texas 78701
Telephone: (512) 200-8028
julie.liddell@edtech.law
andrew.liddell@edtech.law

Whitney Siehl (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
whitneys@hbsslaw.com

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Attorneys for Plaintiffs