Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
904 Rio Grande Street, Suite 100
Austin, Texas 78701
Telephone: (512) 200-8028
julie.liddell@edtech.law
andrew.liddell@edtech.law

[additional counsel listed on signature page]

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

EMILY CHERKIN, et al.,

Plaintiffs,

v.

POWERSCHOOL HOLDINGS, INC.,

Defendant.

Case No.: 3:24-cv-02706-JD

**PLAINTIFFS' RESPONSE TO DEFENDANT POWERSCHOOL'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [DKT 211]**

Judge: The Honorable James Donato

Pursuant to Civil Local Rule 79-5(c) and 79-5(f)(3), Plaintiffs hereby respond to Defendant PowerSchool's motion to consider whether certain exhibits to its opposition to Plaintiffs' Motion for Class Certification should remain under seal. (Dkt. 211). This response is supported by the Declaration of Leonard W. Aragon. Plaintiffs respectfully request the Court allow narrow redactions to Exhibit 44,[1] the deposition of Plaintiff Cherkin. Sealing is also supported by Federal Rule of Civil Procedure 5.2(a), which requires redaction of minors' names and other identifying information from court filings, and supports maintaining these records under seal to preserve the minor plaintiff's privacy.

## I. ARGUMENT

The Ninth Circuit recognizes a "good cause" showing under Federal Rule of Civil Procedure 26(c) is sufficient for sealing materials filed with non-dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.2006). When the underlying motion relates to class certification, "the 'vast majority' of courts in this circuit apply the 'good cause' standard when evaluating associated administrative motions to seal." *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015) (Donato, J.) (quoting *In re High Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan.15, 2013)). Here, good cause exists for protecting the privacy of minors and their sensitive educational records.

### A. Legitimate Private Interests Warrant Sealing

As this litigation concerns student data privacy, the documents at issue represent the core of the privacy interests in this matter. In the cited excerpts of Emily Cherkin's deposition, she testified about her children's PII, such as the years they were in certain elementary schools and products used by them, private information which should be protected.[2] Good cause exists to maintain these exhibits under seal because the exhibit contains highly sensitive personal information, including information about a child who is not a party to this litigation. Similarly, Federal Rule of Civil Procedure 5.2(a)(3) further mandates that filings reference a minor only by initials, reflecting an express recognition that minors are entitled to heightened

[1] PowerSchool filed other exhibits with its Renewed Opposition to Plaintiffs' Motion for Class Certification under seal. These exhibits contain material designated as confidential or highly confidential by PowerSchool. Plaintiffs take no position as to whether those exhibits should remain under seal.

[2] Specifically, the testimony at 149:7-8, 14-25.

privacy interests in judicial proceedings. The exhibit at issue goes beyond a minor's name or initials. Minor plaintiff S.G. and her minor siblings have a significant and legitimate interest in preventing the public dissemination of their private information.

**B. Injury if Sealing is Denied**

If sealing is denied, S.G.'s and her sibling's information would be made a matter of public record. This exposure poses a specific risk of harm to minors because it can be used to identify S.G. and her siblings and can be combined with other filings to identify additional sensitive information about them related to their education. Further, statutory protections, such as FERPA, are designed to shield students from the public release of their data. *See generally* 20 U.S.C. § 1232g. Here, public disclosure of S.G.'s and her sibling's information would result in further unwarranted invasion of the minor Plaintiff's privacy and a risk of unnecessary annoyance and embarrassment. *See* Fed. R. Civ. P. 26(c) (permitting courts to issue protective orders to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense").

**C. Insufficiency of Less Restrictive Alternatives**

At this time Plaintiffs only seek to redact a few lines in one page of testimony from S.G.'s mother. These lines contain testimony regarding S.G.'s and her sibling's protected education history and should be redacted. Plaintiffs have offered the least restrictive means to protect S.G.'s rights while offering a full and robust disclosure to the public.

## II. CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court seal Exhibit 44.

Dated: October 23, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Leonard W. Aragon

Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602)840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
904 Rio Grande Street, Suite 100
Austin, Texas 78701
Telephone: (512) 200-8028
julie.liddell@edtech.law
andrew.liddell@edtech.law

Whitney Siehl (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
whitneys@hbsslaw.com

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Attorneys for Plaintiffs