Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
shanas@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
904 Rio Grande Street, Suite 100
Austin, Texas 78701
Telephone: (512) 200-8028
julie.liddell@edtech.law
andrew.liddell@edtech.law

[additional counsel listed on signature page]

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

EMILY CHERKIN, et al.,

Plaintiffs,

v.

POWERSCHOOL HOLDINGS, INC.,

Defendant.

Case No.: 3:24-cv-02706-JD

**PLAINTIFFS' SUPPLEMENTAL ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Judge: The Honorable James Donato
Complaint Filed: May 6, 2024

Pursuant to the terms of the Protective Order governing this action [Dkt. 53], Civil Local Rule 79-5(e), and the Court's Standing Order on Administrative Motions to File Under Seal (the "Standing Order"), Plaintiffs submit this Supplemental Administrative Motion to File Under Seal Exhibits 56-60 to the Declaration of Leonard W. Aragon in Support of Plaintiffs' Motion for Class Certification. These exhibits were marked Highly Confidential by Defendants, but Defendants took no position on whether they should be sealed. These documents contain protected identifying information ("PII"), including protected education records of Plaintiff S.G., a minor. As such, Plaintiffs seek to seal the exhibits to protect her protected information. This Supplemental Administrative Motion to File Under Seal is supported by the Declaration of Leonard W. Aragon in Support of Supplemental Administrative Motion to File Under Seal ("Aragon Supp. Decl.").

Plaintiffs propose to seal the following exhibits:[1]

| Document | Description | Designating Party | Basis for Sealing |
|---|---|---|---|
| Aragon Decl. Ex. 56 | Spreadsheet containing S.G.'s data [PWRSCHL_00702665] | Plaintiff | This exhibit includes educational records and personally identifying information for Plaintiff S.G., a minor. Defendant has designated this material "HIGHLY CONFIDENTIAL." Additionally, Plaintiffs have designated this information confidential to protect the privacy interests of S.G. |
| Aragon Decl. Ex. 57 | Spreadsheet containing S.G.'s assessment data [PWRSCHL_00702668] | Plaintiff | This exhibit includes educational records and personally identifying information for Plaintiff S.G., a minor. Defendant has designated this material "HIGHLY CONFIDENTIAL." Additionally, Plaintiffs have designated this information confidential to protect the privacy interests of S.G. |
| Aragon Decl. Ex. 58 | Spreadsheet containing S.G.'s sensitive | Plaintiff | This exhibit includes educational records and personally identifying information for Plaintiff S.G., a |

[1] This is in addition to the portions of the Plaintiffs' Motion for Class Certification [Dkt. 197] and accompanying exhibits already subject to Plaintiffs' Administrative Motions to File Under Seal [Dkt. 196], and PowerSchool's Response in Support of Plaintiffs' Administrative Motion to File Under Seal [Dkt. 212]. Aragon Supp. Decl. ¶ 3.

| Document | Description | Designating Party | Basis for Sealing |
|---|---|---|---|
| | personal data [PWRSCHL_00702682] | | minor. Defendant has designated this material "HIGHLY CONFIDENTIAL." Additionally, Plaintiffs have designated this information confidential to protect the privacy interests of S.G. |
| Aragon Decl. Ex. 59 | Spreadsheet containing S.G.'s sensitive personal data [PWRSCHL_00702683] | Plaintiff | This exhibit includes educational records and personally identifying information for Plaintiff S.G., a minor. Defendant has designated this material "HIGHLY CONFIDENTIAL." Additionally, Plaintiffs have designated this information confidential to protect the privacy interests of S.G. |
| Aragon Decl. Ex. 60 | Sample of PowerSchool's data regarding S.G.'s online activity [PWRSCHL_00702671] | Plaintiff | This exhibit includes educational online activity and personally identifying information for Plaintiff S.G., a minor. Defendant has designated this material "HIGHLY CONFIDENTIAL." Additionally, Plaintiffs have designated this information confidential to protect the privacy interests of S.G. |

The Ninth Circuit recognizes a "good cause" showing under Federal Rule of Civil Procedure 26(c) is sufficient for sealing materials filed with non-dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir.2006). When the underlying motion relates to class certification, "the 'vast majority' of courts in this circuit apply the 'good cause' standard when evaluating associated administrative motions to seal." *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015) (Donato, J.) (quoting *In re High Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan.15, 2013)). Here, good cause exists for protecting the privacy of minors and their sensitive educational records.

