Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Amelia H. Bailey (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
amelia.bailey@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Cristina Martinez Squiers (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
cristina.squiers@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY CHERKIN, et al<br><br>Plaintiffs,<br><br>v.<br><br>POWERSCHOOL HOLDINGS, INC.,<br><br>Defendant. | CASE NO. 3:24-cv-02706-JD<br><br>**DEFENDANT POWERSCHOOL HOLDINGS, INC.'S RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF 229)**<br><br>Judge: Hon. James Donato<br>Hearing Date: January 14, 2027<br>Time: 11:00 a.m.<br>Courtroom: 11, 19th Floor |

## I. INTRODUCTION

PowerSchool Holdings, Inc. ("PowerSchool") respectfully files this response pursuant to Civil Local Rules 7-11 and 79-5 in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF 229). Plaintiffs' Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) ("MTD Opposition") and Plaintiffs' Opposition to Defendant's Motion for Summary Judgment ("MSJ Opposition") and accompanying exhibits cited and quoted certain of PowerSchool's internal and confidential information that should remain under seal. Specifically, PowerSchool respectfully submits that the Court should enter the attached proposed order sealing portions of Plaintiffs' MTD Opposition, MSJ Opposition, and Exhibits A and B to the MSJ Opposition (the "Exhibits").

The materials at issue fall into three categories: (1) non-public information regarding PowerSchool's data processing and storage architecture contained in product specific Data Privacy Impact Assessments ("DPIAs"); (2) confidential internal financial, pricing, and marketing strategy materials; and (3) confidential customer and subscription information. Courts in this District routinely permit sealing of such materials where disclosure would reveal trade secrets, confidential business strategy, or sensitive commercial relationships.

PowerSchool seeks only narrowly tailored redactions to protect this confidential information while preserving public access to the remainder of the filings. The specific bases for sealing each document or portion of a document are set forth in the accompanying Declaration of Darron Flagg[1] and in the proposed order submitted with this motion.

## II. LEGAL STANDARD

Although there is a strong presumption in favor of public access to judicial records, that presumption may be overcome where the party seeking sealing demonstrates compelling reasons supported by specific facts. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citation

[1] PowerSchool is asking the Court to keep under seal the same kind of information that PowerSchool already moved to seal in ECF 139 and the Court already sealed in ECF 185. Since this motion proffers the same bases to seal the same kinds of information, PowerSchool is re-submitting Mr. Flagg's declaration.

omitted). The Ninth Circuit has held that records attached to motions that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of compelling reasons. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098-1101 (9th Cir. 2016) (compelling reasons standard applies to filings closely related to the merits of the case); *cf. In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.* 686 F.3d 1115, 1119 (9th Cir. 2012) (holding that the "compelling reasons" standard applied to records filed in connection with a *Daubert* motion where the motion was effectively dispositive of summary judgment). Courts in the Northern District of California apply the compelling reasons standard to motions to seal associated with motions to dismiss and motions for summary judgment. *See Asia Vital Components Co., Ltd. V. Asetek Danmark A/S*, 2019 WL 13423737, *2 (N.D. Cal. Jan. 30, 2019) (applying compelling reasons standard to motions to seal related to motions for partial summary judgment); *Day v. GEICO Cas. Co.*, 2023 WL 6558404, *1 (N.D. Cal. Sept. 21, 2023) (applying compelling reasons standard to motion to seal related to motion for summary judgment); *Marsh & McLennan Agency, LLC v. Teros Advisors, LLC*, 2021 WL 4133858, *2 (N.D. Cal. Sept. 10, 2021) (same); *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, 2021 WL 1146216, *2-3 (N.D. Cal. Feb. 12, 2021) (same); *Cohen v. InSinkErator, LLC*, 2026 WL 2271741, *5 (N.D. Cal. Aug. 6, 2026) (applying compelling reasons standard to motion to seal related to motion to dismiss for lack of standing); *see also Towers v. Iger*, 2016 WL 7211142, *2 (N.D. Cal. Dec. 13, 2016) ("[b]ecause the sealing motion at issue relates to Defendants' motion to dismiss, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard").

In addition to satisfying the applicable substantive standard, a party seeking to seal material must comply with the procedural requirements of Civil Local Rule 79-5. The rule requires that a motion to seal ~~to~~ include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal," including an explanation of (1) the legitimate interests that warrant sealing; (2) the injury that would result if sealing is denied; and (3) why less restrictive alternatives such as targeted redactions are insufficient. Civ. L.R. 79-5(c)(1). The motion must also be supported by evidentiary declarations and accompanied by a proposed order that is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(2) – (3).

## III. ARGUMENT

PowerSchool's sealing requests satisfy the "compelling reasons" standard for the reasons set forth below.

### A. Non-Public Data Processing and Storage Architecture

PowerSchool seeks to seal information revealing non-public aspects of its internal data processing and storage architecture, including product specific DPIAs. These materials describe PowerSchool's data flows, sub-processors, and data handling practices used to support its products and services. *See* MTD Opposition 7; MSJ Opposition 4; Exhibits A, B; Flagg Decl. ¶¶ 6-7.