Plaintiffs seek to seal these exhibits to protect the privacy interests of minor Plaintiff S.G. Aragon Supp. Decl. ¶¶ 4-5. The exhibits contain highly sensitive personal information and educational records protected under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. Similarly, Federal Rule of Civil Procedure 5.2(a)(3) further mandates that filings reference a minor only by initials,

reflecting an express recognition that minors are entitled to heightened privacy interests in judicial proceedings. The exhibits at issue go far beyond a minor's name or initials and contain a substantive profile of S.G.'s educational history and personally identifiable information ("PII") warranting protections under FERPA and Rule 5.2. *See also* Cal. Const., art. I, § 1 (describing the right of privacy as an inalienable right). For example, the exhibits contain, among other data, S.G.'s full name, student ID, gender, race, ethnicity, enrollment status, age, test scores, graduation year, birthdate, email, IP address, and device information.

In recognition of the "strong presumption of access to judicial records," Plaintiffs have sought to limit only that information that would allow members of the public to identify or cause other harm to the minor plaintiffs. Aragon Supp. Decl. ¶ 5 (quoting *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006)). A less restrictive alternative, such as partial redaction of Exhibits 56-60 is not sufficient because the sensitive PII and educational data are inextricably intertwined throughout the spreadsheets. Thus, the spreadsheets which contain protected data specific to the minor Plaintiff should be sealed.

If sealing is denied, minor Plaintiff S.G.'s PII and private educational data would be made a matter of public record. This exposure poses a specific risk of harm to minors, including potential exploitation of her location data (via IP addresses) and the permanent loss of privacy regarding her private educational data. Disclosure would also result in annoyance, embarrassment, and moral judgments if the minor Plaintiff's education history, including test scores and percentiles that can be used to compare her to other students, is released. *See* Fed. R. Civ. P. 26(c) (permitting courts to issue protective orders to protect parties from "annoyance, embarrassment, oppression, or undue burden or expense"). Further, similar to HIPAA with health information, *see TML Recovery, LLC v. Cigna Corp.*, 714 F. Supp. 3d 1214, 1219 (C.D. Cal. 2024), statutory protections, such as FERPA, are designed to shield students from the public release of their school records. Here, public disclosure of minor Plaintiffs' information would result in further unwarranted invasion of the minor Plaintiff's privacy and a high risk of unnecessary annoyance and embarrassment.

Therefore, good cause to grant Plaintiffs' supplemental sealing motion exists under *Kamakana* because the privacy interests of the minor Plaintiffs' outweigh the public interests in their personally identifying information. Aragon Supp. Decl. ¶ 6; *see also Aranda v. Cnty. of Los Angeles*, No. CV1901770RGKRAOX, 2019 WL 11838767, at *3 (C.D. Cal. Dec. 6, 2019) (finding that a minor has a

privacy interest in educational records and finding good cause to issue an order protecting minor's personally identifying information).

Plaintiffs have filed the Declaration of Leonard W. Aragon in Support of Plaintiffs' Motion for Class Certification under conditional seal and redacted, in the publicly filed versions, the portions of the filing that reveal the contents of the foregoing conditionally sealed documents. Aragon Supp. Decl. ¶ 7.

Plaintiffs respectfully request that the Court enter the attached proposed order sealing the foregoing Exhibits 56-60 to the Declaration of Leonard W. Aragon in Support of Plaintiffs' Motion for Class Certification.

Dated: October 30, 2026

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Leonard W. Aragon

Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602)840-5900
leonard@hbsslaw.com
toryb@hbsslaw.com

Julie Liddell (*pro hac vice*)
Andrew Liddell (*pro hac vice*)
EDTECH LAW CENTER PLLC
904 Rio Grande Street, Suite 100
Austin, Texas 78701
Telephone: (512) 200-8028
julie.liddell@edtech.law
andrew.liddell@edtech.law

Whitney Siehl (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite2410
Chicago, Illinois 60611
Telephone: (708) 628-4949
whitneys@hbsslaw.com

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
shanas@hbsslaw.com

Attorneys for Plaintiffs