This information reflects proprietary technical and operational practices that PowerSchool does not publicly disclose because disclosure would reveal details of internal systems that competitors could use to exploit PowerSchool's technical infrastructure. *See* Flagg Decl. ¶¶ 6-7. Courts routinely permit such sealing where disclosure could harm a litigant's competitive standing or reveal confidential business information. *See, e.g.*, *Space Data Corp. v. Alphabet, Inc.*, 2019 WL 8012678, *2 (N.D. Cal. May 29, 2019) (sealing confidential technical information regarding system design and operation where disclosure could cause competitive harm); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, *2-3 (N.D. Cal. Feb. 9, 2016) (sealing confidential technical and operational information where disclosure could cause competitive harm). PowerSchool seeks narrowly tailored sealing limited to portions of the documents that reveal confidential technical information. *See* Flagg Decl. ¶ 5.

### B. Confidential Business Strategy and Financial Information

PowerSchool also seeks to seal limited portions of internal business and marketing materials that reveal confidential pricing structures, commercialization strategies, and non-public financial information. *See* MTD Opposition 3; MSJ Opposition 3; Exhibits A, B; Flagg Decl. ¶¶ 8-9.

Courts in this District regularly permit sealing of confidential financial information and business strategy materials where disclosure could provide competitors with insight into a company's commercial strategy. *See, e.g.*, *In re Electronic Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (sealing confidential pricing terms in a licensing agreement where disclosure could harm competitive standing); *Apple Inc. v. Samsung Electronics Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law in reviewing an order from this District and reversing refusal to seal confidential

information where disclosure could harm competitive standing); *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, *2 (N.D. Cal. Apr. 22, 2019) (sealing confidential business information, including marketing strategies and product-specific financial information, where disclosure could harm competitive standing); *X One, Inc. v. Uber Techs., Inc.*, 2020 WL 718310, *3 (N.D. Cal. Feb. 12, 2020) (sealing confidential financial information relating to pricing and business strategies).

The materials at issue contain confidential internal strategy presentations describing PowerSchool's pricing structures, commercialization strategy, and financial performance, the disclosure of which would provide competitors with insight into PowerSchool's strategy and undermine PowerSchool's competitive position. *See* Flagg Decl. ¶¶ 3, 8-9. PowerSchool therefore seeks narrowly tailored redactions limited to portions of the documents that reveal confidential financial or strategic information. *See id.* ¶ 5.

### C. Confidential Customer and Subscription Information

PowerSchool further seeks to seal limited portions of documents that identify PowerSchool's customers and describe non-public details of customer subscriptions and contractual relationships. *See* MSJ Opposition 4; Flagg Decl. ¶¶ 10-11.

Customer lists and related subscription information are widely recognized as confidential commercial information, and courts routinely permit sealing of such materials where disclosure could allow competitors to target customers or gain leverage in negotiations. *See Johnstech. Int'l Corp. v. JF Microtechnology SDN BHD*, 2016 WL 4091388, *2 (N.D. Cal. Aug. 2, 2016) (Donato, J.) (sealing confidential customer identities and customer-specific sales data where disclosure could cause competitive harm); *True Health Chiropractic Inc.*, 2019 WL 11743580, *2 (N.D. Cal. Aug. 13, 2019) (sealing customer lists under the compelling reasons standard related to class certification briefing).

The materials at issue contain non-public customer lists, subscription information, and related contractual terms, disclosure of which would reveal PowerSchool's customer relationships and commercially sensitive subscription details that competitors could use to undermine PowerSchool's negotiating position. *See* Flagg Decl. ¶¶ 3, 10-11. PowerSchool therefore seeks narrowly tailored redactions limited to the specific portions of documents containing this information. *See id.* ¶ 5.

## IV. CONCLUSION

PowerSchool's sealing requests are narrowly tailored to protect confidential technical, financial, and commercial information, while preserving public access to the remainder of the filings. The specific portions of documents for which sealing is sought, the basis for sealing, and the supporting declaration citations are set forth in the proposed order submitted with this response. Thus, consistently with Civil Local Rule 79-5, PowerSchool respectfully requests that the Court grant Plaintiffs' Administrative Motion to Seal (ECF 229) and enter the attached proposed order sealing portions of Plaintiffs' MTD Opposition (ECF 226), Plaintiffs' MSJ Opposition (ECF 225), and the Exhibits.

DATED: November 10, 2026

Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Olivia Adendorff*

Olivia Adendorff, P.C.

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
robyn.bladow@kirkland.com

Martin L. Roth, P.C. (*pro hac vice*)
Alyssa C. Kalisky, P.C. (*pro hac vice*)
Amelia H. Bailey (*pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
martin.roth@kirkland.com
alyssa.kalisky@kirkland.com
amelia.bailey@kirkland.com

Olivia Adendorff, P.C. (*pro hac vice*)
Cristina Martinez Squiers (*pro hac vice*)
Eugene Temchenko (*pro hac vice*)
KIRKLAND & ELLIS LLP
4550 Travis Street
Dallas, TX 75205
Telephone: (214) 972-1770
olivia.adendorff@kirkland.com
cristina.squiers@kirkland.com
eugene.temchenko@kirkland.com

*Attorneys for Defendant PowerSchool Holdings, Inc.*